CREGGER & CHALFANT LLP
ROBERT L. CHALFANT, SBN 203051
Email: rlc@creggerlaw.com
WENDY MOTOOKA, SBN 233589
Email: wm@creggerlaw.com
701 University Avenue, Suite 110
Sacramento, CA 95825
Telephone: 916.443-4443

CLAUDIA M. QUINTANA, SBN 178613
City Attorney
KELLY J. TRUJILLO, SBN 244286
Assistant City Attorney
Email: Kelly.Trujillo@cityofvallejo.net
City of Vallejo, City Hall
555 Santa Clara Street
Vallejo, CA 94590
Telephone: 707.648-4545

Attorneys for Defendants CITY OF VALLEJO, KENNY PARK, MATHEW MUSTARD

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

DENISE HUSKINS and AARON QUINN,

Plaintiffs,

vs.

CITY OF VALLEJO, a public entity, KENNY PARK, MATHEW MUSTARD, and DOES 1-25,

Defendants.

Case No. 2:16-cv-00603 TLN EFB

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS THE COMPLAINT**

Fed. R. Civ. P. 12(b)(6)

Date: September 8, 2016
Time: 2:00 P.M.
Courtroom: 2, 15th Floor
Judge: Hon. Troy L. Nunley

## TABLE OF CONTENTS

I. INTRODUCTION ........ 1
II. THE FACTUAL ALLEGATIONS ........ 1
A. Plaintiff Quinn Reports The Kidnapping To Vallejo Police ........ 1
B. Plaintiff Huskins Reappears In Huntington Beach ........ 1
C. Vallejo Police Doubt Plaintiffs' Account Of The Events, Amid Widespread Media Attention ........ 2
D. Plaintiffs' Claims Against Defendants ........ 2
III. LEGAL STANDARD ........ 3
IV. ARGUMENT ........ 3
A. The First Cause Of Action (Fourteenth Amendment – Stigma Plus) Fails To State A Claim, Because The Fourteenth Amendment Does Not Protect Purely Reputational Interests ........ 3
B. The Second Cause Of Action (State-Law Defamation) Fails To State A Claim Against Any Defendant ........ 5
1. The Defamation Claim Fails Because The Statements At Issue Were Privileged Pursuant To California Civil Code Section 47(b) ........ 5
2. The Defamation Claim Fails Against Lt. Park And Detective Mustard Because The Officers Have Absolute Immunity Pursuant To California Government Code Section 821.6 ........ 6
3. The Defamation Fails Against The City Of Vallejo, Because It Fails Against The Employee Defendants ........ 7
C. The Fourth Cause Of Action (False Arrest) Fails To State A Claim Against Lt. Park ........ 7
D. The Fifth Cause Of Action (IIED) Fails To State A Claim Against Any Defendant ........ 8
1. The Complaint Fails To Plead Facts Showing Extreme And Outrageous Conduct ........ 8
2. In The Alternative, The IIED Claim Fails By Virtue Of California Government Code Section 821.6 ........ 9
3. In The Alternative, Plaintiff Huskins' IIED Claim Fails By Virtue Of California

CREGGER & CHALFANT LLP
701 University Ave., #110
Sacramento, CA 95825
(916) 443-4443

Government Code Section 845 ........ 9

4. The Complaint Fails To State An IIED Claim Against The City Of Vallejo ........ 10

E. The Sixth Cause Of Action (NIED) Fails To State A Claim Against Any Defendant ........ 10

1. The Complaint Fails To Plead Facts Showing A Duty ........ 11

2. In The Alternative, The NIED Claim Fails By Virtue Of California Government Code Section 821.6 ........ 11

3. In The Alternative, Huskins' NIED Claim Fails By Virtue Of California Government Code Section 845 ........ 12

4. The Complaint Fails To State An NIED Claim Against The City Of Vallejo ........ 12

V. CONCLUSION ........ 12

CREGGER & CHALFANT LLP
701 University Ave., #110
Sacramento, CA 95825
(916) 443-4443

**TABLE OF AUTHORITIES**

**CASES**

*Ashcroft v. Iqbal*, 556 U.S. 662 (2009) ............ 3

*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) ............ 3

*Berkley v. Dowds*, 152 Cal. App. 4th 518 (Cal. Ct. App. 2007) ............ 8

*Braun v. Bureau of State Audits*, 67 Cal. App. 4th 1382 (Cal. Ct. App. 1998) ............ 5

*Citizens Capital Corp. v. Spohn*, 133 Cal. App. 3d 887 (Cal. Ct. App. 1982)............ 7, 9, 11

*Collins v. City and County of San Francisco*, 50 Cal. App. 3d 671 (Cal. Ct. App. 1975) ............ 8

*County of Los Angeles v. Superior Court (West)*, 181 Cal. App. 4th 218 (Cal. Ct. App. 2009) ............ 6, 7, 9, 11

*Davidson v. City of Westminster*, 32 Cal. 3d 197 (Cal. 1982) ............ 11

*Forro Precision, Inc. v. Int'l Business Machines Corp*., 673 F.2d 1045 (9th Cir. 1982)............ 5

*Gillan v. City of San Marino*, 147 Cal. App. 4th 1033 (Cal. Ct. App. 2007) ............ 6, 7, 9

*Goss v. Lopez*, 419 U.S. 565 (1975)............ 4

*Hartzler v. City of San Jose*, 46 Cal. App. 3d 6 (Cal. Ct. App. 1975) ............ 10, 12

*Hughes v. Pair*, 46 Cal. 4th 1035 (Cal. 2009)............ 8

*Imig v. Ferrar*, 70 Cal. App. 3d 48 (Cal. Ct. App. 1977) ............ 5

*Ingram v. Flippo*, 74 Cal. App. 4th 1280 (Cal. Ct. App. 1999) ............ 6, 7, 9, 11

*Ivey v. Bd. of Regents*, 673 F.2d 266 (9th Cir. 1982) ............ 3

*Jenkins v. County of Orange*, 212 Cal. App. 3d 278 (Cal. Ct. App. 1989)............ 11

*Klein v. Children's Hosp. Med. Ctr*., 46 Cal. App. 4th 889 (Cal. Ct. App. 1996)............ 10

*Miller v. Filter*, 150 Cal. App. 4th 652 (Cal. Ct. App. 2007) ............ 7

*Papasan v. Allain*, 478 U.S. 265 (1986) ............ 3

*Paul v. Davis*, 424 U.S. 693 (1976) ............ 4

*Richardson-Tunnell v. SIPE*, 157 Cal. App. 4th 1056 (Cal. Ct. App. 2007) ............ 7

*Smith v. Maldonado*, 72 Cal. App. 4th 637 (Cal. Ct. App. 1999)............ 5

CREGGER & CHALFANT LLP
701 University Ave., #110
Sacramento, CA 95825
(916) 443-4443

*Williams v. State of California*, 34 Cal. 3d 18 (Cal. 1983) ........ 11

*Wisconsin v. Constantineau*, 400 U.S. 433 (1971) ........ 4

**STATUTES**

42 U.S.C. § 1983 ........ 4

California Civil Code § 47(b) ........ 6, 7

California Government Code § 815.2 ........ 9, 12, 14

California Government Code § 821.6 ........ 7, 8, 10, 11, 12, 13, 15

California Government Code § 845 ........ 10, 11, 12, 13, 14, 15

**RULES**

Fed. R. Civ. P. 12(b)(6) ........ 3

Fed. R. Civ. P. 8 ........ 3

## I. INTRODUCTION

Plaintiff AARON QUINN reported to police the home-invasion kidnapping of his girlfriend plaintiff DENISE HUSKINS from his Vallejo home. The Vallejo police found his account to be improbable, and could not rule him out as a suspect in his girlfriend's disappearance. Two days later, plaintiff Huskins showed up hundreds of miles away, near her parents' homes in Huntington Beach. Unable to find evidence to corroborate the truth of the reported kidnapping, Vallejo police discounted plaintiffs' story until an arrest was made following a similar home invasion in Dublin, California.

Plaintiffs now sue for damages arising from the Vallejo Police Department's handling of the investigation. Defendants CITY OF VALLEJO and Vallejo police detective MATHEW MUSTARD now move to dismiss the Second, Fifth, and Sixth Causes of Action against them, and Vallejo police lieutenant KENNY PARK now moves to dismiss all claims, and therefore the Complaint in its entirety, with respect to him, for failure to state a claim upon which relief can be granted.

## II. THE FACTUAL ALLEGATIONS

### *A. Plaintiff Quinn Reports The Kidnapping To Vallejo Police*

On March 23, 2015, plaintiff Quinn reported to Vallejo police that he and his girlfriend, plaintiff Huskins, had been victims of a home invasion hours earlier, that he had been drugged, that plaintiff Huskins had been kidnapped, and that the kidnappers had demanded a ransom of $17,000 in two separate payments of $8,500. *See* Request for Judicial Notice in Support of Def.s' Motion to Dismiss the Complaint, Exh. A: Complaint (hereinafter "Compl.") at ¶¶ 12-16. Vallejo police investigated, treating plaintiff Quinn as though he were a suspect. Compl. at ¶ 20.

### *B. Plaintiff Huskins Reappears In Huntington Beach*

At around 10:00 a.m. on March 25, 2015, plaintiff Huskins showed up hundreds of miles away near her parents' homes in Huntington Beach, California. Compl. at ¶ 42. She told Huntington Beach police that she had been kidnapped, corroborating plaintiff Quinn's account of the crime, but denied being sexually assaulted. Compl. at ¶¶ 44-45. She declined law enforcement's offer to fly her back to Vallejo, and then hired a criminal attorney. Compl. at ¶¶

CREGGER & CHALFANT LLP
701 University Ave., #110
Sacramento, CA 95825
(916) 443-4443

46, 55.

### *C. Vallejo Police Doubt Plaintiffs' Account Of The Events, Amid Widespread Media Attention*

The reported kidnapping drew widespread media interest. Numerous media outlets congregated at the Vallejo police station while Quinn was being interviewed. Compl. at ¶ 31. The Vallejo police issued press releases and held a press conference, disclosing the results of their investigation. Compl. at ¶¶ 58, 60. The Vallejo police were unable to substantiate plaintiffs' claims, and expressed their frustration that the investigation had been a "wild goose chase." Compl. at ¶ 60.

The complaint also alleges that defendant Detective Mustard made statements to Quinn, Huskins' cousin, and Huskins' family members during the investigation, conveying skepticism about the kidnapping. Compl. at ¶¶ 20-21, 50-52.

### *D. Plaintiffs' Claims Against Defendants*

The complaint alleges six causes of action on behalf of two plaintiffs, against three defendants.

In the First Cause of Action, plaintiffs Huskins and Quinn each allege a Section 1983 Fourteenth Amendment claim against Lt. Park for defamation.

In the Second Cause of Action, plaintiffs Huskins and Quinn each allege a state-law defamation claim against Lt. Park and Detective Mustard, and vicariously against the City of Vallejo.

In the Third Cause of Action, plaintiff Quinn only alleges a Section 1983 false imprisonment claim against Detective Mustard.

In the Fourth Cause of Action, plaintiff Quinn only alleges a state-law false imprisonment claim against Detective Mustard and Lt. Park, and vicariously against the City of Vallejo.

In the Fifth Cause of Action, plaintiffs Huskins and Quinn each allege a state-law intentional infliction of emotional distress ("IIED") claim against Detective Mustard and Lt. Park, and vicariously against the City of Vallejo.

In the Sixth Cause of Action, plaintiffs Huskins and Quinn each allege a state-law

CREGGER & CHALFANT LLP
701 University Ave., #110
Sacramento, CA 95825
(916) 443-4443

negligent infliction of emotional distress ("NIED") claim against Detective Mustard and Lt. Park, and vicariously against the City of Vallejo.

## III. LEGAL STANDARD

A claim may be dismissed if it does not "state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*citing Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* While the court must accept as true all of the factual allegations in the complaint, threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, will not suffice. *Id*. The court does not accept as true a legal conclusion couched as a factual allegation. *Twombly*, 550 U.S. at 555 (*citing Papasan v. Allain*, 478 U.S. 265, 286 (1986)). While Federal Rule of Civil Procedure 8 requires only "a short and plain statement of the claim showing that the plaintiff is entitled to relief," it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions. Fed. R. Civ. P. 8; *Iqbal*, 556 U.S. at 678-79. Where the facts alleged in the complaint permit the court to infer no more than the mere possibility of misconduct, the complaint has failed to satisfy Rule 8, for it has failed to show that the pleader is entitled to relief. *Iqbal*, 556 U.S. at 679. "Vague and conclusory allegations of official participation in civil rights violations are not sufficient to withstand a motion to dismiss." *Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982).

## IV. ARGUMENT

### *A. The First Cause Of Action (Fourteenth Amendment – Stigma Plus) Fails To State A Claim, Because The Fourteenth Amendment Does Not Protect Purely Reputational Interests*

Plaintiffs sue Lt. Kenny Park under the Fourteenth Amendment, pursuant to 42 U.S.C. Section 1983, for allegedly making false and defamatory statements about plaintiffs in a press conference. Compl. at ¶¶ 85-86. The complaint alleges that plaintiffs have a liberty interest in

their good reputations, which was taken from them without due process of law. Compl. at ¶ 97.

Plaintiffs' Fourteenth Amendment claim, alleging reputational injury, is not legally cognizable, because defamation, standing alone, does not constitute a deprivation of "liberty" protected by the Fourteenth Amendment. *Paul v. Davis*, 424 U.S. 693, 709 (1976). Defamation does not rise to the level of a constitutional tort unless the defamatory statement also distinctly alters or extinguishes a right or status previously recognized by state law. *Id.* at 711. For example, a Fourteenth Amendment violation may be found where state law permits posted notices to identify drunks, *and* the persons so identified lose the right to obtain or purchase alcohol by virtue of being listed on the notice. *Id.* at 708-09 (*citing Wisconsin v. Constantineau*, 400 U.S. 433 (1971)). Such "posting" implicates the Fourteenth Amendment, because the reputational injury is accompanied by the alteration of a legal status. *Id.* Likewise, a suspension from school based on charges of misconduct may run afoul of the Fourteenth Amendment where, in addition to harming the student's reputation, the charges of misconduct *also* deny the student the state-conferred right to attend school. *Id.* at 710 (*citing Goss v. Lopez*, 419 U.S. 565, 574-75 (1975)). As these examples illustrate, the Fourteenth Amendment's procedural guarantees apply only when defamatory statements alter a right or status formerly recognized and protected by state law. *Id.* at 711.

Plaintiffs' complaint fails to allege any facts showing that Lt. Park's statements at the press conference altered a right or status that plaintiffs held under state law. Rather, the complaint alleges that Lt. Park's statements caused a private employer to investigate plaintiff Quinn and to deny plaintiff Huskins a prestigious physical therapy fellowship. Compl. at ¶¶ 94-95. Plaintiffs' First Cause of Action alleges deprivation of purely reputational interests only. The facts alleged do not establish that Huskins had a recognized right under state law to the prestigious physical therapy fellowship. Quinn, like the plaintiff in *Paul v. Davis*, faced only an internal investigation by his employer. Compl. at ¶ 95; *Paul*, 424 U.S. at 696. Neither plaintiff lost a legal right or status under state law. Plaintiffs' Fourteenth Amendment defamation claim is not legally cognizable under Section 1983, and must be dismissed.

//

### *B. The Second Cause Of Action (State-Law Defamation) Fails To State A Claim Against Any Defendant*

Defendants have concurrently moved to strike the Second Cause of Action pursuant to California Code of Civil Procedure section 425.16, and believe that this cause of action should be stricken without leave to amend. In the alternative, however, even if California Civil Code section 425.16 were deemed inapplicable, the state-law defamation claim should be dismissed for failure to state a claim against any defendant.

Defamation involves the intentional publication of a statement of fact that is false, unprivileged, and has a natural tendency to injure or which causes special damages. *Smith v. Maldonado*, 72 Cal. App. 4th 637, 645 (Cal. Ct. App. 1999). The complaint fails to state a claim for state-law defamation, because the statements upon which the claim is based are privileged by California Civil Code section 47(b), and immunized by California Government Code section 821.6.

#### 1. The Defamation Claim Fails Because The Statements At Issue Were Privileged Pursuant To California Civil Code Section 47(b)

All of the statements that form the basis for the defamation claim are privileged by California Civil Code section 47(b). Statements made in an "official proceeding authorized by law" are privileged. Cal. Civ. Code § 47(b)(3). A police investigation is an official proceeding authorized by law, and therefore statements made by police officers during an investigation, about the investigation, are absolutely privileged. *Braun v. Bureau of State Audits*, 67 Cal. App. 4th 1382, 1388-89 (Cal. Ct. App. 1998); *Imig v. Ferrar*, 70 Cal. App. 3d 48, 54-55 (Cal. Ct. App. 1977) (citizen complaint to police department, even though preliminary to an official proceeding, is absolutely privileged).

The statements placed in issue by the complaint are also absolutely privileged by California Civil Code section 47(b)(2), as they are publications or broadcasts made in a "judicial proceeding." The purpose underlying this privilege is to encourage freedom of communication between citizens and public authorities charged with investigating wrongdoing. *Forro Precision, Inc. v. Int'l Business Machines Corp.*, 673 F.2d 1045, 1055 (9th Cir. 1982). The privilege applies

CREGGER & CHALFANT LLP
701 University Ave., #110
Sacramento, CA 95825
(916) 443-4443

to communications preparatory to the initiate proceedings, as well as to those made during the course of the proceedings. *Id*. Here, all of the complained of statements were made by officers during a criminal investigation, which by definition is preparatory to the initiation of possible judicial proceedings. These statements are privileged by Civil Code section 47(b)(2).

As alleged in the complaint, all of the statements at issue were statements made during the investigation or about the investigation. The statements therefore are absolutely privileged by California Civil Code section 47(b). The complaint fails to allege facts sufficient to state a claim for defamation against any defendant.

**2. The Defamation Claim Fails Against Lt. Park And Detective Mustard Because The Officers Have Absolute Immunity Pursuant To California Government Code Section 821.6**

In the alternative, defendants are immunized against plaintiffs' defamation claims by California Government Code section 821.6, which provides:

> A public employee is not liable for injury caused by his instituting or prosecuting any judicial or administrative proceeding within the scope of his employment, even if he acts maliciously and without probable cause.

This immunity is broadly construed to further its purpose of protecting public employees in the performance of their prosecutorial duties from the threat of harassment through civil suits. *County of Los Angeles v. Superior Court (West)*, 181 Cal. App. 4th 218, 228 (Cal. Ct. App. 2009); *Gillan v. City of San Marino*, 147 Cal. App. 4th 1033, 1047-48 (Cal. Ct. App. 2007); *Ingram v. Flippo*, 74 Cal. App. 4th 1280, 1292 (Cal. Ct. App. 1999) (stating that Section 821.6 immunizes officials against defamation suits).

Government Code section 821.6 immunizes an investigating officer from liability for his acts or omissions if: 1) the officer was a public employee, 2) plaintiff's injuries were caused by the acts committed by the officer to institute or prosecute a judicial or administrative proceeding, and 3) the conduct of the officer was within the scope of his employment. *West*, 181 Cal. App. 4th at 228. The immunity of Section 821.6 is absolute. *Miller v. Filter*, 150

Cal. App. 4th 652, 666 (Cal. Ct. App. 2007).

Investigations are considered to be part of judicial and administrative proceedings for the purposes of Section 821.6 immunity. *Richardson-Tunnell v. SIPE*, 157 Cal. App. 4th 1056, 1062 (Cal. Ct. App. 2007). Section 821.6 immunizes not only the act of filing or prosecuting a judicial or administrative action, but also extends to actions taken in preparation for such formal proceedings. *Gillan*, 147 Cal. App. 4th at 1048. An investigation before the institution of a judicial proceeding is part of the prosecution of a judicial proceeding for the purposes of the statute, even if the authorities later decide not to file charges. *Ingram*, 74 Cal. App. 4th at 1293; *see also West*, 181 Cal. App. 4th at 229 (acts during an investigation prior to the institution of judicial proceedings are protected by Section 821.6 because investigations are essential steps toward the institution of formal proceedings). Publicity that merely reports the results of official investigations is also immunized by Government Code section 821.6. *Citizens Capital Corp. v. Spohn*, 133 Cal. App. 3d 887, 888-89 (Cal. Ct. App. 1982).

In the instant case, plaintiffs complain about statements made during and about the official investigation of the kidnapping, specifically statements made by Detective Mustard while conducting the investigation, and press statements made by Lt. Park to report the status of the investigation. Compl. at ¶¶ 20-21, 50-52, 58, 60. Such statements are absolutely immunized by California Government Code section 821.6. The defamation claim fails against the two officers.

**3. The Defamation Fails Against The City Of Vallejo, Because It Fails Against The Employee Defendants**

Plaintiffs seek to impose *respondeat superior* liability for defamation on the City under California Government Code section 815.2. Compl. at ¶ 104. Pursuant to California Government Code section 815.2(b), however, the City has no vicarious liability where its employees are immune. For the reasons stated in Parts IV.B.1 and IV.B.2, *supra*, Lt. Park and Detective Mustard are immune from liability. The complaint fails to state a defamation claim against the City.

***C. The Fourth Cause Of Action (False Arrest) Fails To State A Claim Against Lt. Park***

Plaintiff Quinn's Fourth Cause of Action, in which plaintiff Huskins does not join, asserts

false arrest and false imprisonment against all defendants. False arrest and false imprisonment are not separate torts; false arrest is merely one form of false imprisonment. *Collins v. City and County of San Francisco*, 50 Cal. App. 3d 671, 673 (Cal. Ct. App. 1975). The complaint fails to state a claim for false imprisonment against Lt. Park, because the complaint makes no factual allegations against Lt. Park regarding plaintiff Quinn's interview with police. With respect to Lt. Park, the complaint alleges only that he made statements at a press conference.

The Fourth Cause of Action should be dismissed against Lt. Park.

### *D. The Fifth Cause Of Action (IIED) Fails To State A Claim Against Any Defendant*

Defendants have also moved to strike plaintiff Huskins' IIED claim in their concurrently filed Special Motion To Strike. Defendants here move to dismiss the IIED claims of both plaintiff Quinn and plaintiff Huskins for failure to allege facts sufficient to state a claim.

The IIED claim incorporates all of the prior allegations in the complaint, then further alleges that defendants' "conduct" was "extreme, outrageous, and despicable." Compl. at ¶¶ 127-128. These allegations are insufficient to state a claim for IIED, or to avoid the immunities of California Government Code section 821.6 and California Government Code section 845.

#### 1. The Complaint Fails To Plead Facts Showing Extreme And Outrageous Conduct

A cause of action for IIED requires: 1) extreme and outrageous conduct by the defendant with the intention of causing, or reckless disregard of the probability of causing, emotional distress; 2) the plaintiff's suffering severe or extreme emotional distress; and 3) actual and proximate causation of the emotional distress by the defendant's outrageous conduct. *Hughes v. Pair*, 46 Cal. 4th 1035, 1050-51 (Cal. 2009). A defendant's conduct is "outrageous" when it is so extreme as to exceed all bounds of that usually tolerated in a civilized community. *Id*. Whether a defendant's conduct can reasonably be found to be outrageous is a question of law that must initially be determined by the court. *Berkley v. Dowds*, 152 Cal. App. 4th 518, 534 (Cal. Ct. App. 2007).

The instant complaint alleges that defendants did not believe plaintiffs' account of the kidnapping, made public statements expressing their skepticism about plaintiffs' story, and

investigated the possibility that one or both of the plaintiffs had caused Huskins' disappearance. Compl. at ¶¶ 20-21, 58, 60, 69. Police skepticism and willingness to pursue alternate theories of the case do not amount to conduct so extreme as to exceed all bounds of that usually tolerated in a civilized community. The facts alleged are insufficient to state a claim for IIED.

**2. In The Alternative, The IIED Claim Fails By Virtue Of California Government Code Section 821.6**

For the reasons set forth in Part IV.B.2, *supra*, the individual defendants are immunized against plaintiffs' IIED claim. As alleged in the complaint, the IIED claim seeks damages arising from statements made by Detective Mustard as part of the investigation, and statements made by Lt. Park to disclose the progress of the investigation. Such statements are immunized as part of the institution and prosecution of a judicial proceeding within the meaning of California Government Code section 821.6. *Ingram*, 74 Cal. App. 4th at 1293; *see also West*, 181 Cal. App. 4th at 229 (acts during an investigation prior to the institution of judicial proceedings are protected by Section 821.6 because investigations are essential steps toward the institution of formal proceedings); *Citizens Capital Corp.*, 133 Cal. App. 3d at 888-89 (publicity that merely reports the results of official investigations is immunized). By virtue of California Government Code section 821.6, the officers' statements during and about the investigation cannot serve as the basis for an IIED claim. *Gillan*, 147 Cal. App. 4th at 1048 (immunity under Section 821.6 extends to include a claim for IIED). The IIED claim against the individual defendants must be dismissed.

**3. In The Alternative, Plaintiff Huskins' IIED Claim Fails By Virtue Of California Government Code Section 845**

Defendants are also immunized from liability for plaintiff Huskins' IIED claim by virtue of California Government Code section 845. Section 845 provides in relevant part:

> Neither a public entity nor a public employee is liable for failure to establish a police department or otherwise to provide police protection service or, if police protection service is provided, for failure to provide sufficient police

protection.

The allegations in the complaint imply that defendants are responsible for not freeing Huskins from her captor sooner. Compl. at ¶ 32. To the extent that plaintiff Huskins' IIED claim seeks emotional distress damages arising from her kidnapping, the IIED claim is barred by Section 845. The Vallejo police are immune from claims asserting that they failed to provide plaintiff with adequate protection. *Hartzler v. City of San Jose*, 46 Cal. App. 3d 6, 8-9 (Cal. Ct. App. 1975).

**4. The Complaint Fails To State An IIED Claim Against The City Of Vallejo**

Plaintiffs seek to impose *respondeat superior* liability for IIED on the City pursuant to California Government Code section 815.2. Compl. at ¶ 136. The alleged acts of the City's employees, however, do not amount to IIED, and even if they did, these acts would be immunized by California Government Code section 821.6 and 845. The City has no vicarious liability where its employees have no liability or are immune. Cal. Gov't Code § 815.2(b). For the reasons stated in Part IV.D.1, Lt. Park and Detective Mustard have no liability because their alleged conduct was not "outrageous." Even if their conduct could be deemed "outrageous," Lt. Park and Detective Mustard would have immunity, for the reasons stated in Parts IV.B.2 and IV.B.3, *supra*. The complaint fails to state a vicarious liability IIED claim against the City.

***E. The Sixth Cause Of Action (NIED) Fails To State A Claim Against Any Defendant***

Plaintiffs' NIED claim incorporates all prior paragraphs in the complaint, and alleges that "Defendants' conduct was negligent." Compl. at ¶¶ 137-138. NIED is not an independent tort in California, but rather the tort of negligence, requiring the traditional showing of duty, breach, causation, and damages. *Klein v. Children's Hosp. Med. Ctr.*, 46 Cal. App. 4th 889, 894 (Cal. Ct. App. 1996). The existence of duty is a question of law, and that duty must be assumed by defendant, imposed by law upon defendant, or arise from a preexisting relationship between defendant and plaintiff. *Id*. at 895. The NIED claim fails to allege facts sufficient to show that defendants had a duty to plaintiffs, and fails to allege facts sufficient to avoid the immunities of California Government Code sections 821.6 and 845.

**1. The Complaint Fails To Plead Facts Showing A Duty**

The complaint fails to plead facts sufficient to show that defendants owed a duty to plaintiffs. The complaint alleges no facts indicating that defendants assumed a duty to plaintiffs, that a duty to plaintiffs was imposed by law upon defendants, or that there was a preexisting relationship between plaintiffs and defendants. Rather, the NIED claim appears to allege that defendants owed a duty to plaintiffs to believe their account of the events, and to use that information to prevent further crimes by apprehending the suspect(s). The mere fact that officers were made aware of a potential crime does not impose a duty on them to protect plaintiffs from it. *Davidson v. City of Westminster*, 32 Cal. 3d 197, 208 (Cal. 1982) (no duty created where officers did not create the peril to plaintiff, even though they knew that she was entering a laundromat that contained a potential assailant). Law enforcement personnel have no duty to assist, investigate properly, or even to investigate at all, merely by virtue of being law enforcement. *Williams v. State of California*, 34 Cal. 3d 18, 24-25 (Cal. 1983).

**2. In The Alternative, The NIED Claim Fails By Virtue Of California Government Code Section 821.6**

In the alternative, even if there were a duty, defendants are immunized from liability for NIED, for the reasons set forth in Part IV.B.2, *supra*. As alleged in the complaint, the NIED claim seeks damages arising from Detective Mustard's investigation of the kidnapping report, and Lt. Park's statements about the investigation, which is conduct immunized by California Government Code section 821.6. *Ingram*, 74 Cal. App. 4th at 1293; *see also West*, 181 Cal. App. 4th at 229 (acts during an investigation prior to the institution of judicial proceedings are protected by Section 821.6 because investigations are essential steps toward the institution of formal proceedings); *Citizens Capital Corp.*, 133 Cal. App. 3d at 888-89 (publicity that merely reports the results of official investigations is immunized). The officers' immunized conduct cannot serve as the basis for an NIED claim. *Jenkins v. County of Orange*, 212 Cal. App. 3d 278, 283 (Cal. Ct. App. 1989) (Section 821.6 immunizes public employee from negligence claim).

//

//

**3. In The Alternative, Huskins' NIED Claim Fails By Virtue Of California Government Code Section 845**

In the alternative, even if there were a duty, defendants are immunized from liability for Huskins' NIED claim, by virtue of California Government Code section 845. Section 845 provides in relevant part: "Neither a public entity nor a public employee is liable for failure to establish a police department or otherwise to provide police protection service or, if police protection service is provided, for failure to provide sufficient police protection." The allegations in the complaint imply that defendants are responsible for not freeing Huskins from her captor sooner. Compl. at ¶ 32. To the extent that plaintiff Huskins' NIED claim seeks emotional distress damages arising from her kidnapping, the NIED claim is barred by Section 845. The Vallejo police are immune from claims asserting that they failed to provide plaintiff with adequate protection. *Hartzler*, 46 Cal. App. 3d at 8-9.

**4. The Complaint Fails To State An NIED Claim Against The City Of Vallejo**

Plaintiffs seek to impose *respondeat superior* liability for NIED on the City pursuant to California Government Code section 815.2. Compl. at ¶ 142. The City's employees, however, owed no duty to plaintiffs, and even if they did, their conduct would be immunized by California Government Code sections 821.6 and 845. The City has no vicarious liability where its employees are not liable or are immune. Cal. Gov't Code § 815.2(b). For the reasons stated in Part IV.B.2 and IV.D.3, *supra*, Lt. Park and Detective Mustard are immune from liability. The complaint fails to state a vicarious liability NIED claim against the City.

**V. CONCLUSION**

For the foregoing reasons, plaintiffs' First, Second, Fifth, and Sixth Causes of Action fail to allege facts sufficient to state a claim against Lt. Park, Detective Mustard, or the City of Vallejo, and therefore should be dismissed.

In addition, the Fourth Cause of Action fails to allege facts sufficient to state a claim against Lt. Park. Because the Third Cause of Action is not alleged against Lt. Park, no causes of action remain against Lt. Park, and he should be dismissed as a defendant.

CREGGER & CHALFANT LLP
701 University Ave., #110
Sacramento, CA 95825
(916) 443-4443

DATE: July 22, 2016

CREGGER & CHALFANT LLP

/s/ Robert L. Chalfant
ROBERT L. CHALFANT
WENDY MOTOOKA
Attorneys for Defendants CITY OF VALLEJO, KENNY PARK, MATHEW MUSTARD