JAMES M. WAGSTAFFE (95535)
wagstaffe@kerrwagstaffe.com
KEVIN B. CLUNE (248681)
clune@kerrwagstaffe.com
KENNETH P. NABITY (287927)
nabity@kerrwagstaffe.com
**KERR & WAGSTAFFE LLP**
101 Mission Street, 18th Floor
San Francisco, CA 94105–1727
Telephone: (415) 371-8500
Fax: (415) 371-0500

Attorneys for Plaintiffs
DENISE HUSKINS and AARON QUINN

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| DENISE HUSKINS and AARON QUINN, <br><br> Plaintiffs, <br><br> v. <br><br> CITY OF VALLEJO, a public entity, KENNY PARK, MATHEW MUSTARD, and DOES 1-25, <br><br> Defendants. | Case No. 2:16-cv-00603-TLN-EF <br><br> **PLAINTIFFS' OBJECTIONS TO EVIDENCE SUBMITTED IN SUPPORT OF DEFENDANTS' SPECIAL MOTION TO STRIKE THE SECOND AND FIFTH CAUSES OF ACTION** <br><br> Date: September 8, 2016 <br> Time: 2:00 p.m. <br> Courtroom: 2, 15th Floor <br> Judge: Hon. Troy L. Nunley |

Case No. 2:16-cv-00603-TLN-EF                    PLAINTIFFS' EVIDENTIARY OBJECTIONS

I.  INTRODUCTION

Plaintiffs submit the following evidentiary objections to Defendants' evidence in support of their Special Motion to Strike the Second and Fifth Causes of Action and, in particular to the Declarations of James O'Connell (Dkt. No. 9-3), Kenny Park (Dkt. No. 9-4), and Mathew Mustard (Dkt. No. 9-2).

II.  OBJECTIONS TO THE DECLARATION OF JAMES O'CONNELL

Paragraph 5, line 17: ("The reported kidnapping instilled great fear within the Vallejo community."): Lack of personal knowledge.  FRE 602.  Hearsay.  FRE 802.

Paragraph 5, lines 17-19: ("Our department received multiple calls from members of the public, expressing concern that they were in danger, and asking us what they should do."):  Lack of personal knowledge.  FRE 602.  Hearsay.  FRE 802.

Paragraph 5, lines 19-20: ("The Mare Island community in particular was tremendously on edge, as the reported kidnapping followed a string of burglaries in the area."):  Lack of personal knowledge.  FRE 602.  Hearsay.  FRE 802.

Paragraph 6: ("On March 25, 2015, Vallejo investigators learned that Ms. Huskins had reappeared near her mother's home in Huntington Beach, California. Her reappearance in that location was unexpected following a forcible kidnapping from Vallejo. She had luggage and was wearing sunglasses. She also did not act like a kidnapping victim. For example, she did not want to speak with police. She did not want to return to Vallejo, where she resided and where her family had gathered while she was missing. Instead, Ms. Huskins wanted to speak with an attorney."): Lack of personal knowledge.  FRE 602.  Hearsay.  FRE 802.

Paragraph 7: ("Based on the information available to Vallejo police by the evening of March 25, 2015, investigators were unable to determine that a kidnapping had occurred. Rather, the information available at the time suggested that Ms. Huskins' disappearance and reappearance had been an orchestrated event, not the kidnapping that had been reported."): Lack of personal knowledge.  FRE 602.  Hearsay.  FRE 802.  Improper expert opinion.  FRE 701-702.

III.  OBJECTIONS TO THE DECLARATION OF KENNY PARK

Paragraph 8, lines 5-6: ("The case raised significant public safety concerns in the City of

1  Vallejo, particular [sic] within the community of Mare Island."): Lack of personal knowledge.
2  FRE 602.  Hearsay.  FRE 802.
3       Paragraph 12: ("On March 25, 2015, we learned that Ms. Huskins had reappeared in
4  Huntington Beach, California. We offered to fly her to Vallejo to meet with detectives. She did
5  not want to speak with police, and retained an attorney."): Lack of personal knowledge.  FRE
6  602.  Hearsay.  FRE 802.
7  **IV.**    **OBJECTIONS TO THE DECLARATION OF MATHEW MUSTARD**
8       Paragraph 15, lines 5-12: ("Based on my past experience investigating crime, I found it
9  implausible that unknown persons, wearing scuba gear, would break into the home through
10 unknown means in the middle of the night, with headphones, soothing music, and pre-recorded
11 instructions; that they would drug their victims and check their blood pressure; that they would
12 bring Mr. Quinn downstairs with blankets and books for the night; that they would set up a fake
13 camera, fooling a smart and educated man like Mr. Quinn for hours; that they would move Ms.
14 Huskins' car from the driveway so that they could abduct her in Mr. Quinn's car; and that after
15 going to such elaborate lengths, they would demand such a small ransom."): Lack of personal
16 knowledge.  FRE 602.  Hearsay.  FRE 802.  Improper expert opinion.  FRE 701-702.
17      Paragraph 18, lines 2-4: ("Ms. Huskins' reappearance in Huntington Beach, California,
18 on March 25, 2015, also appeared to me to be inconsistent with the forcible kidnapping for
19 ransom that had been reported."): Lack of personal knowledge.  FRE 602.  Hearsay.  FRE 802.
20 Improper expert opinion.  FRE 701-702.
21      Paragraph 18, lines 4-5: ("I was informed that Ms. Huskins had shown up at her mother's
22 house, with an overnight bag and wearing sunglasses."): Lack of personal knowledge.  FRE 602.
23 Hearsay.  FRE 802.
24      Paragraph 18, lines 5-6: ("I found it unusual that she denied being a victim, did not wish
25 to speak with Huntington Beach police, and instead wanted to speak with her lawyer."): Lack of
26 personal knowledge.  FRE 602.  Hearsay.  FRE 802.  Improper expert opinion.  FRE 701-702.
27      Paragraph 18, lines 7-8: ("Strangest of all, when law enforcement arranged to fly Ms.
28 Huskins to Vallejo, where all her family had gathered, she rejected the offer."): Lack of personal

1  knowledge.  FRE 602.  Hearsay.  FRE 802.

2      <u>Paragraph 18, lines 8-9</u>: ("I found it odd that a recently released kidnap victim would not
3  want to go to her family."): Lack of personal knowledge.  FRE 602.  Hearsay.  FRE 802.
4  Improper expert opinion.  FRE 701-702.

5

6  Date:  August 25, 2016                   **KERR & WAGSTAFFE LLP**

7
8                              By:  <u>/s/ Kevin B. Clune</u>
                                     KEVIN B. CLUNE

9                                  Attorneys for Plaintiffs
10                                  DENISE HUSKINS and AARON QUINN