CREGGER & CHALFANT LLP
ROBERT L. CHALFANT, SBN 203051
Email: rlc@creggerlaw.com
WENDY MOTOOKA, SBN 233589
Email: wm@creggerlaw.com
701 University Avenue, Suite 110
Sacramento, CA 95825
Telephone: 916.443-4443

CLAUDIA M. QUINTANA, SBN 178613
City Attorney
KELLY J. TRUJILLO, SBN 244286
Assistant City Attorney
Email: Kelly.Trujillo@cityofvallejo.net
City of Vallejo, City Hall
555 Santa Clara Street
Vallejo, CA 94590
Telephone: 707.648-4545

Attorneys for Defendants CITY OF VALLEJO, KENNY PARK, MATHEW MUSTARD

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

DENISE HUSKINS and AARON QUINN,

Plaintiffs,

vs.

CITY OF VALLEJO, a public entity, KENNY PARK, MATHEW MUSTARD, and DOES 1-25,

Defendants.

Case No. 2:16-cv-00603 TLN EFB

**REPLY TO PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO DISMISS THE COMPLAINT**

Date: September 8, 2016
Time: 2:00 p.m.
Courtroom: 2, 15th Floor
Judge: Hon. Troy L. Nunley

## TABLE OF CONTENTS

I. INTRODUCTION ..... 1

II. QUINN FAILS TO ALLEGE A "STIGMA-PLUS" DEFAMATION CLAIM ..... 1

III. THE COMPLAINT DOES NOT ALLEGE FACTS SUFFICIENT TO SUPPORT A STATE-LAW DEFAMATION CLAIM ..... 2

A. The Statements Alleged In The Complaint Are Privileged By California Civil Code Section 47(b) ..... 2

B. Plaintiffs Allege No Facts Supporting Defamation Outside Of The Press Conference ..... 3

C. Plaintiffs Have Abandoned Their Defamation Claims Against Mustard ..... 3

IV. THE COMPLAINT DOES NOT ALLEGE FACTS SUFFICIENT TO SUPPORT AN INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS ("IIED") CLAIM ..... 4

A. The Conduct Alleged In The Complaint Is Not Outrageous ..... 4

B. Huskins Fails To State An IIED Claim ..... 5

1. Huskins Fails To State An IIED Claim Against Park ..... 5

2. Huskins Has Abandoned Her IIED Claim Against Mustard ..... 5

3. Huskins' IIED Claim Does Not Involve Her Kidnapping And Rape ..... 6

C. Quinn Fails To State An IIED Claim ..... 6

1. Quinn Fails To State An IIED Claim Against Park ..... 6

2. Quinn Fails To State An IIED Claim Against Mustard ..... 6

D. Plaintiffs Fail To State An IIED Claim Against The City ..... 7

V. THE COMPLAINT DOES NOT ALLEGE FACTS SUFFICIENT TO SUPPORT A NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS ("NIED") CLAIM ..... 7

A. NIED Applies In Only Three Fact Patterns ..... 7

B. Huskins Fails To State An NIED Claim ..... 8

1. Huskins Fails To State An NIED Claim Against Park ..... 8

2. Huskins Has Abandoned Her NIED Claim Against Mustard ..... 8

3. Huskins' NIED Claim Does Not Involve Her Kidnapping And Rape ..... 8

C. Quinn Fails To State An NIED Claim ..... 9

1. Quinn Fails To State An NIED Claim Against Park ..... 9

CREGGER & CHALFANT LLP
701 University Ave., #110
Sacramento, CA 95825
(916) 443-4443

2. Quinn Fails To State An NIED Claim Against Mustard ..... 9

D. Plaintiffs Fail To State An NIED Claim Against The City ..... 10

VI. CONCLUSION ..... 10

CREGGER & CHALFANT LLP
701 University Ave., #110
Sacramento, CA 95825
(916) 443-4443

REPLY TO OPP'N TO MTD
Case No. 2:16-cv-00603 TLN EFB

ii

## TABLE OF AUTHORITIES

### CASES

*Ashcroft v. Iqbal*, 556 U.S. 662 (2009) ........ 3, 4
*Balzaga v. Fox News Network, LLC*, 173 Cal. App. 4th 1325 (Cal. Ct. App. 2009) ........ 3
*Berkley v. Dowds*, 152 Cal. App. 4th 518 (Cal. Ct. App. 2007) ........ 4
*Blanco v. County of Kings*, 142 F. Supp. 3d 986 (E.D. Cal. 2015) ........ 4
*Braun v. Bureau of State Audits*, 67 Cal. App. 4th 1382 (Cal. Ct. App. 1998) ........ 2
*Brodheim v. Cry*, 584 F.3d 1262 (9th Cir. 2014) ........ 9
*Burgess v. Superior Court* (1992) 2 Cal. 4th 1064 (Cal. 1992) ........ 7
*Catsouras v. Dept. of California Highway Patrol*, 181 Cal. App. 4th 856 (Cal. Ct. App. 2010) ........ 8
*Christensen v. Superior Court*, 54 Cal. 3d 868 (Cal. 1991) ........ 7
*Cooper v. Dupnik*, 924 F.2d 1520 (9th Cir. 1991) ........ 1
*County of Los Angeles v. Superior Court (West)*, 181 Cal. App. 4th 218 (Cal. Ct. App. 2009) ........ 6
*Davidson v. City of Westminster*, 32 Cal. 3d 197 (Cal. 1982) ........ 7
*Garmon v. County of Los Angeles*, 2016 WL 3606745 (9th Cir. 2016) ........ 6, 9
*Gillan v. City of San Marino*, 147 Cal. App. 4th 1033 (Cal. Ct. App. 2007) ........ 6, 9
*Green Desert Oil Group v. BP West Coast Prods.*, 2012 WL 555045 (N.D. Cal. 2012) ........ 4
*Howard v. Oakland Tribune*, 199 Cal. App. 1124 (Cal. Ct. App. 1988) ........ 3
*Hughes v. Pair*, 46 Cal. 4th 1035 (Cal. 2009) ........ 4, 5
*In re Century Aluminum Co. Securities Litigation*, 729 F.3d 1104 (9th Cir. 2013) ........ 5
*Ingram v. Flippo*, 74 Cal. App. 4th 1280 (Cal. Ct. App. 1999) ........ 6, 9
*Klein Children's Hosp. Med. Ctr.*, 46 Cal. App. 4th 889 (Cal. Ct. App. 1996) ........ 7
*Marrero v. City of Hialeah*, 625 F.2d 499 (5th Cir. 1980) ........ 1
*Molien v. Kaiser Found. Hosp.*, 27 Cal. 3d 916 (Cal. 1980) ........ 7
*Mycogen Corp. v. Monsanto Co.*, 28 Cal. 4th 888 (Cal. 2002) ........ 9
*Newman v. San Joaquin Delta Cmty. Coll. Dist.*, 814 F. Supp. 2d 967 (E.D. Cal. 2011) ........ 4
*Paul v. Davis*, 424 U.S. 693 (1976) ........ 1
*Richardson-Tunnell v. SIPE*, 157 Cal. App. 4th 1056 (Cal. Ct. App. 2007) ........ 6
*Rutman Wine Co. v. E.J. Gallo Winery*, 829 F.2d 729 (9th Cir. 1987) ........ 3
*Slaughter v. Friedman*, 32 Cal. 3d 149 (1982) ........ 2
*Smith v. Harrington*, 2013 WL 132465 (N.D. Cal. 2013) ........ 4, 5, 8
*Starr v. Baca*, 652 F.3d 1202 (9th Cir. 2011) ........ 3

CREGGER & CHALFANT LLP
701 University Ave., #110
Sacramento, CA 95825
(916) 443-4443

*Stevens v. Rifkind*, 608 F. Supp. 710 (N.D. Cal. 1984) ..... 1
*Williams v. State of California*, 34 Cal. 3d 18 (Cal. 1983) ..... 8, 9

**STATUTES**

42 U.S.C. § 1983 ..... 1
California Civil Code § 47(b) ..... 2, 5, 6
California Government Code § 821.6 ..... 6, 9

**RULES**

Fed. R. Civ. P. 12(b)(6) ..... 3
Fed. R. Civ. P. 8 ..... 3

CREGGER & CHALFANT LLP
701 University Ave., #110
Sacramento, CA 95825
(916) 443-4443

REPLY TO OPP'N TO MTD
Case No. 2:16-cv-00603 TLN EFB

iv

## I. INTRODUCTION

Plaintiffs' opposition concedes that Denise Huskins' First Cause of Action (Section 1983 "stigma-plus" defamation) fails against all defendants, and that Aaron Quinn's Fourth Cause of Action (false arrest) fails against Lt. Park. Pl.s' Opp'n at 9 n.3, 16: 12-15. These claims should therefore be dismissed without leave to amend. The remainder of defendants' motion to dismiss should also be granted, because plaintiffs' opposition either fails to address or fails to overcome defendants' arguments for dismissal.

## II. QUINN FAILS TO ALLEGE A "STIGMA-PLUS" DEFAMATION CLAIM

Quinn argues that he meets the factual elements for a stigma-plus defamation claim under 42 U.S.C. Section 1983, because he has alleged that defamatory statements were made in conjunction with his alleged unlawful custodial interrogation and false arrest. Pl.s' Opp'n at 9: 19-21. As alleged in the complaint, the defamatory statements were not made "in conjunction with" an unlawful custodial interrogation and false arrest. The complaint alleges that Quinn was "aggressively interrogated" by VPD and led "to believe he was not free to leave" for nearly 18 hours beginning at 3:30 p.m. on March 23, 2015. Compl. at ¶¶ 17-22, 30. In dicta in *Paul v. Davis*, the Supreme Court expressed skepticism that Section 1983 provides a defamation claim for "a person arrested by law enforcement officers who announce that they believe such person to be responsible for a particular crime in order to calm the fears of an aroused populace." *Paul v. Davis*, 424 U.S. 693, 698-99 (1976).

In the cases relied on in Quinn's opposition, however, courts have found stigma-plus where the public perceived the defamatory statements to be connected to an arrest. *Cooper v. Dupnik*, 924 F.2d 1520, 1534 (9th Cir. 1991) (*citing Marrero v. City of Hialeah*, 625 F.2d 499, 519 (5th Cir. 1980) (reputation actionable under Section 1983 where the public perceived defamatory statements to be connected to the arrest) and *Stevens v. Rifkind*, 608 F. Supp. 710, 727-28 (N.D. Cal. 1984) (reputation actionable under Section 1983 where the public would associate the statements to the arrest and prosecution).) The complaint fails to allege a stigma-plus claim for Quinn, because it alleges no public perception of Quinn's alleged arrest. It alleges only Quinn's own perception that he had been arrested, based on alleged events and

CREGGER & CHALFANT LLP
701 University Ave., #110
Sacramento, CA 95825
(916) 443-4443

circumstances not known to the public. Compl. at ¶¶ 22, 114; Pl.'s Opp'n at 9: 19-21.

Park's statement at the press conference did not reference any arrests. After Huskins had been located, Park announced at the press conference of March 25, 2015, that the Vallejo police had no evidence to substantiate that a kidnapping had occurred, that it appeared to be an orchestrated event, and that the community had nothing to fear. Compl. at ¶ 53, 58, 60. Park made no mention of Quinn's arrest status. The complaint does not allege that the public ever came to believe that Quinn had been arrested. Because the public would not connect Park's statements to Quinn's arrest, Quinn fails to state a claim against Park under the stigma-plus doctrine.

## III. THE COMPLAINT DOES NOT ALLEGE FACTS SUFFICIENT TO SUPPORT A STATE-LAW DEFAMATION CLAIM

### *A. The Statements Alleged In The Complaint Are Privileged By California Civil Code Section 47(b)*

Plaintiffs argue that Park's statements during the press conference, regarding the current conclusions of the Vallejo Police Department's ongoing kidnapping investigation, are not privileged as statements made in an "official proceeding" authorized by law. In advancing this argument, plaintiffs rely primarily on cases that discuss the "litigation privilege," applied to private parties, or the official proceeding privilege as applied to private persons who report wrongdoing to authorities. Pl.s' Opp'n at 10: 12 to 12: 8. The allegations in the complaint, however, do not assert that Park was speaking to the press as a private litigant, or reporting wrongdoing as a private person. Rather, the complaint alleges that Park spoke for the Vallejo Police Department, a governmental entity, about the police investigation. *See, e.g.*, Compl. at ¶¶ 57-59.

The "official proceeding" privilege broadly protects communications, not only to, but also from governmental officials that may precede the initiation of formal proceedings. *Slaughter v. Friedman*, 32 Cal. 3d 149, 156 (1982); *Braun v. Bureau of State Audits*, 67 Cal. App. 4th 1382, 1388-89 (Cal. Ct. App. 1998) (absolute privilege for conclusions of investigative audit). Statements made in the context of a police investigation are privileged and cannot support a defamation claim. *Balzaga v. Fox News Network, LLC*, 173 Cal. App. 4th 1325, 1337 (Cal. Ct.

App. 2009) (*citing Howard v. Oakland Tribune*, 199 Cal. App. 1124, 1128 (Cal. Ct. App. 1988)). Park conveyed the current results of the police investigation: the investigation had been unable to substantiate the reported crime, and now believed that it had been an orchestrated event. Park's statements at the press conference fall within the official proceeding privilege.

### *B. Plaintiffs Allege No Facts Supporting Defamation Outside Of The Press Conference*

Plaintiffs concede that the complaint alleges no factual material to support a defamation claim against any defendant outside of the press conference. Instead, plaintiffs admit that any defamation claim, arising from statements other than those at the press conference, is based only on conclusory allegations that are merely speculative: "for example," plaintiffs argue, "if Defendants made statements to their friends, relatives, neighbors, or other non-witnesses repeating . . . malicious and untruthful statements," then those statement would not be privileged. Pl.s' Opp'n at 14: 14-23. A hypothetical "for example" is insufficient to state a claim. To satisfy Rule 8, the complaint must allege factual allegations, not mere conclusory statements. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Plaintiffs' request for leave to amend, because they intend to engage in discovery, is improper. Pl.s' Opp'n at 14 n.4. The doors of discovery do not unlock for a plaintiff armed with nothing more than legal conclusions. Fed. R. Civ. P. 8; *Iqbal*, 556 U.S. at 678-79; *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011) (it is unfair to require the opposing party to be subjected to discovery when the complaint does not satisfy Rule 8); *Rutman Wine Co. v. E.J. Gallo Winery*, 829 F.2d 729, 738 (9th Cir. 1987) (the purpose of Fed. R. Civ. P. 12(b)(6) is to enable defendants to challenge the legal sufficient of complaints without subjecting themselves to discovery).

### *C. Plaintiffs Have Abandoned Their Defamation Claims Against Mustard*

Plaintiffs' opposition does not assert that Mustard's statements during the course of the investigation form the factual basis for their claims. They do not dispute that these statements are privileged by California Civil Code section 47(b)(2) & (b)(3). Instead, plaintiffs have argued only that "the press release and later statements to the media" fall outside privilege (Pl.s' Opp'n at 10: 12, 11: 12, 12: 28 to 13: 1), and that hypothetically, there could be a claim against unknown persons, based on unknown facts (Pl.s' Opp'n at 14: 14-23). Mustard did not speak at the press

conference or to the media, and plaintiffs' speculation about hypothetical claims does not constitute an opposition to Mustard's motion. By failing to oppose Mustard's motion to dismiss the defamation claims, plaintiffs have abandoned the claims, which should therefore be dismissed <u>without leave to amend</u>. *Smith v. Harrington*, 2013 WL 132465 at *11 (N.D. Cal. 2013) (where plaintiff fails to address a particular claim in his opposition to a motion to dismiss that claim, courts generally dismiss that claim with prejudice); *Green Desert Oil Group v. BP West Coast Prods.*, 2012 WL 555045 at *2 (N.D. Cal. 2012) (failing to oppose a motion to dismiss a claim constitutes abandonment of that claim).

## IV. THE COMPLAINT DOES NOT ALLEGE FACTS SUFFICIENT TO SUPPORT AN INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS ("IIED") CLAIM

Whether conduct is sufficiently outrageous to support an IIED claim is a question of law to be determined initially by the court. *Berkley v. Dowds*, 152 Cal. App. 4th 518, 534 (Cal. Ct. App. 2007). Plaintiffs cite to no precedential case that states otherwise. To state a claim for IIED, plaintiffs must allege conduct so "extreme as to exceed all bounds of that usually tolerated in a civilized community." *Hughes v. Pair*, 46 Cal. 4th 1035, 1050-51 (Cal. 2009).

### *A. The Conduct Alleged In The Complaint Is Not Outrageous*

Plaintiffs argue that police may be held liable for IIED if they abuse their authority, citing examples of such abuse. Pl.s' Opp'n at 17: 4-12; *Blanco v. County of Kings*, 142 F. Supp. 3d 986, 1002-03 (E.D. Cal. 2015) (male police officer interrogates female arrestee while she is undressed); *Newman v. San Joaquin Delta Cmty. Coll. Dist.*, 814 F. Supp. 2d 967, 979 (E.D. Cal. 2011) (police slam quiet, calm, and compliant plaintiffs into the floor and against a wall, using racially derogatory language). Plaintiffs then reason that police can be liable for an "unprovoked attack," and conclude that they were victims of "unprovoked attacks." Pl.s' Opp'n at 17: 13-15.

To survive a motion to dismiss, plaintiffs must allege more than "labels and conclusions" and more than facts that are "merely consistent with" a defendant's liability. *Iqbal*, 556 U.S. at 678. When faced with two possible explanations for defendants' alleged conduct, only one of which results in liability, plaintiffs cannot rely on allegations "merely consistent with" their favored explanation ("unprovoked attacks"), but which are also consistent with defendants'

alternative explanation (police informing the public of the current results of an investigation). Plaintiffs must allege more, such as facts tending to exclude the possibility that the alternative explanation is true. *In re Century Aluminum Co. Securities Litigation*, 729 F.3d 1104, 1108 (9th Cir. 2013).

### *B. Huskins Fails To State An IIED Claim*

#### 1. Huskins Fails To State An IIED Claim Against Park

Huskins' IIED claim is premised solely on the press conference. She alleges that defendants attacked her publicly in order "cover up their own failed investigation" and "waged a public relations assault" on her. Pl.s' Opp'n at 16: 17-20, 17: 21-27. These are conclusory statements, not factual allegations. The factual allegations in the complaint establish that Park informed the public at the press conference, after Huskins had been located, that police thus far had no evidence to substantiate the reported kidnapping, and now believed that no kidnapping had occurred. A status update on the ongoing investigation, even if it indicates that the reported crime cannot be substantiated or that police believe that it did not occur, is not so extreme as to exceed all bounds of that usually tolerated in a civilized community. On the contrary, the existence of California Civil Code section 47(b) proves that such statements are not only tolerated in a civilized community, but are actually privileged. Park's statements were not "outrageous," as a matter of law.

#### 2. Huskins Has Abandoned Her IIED Claim Against Mustard

Huskins does not oppose Mustard's motion to dismiss the IIED claim against him, instead basing her claims on the press conference (a "national media assault that occurred at approximately 9:30 p.m."). Pl.s' Opp'n at 18: 2-3. Mustard did not speak at the press conference. Because Mustard's motion to dismiss Huskins' IIED claim is unopposed, the claim should be deemed abandoned and dismissed <u>without leave to amend</u>. *Smith*, 2013 WL 132465 at *11.

Dismissal without leave to amend is the correct result. Mustard's investigatory statements cannot give rise to an IIED claim, as a matter of law, because such statements do not exceed all bounds of that usually tolerated in a civilized community. *Hughes*, 46 Cal. 4th at 1050-51.

Investigatory statements are privileged by Civil Code section 47(b), as well as immunized by California Government Code section 821.6, which protects public employees in the performance of their prosecutorial duties from the threat of harassment through civil suits. *County of Los Angeles v. Superior Court (West)*, 181 Cal. App. 4th 218, 228 (Cal. Ct. App. 2009); *Gillan v. City of San Marino*, 147 Cal. App. 4th 1033, 1047-48 (Cal. Ct. App. 2007); *Ingram v. Flippo*, 74 Cal. App. 4th 1280, 1292 (Cal. Ct. App. 1999). Even if Section 821.6 immunity were limited to malicious prosecution claims as stated in *Garmon v. County of Los Angeles*, 2016 WL 3606745 at *7 (9th Cir. 2016), the immunity would still extend to acts undertaken in preparation for a prosecution, even if no prosecution is commenced. *Richardson-Tunnell v. SIPE*, 157 Cal. App. 4th 1056, 1062 (Cal. Ct. App. 2007); *Gillan*, 147 Cal. App. 4th at 1048; *Ingram*, 74 Cal. App. 4th at 1293. Mustard's investigatory statements fall squarely within the immunity. The investigatory statements cannot be "outrageous," as a matter of law, because Civil Code section 47(b) and Government Code section 821.6 not only tolerate such statements, but actually protect them.

**3. Huskins' IIED Claim Does Not Involve Her Kidnapping And Rape**

Huskins concedes that she has no IIED claim against any defendant based on any injuries she sustained at the hands of her kidnapper. Pl.s' Opp'n at 18: 13-17.

***C. Quinn Fails To State An IIED Claim***

**1. Quinn Fails To State An IIED Claim Against Park**

For the reasons stated in Part IV.B.1, *supra*, Quinn fails to state an IIED claim against Park arising from statements at the press conference. The statements at the press conference cannot be "outrageous" as a matter of law, because they are not only tolerated, but actually protected by, California Civil Code section 47(b). Quinn has no other basis for an IIED claim against Park, as he concedes that Park was not involved in his alleged false arrest. Pl.s' Opp'n at 16: 12-15.

**2. Quinn Fails To State An IIED Claim Against Mustard**

Quinn argues that the allegations in paragraphs 18-20 and 31 of the complaint describe outrageous conduct. Pl.s' Opp'n at 17: 17-21. The allegations in these paragraphs are in no way comparable to a male officer's interrogating a naked female arrestee, or officers' using excessive

force and racial slurs on calm and compliant citizens. Moreover, these paragraphs make no allegations against Mustard. Because Quinn fails to allege that Mustard engaged in outrageous conduct, Mustard's motion to dismiss the IIED claim must be dismissed.

In addition, as alleged in the complaint, Mustard made statements only as part of his investigation. As discussed in Part IV.B.2, *supra*, investigatory statements are not only tolerated, but actually protected in a civilized community, and therefore cannot form the factual basis for an IIED claim, as a matter of law.

### *D. Plaintiffs Fail To State An IIED Claim Against The City*

Because plaintiffs fail to state a claim for IIED against any City employee, plaintiffs fail to state a *respondeat superior* claim against the City.

## V. THE COMPLAINT DOES NOT ALLEGE FACTS SUFFICIENT TO SUPPORT A NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS ("NIED") CLAIM

### *A. NIED Applies In Only Three Fact Patterns*

Plaintiffs allege "direct victim" liability for NIED against defendants. The California Supreme Court has allowed "direct victim" NIED liability in only three types of factual situations: 1) negligent mishandling of a corpse, *Christensen v. Superior Court*, 54 Cal. 3d 868, 879 (Cal. 1991); 2) negligent misdiagnosis of a disease that could potentially harm another, *Molien v. Kaiser Found. Hosp*., 27 Cal. 3d 916, 923 (Cal. 1980); and 3) negligent breach of a duty arising out of a preexisting relationship, *Burgess v. Superior Court* (1992) 2 Cal. 4th 1064, 1076 (Cal. 1992). CACI 1620, Jury Instruction for Direct Victim NIED, "Directions for Use." The allegations in the complaint fall into none of these categories.

Plaintiffs seek to create a new duty, without specifying what that duty is, and fault defendants for not performing the duty analysis discussed in *Klein Children's Hosp. Med. Ctr*., 46 Cal. App. 4th 889, 896 (Cal. Ct. App. 1996). Pl.s' Opp'n at 19: 8-15. Defendants, however, do not need to analyze whether the police had a duty to plaintiffs, because the California Supreme Court has already engaged in that analysis and settled the question. Police have no duty to prevent harm, where they did not create the peril to plaintiff. *Davidson v. City of Westminster*, 32 Cal. 3d 197, 208 (Cal. 1982). Police have no duty to assist, investigate properly, or even to

investigate at all. *Williams v. State of California*, 34 Cal. 3d 18, 24-25 (Cal. 1983).

### *B. Huskins Fails To State An NIED Claim*

#### 1. Huskins Fails To State An NIED Claim Against Park

Huskins correctly states that police owe a duty of care to citizens not to place death images of their deceased loved ones on the internet for the lurid titillation of persons unrelated to official police business. Pl.s' Opp'n at 19: 2-3; *Catsouras v. Dept. of California Highway Patrol*, 181 Cal. App. 4th 856, 886 (Cal. Ct. App. 2010). This statement of duty, however, proves that the standard for NIED has not been met in this case. Not only did the *Catsouras* case fall within one of the three established types of "direct victim" NIED fact patterns (negligent mishandling of a corpse), the duty created was a duty not to use police evidence for purposes unrelated to police business. In the instant case, Park did not use police evidence for a purpose unrelated to police business. On the contrary, his press conference was police business, conveying to the public the results of the ongoing investigation in a case of great public interest.

Huskins also argues that Park owed her "special protections" as a sexual assault victim, but the complaint does not allege that Park was aware of her sexual assault. Rather, the complaint alleges that Huskins denied being a victim of sexual assault. Compl. at ¶ 45.

#### 2. Huskins Has Abandoned Her NIED Claim Against Mustard

Huskins does not oppose Mustard's motion to dismiss the NIED claim against him. Her opposition identifies nothing that Mustard did to cause her emotional distress. As alleged in the complaint, Mustard's conduct was entirely investigatory. Mustard had no duty to plaintiff to investigate differently, or better. *Williams*, 34 Cal. 3d at 24-25.

Because Huskins does not challenge Mustard's motion to dismiss the NIED claim, the claim should be deemed abandoned and dismissed without leave to amend. *Smith*, 2013 WL 132465 at *11.

#### 3. Huskins' NIED Claim Does Not Involve Her Kidnapping And Rape

Huskins concedes that she has no NIED claim against any defendant arising from her kidnapping and rape. Pl.s' Opp'n at 20: 7-9.

CREGGER & CHALFANT LLP
701 University Ave., #110
Sacramento, CA 95825
(916) 443-4443

### *C. Quinn Fails To State An NIED Claim*

#### 1. Quinn Fails To State An NIED Claim Against Park

Quinn's NIED claim against Park is based solely on the statements made at the press conference. As discussed in Parts V.A and V.B.1, *supra*, Park's statements at the press conference were police business, conveying to the public the results of an official police investigation. The statements made at the press conference are insufficient to support an NIED claim, as Park owed no duty to Quinn to withhold from the public the results of the ongoing investigation.

#### 2. Quinn Fails To State An NIED Claim Against Mustard

Quinn's allegations that Mustard questioned him aggressively and that Mustard thought Quinn was lying are insufficient to state a claim for NIED. Compl. at ¶ 21. This fact pattern does not fall into one of the three recognized fact patterns for "direct victim" NIED. Mustard owed no duty to Quinn to believe in Quinn's truthfulness, or to question him more politely. At best, Quinn's claim alleges that Mustard had a duty to investigate better. The California Supreme Court has already determined, however, that police have no duty to investigate adequately, or at all, where the police have not induced reliance on a promise to protect. *Williams*, 34 Cal. 3d at 24-25.

Further, assuming that there were a duty, Mustard's investigatory conduct would be immunized by California Government Code section 821.6. Section 821.6 immunizes investigatory acts, even if authorities later decide not to file charges. *Richardson-Tunnell*, 157 Cal. App. 4th at 1062; *Gillan*, 147 Cal. App. 4th at 1048; *Ingram*, 74 Cal. App. 4th at 1293. In immunizing malicious prosecution claims, Section 821.6 also immunizes acts undertaken in preparation for the prosecution, even if no prosecution is commenced. Quinn's complaint about Mustard's investigation – that Mustard should not have been investigating Quinn – falls squarely within this immunity, as Quinn's claim is based on the same primary right as a malicious prosecution claim. *Mycogen Corp. v. Monsanto Co.*, 28 Cal. 4th 888, 904 (Cal. 2002); *Brodheim v. Cry*, 584 F.3d 1262, 1269 (9th Cir. 2014). *Garmon* does not suggest otherwise, as the plaintiff in *Garmon* was merely a witness, not being investigated for a potential crime.

CREGGER & CHALFANT LLP
701 University Ave., #110
Sacramento, CA 95825
(916) 443-4443

Quinn fails to state a claim against Mustard for NIED.

### *D. Plaintiffs Fail To State An NIED Claim Against The City*

Because plaintiffs fail to state a claim for NIED against any City employee, plaintiffs fail to state a *respondeat superior* claim against the City.

## VI. CONCLUSION

Plaintiffs concede that Huskins' First Cause of Action against Park and Quinn's Fourth Cause of Action against Park should be dismissed. As Huskins has no federal claim, the Court should decline to exercise supplemental jurisdiction over her state-law claims, if any remain.

Huskins also concedes that she has no claims arising against any defendant based on her kidnapping and rape.

Plaintiffs offer no opposition to 1) Mustard's motion to dismiss Quinn and Huskins' state-law defamation claims, 2) Mustard's motion to dismiss Huskins' IIED claim, and 3) Mustard's motion to dismiss Huskins' NIED claim. All of these claims should therefore be deemed abandoned, and dismissed without leave to amend.

The remainder of the challenged claims should be dismissed for the reasons stated above and in defendants' moving papers. Defendants therefore request that the Court dismiss the First, Second, Fifth, and Sixth Causes of Action in their entirety, and the Fourth Cause of Action with respect to defendant Park.

DATE: September 1, 2016

CREGGER & CHALFANT LLP

/s/ Robert L. Chalfant
ROBERT L. CHALFANT
WENDY MOTOOKA
Attorneys for Defendants CITY OF VALLEJO, KENNY PARK, MATHEW MUSTARD