CREGGER & CHALFANT LLP
ROBERT L. CHALFANT, SBN 203051
Email: rlc@creggerlaw.com
WENDY MOTOOKA, SBN 233589
Email: wm@creggerlaw.com
701 University Avenue, Suite 110
Sacramento, CA 95825
Telephone: 916.443-4443

CLAUDIA M. QUINTANA, SBN 178613
City Attorney
KELLY J. TRUJILLO, SBN 244286
Assistant City Attorney
Email: Kelly.Trujillo@cityofvallejo.net
City of Vallejo, City Hall
555 Santa Clara Street
Vallejo, CA 94590
Telephone: 707.648-4545

Attorneys for Defendants CITY OF VALLEJO,
KENNY PARK, MATHEW MUSTARD

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| DENISE HUSKINS and AARON QUINN, | Case No. 2:16-cv-00603 TLN EFB |
| Plaintiffs, | **REPLY TO PLAINTIFFS' OPPOSITION TO DEFENDANTS' SPECIAL MOTION TO STRIKE THE SECOND AND FIFTH CAUSES OF ACTION** |
| vs. | |
| CITY OF VALLEJO, a public entity, KENNY PARK, MATHEW MUSTARD, and DOES 1-25, | Date: September 8, 2016<br>Time: 2:00 p.m.<br>Courtroom: 2, 15th Floor<br>Judge: Hon. Troy L. Nunley |
| Defendants. | |

**TABLE OF CONTENTS**

I.   INTRODUCTION ................................................................................................................. 1

II.   MUSTARD'S SPECIAL MOTION TO STRIKE SHOULD BE GRANTED ........................ 1

   A.  Mustard's Motion To Strike The Defamation Claim Against Him Is Unopposed ............... 1

      1.  Investigatory Statements Are Privileged Under California Civil Code Section 47(b) ...... 1

      2.  Investigatory Statements Are Immunized Under California Government Code Section 821.6 ................................................................................................................................ 2

   B.  Mustard's Motion To Strike Huskins' IIED Claim Against Him Is Unopposed .................. 3

   C.  Discovery Is Not Warranted To Oppose Mustard's Motion ................................................. 3

      1.  The Standard For A Rule 56(d) Continuance ................................................................. 4

      2.  Mustard's Motion Is A Rule 12(b)(6) Type Anti-SLAPP ................................................ 4

      3.  Even If Mustard's Motion Is Treated As An Evidentiary Motion, Plaintiffs' Rule 56(d) Motion Should Be Denied For Failure To Comply With The Requirements Of Rule 56(d) ............................................................................................................................... 4

III.  PARK'S SPECIAL MOTION TO STRIKE SHOULD BE GRANTED ................................ 5

   A.  Park's Statement At The Press Conference Cannot Serve As The Basis For A Defamation Claim .................................................................................................................................. 5

      1.  Park's Statements Conveyed The Current Results Of The Investigation ....................... 5

      2.  Park's Statements Are Privileged By California Civil Code Section 47(b) ................... 5

   B.  Park's Statements At The Press Conference Cannot Serve As The Basis For Huskins' IIED Claim .................................................................................................................................. 5

   C.  Discovery Is Not Warranted To Oppose Park's Motion ...................................................... 6

      1.  Park's Motion Can Be Decided As A Rule 12(b)(6) Type Anti-SLAPP ........................ 6

      2.  In The Alternative, The Undisputed Evidence Shows That Plaintiffs Cannot Meet The *New York Times* Standard ............................................................................................... 6

         i.  Plaintiffs Were Limited Public Figures ........................................................................ 6

        ii.  The Undisputed Facts Show That Defendants Did Not Act With Malice .................... 7

      3.  Plaintiffs' Motion For Discovery Under Rule 56(d) Should Be Denied For Failure To Comply With The Requirements Of The Rule ............................................................... 8

IV.  THE CITY'S ANTI-SLAPP MOTION SHOULD BE GRANTED ....................................... 9

V.   THE DEFAMATION CLAIMS AND IIED CLAIM ARE BARRED BY CALIFORNIA GOVERNMENT CODE SECTION 821.6 ............................................................................. 9

CREGGER & CHALFANT LLP
701 University Ave., #110
Sacramento, CA  95825
(916) 443-4443

REPLY TO OPP'N TO ANTI-SLAPP MOTION
Case No. 2:16-cv-00603 TLN EFB

i

VI. CONCLUSION ................................................................................................................. 10

CREGGER & CHALFANT LLP
701 University Ave., #110
Sacramento, CA  95825
(916) 443-4443

REPLY TO OPP'N TO ANTI-SLAPP MOTION
Case No. 2:16-cv-00603 TLN EFB

ii

# TABLE OF AUTHORITIES

## CASES

*Balzaga v. Fox News Network, LLC*, 173 Cal. App. 4th 1325 (Cal. Ct. App. 2009) .................... 2

*Berkley v. Dowds*, 152 Cal. App. 4th 518 (Cal. Ct. App. 2007) .................................................. 3

*Bleavins v. Demarest*, 196 Cal. App. 4th 1533 (Cal. Ct. App. 2011) ........................................... 1

*Braun v. Bureau of State Audits*, 67 Cal. App. 4th 1382 (Cal. Ct. App. 1998) ........................... 5

*Brodheim v. Cry*, 584 F.3d 1262 (9th Cir. 2014) ........................................................................ 2

*County of Los Angeles v. Superior Court (West)*, 181 Cal. App. 4th 218
   (Cal. Ct. App. 2009) ............................................................................................................ 2, 9

*Davis v. Electronic Arts, Inc.*, 2011 WL 2621626 (N.D. Cal. 2001) ........................................... 3

*Family Home and Fin. Ctr., Inc. v. Fed. Home Loan Mortgage Corp.*,
   525 F.3d 822 (9th Cir. 2008) ................................................................................................ 4, 8

*Garmon v. County of Los Angeles*, 2016 WL 3606745 (9th Cir. 2016) ...................................... 2

*Gertz v. Robert Welch, Inc.* 418 U.S. 323 (1974) ........................................................................ 6

*Gillan v. City of San Marino*, 147 Cal. App. 4th 1033 (Cal. Ct. App. 2007) .......................... 2, 9

*Goldman v. Standard Ins. Co.*, 341 F.3d 1023 (9th Cir. 2003) .................................................. 10

*Howard v. Oakland Tribune*, 199 Cal. App. 1124 (Cal. Ct. App. 1988) .................................... 2

*Hughes v. Pair*, 46 Cal. 4th 1035 (Cal. 2009) ........................................................................ 3, 6

*Ingram v. Flippo*, 74 Cal. App. 4th 1280 (Cal. Ct. App. 1999) ............................................. 2, 9

*Jenkins v. County of Orange*, 212 Cal. App. 3d 278 (Cal. Ct. App. 1989) .............................. 10

*Lorain Journal Co. Milkovich*, 474 U.S. 953 (1985) ................................................................. 6

*Mycogen Corp. v. Monsanto Co.*, 28 Cal. 4th 888 (Cal. 2002) ................................................... 2

*Nadel v. Regents of the Univ. of California*, 28 Cal. App. 4th 1251
   (Cal. Ct. App. 1994) ................................................................................................................ 6

*Navellier v. Sletten*, 29 Cal. 4th 82 (Cal. 2002) .......................................................................... 1

*New York Times Co. v. Sullivan*, 376 U.S. 254 (1964) ............................................................... 6

*Richardson-Tunnell v. SIPE*, 157 Cal. App. 4th 1056 (Cal. Ct. App. 2007) ........................... 2, 9

*Rogers v. Home Shopping Network, Inc.*, 57 F. Supp. 2d 973 (C.D. Cal. 1999) ......................... 3

*Slaughter v. Friedman*, 32 Cal. 3d 149 (1982) ....................................................................... 2, 5

*St. Amant v. Thompson*, 390 U.S. 727 (1968) ............................................................................ 7

*Sullivan v. County of Los Angeles*, 12 Cal. 3d 710 (Cal. 1974) .................................................. 9

*U.S. v. Kitsap Physicians Serv.*, 314 F.3d 995 (9th Cir. 2002) ................................................ 4, 8

## STATUTES

California Civil Code § 47(b) .............................................................................. 2, 4, 5, 6, 7, 8

California Government Code § 820.4 ........................................................................................ 11

CREGGER & CHALFANT LLP
701 University Ave., #110
Sacramento, CA  95825
(916) 443-4443

REPLY TO OPP'N TO ANTI-SLAPP MOTION
Case No. 2:16-cv-00603 TLN EFB

iii

California Government Code § 821.6 ................................................................... 2, 4, 5, 11, 12

**RULES**

Fed. R. Civ. P. 12(b)(6) ........................................................................................................ 3, 4, 6
Fed. R. Civ. P. 56 ........................................................................................................................ 3
Fed. R. Civ. P. 56(d) ............................................................................................................ 3, 4, 8

CREGGER & CHALFANT LLP
701 University Ave., #110
Sacramento, CA  95825
(916) 443-4443

REPLY TO OPP'N TO ANTI-SLAPP MOTION
Case No. 2:16-cv-00603 TLN EFB

iv

# I. INTRODUCTION

Plaintiffs agree that under current law, California's anti-SLAPP statute is applicable in federal court. Pl.s' Anti-SLAPP Opp'n at 8: 22-24. They also concede that defendants' motion has satisfied the first prong of the anti-SLAPP test by making a *prima facie* showing that the suit arises "from an act in furtherance of the defendant's rights of petition or free speech." Pl.s' Anti-SLAPP Opp'n at 8: 11-13. The burden thus now shifts to plaintiffs to make a showing of facts that would, if proved at trial, support a judgment in their favor. *Bleavins v. Demarest*, 196 Cal. App. 4th 1533, 1541 (Cal. Ct. App. 2011).

Plaintiffs have shown no facts that would support a judgment in their favor. The undisputed facts establish that the alleged defamation about which plaintiffs complain was the statements made by Lt. Park during the press conference of March 25, 2015, in which Park conveyed to the public that the Vallejo police had been unable to substantiate that the kidnapping had occurred as reported, and now believed that it was an orchestrated event and that the citizens of Vallejo should feel safe.

Because plaintiffs' defamation claim, and Huskins' intentional infliction of emotional distress ("IIED") claim lack even minimal merit, defendants' special motion to strike should be granted. *Navellier v. Sletten*, 29 Cal. 4th 82, 89 (Cal. 2002).

## II. MUSTARD'S SPECIAL MOTION TO STRIKE SHOULD BE GRANTED

### A. *Mustard's Motion To Strike The Defamation Claim Against Him Is Unopposed*

Plaintiffs' opposition clarifies that their defamation claim arises from statements made during the press conference. Pl.s' Anti-SLAPP Opp'n at 10: 5-7, 11: 4-7, 12: 20-23. Detective Mustard is not alleged to have made any statements at the press conference. Instead, the complaint alleges that Mustard made statements while pursuing his investigation. Compl. at ¶¶ 21, 40, 51. Plaintiffs do not assert that Mustard's investigatory statements may serve as the basis for a defamation claim.

#### 1. Investigatory Statements Are Privileged Under California Civil Code Section 47(b)

The "official proceeding" privilege broadly protects communications, not only to, but also

CREGGER & CHALFANT LLP
701 University Ave., #110
Sacramento, CA 95825
(916) 443-4443

REPLY TO OPP'N TO ANTI-SLAPP MOTION
Case No. 2:16-cv-00603 TLN EFB

1

1  from governmental officials that may precede the initiation of formal proceedings. *Slaughter v.
2  Friedman*, 32 Cal. 3d 149, 156 (1982). Statements made in the context of a police investigation
3  are privileged and cannot support a defamation claim. *Balzaga v. Fox News Network, LLC*, 173
4  Cal. App. 4th 1325, 1337 (Cal. Ct. App. 2009) (*citing Howard v. Oakland Tribune*, 199 Cal. App.
5  1124, 1128 (Cal. Ct. App. 1988)). Plaintiffs do not argue otherwise. Instead, they assert that
6  statements made outside of the press conference, not in the context of the investigation, would not
7  be privileged. Pl.s' Anti-SLAPP Opp'n at 15: 8-16. The complaint, however, does not allege that
8  Mustard made any such statements.

### 2. Investigatory Statements Are Immunized Under California Government Code Section 821.6

Mustard's investigatory statements are also immunized under California Government Code section 821.6, even if the immunity of this provision were limited to malicious prosecution claims as stated in *Garmon v. County of Los Angeles*, 2016 WL 3606745 at *7 (9th Cir. 2016). The immunity exists to protect public employees in the performance of their prosecutorial duties from the threat of harassment through civil suits. *County of Los Angeles v. Superior Court (West)*, 181 Cal. App. 4th 218, 228 (Cal. Ct. App. 2009). To immunize malicious prosecution claims, Section 821.6 also necessarily immunizes acts undertaken in preparation for the prosecution, even if no prosecution is commenced. It immunizes investigatory acts, even if authorities later decide not to file charges. *Richardson-Tunnell v. SIPE*, 157 Cal. App. 4th 1056, 1062 (Cal. Ct. App. 2007); *Gillan v. City of San Marino*, 147 Cal. App. 4th 1033, 1048 (Cal. Ct. App. 2007); *Ingram v. Flippo*, 74 Cal. App. 4th 1280, 1293 (Cal. Ct. App. 1999). Plaintiffs' complaints about Mustard's statements – that he should not have made those statements, because he should not have suspected them of wrongdoing – fall squarely within this immunity, as the claim is based on the same primary right as a malicious prosecution claim. *Mycogen Corp. v. Monsanto Co.*, 28 Cal. 4th 888, 904 (Cal. 2002); *Brodheim v. Cry*, 584 F.3d 1262, 1269 (9th Cir. 2014). *Garmon* does not suggest otherwise, as the plaintiff in *Garmon* was merely a witness, not being investigated for a potential crime. *Garmon*, 2016 WL 3606745 at *1.

CREGGER & CHALFANT LLP
701 University Ave., #110
Sacramento, CA  95825
(916) 443-4443

REPLY TO OPP'N TO ANTI-SLAPP MOTION
Case No. 2:16-cv-00603 TLN EFB             2

### B.     *Mustard's Motion To Strike Huskins' IIED Claim Against Him Is Unopposed*

Huskins does not oppose Mustard's special motion to strike the IIED claim against him. Instead, she argues only that "statements made to the public" should not be protected by the litigation privilege. The complaint, however, does not allege that Mustard made any statements to the public. On the contrary, it references only statements made by Mustard in the context of his investigation, expressing skepticism of the reported crime, speculating about Huskins' possible motives for arranging her own disappearance, and offering an immunity agreement. Compl. at ¶¶ 40, 51, 52.

As argued above, Mustard's investigatory statements are privileged by California Civil Code section 47(b) and immunized by California Government Code section 821.6. As a matter of law, therefore, Mustard's investigatory statements cannot form the basis for an IIED claim. Whether conduct is sufficiently outrageous to support an IIED claim is a question of law. *Berkley v. Dowds*, 152 Cal. App. 4th 518, 534 (Cal. Ct. App. 2007). An IIED claim requires conduct so "extreme as to exceed all bounds of that usually tolerated in a civilized community." *Hughes v. Pair*, 46 Cal. 4th 1035, 1050-51 (Cal. 2009). The existence of the Civil Code section 47(b) privilege and the Government Code section 821.6 immunity demonstrates that investigatory statements, even if offensive to the subjects of the investigation, are tolerated. They are not "outrageous" as a matter of law, and therefore cannot serve as the basis for an IIED claim. Huskins' opposition does not argue otherwise.

### C.     *Discovery Is Not Warranted To Oppose Mustard's Motion*

Federal courts treat California anti-SLAPP motions as either Rule 12(b)(6) type legally based motions, or Rule 56 type factually based motions. *Rogers v. Home Shopping Network, Inc.*, 57 F. Supp. 2d 973, 982-83 (C.D. Cal. 1999). Rule 12(b)(6) type anti-SLAPP motions do not warrant discovery. *Id.* at 982. Rule 56 type anti-SLAPP motions do, but that discovery is limited to information essential to opposing the motion. *Davis v. Electronic Arts, Inc.*, 2011 WL 2621626 at *5 (N.D. Cal. 2001). Wide-ranging discovery of matters that are merely "probative of" or "relevant to" issues in the anti-SLAPP motion is not permitted, as it would subvert the intent of the anti-SLAPP statute. *Id.*

CREGGER & CHALFANT LLP
701 University Ave., #110
Sacramento, CA  95825
(916) 443-4443

REPLY TO OPP'N TO ANTI-SLAPP MOTION
Case No. 2:16-cv-00603 TLN EFB

3

### 1. The Standard For A Rule 56(d) Continuance

To obtain a continuance under Rule 56(d), the requesting party must submit affidavits showing 1) the specific facts it hopes to elicit from further discovery, 2) that the facts sought exist, and 3) that the sought-after facts are essential to oppose the motion. *Family Home and Fin. Ctr., Inc. v. Fed. Home Loan Mortgage Corp.*, 525 F.3d 822, 827 (9th Cir. 2008). Denial of a Rule 56(d) motion is proper if the movant fails to comply with the requirements of Rule 56(d). *U.S. v. Kitsap Physicians Serv.*, 314 F.3d 995, 1000 (9th Cir. 2002).

### 2. Mustard's Motion Is A Rule 12(b)(6) Type Anti-SLAPP

No additional discovery is needed to rule on Mustard's unopposed anti-SLAPP motion, because his is a Rule 12(b)(6) type legal motion. The statements that form the basis of plaintiffs' defamation claims and Huskins' IIED claim against Mustard are statements made by Mustard in furtherance of the investigation. These statements are privileged by California Civil Code section 47(b) and immunized by California Government Code section 821.6. The motion can be decided based on the law and the allegations in the complaint.

### 3. Even If Mustard's Motion Is Treated As An Evidentiary Motion, Plaintiffs' Rule 56(d) Motion Should Be Denied For Failure To Comply With The Requirements Of Rule 56(d)

Even if Mustard's motion were treated as an evidentiary motion, plaintiffs' Rule 56(d) motion should be denied for failure to comply with the requirements of Rule 56(d). Plaintiffs do not seek "specific" facts known or believed to exist. Instead, plaintiffs request wide-ranging general discovery, speculating that such discovery might allow them to prove that defendants were involved in the kidnapping or that the FBI or another police agency were involved in the abduction, or that it might allow them to plead a different theory of defamation based on police officers' private communications with "friends, relatives, neighbors or similar individuals." Wagstaffe Decl. at ¶¶ 9, 13-14, 16-18. Declaration of James Wagstaffe re: Time For The Taking Of Discovery Pursuant To Rule 56(d) ("Wagstaffe Decl.") at ¶¶ 9, 13-14, 16-18. Plaintiffs do not explain why this information is essential to oppose Mustard's anti-SLAPP motion. Because plaintiffs have failed to comply with the requirements of Rule 56(d), their motion should be

CREGGER & CHALFANT LLP
701 University Ave., #110
Sacramento, CA  95825
(916) 443-4443

REPLY TO OPP'N TO ANTI-SLAPP MOTION
Case No. 2:16-cv-00603 TLN EFB

4

1 denied.

2 Mustard's special motion to strike plaintiffs' defamation claims and Huskins IIED claim
3 against him should be granted.

### III. PARK'S SPECIAL MOTION TO STRIKE SHOULD BE GRANTED

**A. *Park's Statement At The Press Conference Cannot Serve As The Basis For A Defamation Claim***

**1. Park's Statements Conveyed The Current Results Of The Investigation**

Captain O'Connell supervised the Vallejo Police Department's investigation of the Huskins kidnapping. O'Connell Decl. at ¶¶ 1-2. On March 25, 2015, based on recent developments in the case, Captain O'Connell, in consultation with Police Chief Bidou, authorized Lt. Park, the Public Information Officer, to reassure the public that investigators had been unable to conclude that a kidnapping had occurred, and now believed that Huskins' disappearance had been an orchestrated event. O'Connell Decl. at ¶¶ 3, 6-8. Park held a press conference to provide this information to the public. Park Decl. at ¶ 14.

**2. Park's Statements Are Privileged By California Civil Code Section 47(b)**

The "official proceeding" privilege broadly protects communications, not only to, but also from governmental officials that may precede the initiation of formal proceedings. Cal. Civ. Code § 47(b)(3); *Slaughter*, 32 Cal. 3d at 156. Statements made in the context of a police investigation are privileged and cannot support a defamation claim. *Balzaga*, 173 Cal. App. 4th at 1337 (*citing Howard*, 199 Cal. App. at 1128). The conclusions of an official investigation are absolutely privileged. *Braun v. Bureau of State Audits*, 67 Cal. App. 4th 1382, 1388-89 (Cal. Ct. App. 1998). Park's disclosures to the public are protected by the "official proceeding" privilege, and cannot serve as the basis for a defamation claim.

Plaintiffs' defamation claims against Park are entirely lacking in merit.

**B. *Park's Statements At The Press Conference Cannot Serve As The Basis For Huskins' IIED Claim***

Park's statements at the press conference cannot serve as the basis for an IIED claim, because statements at a press conference, which convey the results of an official investigation, are

CREGGER & CHALFANT LLP
701 University Ave., #110
Sacramento, CA  95825
(916) 443-4443

REPLY TO OPP'N TO ANTI-SLAPP MOTION
Case No. 2:16-cv-00603 TLN EFB           5

privileged. Cal. Civ. Code ¶ 47(b). As argued in Part II.B, *supra*, the "outrageous" conduct necessary to an IIED claim must be so "extreme as to exceed all bounds of that usually tolerated in a civilized community." *Hughes*, 46 Cal. 4th at 1050-51. The existence of the Civil Code section 47(b) privilege demonstrates that the announcement of investigatory results, even if the results are later shown to have been incorrect, is tolerated as a matter of law. Huskins' IIED claim against Park fails and is entirely without merit, because it cannot show outrageous conduct.

C. **Discovery Is Not Warranted To Oppose Park's Motion**

    1. **Park's Motion Can Be Decided As A Rule 12(b)(6) Type Anti-SLAPP**

As discussed in Part II.C, *supra*, Park's motion can be decided as a Rule 12(b)(6) type legally based anti-SLAPP motion. The allegations in the complaint establish what Park is alleged to have said, and in what context. The evidence submitted, both in support of and in opposition to the motion, supports these allegations and the conclusion that Park was speaking on behalf of the Vallejo police, to convey to the public the current status of the kidnapping investigation. Discovery is not needed.

Plaintiffs cannot prevail on their defamation claims as a matter of law, because California Civil Code section 47(b) privileges Park's statements at the press conference.

    2. **In The Alternative, The Undisputed Evidence Shows That Plaintiffs Cannot Meet The *New York Times* Standard**

        i. **Plaintiffs Were Limited Public Figures**

Plaintiffs do not dispute that the *New York Times* standard protects government speech in California. *New York Times Co. v. Sullivan*, 376 U.S. 254 (1964); *Nadel v. Regents of the Univ. of California*, 28 Cal. App. 4th 1251, 1266-67 (Cal. Ct. App. 1994). Instead, plaintiffs argue that they should not be considered limited "public figures" with respect to the much publicized kidnapping, because they did not voluntarily seek public attention. "Public figures," however, need not come by their status through their own purposeful action. *Gertz v. Robert Welch, Inc*. 418 U.S. 323, 345 (1974); *Lorain Journal Co. Milkovich*, 474 U.S. 953, 963 (1985). While plaintiffs may not have deliberately placed themselves at the center of a public issue, they nonetheless arrived there.

CREGGER & CHALFANT LLP
701 University Ave., #110
Sacramento, CA  95825
(916) 443-4443

REPLY TO OPP'N TO ANTI-SLAPP MOTION
Case No. 2:16-cv-00603 TLN EFB

6

      **ii.**      **The Undisputed Facts Show That Defendants Did Not Act With Malice**

Plaintiffs argue that they have offered sufficient evidence to show "actual malice," in the form of a "deliberate campaign of disparagement." Pl.s' Anti-SLAPP Opp'n at 16: 27 to 17: 1. It was a short campaign, however, consisting of one press conference that reported on the investigation's latest conclusions.

Plaintiffs also argue that "reckless disregard" should be inferred from defendants' "intentional avoidance of facts that might contradict their absurd 'Gone Girl theories.'" Pl.s' Anti-SLAPP Opp'n at 18: 2-4. Reckless disregard, however, requires more than a failure to investigate; there must be sufficient evidence that defendant in fact entertained serious doubts as to the truth of the publication. *St. Amant v. Thompson*, 390 U.S. 727, 731 (1968). Plaintiffs fail to identify what facts defendants intentionally avoided, and proffer no evidence that defendants entertained serious doubts as to their conclusions following Huskins' reappearance in Huntington Beach. On the contrary, plaintiffs' own submitted evidence corroborates the additional facts relied on by defendants to conclude, on March 25, 2015, that Huskins' disappearance had not been a kidnapping:

- Huskins had reappeared all the way down in Huntington Beach, at her mother's house, wearing sunglasses and carrying luggage. O'Connell Decl. at ¶ 6. Huskins confirms that these facts were correctly reported. Declaration of Denise Huskins in Support of Opp'n To Anti-SLAPP ("Huskins Decl.") at ¶¶ 8-10.

- Huskins did not want to speak with police. O'Connell Decl. at ¶ 6; Mustard Decl. at ¶ 18. This information was also correctly reported. The evidence submitted by Huskins shows that upon her release, she did not call the Huntington Beach police. Declaration of Kevin Clune in Support of Opp'n to Anti-SLAPP, Exh. A: Incident/Investigation Report, p. 5 of 7 (the "reporting party called police after receiving a voice mail from HUSKINS"). Huskins' own declaration does not indicate that she did call the Huntington Beach police.

CREGGER & CHALFANT LLP
701 University Ave., #110
Sacramento, CA  95825
(916) 443-4443

REPLY TO OPP'N TO ANTI-SLAPP MOTION
Case No. 2:16-cv-00603 TLN EFB

7

- Huskins wanted legal counsel. O'Connell at ¶ 6. This information was correctly reported. Plaintiffs' evidence shows that Huskins was represented by counsel when she spoke with Huntington Beach police, and that her counsel spoke with Vallejo police on her behalf. Declaration of Nicholas Huskins ("Nick Huskins Decl.") at ¶¶ 7, 11, 14-15; Huskins Decl. at ¶ 18.

- Huskins declined the Vallejo Police Department's offer to fly her back to Vallejo. O'Connell Decl. at ¶ 6; Mustard Decl. at ¶ 18. This information was also correctly reported. Huskins did refuse the jet offered by Vallejo police. Nick Huskins Decl. at ¶¶ 11, 16; Huskins Decl. at ¶ 20.

The undisputed facts show no "actual malice" or "reckless disregard" on the part of Vallejo police. Rather, they show that the Vallejo police had reason to conclude that Huskins' disappearance had not been a stranger abduction. Plaintiffs' theory of malice – that Vallejo investigators could have done a better job – not only fails to rise to the level of "reckless disregard," it also fails to establish any malice whatsoever on Lt. Park's part, as he was just reporting the results of the police investigation.

### 3. Plaintiffs' Motion For Discovery Under Rule 56(d) Should Be Denied For Failure To Comply With The Requirements Of The Rule

Plaintiffs argue that they should be allowed to conduct discovery into the issue of actual malice, before the defamation claims are stricken. As argued in Part II.C., *supra*, plaintiffs must comply with the requirements of Rule 56(d) in order to obtain its benefits. Otherwise, denial of their motion is proper. *Kitsap Physicians*, 314 F.3d at 1000.

Plaintiffs' affidavits do not comply with Rule 56(d), as plaintiffs fail to show 1) what specific facts they hope to elicit from further discovery, 2) that the facts sought exist, and 3) that the sought-after facts are essential to oppose the motion. *Family Home*, 525 F.3d at 827. Instead, plaintiffs request wide-ranging general discovery, speculating that such discovery might allow

CREGGER & CHALFANT LLP
701 University Ave., #110
Sacramento, CA 95825
(916) 443-4443

REPLY TO OPP'N TO ANTI-SLAPP MOTION
Case No. 2:16-cv-00603 TLN EFB

8

them to prove that defendants were involved in the kidnapping or that the FBI or another police agency were involved in the abduction, and that it might allow them to plead a different theory of defamation based on police officers' private communications with "friends, relatives, neighbors or similar individuals." Wagstaffe Decl. at ¶¶ 9, 13-14, 16-18.  Such discovery is not necessary to oppose the anti-SLAPP motion, which challenges plaintiffs' claims based on the statements made at the press conference of March 25, 2015.

The motion to take discovery under Rule 56(d) should be denied.

### IV.  THE CITY'S ANTI-SLAPP MOTION SHOULD BE GRANTED

Because plaintiffs sue the City of Vallejo on a theory of *respondeat superior* liability, the City's motion should be granted if the employee defendants' motions are granted.  Because Mustard and Park's special motions to strike should be granted, the City's motion should be granted as well.

### V.  THE DEFAMATION CLAIMS AND IIED CLAIM ARE BARRED BY CALIFORNIA GOVERNMENT CODE SECTION 821.6

Defendants acknowledge that the Ninth Circuit has recently interpreted the immunity of California Government Code section 821.6 to apply to malicious prosecution claims only, based on dicta in *Sullivan v. County of Los Angeles*, 12 Cal. 3d 710 (Cal. 1974), addressing whether Section 821.6 bars claims against public employees for false imprisonment.  Public entity liability for false imprisonment, however, is treated differently than other grounds for liability. Cal. Gov't Code § 820.4; *Sullivan*, 12 Cal. 3d at 719-22.  Since *Sullivan*, the California appellate courts have clearly and consistently stated that the immunity of Section 821.6 extends beyond malicious prosecution, and the California Supreme Court has declined review.  *See, e.g.*, *West*, 181 Cal. App. 4th at 228, review denied April 28, 2010 (Section 821.6 immunity extends beyond malicious prosecution); *Richardson-Tunnell*, 157 Cal. App. 4th at 1062, review denied Feb. 27, 2008 (Section 821.6 extends to trespass and invasion of privacy); *Gillan*, 147 Cal. App. 4th at 1047-48, review denied May 23, 2007 (Section 821.6 bars defamation and IIED claims); *Ingram*, 74 Cal. App. 4th at 1293, review denied Dec. 15, 1999 (Section 821.6 bars claims for declaratory and injunctive relief under the Brown Act, and claims for defamation); *Jenkins v. County of*

CREGGER & CHALFANT LLP
701 University Ave., #110
Sacramento, CA  95825
(916) 443-4443

REPLY TO OPP'N TO ANTI-SLAPP MOTION
Case No. 2:16-cv-00603 TLN EFB

9

*Orange*, 212 Cal. App. 3d 278, 283-84 (Cal. Ct. App. 1989), review denied July 19, 1989 (Section 821.6 bars negligence claim).

The federal courts should follow the meaning that the state's highest court would give to the statute in question. *Goldman v. Standard Ins. Co.*, 341 F.3d 1023, 1026 (9th Cir. 2003). To preserve this issue for appeal, defendants assert that California Government Code section 821.6 bars the defamation and IIED claims, rendering these claims entirely without merit.

## VI.   CONCLUSION

For the foregoing reasons, defendants Mustard, Park, and the City of Vallejo request that their special motion to strike plaintiffs' state-law defamation claims, and Huskins' IIED claim, be granted, that these claims be stricken, and that attorneys' fees be awarded to defendants.

DATE: September 1, 2016     CREGGER & CHALFANT LLP

/s/ Robert L. Chalfant
ROBERT L. CHALFANT
WENDY MOTOOKA
Attorneys for Defendants CITY OF VALLEJO, KENNY PARK, MATHEW MUSTARD

CREGGER & CHALFANT LLP
701 University Ave., #110
Sacramento, CA  95825
(916) 443-4443

REPLY TO OPP'N TO ANTI-SLAPP MOTION
Case No. 2:16-cv-00603 TLN EFB

10