CREGGER & CHALFANT LLP
ROBERT L. CHALFANT, SBN 203051
Email: rlc@creggerlaw.com
WENDY MOTOOKA, SBN 233589
Email: wm@creggerlaw.com
701 University Avenue, Suite 110
Sacramento, CA 95825
Telephone: 916.443-4443

CLAUDIA M. QUINTANA, SBN 178613
City Attorney
KELLY J. TRUJILLO, SBN 244286
Assistant City Attorney
Email: Kelly.Trujillo@cityofvallejo.net
City of Vallejo, City Hall
555 Santa Clara Street
Vallejo, CA 94590
Telephone: 707.648-4545

Attorneys for Defendants CITY OF VALLEJO,
KENNY PARK, MATHEW MUSTARD

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DENISE HUSKINS and AARON QUINN, <br><br> Plaintiffs, <br><br> vs. <br><br> CITY OF VALLEJO, a public entity, KENNY PARK, MATHEW MUSTARD, and DOES 1-25, <br><br> Defendants. | Case No. 2:16-cv-00603 TLN EFB <br><br> **RESPONSES TO PLAINTIFF'S OBJECTIONS TO EVIDENCE SUBMITTED IN SUPPORT OF DEFENDANTS' SPECIAL MOTION TO STRIKE THE SECOND AND FIFTH CAUSES OF ACTION OF THE COMPLAINT** <br><br> Cal. Code Civ. Proc. § 425.16 <br><br> Date:  September 8, 2016 <br> Time:  2:00 P.M. <br> Courtroom: 2, 15th Floor <br> Judge:  Hon. Troy L. Nunley |

Defendants submit the following responses to plaintiffs' objections to evidence submitted in support of defendants' special motion to strike the second and fifth causes of action of the

CREGGER & CHALFANT LLP
701 University Ave., #110
Sacramento, CA 95825
(916) 443-4443

RESPONSE TO PLAINTIFF'S OBJECTIONS TO
EVIDENCE RE SPECIAL MOTION TO STRIKE
Case No. 2:16-cv-00603 TLN EFB

1

1  complaint:

2  **I.    OBJECTIONS TO THE DECLARATION OF JAMES O'CONNELL**

3  <u>Paragraph 5, line 17:</u> ("The reported kidnapping instilled great fear within the Vallejo
4  community."): Lack of personal knowledge. FRE 602. Hearsay. FRE 802.

5  **Response:**

6  Capt. O'Connell was a captain with the Vallejo Police Department who supervised the
7  Huskins kidnapping investigation. He is competent to testify to the sentiment of the community,
8  based on the public's interactions with the police. His statement is not hearsay, because it is not
9  being offered to prove the truth of the matters contained therein, but rather to establish Capt.
10 O'Connell's belief about the need to reassure the public.

11 <u>Paragraph 5, lines 17-19:</u> ("Our department received multiple calls from members of the
12 public, expressing concern that they were in danger, and asking us what they should do."): Lack,
13 of personal knowledge. FRE 602. Hearsay. FRE 802.

14 **Response:**

15 Capt. O'Connell was a captain with the Vallejo Police Department who supervised the
16 Huskins kidnapping investigation. He is competent to testify to the sentiment of the community,
17 based on the public's interactions with the police. His statement is also not hearsay, because it is
18 not being offered to prove the truth of the matters contained therein, but rather to establish Capt.
19 O'Connell's belief about the need to reassure the public.

20 <u>Paragraph 5, lines 19-20:</u> ("The Mare Island community in particular was tremendously
21 on edge, as the reported kidnapping followed a string of burglaries in the area."): Lack of
22 personal knowledge. FRE 602. Hearsay. FRE 802.

23 **Response:**

24 Capt. O'Connell was a captain with the Vallejo Police Department who supervised the
25 Huskins kidnapping investigation. He is competent to testify to the sentiment of the community,
26 based on the public's interactions with the police. His statement is not hearsay, because it is not
27 being offered to prove the truth of the matters contained therein, but rather to establish Capt.
28 O'Connell's belief about the need to reassure the public.

CREGGER & CHALFANT LLP
701 University Ave., #110
Sacramento, CA 95825
(916) 443-4443

RESPONSE TO PLAINTIFF'S OBJECTIONS TO
EVIDENCE RE SPECIAL MOTION TO STRIKE     2
Case No. 2:16-cv-00603 TLN EFB

1    Paragraph 6: ("On March 25, 2015, Vallejo investigators learned that Ms. Huskins had reappeared near her mother's home in Huntington Beach, California. Her reappearance in that location was unexpected following a forcible kidnapping from Vallejo. She had luggage and was wearing sunglasses. She also did not act like a kidnapping victim. For example, she did not want to speak with police. She did not want to return to Vallejo, where she resided and where her family had gathered while she was missing. Instead, Ms. Husking wanted to speak with an attorney."): Lack of personal knowledge. FRE 602. Hearsay. FRE 802.

**Response:**

Capt. O'Connell was a captain with the Vallejo Police Department who supervised the Huskins kidnapping investigation. He is competent to testify to what the Vallejo police learned on March 25, 2015, about Huskins' reappearance in Huntington Beach. His statement about what police learned that day is not hearsay, because it is not an out-of-court statement. The statement is not being offered to prove the truth of what the police learned that day, but to establish the facts that Vallejo investigators had heard that made them conclude that no forcible abduction had occurred.

Paragraph 7: ("Based on the information available to Vallejo police by the evening of March 25, 2015, investigators were unable to determine that a kidnapping had occurred. Rather, the information available at the time suggested that Ms. Huskins' disappearance and reappearance had been an orchestrated event, not the kidnapping that had been reported."): Lack of personal knowledge. FRE 602. Hearsay. FRE 802. Improper expert opinion, FRE 701-702.

**Response:**

Capt. O'Connell was a captain with the Vallejo Police Department who supervised the Huskins kidnapping investigation. He is competent to testify to what the Vallejo police investigation had concluded on March 25, 2015. His statement about what the information available at the time suggested to Vallejo police is not hearsay, because as the supervisor of the investigation, he is competent to testify to this information and his testimony is in-court testimony. Capt. O'Connell is qualified to opine as to what the investigation had determined at that point in time, because he was supervising the investigation with over 25 years of experience

CREGGER & CHALFANT LLP
701 University Ave., #110
Sacramento, CA 95825
(916) 443-4443

RESPONSE TO PLAINTIFF'S OBJECTIONS TO
EVIDENCE RE SPECIAL MOTION TO STRIKE          3
Case No. 2:16-cv-00603 TLN EFB

1  in law enforcement.

2  **II.  OBJECTIONS TO THE DECLARATION OF KENNY PARK**

3  <u>Paragraph 8, lines 5-6</u>: ("The case raised significant public safety concerns in the City of Vallejo, particular [sic] within the community of Mare Island."): Lack of personal knowledge. FRE 602.  Hearsay.  FRE 802.

6  **Response:**

7  As the Public Information Officer for the Vallejo Police Department during the Huskins kidnapping investigation, Lt. Park is competent to testify to the sentiments of the community known to police.  His statements are not hearsay, because they are not being offered to prove the truth of the matters contained therein, but instead to establish why police believed it necessary to keep the public informed about the status of the kidnapping investigation.

12  <u>Paragraph 12</u>:  ("On March 25, 2015, we learned that Ms. Huskins had reappeared in Huntington Beach, California.  We offered to fly her to Vallejo to meet with detectives.  She did not want to speak with police, and retained an attorney."):  Lack of personal knowledge.  FRE 602.  Hearsay.  FRE 802.

16  **Response:**

17  As the Lt. Park is competent to testify to the information that he had received about Huskins' reappearance in Huntington Beach on March 25, 2015.  His statement about what police learned is not hearsay, because it is not an out-of-court statement.  The statement is not being offered to prove the truth of the information conveyed to police, but rather to show what police knew that led them to conclude that no forcible abduction had occurred.

22  **III.  OBJECTIONS TO THE DECLARATION OF MATHEW MUSTARD**

23  <u>Paragraph 15, lines 5-12</u>:  ("Based on my past experience investigating crime, I found it implausible that unknown persons, wearing scuba gear, would break into the home through unknown means in the middle of the night, with headphones, soothing music and pre-recorded instructions; that they would drug their victims and check their blood pressure; that they would bring Mr. Quinn downstairs with blankets and books for the night; that they would set up a fake camera, fooling a smart and educated man like Mr. Quinn for hours; that they would move Ms.

CREGGER & CHALFANT LLP
701 University Ave., #110
Sacramento, CA  95825
(916) 443-4443

RESPONSE TO PLAINTIFF'S OBJECTIONS TO
EVIDENCE RE SPECIAL MOTION TO STRIKE          4
Case No. 2:16-cv-00603 TLN EFB

1  Huskins' car from the driveway so that they could abduct her in Mr. Quinn's car; and that after

2  going to such elaborate lengths, they would demand such a small ransom."): Lack of personal

3  knowledge. FRE 602. Hearsay. FRE 802. Improper expert opinion. FRE 701-702.

4  **Response:**

5  Detective Mustard was the lead investigator for the Vallejo Police Department on the

6  Huskins kidnapping investigation, with nearly 20 years of experience in law enforcement. He is

7  competent to testify as to the facts he knew that led him to conclude that Quinn's story was

8  implausible. His statement is not hearsay, because his statement as to his own conclusions is not

9  an out-of-court statement. The statement is not being offered as an expert opinion, but rather as

10  the lead investigator's own opinion, although with nearly 20 years' experience, Mustard would be

11  qualified to offer expert opinions.

12  Paragraph 18, lines 2-4: ("Ms. Huskins' reappearance in Huntington Beach, California,

13  on March 25, 2015, also appeared to me to be inconsistent with the forcible kidnapping for

14  ransom that had been reported."): Lack of personal knowledge. FRE 602. Hearsay. FRE 802.

15  Improper expert opinion. FRE 701-702.

16  **Response:**

17  Detective Mustard has personal knowledge as to what he thought about Huskins'

18  reappearance in Huntington Beach. His statement about what he concluded is not hearsay,

19  because it is not an out-of-court statement. The statement is not being offered as an expert

20  opinion, but rather as the lead investigator's own opinion, although with nearly 20 years'

21  experience, Mustard would be qualified to offer expert opinions.

22  Paragraph 18, lines 4-5: ("I was informed that Ms. Huskins had shown up at her mother's

23  house, with an overnight bag and wearing sunglasses."): Lack of personal knowledge. FRE 602.

24  Hearsay. FRE 802.

25  **Response:**

26  Detective Mustard is competent to testify to what he was told about Huskins'

27  reappearance at her mother's house. His statement as to what he was informed of is not hearsay,

28  because it is not an out-of-court statement.

CREGGER & CHALFANT LLP
701 University Ave., #110
Sacramento, CA  95825
(916) 443-4443

RESPONSE TO PLAINTIFF'S OBJECTIONS TO
EVIDENCE RE SPECIAL MOTION TO STRIKE        5
Case No. 2:16-cv-00603 TLN EFB

1   Paragraph 18, lines 5-6: ("I found it unusual that she denied being a victim, did not wish
2 to speak with Huntington Beach police, and instead wanted to speak with her lawyer."): Lack of
3 personal knowledge. FRE 602. Hearsay. FRE 802. Improper expert opinion. FRE 701-702.
4   **Response:**
5   Detective Mustard is competent to testify as to why he thought Huskins' conduct was
6 unusual. His statement regarding his own opinions is not hearsay, because it is not an out-of-
7 court statement. The statement is being offered to show what Mustard had been informed of at
8 the time, not the truth of what he had been told. The statement is not being offered as an expert
9 opinion, but rather as the lead investigator's own opinion, although with nearly 20 years'
10 experience, Mustard would be qualified to offer expert opinions.
11   Paragraph 18, lines 7-8: ("Strangest of all, when law enforcement arranged to fly Ms.
12 Huskins to Vallejo, where all her family had gathered, she rejected the offer."): Lack of personal
13 knowledge. FRE 602. Hearsay. FRE 802.
14   **Response:**
15   Detective Mustard is competent to testify as to why he thought Huskins' conduct was
16 strange. His statement regarding his own opinions is not hearsay, because it is not an out-of-court
17 statement. The statement is being offered to show what Mustard had been informed of at the
18 time, not the truth of what he had been told. The statement is not being offered as an expert
19 opinion, but rather as the lead investigator's own opinion, although with nearly 20 years'
20 experience, Mustard would be qualified to offer expert opinions.
21   Paragraph 18, lines 8-9: ("I found it odd that a recently released kidnap victim would not
22 want to go to her family."): Lack of personal knowledge. FRE 602. Hearsay. FRE 802.
23 Improper expert opinion. FRE 701-702.
24   **Response:**
25   Detective Mustard is competent to testify as to why he thought Huskins' conduct was odd.
26 His statement regarding his own opinions is not hearsay, because it is not an out-of-court
27 statement. The statement is being offered to show what Mustard had been informed of at the
28 time, not the truth of what he had been told. The statement is not being offered as an expert

CREGGER & CHALFANT LLP
701 University Ave., #110
Sacramento, CA 95825
(916) 443-4443

RESPONSE TO PLAINTIFF'S OBJECTIONS TO
EVIDENCE RE SPECIAL MOTION TO STRIKE
Case No. 2:16-cv-00603 TLN EFB

6

opinion, but rather as the lead investigator's own opinion, although nearly with 20 years' experience, Mustard would be qualified to offer expert opinions.

DATE: September 1, 2016        CREGGER & CHALFANT LLP

/s/ Robert L. Chalfant
ROBERT L. CHALFANT
WENDY MOTOOKA
Attorneys for Defendants CITY OF VALLEJO, KENNY PARK, MATHEW MUSTARD

CREGGER & CHALFANT LLP
701 University Ave., #110
Sacramento, CA  95825
(916) 443-4443

RESPONSE TO PLAINTIFF'S OBJECTIONS TO
EVIDENCE RE SPECIAL MOTION TO STRIKE
Case No. 2:16-cv-00603 TLN EFB

7