JAMES M. WAGSTAFFE (95535)
wagstaffe@kerrwagstaffe.com
KEVIN B. CLUNE (248681)
clune@kerrwagstaffe.com
KENNETH P. NABITY (287927)
nabity@kerrwagstaffe.com
**KERR & WAGSTAFFE LLP**
101 Mission Street, 18th Floor
San Francisco, CA 94105–1727
Telephone: (415) 371-8500
Fax: (415) 371-0500

Attorneys for Plaintiffs
DENISE HUSKINS and AARON QUINN

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| DENISE HUSKINS and AARON QUINN, | Case No. 2:16-cv-00603-TLN-EFB |
| Plaintiffs, | **STIPULATED PROTECTIVE ORDER** |
| v. | |
| CITY OF VALLEJO, a public entity, KENNY PARK, MATHEW MUSTARD, and DOES 1-25, | Judge: Hon. Troy L. Nunley |
| Defendants. | |

1. PURPOSES AND LIMITATIONS

Disclosure and discovery activity in this action are likely to involve production of confidential or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. The parties believe that a Court order is the best means to address concerns regarding protection of such material to ensure that there are proper judicial procedures in place to address disputes about confidentiality designations between the parties should they arise and to ensure full compliance with this agreement.  Accordingly, the parties hereby stipulate to and petition the court to enter the following Stipulated Protective Order. The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles. The parties further acknowledge, as set forth in Section 12.3, below, that this Stipulated Protective Order does not entitle them to file confidential information under seal; Civil Local Rule 141 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal.

2. DEFINITIONS

2.1 Challenging Party:  a Party or Non-Party that challenges the designation of information or items under this Order.

2.2 "CONFIDENTIAL" Information or Items:  information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c).  Pursuant to Local Rule 141.1, the parties identify the following types of information potentially eligible for protection hereunder.  By noting that such generally described categories of information may potentially be eligible for protection (in order to comply with Local Rule 141.1(c)(1)), the parties do not agree that all such documents that may fall within the specified categories below are confidential (as those determinations will have to be made as specified in Section 5, below.).  The parties also reserve their rights to challenge "CONFIDENTIAL" designations pursuant to Section 6 below.

The types of information eligible for protection under this Order include:

2.2(a)   Private third-party financial information, medical information, and sexual history information, disclosed to police during the course of the investigation. Such information is tangential to the issues raised in the complaint, may cause unnecessary embarrassment, and implicates these witnesses' right to privacy.

2.2(b)   Witness names and contact information, disclosed to police during the investigation. This information implicates these witnesses' right to privacy, especially as it relates to potential unwanted press inquiries in this much publicized case.

2.2(c)   Police officer "personnel records" as defined by California Penal Code section 832.8. Some of this information may be unnecessary to the litigation, may be confidential pursuant to California Penal Code section 832.7, and its disclosure may compromise the safety of officers and their families.

2.2(d)   Plaintiffs' medical, counseling, and psychiatric information, which likewise implicates their rights to privacy. *See Jurgens v. Dubendorf*, 2015 WL 6163464, at *2 (E.D. Cal. Oct. 19, 2015).

2.2(e)   Employment information. The parties anticipate that certain employment records will contain information of parties and third-party witnesses that implicates their right to privacy. *Guitron v. Wells Fargo Bank, N.A.*, 2011 WL 4345191, at *1 (N.D. Cal. Sept. 13, 2011) ("An employee's personnel records and employment information are protected by this constitutional right to privacy."); *Oyarzo v. Tuolumne Fire Dist.*, 2013 WL 1758798, at *9 (E.D. Cal. Apr. 24, 2013) (stipulated protective order necessary to protect third party employee personnel files).

2.2(f)   Individual Financial Information: The parties expect that certain financial records and other communications and documents may contain financial information of parties and third-party witnesses that implicates their right to privacy. "[F]inancial information is protected by the right to privacy under California law and these privacy rights are generally recognized in federal court." *E.E.O.C. v. California Psychiatric Transitions*, 258 F.R.D. 391, 395 (E.D. Cal. 2009) (permitting protective order to cover financial information).

2.3     Counsel (without qualifier): Outside Counsel of Record and House Counsel (as well as their support staff).

2.4     Designating Party: a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL."

2.5     Disclosure or Discovery Material: all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

2.6     Expert: a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action.

2.7     House Counsel: attorneys who are employees of a party to this action. House Counsel does not include Outside Counsel of Record or any other outside counsel.

2.8     Non-Party: any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

2.9     Outside Counsel of Record: attorneys who are not employees of a party to this action but are retained to represent or advise a party to this action and have appeared in this action on behalf of that party or are affiliated with a law firm which has appeared on behalf of that party.

2.10    Party: any party to this action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

2.11    Producing Party: a Party or Non-Party that produces Disclosure or Discovery Material in this action.

2.12    Professional Vendors: persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.13    Protected Material: any Disclosure or Discovery Material that is designated as

1  "CONFIDENTIAL."

2      2.14    <u>Receiving Party</u>:  a Party that receives Disclosure or Discovery Material from a
3  Producing Party.

4      3.    <u>SCOPE</u>

5      The protections conferred by this Stipulation and Order cover not only Protected Material
6  (as defined above), but also (1) any information copied or extracted from Protected Material; (2)
7  all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony,
8  conversations, or presentations by Parties or their Counsel that might reveal Protected Material.
9  However, the protections conferred by this Stipulation and Order do not cover the following
10 information: (a) any information that is in the public domain at the time of disclosure to a
11 Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as
12 a result of publication not involving a violation of this Order, including becoming part of the
13 public record through trial or otherwise; and (b) any information known to the Receiving Party
14 prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who
15 obtained the information lawfully and under no obligation of confidentiality to the Designating
16 Party. Any use of Protected Material at trial shall be governed by a separate agreement or order.

17 4.    <u>DURATION</u>

18     Even after final disposition of this litigation, the confidentiality obligations imposed by
19 this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court
20 order otherwise directs. Final disposition shall be deemed to be the later of (1) dismissal of all
21 claims and defenses in this action, with or without prejudice; and (2) final judgment herein after
22 the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this
23 action, including the time limits for filing any motions or applications for extension of time
24 pursuant to applicable law.

25 5.    <u>DESIGNATING PROTECTED MATERIAL</u>

26     5.1    <u>Exercise of Restraint and Care in Designating Material for Protection</u>. Each Party
27 or Non-Party that designates information or items for protection under this Order must take care
28 to limit any such designation to specific material that qualifies under the appropriate standards.

1  The Designating Party must designate for protection only those parts of material, documents,
2  items, or oral or written communications that qualify – so that other portions of the material,
3  documents, items, or communications for which protection is not warranted are not swept
4  unjustifiably within the ambit of this Order.

5  Mass, indiscriminate, or routinized designations are prohibited. Designations that are
6  shown to be clearly unjustified or that have been made for an improper purpose (e.g., to
7  unnecessarily encumber or retard the case development process or to impose unnecessary
8  expenses and burdens on other parties) expose the Designating Party to sanctions.

9  If it comes to a Designating Party's attention that information or items that it designated
10 for protection do not qualify for protection, that Designating Party must promptly notify all other
11 Parties that it is withdrawing the mistaken designation.

12     5.2    <u>Manner and Timing of Designations</u>.  Except as otherwise provided in this Order
13 (see, e.g., second paragraph of section 5.2(a) below), or as otherwise stipulated or ordered,
14 Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so
15 designated before the material is disclosed or produced.

16 Designation in conformity with this Order requires:

17 (a)  for information in documentary form (e.g., paper or electronic documents, but
18 excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing
19 Party affix the legend "CONFIDENTIAL" to each page that contains protected material. If only
20 a portion or portions of the material on a page qualifies for protection, the Producing Party also
21 must clearly identify the protected portion(s) (e.g., by making appropriate markings in the
22 margins).

23 A Party or Non-Party that makes original documents or materials available for inspection
24 need not designate them for protection until after the inspecting Party has indicated which
25 material it would like copied and produced. During the inspection and before the designation, all
26 of the material made available for inspection shall be deemed "CONFIDENTIAL." After the
27 inspecting Party has identified the documents it wants copied and produced, the Producing Party
28 must determine which documents, or portions thereof, qualify for protection under this Order.

5
Case No. 2:16-cv-00603-TLN-EF                                    STIPULATED PROTECTIVE ORDER

1  Then, before producing the specified documents, the Producing Party must affix the

2  "CONFIDENTIAL" legend to each page that contains Protected Material. If only a portion or

3  portions of the material on a page qualifies for protection, the Producing Party also must clearly

4  identify the protected portion(s) (e.g., by making appropriate markings in the margins).

5      (b)  for testimony given in deposition or in other pretrial or trial proceedings, that the

6  Designating Party identify on the record, before the close of the deposition, hearing, or other

7  proceeding, all protected testimony.

8      (c)  for information produced in some form other than documentary and for any other

9  tangible items, that the Producing Party affix in a prominent place on the exterior of the

10  container or containers in which the information or item is stored the legend

11  "CONFIDENTIAL." If only a portion or portions of the information or item warrant protection,

12  the Producing Party, to the extent practicable, shall identify the protected portion(s).

13      5.3  **Inadvertent Failures to Designate**.  If timely corrected, an inadvertent failure to

14  designate qualified information or items does not, standing alone, waive the Designating Party's

15  right to secure protection under this Order for such material. Upon timely correction of a

16  designation, the Receiving Party must make reasonable efforts to assure that the material is

17  treated in accordance with the provisions of this Order.

18  6.  **CHALLENGING CONFIDENTIALITY DESIGNATIONS**

19      6.1  **Timing of Challenges**.  Any Party or Non-Party may challenge a designation of

20  confidentiality at any time. Unless a prompt challenge to a Designating Party's confidentiality

21  designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic

22  burdens, or a significant disruption or delay of the litigation, a Party does not waive its right to

23  challenge a confidentiality designation by electing not to mount a challenge promptly after the

24  original designation is disclosed.

25      6.2  **Meet and Confer**.  The Challenging Party shall initiate the dispute resolution

26  process by providing written notice of each designation it is challenging and describing the basis

27  for each challenge. To avoid ambiguity as to whether a challenge has been made, the written

28  notice must recite that the challenge to confidentiality is being made in accordance with this

6

Case No. 2:16-cv-00603-TLN-EF                                STIPULATED PROTECTIVE ORDER

1  specific paragraph of the Protective Order. The parties shall attempt to resolve each challenge in
2  good faith and must begin the process by conferring directly (in voice to voice dialogue; other
3  forms of communication are not sufficient) within 14 days of the date of service of notice. In
4  conferring, the Challenging Party must explain the basis for its belief that the confidentiality
5  designation was not proper and must give the Designating Party an opportunity to review the
6  designated material, to reconsider the circumstances, and, if no change in designation is offered,
7  to explain the basis for the chosen designation. A Challenging Party may proceed to the next
8  stage of the challenge process only if it has engaged in this meet and confer process first or
9  establishes that the Designating Party is unwilling to participate in the meet and confer process in
10 a timely manner.

11     6.3     <u>Judicial Intervention</u>.  If the Parties cannot resolve a challenge without court
12 intervention, the Designating Party shall file and serve a motion to retain confidentiality under
13 Civil Local Rule 251 (and in compliance with Civil Local Rule 141, if applicable) within 21 days
14 of the initial notice of challenge or within 14 days of the parties agreeing that the meet and
15 confer process will not resolve their dispute, whichever is earlier. Each such motion must be
16 accompanied by a competent declaration affirming that the movant has complied with the meet
17 and confer requirements imposed in the preceding paragraph. Failure by the Designating Party to
18 make such a motion including the required declaration within 21 days (or 14 days, if applicable)
19 shall automatically waive the confidentiality designation for each challenged designation. In
20 addition, the Challenging Party may file a motion challenging a confidentiality designation at
21 any time if there is good cause for doing so, including a challenge to the designation of a
22 deposition transcript or any portions thereof. Any motion brought pursuant to this provision must
23 be accompanied by a competent declaration affirming that the movant has complied with the
24 meet and confer requirements imposed by the preceding paragraph.
25     The burden of persuasion in any such challenge proceeding shall be on the Designating
26 Party. Frivolous challenges, and those made for an improper purpose (e.g., to harass or impose
27 unnecessary expenses and burdens on other parties) may expose the Challenging Party to
28 sanctions. Unless the Designating Party has waived the confidentiality designation by failing to

1 file a motion to retain confidentiality as described above, all parties shall continue to afford the

2 material in question the level of protection to which it is entitled under the Producing Party's

3 designation until the court rules on the challenge.

4 7. ACCESS TO AND USE OF PROTECTED MATERIAL

5     7.1 <u>Basic Principles</u>. A Receiving Party may use Protected Material that is disclosed

6 or produced by another Party or by a Non-Party in connection with this case only for

7 prosecuting, defending, or attempting to settle this litigation. Such Protected Material may be

8 disclosed only to the categories of persons and under the conditions described in this Order.

9 When the litigation has been terminated, a Receiving Party must comply with the provisions of

10 section 13 below (FINAL DISPOSITION).

11     Protected Material must be stored and maintained by a Receiving Party at a location and

12 in a secure manner that ensures that access is limited to the persons authorized under this Order.

13     7.2 <u>Disclosure of "CONFIDENTIAL" Information or Items</u>. Unless otherwise

14 ordered by the court or permitted in writing by the Designating Party, a Receiving Party may

15 disclose any information or item designated "CONFIDENTIAL" only to:

16     (a) the Receiving Party's Outside Counsel of Record in this action, as well as employees

17 of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information

18 for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" that

19 is attached hereto as Exhibit A;

20     (b) the officers, directors, and employees (including House Counsel) of the Receiving

21 Party to whom disclosure is reasonably necessary for this litigation and who have signed the

22 "Acknowledgment and Agreement to Be Bound" (Exhibit A);

23     (c) Experts (as defined in this Order) of the Receiving Party to whom disclosure is

24 reasonably necessary for this litigation and who have signed the "Acknowledgment and

25 Agreement to Be Bound" (Exhibit A);

26     (d) the court and its personnel;

27     (e) court reporters and their staff, professional jury or trial consultants, mock jurors, and

28 Professional Vendors to whom disclosure is reasonably necessary for this litigation and who

1  have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

2  (f)  during their depositions, witnesses in the action to whom disclosure is reasonably
3  necessary and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit
4  A), unless otherwise agreed by the Designating Party or ordered by the court. Pages of
5  transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be
6  separately bound by the court reporter and may not be disclosed to anyone except as permitted
7  under this Stipulated Protective Order.

8  (g)  the author or recipient of a document containing the information or a custodian or
9  other person who otherwise possessed or knew the information.

10  8.    PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER
11         LITIGATION

12  If a Party is served with a subpoena or a court order issued in other litigation that compels
13  disclosure of any information or items designated in this action as "CONFIDENTIAL," that
14  Party must:

15  (a)  promptly notify in writing the Designating Party. Such notification shall include a
16  copy of the subpoena or court order;

17  (b)  promptly notify in writing the party who caused the subpoena or order to issue in the
18  other litigation that some or all of the material covered by the subpoena or order is subject to this
19  Protective Order. Such notification shall include a copy of this Stipulated Protective Order; and

20  (c)  cooperate with respect to all reasonable procedures sought to be pursued by the
21  Designating Party whose Protected Material may be affected.

22  If the Designating Party timely seeks a protective order, the Party served with the
23  subpoena or court order shall not produce any information designated in this action as
24  "CONFIDENTIAL" before a determination by the court from which the subpoena or order
25  issued, unless the Party has obtained the Designating Party's permission. The Designating Party
26  shall bear the burden and expense of seeking protection in that court of its confidential material –
27  and nothing in these provisions should be construed as authorizing or encouraging a Receiving
28  Party in this action to disobey a lawful directive from another court.

9. <u>A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION</u>

(a) The terms of this Order are applicable to information produced by a Non-Party in this action and designated as "CONFIDENTIAL." Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

(b) In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

(1) promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

(2) promptly provide the Non-Party with a copy of the Stipulated Protective Order in this litigation, the relevant discovery request(s), and a reasonably specific description of the information requested; and

(3) make the information requested available for inspection by the Non-Party.

(c) If the Non-Party fails to object or seek a protective order from this court within 14 days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request. If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the court. Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this court of its Protected Material.

10. <u>UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL</u>

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the

Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

11. <u>INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL</u>

When a Producing Party gives notice to Receiving Parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). This provision is not intended to modify whatever procedure may be established in an e-discovery order that provides for production without prior privilege review. Pursuant to Federal Rule of Evidence 502(d) and (e), insofar as the parties reach an agreement on the effect of disclosure of a communication or information covered by the attorney-client privilege or work product protection, the parties may incorporate their agreement in the stipulated protective order submitted to the court.

12. <u>MISCELLANEOUS</u>

12.1    Right to Further Relief. Nothing in this Order abridges the right of any person to seek its modification by the court in the future.

12.2    Right to Assert Other Objections. By stipulating to the entry of this Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

12.3    Filing Protected Material. Without written permission from the Designating Party or a court order secured after appropriate notice to all interested persons, a Party may not file in the public record in this action any Protected Material. A Party that seeks to file under seal any Protected Material must comply with Civil Local Rule 141. Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue. Pursuant to Civil Local Rule 141, a sealing order will issue only upon a showing made that

the Protected Material at issue is entitled to protection under the law. If the filing party is not the Designating Party, the filing party may reference this Protective Order as the grounds for its request to seal, and the Designating Party must then support the request with the requisite showing within 3 court days.  If a Receiving Party's request to file Protected Material under seal pursuant to Civil Local Rule 141(b) is denied by the court, then the Receiving Party may file the information in the public record unless otherwise instructed by the court.

13.     FINAL DISPOSITION

Within 60 days after the final disposition of this action, as defined in paragraph 4, each Receiving Party must return all Protected Material to the Producing Party or destroy such material. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60 day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 4 (DURATION).

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

Date:  October 27, 2016                    **KERR & WAGSTAFFE LLP**

By:  /s/ James M. Wagstaffe  
JAMES M. WAGSTAFFE

Attorneys for Plaintiffs  
DENISE HUSKINS and AARON QUINN



1 | Date: October 27, 2016            **CREGGER & CHALFANT LLP**

2

3            By:  /s/ Wendy Motooka (as authorized on 10/13/2016)
                  ROBERT L. CHALFANT, SBN 203051
                  WENDY MOTOOKA, SBN 233589
4

5            Attorneys for Defendants
             CITY OF VALLEJO, KENNY PARK, and
             MATTHEW MUSTARD
6

7

8

9

        PURSUANT TO STIPULATION, IT IS SO ORDERED.

10  DATED:  October 27, 2016.

11

12                    _____
                      EDMUND F. BRENNAN
13                    UNITED STATES MAGISTRATE JUDGE

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# EXHIBIT A

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Eastern District of California on [date] in the case of Denise Huskins and Aaron Quinn v. City of Vallejo, Kenny Park, Matthew Mustard, Case No. 2:16-cv-00603-TLN-EF. I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

     I further agree to submit to the jurisdiction of the United States District Court for the Eastern District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

I hereby appoint _____ [print or type full name] of _____ [print or type full address and telephone number] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____

