1  CREGGER & CHALFANT LLP
ROBERT L. CHALFANT, SBN 203051
2  Email: rlc@creggerlaw.com
WENDY MOTOOKA, SBN 233589
3  Email: wm@creggerlaw.com
701 University Avenue, Suite 110
4  Sacramento, CA 95825
Telephone: 916.443-4443

5

6  CLAUDIA M. QUINTANA, SBN 178613
City Attorney
7  KELLY J. TRUJILLO, SBN 244286
Assistant City Attorney
8  Email: Kelly.Trujillo@cityofvallejo.net
City of Vallejo, City Hall
9  555 Santa Clara Street
Vallejo, CA 94590
10  Telephone:  707.648-4545

11  Attorneys for Defendants CITY OF VALLEJO,
KENNY PARK, MATHEW MUSTARD

12

13  **UNITED STATES DISTRICT COURT**

14  **EASTERN DISTRICT OF CALIFORNIA**

15

16  DENISE HUSKINS and AARON QUINN,       Case No. 2:16-cv-00603 TLN EFB

17         Plaintiffs,

18  vs.                                  **DECLARATION OF WENDY MOTOOKA
IN SUPPORT OF JOINT STATEMENT RE
19  CITY OF VALLEJO, a public entity,     DISCOVERY DISAGREEMENT**
KENNY PARK, MATHEW MUSTARD,
20  and DOES 1-25,                        Date:  January 18, 2017
Time:  10:00 a.m.
21         Defendants.                    Courtroom:  8, 13th Floor
Judge:  Hon. Edmund F. Brennan
22

23

24

25         I, WENDY MOTOOKA, declare as follows:

26         1.    I am an attorney duly permitted to practice before this Court and a member of the

27  firm of Cregger & Chalfant LLP, attorneys of record for defendants CITY OF VALLEJO,

28  KENNY PARK, and MATHEW MUSTARD in this action.

CREGGER & CHALFANT LLP
701 University Ave., #110
Sacramento, CA  95825
(916) 443-4443

DECL. OF WENDY MOTOOKA ISO JOINT
STATEMENT RE DISCOVERY DISAGREEMENT        1
Case No. 2:16-cv-00603 TLN EFB

2.     On July 22, 2016, defendants challenged all claims in this case, except for Aaron Quinn's false arrest claims, by way of a motion to dismiss and California state-law special motion to strike.  These motions, ECF Doc Nos. 8 & 9, remain under submission.

3.     Defendants have been working with plaintiffs since early August to identify electronically stored information ("ESI") that plaintiffs believe to relevant.  On August 3, 2016, defendants invited plaintiffs to provide search terms and proposed individual accounts to be searched for responsive ESI.  Plaintiffs responded with a list of accounts and search terms. Attached as **Exhibit A** hereto is a true and correct copy of the defendants' email of August 3, and plaintiffs response thereto.  Attached as **Exhibit B** hereto is a copy of the plaintiffs' letter to defendants regarding proposed search terms.

4.     On August 11, 2016, defendants received plaintiffs' Request for Production of Documents to the City of Vallejo (Set One), which contained 89 requests and purported to have been served on August 5.  Attached as **Exhibit C** hereto is a true and correct copy of plaintiffs' Request for Production of Documents to the City.

5.     Defendants requested additional time to respond to this voluminous request. Plaintiffs' counsel Mr. Clune would permit only a two-week extension.  Defendants informed plaintiffs that defendants would not be able to identify and produce the requested ESI within that time frame, which Mr. Clune acknowledged.

6.     Defendants served Initial Disclosures and responses to the Request for Production on September 21, producing all documents except for the still-to-be-identified ESI and certain documents containing confidential information.  The confidential documents were served on October 27, 2016, after the Court entered the parties' Stipulated Protective Order.

7.     On November 18, 2016, defendants served plaintiffs with a supplemental response to the Request for Production (Set One), which included over 300 pages of responsive email, email attachments, and text messages (Bates stamp 359-664) and a privilege log.  To date, therefore, plaintiffs have the requested ESI, the complete 231-page police report regarding the incident, including video and audio files, as well as copies of all press releases.  The video includes video of Aaron Quinn at the Vallejo police station during the period of time during

CREGGER & CHALFANT LLP
701 University Ave., #110
Sacramento, CA  95825
(916) 443-4443

DECL. OF WENDY MOTOOKA ISO JOINT
STATEMENT RE DISCOVERY DISAGREEMENT                    2
Case No. 2:16-cv-00603 TLN EFB

1    which he was supposedly under false arrest.

2         8.     Following defendants' production of the ESI, plaintiffs have met and conferred

3    with defendants to express any dissatisfaction with the production, although plaintiffs have been

4    communicating with defendants about other matters since the ESI production was made.

5         9.     Attached as **Exhibit D** hereto is a true and correct copy of the Rule 30(b)(6)

6    deposition notice that gave rise to this motion.  Although plaintiffs served this notice on October

7    20, 2016, they took the deposition off calendar pending the outcome of the instant motion.

8         10.    On November 7, 2016, the parties met and conferred by telephone regarding the

9    scope of the topics identified in the Rule 30(b)(6) notice.  I asked plaintiffs' counsel Mr. Clune if

10   the request was seeking to depose "IT people," and he stated that the request was not so limited.

11   He stated, for example, that Topic No. 3 sought the person most knowledgeable ("PMK") on the

12   practices within the Vallejo Police Department's evidence room.  Mr. Clune also stated that Topic

13   No. 10 sought the PMK on how the Vallejo Police Department uses the Constant Contact

14   Program.

15        11.    After receiving plaintiffs' draft of the Joint Statement on November 22, 2016,

16   defendants sought to further meet and confer with plaintiffs about their failure to provide any

17   justification for seeking two depositions of the City, before they had even taken one.  Plaintiffs

18   indicated that they did not believe that further meet-and-confer efforts were needed, and invited

19   defendants to state their position in the joint statement.  Attached as **Exhibit E** hereto is a true and

20   correct copy of these further meet-and-confer efforts.

21        12.    On January 11, 2017, in a revision to their portion of the Joint Statement,

22   plaintiffs for the first time articulated their belief that two depositions of the City are needed,

23   because the City's document production included few emails and no text messages dating from

24   March 23 to March 25, 2015.

25        13.    I have personal knowledge of the matter referenced above, and if called upon,

26   could competently testify thereto.

27        I declare under penalty of perjury under the laws of the United States of America that the

28   foregoing is true and correct.

CREGGER & CHALFANT LLP
701 University Ave., #110
Sacramento, CA  95825
(916) 443-4443

DECL. OF WENDY MOTOOKA ISO JOINT
STATEMENT RE DISCOVERY DISAGREEMENT                    3
Case No. 2:16-cv-00603 TLN EFB

1    Executed on January 11, 2017, at Sacramento, California.

2

3                                    /s/ Wendy Motooka
                                     WENDY MOTOOKA

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

CREGGER & CHALFANT LLP
701 University Ave., #110
Sacramento, CA  95825
(916) 443-4443

DECL. OF WENDY MOTOOKA ISO JOINT
STATEMENT RE DISCOVERY DISAGREEMENT                    4
Case No. 2:16-cv-00603 TLN EFB

**Motooka Declaration**

# EXHIBIT A

**Wendy Motooka**

| | |
|---|---|
| **From:** | Kevin B. Clune <clune@kerrwagstaffe.com> |
| **Sent:** | Thursday, August 04, 2016 11:10 AM |
| **To:** | Wendy Motooka |
| **Cc:** | Robert Chalfant; James M. Wagstaffe; Kenneth Nabity |
| **Subject:** | RE: Huskins v. City of Vallejo |

Wendy,

Thanks for your email.  We are currently working on the joint status report, and expect to be able to give you a draft on Monday.

With respect to your question regarding identification of employees at the City with relevant information: as you know, the Federal Rules require that you undertake an investigation to independently identify which individuals have potentially relevant information.  *See, e.g.*, Fed. R. Civ. P. 26(a); 26(f)(3).  Given your access to your own client , you are obviously in a better position than we are to know who the officers and other witness with potentially discoverable information are.  Nevertheless, we will also do our best to identify who we believe are relevant witnesses, and will include that information in our initial disclosures due next week.  In the meantime, we can confirm that we are currently aware that at least the following VPD officers likely have relevant information:

- Kenny Park,
- Mathew Mustard,
- James O'Connell,
- Andrew Bidou,
- John Whitney,
- McCarthy (first name unknown, though possibly Kevin),
- Detective Poyser, and
- Detective Greenberg.

We anticipate supplementing this list going forward, including in our initial disclosures.

With respect to search terms, we can provide you with a tentative list of those on Monday as well.  Please note that VPD has an independent obligation under law to conduct a thorough and accurate search for sources of potentially relevant documents. Any suggested search terms and custodians identified by us are merely intended to supplement VPD's efforts to search for and preserve such documents, and in no way relieve VPD of its independent obligations to preserve and search for potentially relevant documents or other information.

We will be in touch on Monday.  Please let us know if there is anything else you need from us in the meantime.

Best regards,

Kevin B. Clune
**Kerr & Wagstaffe LLP**
101 Mission Street, 18th Floor
San Francisco, California 94105
direct: 415-357-8915
main: 415-371-8500
fax: 415-371-0500
clune@kerrwagstaffe.com
www.kerrwagstaffe.com

1

**From:** Wendy Motooka [mailto:wm@creggerlaw.com]
**Sent:** Wednesday, August 03, 2016 4:21 PM
**To:** Kevin B. Clune; James M. Wagstaffe
**Cc:** Robert Chalfant
**Subject:** Huskins v. City of Vallejo

Kevin:

   Can you let us know when you think you will be ready to forward to us a draft of the Huskins Joint Status Report?

   Also, in our meet and confer last week, you indicated that once discovery opens, you will seek to obtain relevant electronic communications from certain City employees.  We assume you mean Lt. Park and Det. Mustard.  If you have any other employees in mind, can you let us know who they are, so that we can follow up on their electronic data?  If there are particular search terms that you believe would identify relevant records, please let us know what those are.

**Wendy Motooka**

Cregger & Chalfant LLP
701 University Avenue, Suite 110
Sacramento, CA 95825
Phone: 916.443-4443
Fax: 916.443-2124

This message is intended exclusively for the individual or entity to which it is addressed. This communication may contain information that is proprietary, privileged, confidential or otherwise legally exempt from disclosure. If you are not the named addressee, you are not authorized to read, print, retain, copy or disseminate this message or any part of it. If you have received this message in error, please notify the sender immediately and delete all copies of this message.

Motooka Declaration

# EXHIBIT B



# KERR
# & 
# WAGSTAFFE
### LLP
#### ATTORNEYS

101 Mission Street, 18th Floor
San Francisco, California 94105-1727

Telephone (415) 371-8500
Facsimile (415) 371-0500
www.kerrwagstaffe.com

KEVIN B. CLUNE
E-MAIL: CLUNE@KERRWAGSTAFFE.COM

August 8, 2016

**VIA ELECTRONIC MAIL**

Roger L.  Chalfant
Wendy Motooka
**CREGGER & CHALFANT LLP**
701 University Ave #110
Sacramento, CA 95825
rlc@creggerlaw.com
wm@creggerlaw.com

Re:   *Aaron Quinn and Denise Huskins v. Vallejo Police Department*
      **Case No. 2:16-cv-00603-TLN-EF**

Dear Counsel:

Thank you for your email dated August 3, 2016, following up on our suggestion that we provide search terms that Defendants can use to look for and preserve potentially responsive documents in this matter.  Below please find a list of Plaintiffs' proposed search terms.

As discussed in my August 4, 2016 email to Ms. Motooka, the search terms provided below are only intended to supplement Defendants' own search for documents. Merely running Plaintiffs' proposed search terms does not relieve Defendants (or you, as their counsel) of the independent obligation to run complete and accurate searches and to put in place quality control measures that will ensure that all potentially relevant documents and sources of potentially responsive documents are identified, preserved, and ultimately produced.

Please note that none of these terms are case sensitive, the use of the "!" symbol is intended to operate as a "wildcard" search for any word beginning with the indicated letters, and the "w/" indicates within the indicated number of words of the prior term (in the same way as it would on Westlaw).

Roger L. Chalfant
Wendy Motooka
August 8, 2016
Page 2

With those caveats in mind, our proposed search terms are as follows:

- Huskins
- Quinn
- Muller
- Mueller
- Aaron w/10 Quinn
- Denise w/10 Huskins
- Matthew w/10 Muller
- Mathew Muller
- Matthew Mueller
- Doug Rappaport
- Douglas Rappaport
- Amy Morton
- Morton /3 Russo
- Andrea Roberts
- David Sesma
- Agent Sesma
- Steven Ruiz
- Stephen Ruiz
- Steve Ruiz
- Ethan Quinn
- Misty Carausu
- Jason w/5 Walter
- Wesley w/5 Drone
- Kenny Park
- Ken Park
- Kenneth Park
- Mathew Mustard
- Mat Mustard
- Matthew Mustard
- Detective Mustard
- James O'Connell
- Capt. O'Connell
- Captain O'Connell
- Matthew w/5 Segal
- Matt w/5 Segal
- Andrew Bidou
- Poyser
- Greenberg
- Sid DeJesus
- John Whitney
- Joseph McCarthy

- Officer w/3 Garcia
- Kevin Coleho
- David Sesma
- Agent Sesma
- Andrea Roberts
- Marianne Quinn
- Maryann! Quinn
- Mary Ann Quinn
- Nicholas Huskins
- Nick Huskins
- Jane Huskins
- Mike Huskins
- Carly Huskins
- Jeff! Kane
- Devin Huskins
- Jeff Remmele
- Cecilia Goldenberg
- Laura Janovick
- Taylor Hardin
- Allie Peairs
- Robyn McGrew
- Beatrice Grant
- Juliette Goodrich
- Denise White
- Vicki Woodbridge
- Mike Pendergast
- Huntington Beach
- HBPD
- FBI
- ajquinn@live.com
- hlee@sfchronicle.com
- 707-576-7789
- 436050464409
- 310410760585437
- Henry Lee
- Evan Sernoffsky
- LA Times
- KTVU
- KPIX
- KRON4
- Melanie Woodrow
- Steve Large
- People

- Christine Pelisek
- Veronica Rocha
- LA times
- Dateline
- Kidnap!
- Kidnapping
- Kidnapped
- Ransom!
- Ransomed
- Abduct!
- Rape! w/15 Denise
- SART w/15 Denise
- "Queen of the valley" w/15  Denise
- Denise w/10 lie
- Denise w/10 liar
- Denise w/10 lied
- Aaron w/10 lie
- Aaron w/10 liar
- Aaron w/10 lied
- Proof of life
- Gone girl
- Mare island
- Scuba
- Wet suit
- Wet suits
- wetsuits
- Frog men
- Hoax!
- Orchestrated event
- Zip ties
- ex military
- Sedatives
- Nyquil
- Diazepam
- 8,500
- 8500
- Impression circles
- Goggles
- proffer of agreement
- Immunity
- Aaron w/15 murder!
- Incredible w/10 story
- Plunder! w/15 resources

Roger L. Chalfant
Wendy Motooka
August 8, 2016
Page 5

- Red laser!
- "500 block" w/10 Kirkland
- Mare Island
- 4GQA436
- 5ASF373
- 15-3197
- 1482 Lake Street

Thank you again for your cooperation on these issues and please let me know if you have any questions or comments.

Very truly yours,

KEVIN B. CLUNE

Motooka Declaration

# EXHIBIT C

1   JAMES M. WAGSTAFFE (95535)
    wagstaffe@kerrwagstaffe.com
2   KEVIN B. CLUNE (248681)
    clune@kerrwagstaffe.com
3   KENNETH P. NABITY (287927)
    nabity@kerrwagstaffe.com
4   **KERR & WAGSTAFFE LLP**
    101 Mission Street, 18th Floor
5   San Francisco, CA 94105–1727
    Telephone: (415) 371-8500
6   Fax: (415) 371-0500

7   Attorneys for Plaintiffs
    DENISE HUSKINS and AARON QUINN

8

9

10                    **UNITED STATES DISTRICT COURT**

11                    **EASTERN DISTRICT OF CALIFORNIA**

12

13   DENISE HUSKINS and AARON QUINN,        Case No. 2:16-cv-00603-TLN-EF

14              Plaintiffs,

15       v.                                 **PLAINTIFFS' REQUEST FOR
                                            PRODUCTION OF DOCUMENTS TO
16   CITY OF VALLEJO, a public entity, KENNY   DEFENDANT CITY OF VALLEJO, SET
     PARK, MATHEW MUSTARD, and DOES 1-     ONE**
17   25,

18              Defendants.

19

20

21       PROPOUNDING PARTY:    Plaintiffs DENISE HUSKINS and AARON QUINN

22       RESPONDING PARTY:     Defendant CITY OF VALLEJO

23       SET NUMBER:           One

24

25

26

27

28

1    Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, Plaintiffs Denise

2 Huskins and Aaron Quinn hereby requests that Defendant City of Vallejo produce and permit the

3 inspection and copying of the following documents at the offices of Kerr & Wagstaffe LLP, 101

4 Mission Street, 18th Floor, San Francisco, California 94105 within 30 days of service.

5          **DEFINITIONS**

6    1.  The terms "DOCUMENT" and "DOCUMENTS" are used in the broadest sense

7 allowed by Rule 34(a) of the Federal Rules of Civil Procedure and include, but are not limited to,

8 any writings, drawings, graphs, charts, photographs, phonograph records, tape recordings, notes,

9 diaries, calendars, checkbooks, books, papers, accounts, electronic or videotape recordings, and

10 any computer-generated, computer-stored, or electronically-stored matter from which

11 information can be obtained and translated, if necessary, in reasonably useable form.

12    2.  "PERSON(S)" means and includes a natural person, firm, association,

13 organization, partnership, business, trust, corporation, or public entity.

14    3.  The terms "YOU," "YOUR," or "VALLEJO" means City of Vallejo

15    4.  The terms "and" and "or" shall each be interpreted to mean both "and" and "or"

16 such that any request using either term encompasses the broadest possible group of

17 DOCUMENTS reachable by the use of either (or both) terms.

18    5.  "COMPLAINT(S)" means and includes any grievance, objection, criticism,

19 concern, expression of dissatisfaction or request for assistance, whether expressed verbally or in

20 writing, regardless of whether such COMPLAINTS were made to CITY OF VALLEJO or any

21 third party.

22    6.  "PLAINTIFFS" means Denise Huskins and Aaron Quinn.

23    7.  "THE INVESTIGATION" refers to the investigation the City of Vallejo

24 undertook in response to the disappearance of Denise Huskins on March 23, 2015.

25    8.  "COMMUNICATION" or "COMMUNICATIONS" refers to any exchange of

26 information by any means of transmission, including, but not limited to, face-to-face

27 conversations, mail, electronic mail, telegram, overnight delivery, instant message, text message,

28

KERR
—— & ——
WAGSTAFFE
LLP

Case No. 2:16-cv-00603-TLN-EF      1
          REQUEST FOR PRODUCTION TO CITY OF VALLEJO, SET ONE

1  PDA message, telephone, voicemail, facsimile, memorandum, "Skype" or similar internet

2  telephone conversations, or telex.

3      9.    The phrase "RELATE TO" or "RELATED TO" means and includes mentioning,

4  discussing, summarizing, comprising, constituting, describing, containing, including, referring

5  to, depicting, embodying, evidencing, or reporting.

6                          **INSTRUCTIONS**

7      In responding to these requests for production, YOU are requested to furnish all

8  DOCUMENTS that are in YOUR actual or constructive possession, custody or control or in the

9  possession, custody or control of any of YOUR employees, agents or attorneys.

10     YOU are requested to provide all electronically-stored information in its native format, as

11 used in the ordinary course of business, including but not limited to Microsoft Outlook (.pst

12 files), Microsoft Word (.doc or .docx files), Microsoft Excel (.xls or .xlsx files) or Microsoft

13 PowerPoint (.ppt or .pptx files), or in a format agreed to by the parties.

14     If YOU cannot respond to any of the following demands in full after exercising due

15 diligence to secure the information requested therein, please so state and respond to the extent

16 possible, specifying any inability to respond and stating whatever information YOU have

17 concerning the portion of each request for production not responded to.

18     If YOU object to the production of any DOCUMENT requested herein on the basis of

19 any claimed privilege or doctrine, including, but not limited to, the attorney-client privilege and

20 the attorney work product doctrine, separately state the following:  date; author(s); recipient(s);

21 general subject matter; identity of person(s) to whom the contents of the DOCUMENT have

22 already been revealed; identity of persons(s) or entity(ies) now in possession or control of the

23 DOCUMENT or copies thereof; and the basis upon which the DOCUMENT is being withheld.

24                      **DOCUMENT REQUESTS**

25 **REQUEST NO. 1**

26     All DOCUMENTS constituting COMMUNICATIONS with any person referencing

27 Denise Huskins.

28

1   **REQUEST NO. 2**

2       All DOCUMENTS constituting COMMUNICATIONS with any person referencing

3   Aaron Quinn.

4   **REQUEST NO. 3**

5       . All DOCUMENTS constituting COMMUNICATIONS with any person RELATED TO

6   THE INVESTIGATION.

7   **REQUEST NO. 4**

8       All recorded statements RELATED TO THE INVESTIGATION (whether oral

9   statements, written statements, or otherwise; and regardless of the form of recordation).

10   **REQUEST NO. 5**

11       All COMMUNICATIONS with Aaron Quinn from March 1, 2015 to the present.

12   **REQUEST NO. 6**

13       All COMMUNICATIONS with Denise Huskins from March 1, 2015 to the present.

14   **REQUEST NO. 7**

15       All recorded COMMUNICATIONS with any relative of Denise Huskins from March 1,

16   2015 to the present (including but not limited to Mike Huskins, Jane Huskins, Devin Huskins,

17   Jeff Kane, Jody Huskins, Nick Huskins, Carly Huskins, Amy Mattison, and Jeff Remmele).

18   **REQUEST NO. 8**

19       All recorded COMMUNICATIONS with Denise Huskins's acquaintances from March 1,

20   2015 to the present (including but not limited to Laura Janovick, Cecilia Goldenberg, Taylor

21   Hardin, Allie Peairs, and Robin McGrew).

22   **REQUEST NO. 9**

23       All recorded COMMUNICATIONS with any relative of Aaron Quinn from March 1,

24   2015 to the present (including but not limited to Marianne Quinn, Ethan Quinn, and Joseph

25   Quinn).

26   **REQUEST NO. 10**

27       All recorded COMMUNICATIONS with Aaron Quinn's known friends and

28   acquaintances from March 1, 2015 to the present.

1   **REQUEST NO. 11**

2          All recorded COMMUNICATIONS with Andrea Roberts from March 1, 2015 to the

3   present.

4   **REQUEST NO. 12**

5          All recorded COMMUNICATIONS with Andrea Roberts's known acquaintances from

6   March 1, 2015 to the present, including but not limited to Denise White, Vicki Woodbridge,

7   Mike Pendergast, Dave Sesma, Steve Ruiz, and Matt Lopez.

8   **REQUEST NO. 13**

9          All recorded COMMUNICATIONS with Denise Huskins' attorneys from March 25,

10   2015 to the present, including but not limited to Doug Rappaport.

11   **REQUEST NO. 14**

12          All recorded COMMUNICATIONS with Aaron Quinn's attorneys from March 24, 2015

13   to the present, including but not limited to Amy Morton.

14   **REQUEST NO. 15**

15          All recorded COMMUNICATIONS with anyone from Kaiser Permanente concerning

16   Aaron Quinn from March 1, 2015 to the present.

17   **REQUEST NO. 16**

18          All recorded COMMUNICATIONS with anyone from Kaiser Permanente concerning

19   Denise Huskins from March 1, 2015 to the present.

20   **REQUEST NO. 17**

21          All recorded COMMUNICATIONS with anyone from Kaiser Permanente concerning

22   Andrea Roberts from March 1, 2015 to the present.

23   **REQUEST NO. 18**

24          All recordings of any Vallejo Police Department interrogation of Aaron Quinn since

25   March 23, 2015 (including, but not limited to, audio, video, or written recordings).

26   **REQUEST NO. 19**

27          Results from Aaron Quinn's polygraph tests taken on or around March 24, 2015.

28

1  **REQUEST NO. 20**

2      All releases signed by Aaron Quinn from March 23, 2015 to the present permitting the

3  Vallejo Police Department to search his home and seize his personal property.

4  **REQUEST NO. 21**

5      All releases signed by Aaron Quinn from March 23, 2015 to the present permitting the

6  Vallejo Police Department to search his person, including but not limited to blood and DNA

7  tests.

8  **REQUEST NO. 22**

9      Aaron Quinn's blood test results from the blood test taken on or around March 23, 2015.

10  **REQUEST NO. 23**

11      Aaron Quinn's DNA test results from the DNA test taken on or around March 23, 2015.

12  **REQUEST NO. 24**

13      All seized property lists and receipts of Aaron Quinn's seized property.

14  **REQUEST NO. 25**

15      All seized property lists and receipts of Denise Huskins' seized property.

16  **REQUEST NO. 26**

17      Aaron Quinn's laptop computer.

18  **REQUEST NO. 27**

19      All DOCUMENTS YOU collected from Aaron Quinn's laptop computer.

20  **REQUEST NO. 28**

21      All COMMUNICATIONS received via Aaron Quinn's laptop computer RELATED TO

22  THE INVESTIGATION.

23  **REQUEST NO. 29**

24      Aaron Quinn's cellular phone.

25  **REQUEST NO. 30**

26      All DOCUMENTS RELATED TO Aaron Quinn's cellular phone (including but not

27  limited to cell phone records or call histories).

28



KERR
—— & ——
WAGSTAFFE
LLP

1   **REQUEST NO. 31**

2       All police reports RELATED TO THE INVESTIGATION.

3   **REQUEST NO. 32**

4       All police reports regarding the investigation of Aaron Quinn.

5   **REQUEST NO. 33**

6       All police reports regarding the investigation of Denise Huskins.

7   **REQUEST NO. 34**

8       All police reports regarding the investigation of Andrea Roberts.

9   **REQUEST NO. 35**

10      All police reports regarding the investigation of Steve Ruiz.

11  **REQUEST NO. 36**

12      All police reports regarding the investigation of Matthew Muller.

13  **REQUEST NO. 37**

14      All photographs RELATED TO THE INVESTIGATION (including but not limited to

15  photographs taken at Aaron Quinn's home).

16  **REQUEST NO. 38**

17      The results of Denise Huskins' SART test taken on or around March 26, 2015.

18  **REQUEST NO. 39**

19      All DOCUMENTS related to Denise Huskins' SART test taken on or around March 26,

20  2015.

21  **REQUEST NO. 40**

22      All COMMUNICATIONS with Queen of the Valley Medical Center on or around March

23  26, 2015.

24  **REQUEST NO. 41**

25      All recorded reports from Queen of the Valley Medical Center RELATED TO Denise

26  Huskins.

27  **REQUEST NO. 42**

28      All COMMUNICATIONS between the kidnapper(s) and the Vallejo Police Department

1  (including but not limited to emails, recorded phone calls, messages, and/or text messages).

2  **REQUEST NO. 43**

3       All documents, electronic or otherwise, obtained from the offices of Morton and Russo

4  LLP.

5  **REQUEST NO. 44**

6       Denise Huskins' proof of life message received on or about March 24, 2015.

7  **REQUEST NO. 45**

8       Statements provided by Mike Huskins regarding Denise Huskins' "proof of life" received

9  on or about March 24, 2015.

10  **REQUEST NO. 46**

11       All COMMUNICATIONS made to the press regarding Aaron Quinn from March 23,

12  2015 to the present (including but not limited to press releases, press conferences, or other

13  statements).

14  **REQUEST NO. 47**

15       All COMMUNICATIONS made to the press regarding Denise Huskins from March 23,

16  2015 to the present (including but not limited to press releases, press conferences, or other

17  statements).

18  **REQUEST NO. 48**

19       All COMMUNICATIONS made to the press regarding Andrea Roberts from March 23,

20  2015 to the present (including but not limited to press releases, press conferences, or other

21  statements).

22  **REQUEST NO. 49**

23       All COMMUNICATIONS made to the press regarding Matthew Muller from March 23,

24  2015 to the present (including but not limited to press releases, press conferences, or other

25  statements).

26  **REQUEST NO. 50**

27       All COMMUNICATIONS with the media RELATED TO THE INVESTIGATION.

28

**REQUEST NO. 51**

All COMMUNICATIONS with the San Francisco Chronicle, including but not limited to COMMUNICATION following the proof of life and messages received by the SF Chronicle from the kidnapper(s).

**REQUEST NO. 52**

All COMMUNICATIONS with the Huntington Beach Police Department RELATED TO THE INVESTIGATION.

**REQUEST NO. 53**

All DOCUMENTS exchanged with the Huntington Beach Police Department RELATED TO THE INVESTIGATION.

**REQUEST NO. 54**

All COMMUNICATIONS with the FBI RELATED TO THE INVESTIGATION.

**REQUEST NO. 55**

All DOCUMENTS exchanged with the FBI RELATED TO THE INVESTIGATION.

**REQUEST NO. 56**

All COMMUNICATIONS RELATED TO coordination with the FBI from March 23, 2015 through present RELATED TO THE INVESTIGATION.

**REQUEST NO. 57**

All COMMUNICATIONS RELATED TO coordination with any California Police Department RELATED TO THE INVESTIGATION (including but not limited to Dublin Police Services of Alameda Sheriff's Department, Palo Alto Police Department, Mountain View Police Department, Menlo Park Police Department).

**REQUEST NO. 58**

All COMMUNICATIONS with victims associations concerning PLAINTIFFS.

**REQUEST NO. 59**

All search warrants and arrest warrants arising out of THE INVESTIGATION.

**REQUEST NO. 60**

All DOCUMENTS (including, but not limited to, evidence, photographs, and/or

1   recordings) seized arising out of the arrest of Matthew Muller.

2   **REQUEST NO. 61**

3       All DOCUMENTS regarding the burglary of Aaron Quinn's home on June 23, 2015

4   (including, but not limited to, reports, statements, and photographs).

5   **REQUEST NO. 62**

6       All DOCUMENTS considered by any officer with the Vallejo Police Department during

7   INVESTIGATION.

8   **REQUEST NO. 63**

9       All emails (whether on a personal or work email account) exchanged with any member of

10   the Vallejo Police Department RELATED TO THE INVESTIGATION.

11   **REQUEST NO. 64**

12       All text messages exchanged with any member of the Vallejo Police Department

13   RELATED TO THE INVESTIGATION.

14   **REQUEST NO. 65**

15       All COMMUNICATIONS between any member of the Vallejo Police Department and

16   Steve Ruiz.

17   **REQUEST NO. 66**

18       All COMMUNICATIONS between any member of the Vallejo Police Department and

19   David Sesma.

20   **REQUEST NO. 67**

21       All COMMUNICATIONS between any member of the Vallejo Police Department and

22   Andrea Roberts.

23   **REQUEST NO. 68**

24       All COMMUNICATIONS between any member of the Vallejo Police Department and

25   Matthew Muller.

26   **REQUEST NO. 69**

27       All organizational charts reflecting how the Vallejo Police Department was organized

28   since January 1, 2015.



**REQUEST NO. 70**

All DOCUMENTS constituting policies of the Vallejo Police Department in effect since January 1, 2015 regarding communications with the media.

**REQUEST NO. 71**

All DOCUMENTS constituting policies of the Vallejo Police Department in effect since January 1, 2015 regarding investigations into sexual assault.

**REQUEST NO. 72**

All DOCUMENTS constituting policies of the Vallejo Police Department in effect since January 1, 2015 regarding investigations into kidnapping.

**REQUEST NO. 73**

All DOCUMENTS reflecting any costs (other than overhead) incurred by the Vallejo Police Department RELATED TO THE INVESTIGATION.

**REQUEST NO. 74**

All DOCUMENTS tending to support any of the "multiple different theories" Defendant Mustard considered RELATED TO THE INVESTIGATION, as those theories are identified in Paragraph 17 of his declaration in support of Defendants' anti-SLAPP motion.

**REQUEST NO. 75**

All DOCUMENTS tending to support any assertion that PLAINTIFFS had ever lied to the police.

**REQUEST NO. 76**

All DOCUMENTS referencing the media response to THE INVESTIGATION, as that response is discussed in paragraph 7 of Lt. Kenny Parks' declaration in support of Defendants' anti-SLAPP motion.

**REQUEST NO. 77**

All press releases RELATED TO THE INVESTIGATION.

**REQUEST NO. 78**

All drafts of any press releases RELATED TO THE INVESTIGATION.

1   **REQUEST NO. 79**

2        All handwritten notes RELATED TO THE INVESTIGATION.

3   **REQUEST NO. 80**

4        All handwritten notes regarding any meetings RELATED TO THE INVESTIGATION.

5   **REQUEST NO. 81**

6        All COMMUNICATIONS involving Defendant Mustard RELATED TO THE

7   INVESTIGATION.

8   **REQUEST NO. 82**

9        All COMMUNICATIONS INVOLVING Defendant Park RELATED TO THE

10  INVESTIGATION.

11  **REQUEST NO. 83**

12       All COMMUNICATIONS involving Captain Jim O'Connell RELATED TO THE

13  INVESTIGATION.

14  **REQUEST NO. 84**

15       All COMMUNICATIONS involving Chief Andrew Bidou RELATED TO THE

16  INVESTIGATION.

17  **REQUEST NO. 85**

18       All COMMUNICATIONS WITH THE Solano County Office of Emergency Services

19  RELATED TO THE INVESTIGATION.

20  **REQUEST NO. 86**

21       All computer aided dispatch ("CAD") LOGS RELATED TO THE INVESTIGATION.

22  **REQUEST NO. 87**

23       All DOCUMENTS RELATED TO any calls from members of the public "expressing

24  concern that they were in danger" as referenced in paragraph 5 of Captain James O'Connell's

25  declaration in support of Defendants' anti-SLAPP motion.

26  **REQUEST NO. 88**

27       All DOCUMENTS YOU obtained from any telephone service providers (such as any

28  records of calls made to or from numbers of suspects or other witnesses) RELATED TO THE

1  INVESTIGATION.

2  **REQUEST NO. 89**

3      All DOCUMENTS YOU obtained from any internet service providers (such as any

4  records of calls made to or from numbers of suspects or other witnesses) RELATED TO THE

5  INVESTIGATION.

6

7  Date: August 5, 2016                    **KERR & WAGSTAFFE LLP**

8                                          By: _____

9                                          KENNETH NABITY

10                                          Attorneys for Plaintiffs
                                            DENISE HUSKINS and AARON QUINN
11

## PROOF OF SERVICE

I, Caroline Dwyer declare that I am a resident of the State of California, over the age of eighteen years, and not a party to the within action.  My business address is Kerr & Wagstaffe LLP, 101 Mission Street, 18th Floor, San Francisco, California 94105-1727.

On, August 5, 2016 I served the following document(s):

1. **PLAINTIFFS' REQUEST FOR PRODUCTION OF DOCUMENTS TO DEFENDANT CITY OF VALLEJO, SET ONE**

on the parties listed below as follows:

| | |
|---|---|
| Robert L. Chalfant<br>Wendy Motooka<br>**CREEGER & CHALFANT LLP**<br>701 University Avenue, Suite 110<br>Sacramento, CA 95825 | Claudia M. Quintana<br>Kelly J. Trujillo<br>**CITY OF VALLEJO, CITY HALL**<br>555 Santa Clara Street<br>Vallejo, CA 94590 |

☒ **By first class mail** by placing a true copy thereof in a sealed envelope with postage thereon fully prepaid and placing the envelope in the firm's daily mail processing center for mailing in the United States mail at San Francisco, California.

☐ **By facsimile machine** (FAX) by personally transmitting a true copy thereof via an electronic facsimile machine.

☐ **By personal service** by causing to be personally delivered a true copy thereof to the address(es) listed herein at the location listed herein.

☐ **By Federal Express** or overnight courier.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on August 5, 2016, at San Francisco, California.

_C. Dwyer_
_____
CAROLINE DWYER

**Motooka Declaration**.

# EXHIBIT D

1   JAMES M. WAGSTAFFE (95535)
    wagstaffe@kerrwagstaffe.com
2   KEVIN B. CLUNE (248681)
    clune@kerrwagstaffe.com
3   KENNETH P. NABITY (287927)
    nabity@kerrwagstaffe.com
4   **KERR & WAGSTAFFE LLP**
    101 Mission Street, 18th Floor
5   San Francisco, CA 94105–1727
    Telephone: (415) 371-8500
6   Fax: (415) 371-0500

7   Attorneys for Plaintiffs
    DENISE HUSKINS and AARON QUINN

8

9

10

<br>

11

12

## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| 13   DENISE HUSKINS and AARON QUINN, | Case No. 2:16-cv-00603-TLN-EF |
| 14           Plaintiffs, | **PLAINTIFFS' NOTICE OF DEPOSITION TO CITY OF VALLEJO PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 30(b)(6)** |
| 15      v. | |
| 16   CITY OF VALLEJO, a public entity, KENNY PARK, MATHEW MUSTARD, and DOES 1-25, | Date:   November 7, 2016 |
| 17 | Time:   9:00 a.m. |
| 18           Defendants. | Place:  Kerr & Wagstaffe LLP |
| | 101 Mission Street, 18th Floor |
| 19 | San Francisco, CA 94105 |

20

21

22

23

24

25

26

27

28

KERR
—&—
WAGSTAFFE
LLP

Case No. 2:16-cv-00603-TLN-EF

PLAINTIFFS' NOTICE OF DEPOSITION
PURSUANT TO FRCP 30(b)(6)

1    PLEASE TAKE NOTICE that, pursuant to Rule 30(b)(6) of the Federal Rules of Civil

2    Procedure, Plaintiffs, by their attorneys, will take the deposition upon oral examination of the

3    person most knowledgeable of Defendant City of Vallejo.

4    The deposition will begin at 9:00 a.m. on November 7, 2016, at the offices of Kerr &

5    Wagstaffe, LLP, at 101 Mission Street, 18th Floor, San Francisco, CA 94105, or at some other

6    time and place mutually agreed upon by counsel.

7    Defendant is instructed, pursuant to Fed. R. Civ. P. 30(b)(6), to designate one or more

8    officers, directors, managing agents, or other persons who are most qualified to testify on its

9    behalf about each of the topics set forth below.  If Defendant does not presently have a witness

10   sufficiently knowledgeable as to each of the topics set forth below, then Defendant is required to

11   educate a witness as to the information available to it with respect to each such topic.  Plaintiff

12   requests that at least 72 hours prior to the commencement of the deposition that Defendant

13   identify the person(s) who will testify on its behalf and indicate the topic(s) for which each such

14   person is designated.

15   The deposition will take place upon oral examination pursuant to Federal Rules of Civil

16   Procedure before an officer duly authorized by law to administer oaths and record testimony.

17   The testimony will be recorded by stenographic means and will be videotaped.  The deposition

18   will continue from day to day if necessary until completed or adjourned.

19                          **DEFINITIONS AND INSTRUCTIONS**

20         a.       The terms "DOCUMENT" and "DOCUMENTS" are used in the broadest sense

21   allowed by Rule 34(a) of the Federal Rules of Civil Procedure and include, but are not limited to,

22   any writings, drawings, graphs, charts, photographs, phonograph records, tape recordings, notes,

23   diaries, calendars, checkbooks, books, papers, accounts, electronic or videotape recordings, and

24   any computer-generated, computer-stored, or electronically-stored matter from which

25   information can be obtained and translated, if necessary, in reasonably useable form.

26         b.       "RELATING TO" means and includes arising from, mentioning, discussing,

27   summarizing, comprising, constituting, describing, reflecting, containing, including, referring to,

28

1 | depicting, connected with, embodying, evidencing, concerning, reporting or involving an act,

2 | occurrence, event, transaction, fact, thing or course of dealing.

3 |         c.      "VPD" means the Vallejo Police Department and all of its employees.

4 |         d.      "ESI" means electronically stored information.

5 |         e.      PERSON(S)" means and includes a natural person, firm, association,

6 | organization, partnership, business, trust, corporation, or public entity.

7 |         f.      Unless otherwise indicated, the topics mentioned below relate to the time period

8 | from March 2015 to the present.

9 |                           **DEPOSITION TOPICS**

10 | 1.  General practices and policies in effect regarding retention of DOCUMENTS and

11 |     information by VPD.

12 | 2.  Policies regarding, and the identity of individuals responsible for maintaining, the

13 |     collection and organization of VPD's physical DOCUMENT archive.

14 | 3.  Policies regarding, and the identity of individuals responsible for maintaining, the

15 |     collection and organization of VPD's physical evidence archive.

16 | 4.  Policies regarding, and the identity of individuals responsible for maintaining, the

17 |     collection and organization of any other electronic communication among VPD

18 |     personnel, including communication by phone, work computer, home computer, text

19 |     message, other electronic device, and/or social media.

20 | 5.  Policies regarding, and the identity of individuals responsible for VPD's compliance

21 |     with, DOCUMENT and information requests under the California Public Records Act.

22 | 6.  The extent to which VPD complied with Plaintiffs' request under the California Public

23 |     Records Act, including the identities of the individuals responsible for processing this

24 |     request, the manner of their search among VPD's records, the results of these searches,

25 |     and any other information related to this request.

26

27

28

7. The extent to which VPD collected any information from the individual electronic devices of VPD personnel, including text messages, e-mail, social media information, and any other information relating to Denise Huskins or Aaron Quinn.

8. The date, time, manner, and substance of any communications within the City of Vallejo (including VPD) regarding VPD's responsibility to preserve information based on any actual or potential litigation involving Denise Huskins or Aaron Quinn.

9. The extent to which VPD actually did preserve evidence, including ESI, in anticipation of potential litigation regarding the questioning of Aaron Quinn or the kidnapping of Denise Huskins, including the dates upon which such preservation efforts began.

10. The Constant Contact program.

11. The extent to which VPD preserved electronic communication between VPD personnel regarding the decision to issue a press release relating to the questioning of Aaron Quinn or the kidnapping of Denise Huskins, including discussions as to the content of the press release, the date it should be issued, and the individuals who should issue it.

12. The manner in which VPD actually shared information relating to the Huskins kidnapping with the FBI, including physical evidence and ESI, and the extent to which VPD retained any original or copied physical evidence or ESI.

Date: October 20, 2016                    **KERR & WAGSTAFFE LLP**

                                          By: _____
                                              KENNETH P. NABITY

                                          Attorneys for Plaintiffs
                                          DENISE HUSKINS and AARON QUINN

## PROOF OF SERVICE

I, Caroline Dwyer, declare that I am a resident of the State of California, over the age of eighteen years, and not a party to the within action. My business address is Kerr & Wagstaffe LLP, 101 Mission Street, 18th Floor, San Francisco, California 94105-1727.

On, October 20, 2016 I served the following document(s):

- **PLAINTIFFS' NOTICE OF DEPOSITION TO CITY OF VALLEJO PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 30(b)(6)**

on the parties listed below as follows:

> Robert L. Chalfant
> Wendy Motooka
> **CREEGER & CHALFANT LLP**
> 701 University Avenue, Suite 110
> Sacramento, CA 95825

☒ **By first class mail** by placing a true copy thereof in a sealed envelope with postage thereon fully prepaid and placing the envelope in the firm's daily mail processing center for mailing in the United States mail at San Francisco, California.

☐ **By facsimile machine** (FAX) by personally transmitting a true copy thereof via an electronic facsimile machine.

☐ **By personal service** by causing to be personally delivered a true copy thereof to the address(es) listed herein at the location listed herein.

☐ **By Federal Express** or overnight courier.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on October 20, 2016, at San Francisco, California.

C. Dwyer

CAROLINE DWYER

KERR
——— & ———
WAGSTAFFE
LLP

Motooka Declaration

# EXHIBIT E

**Wendy Motooka**

| | |
|---|---|
| **From:** | Wendy Motooka |
| **Sent:** | Wednesday, December 21, 2016 10:18 AM |
| **To:** | 'Kevin B. Clune' |
| **Cc:** | James M. Wagstaffe; Kenneth Nabity; Robert Chalfant |
| **Subject:** | RE: Huskins v. City of Vallejo: ESI |

   Kevin, I have been inviting you to do the meet and confer with me prior to drafting the Joint Statement, because I would prefer not to do the meet and confer by way of Joint Statement. I am trying to avoid the situation where I devote time to responding to your arguments, only to have you change all of your arguments, which would then require me to modify my arguments. That type of back and forth, to my mind, is the meet and confer process, and I have invited you to engage in it. In your email of November 28, 2016, you rebuffed that effort, and told me to state my position in the joint statement.

   Call me if you want to further meet and confer. I'd be happy to discuss it with you.

**Wendy Motooka**

Cregger & Chalfant LLP
701 University Avenue, Suite 110
Sacramento, CA 95825
Phone: 916.443-4443
Fax: 916.443-2124

This message is intended exclusively for the individual or entity to which it is addressed. This communication may contain information that is proprietary, privileged, confidential or otherwise legally exempt from disclosure. If you are not the named addressee, you are not authorized to read, print, retain, copy or disseminate this message or any part of it. If you have received this message in error, please notify the sender immediately and delete all copies of this message.

---

**From:** Kevin B. Clune [mailto:clune@kerrwagstaffe.com]
**Sent:** Wednesday, December 21, 2016 9:07 AM
**To:** Wendy Motooka
**Cc:** James M. Wagstaffe; Kenneth Nabity; Robert Chalfant
**Subject:** RE: Huskins v. City of Vallejo: ESI

Wendy,

One of the purposes of *jointly* drafting the LR Rule 251 Statement is to aid in the meet-and-confer process. Given that you have already had our draft statement since November 28 (over three weeks), it seems unnecessary (and contrary to the spirit of the purpose of drafting the joint statement) to wait almost an entire additional month, and just one day before it is due to the Court, to get your edits to that joint statement.

Is there any reason you cannot get us edits by January 6? That would still give you an additional two and a half weeks from today, while avoiding waiting to the very last minute, when additional meet and confer efforts are unlikely to be productive.

Best regards,

Kevin B. Clune
Kerr & Wagstaffe LLP
101 Mission Street, 18th Floor
San Francisco, California 94105
direct: 415-357-8915
main: 415-371-8500
fax: 415-371-0500
clune@kerrwagstaffe.com
www.kerrwagstaffe.com

**From:** Wendy Motooka [mailto:wm@creggerlaw.com]
**Sent:** Tuesday, December 20, 2016 12:30 PM
**To:** Kevin B. Clune <clune@kerrwagstaffe.com>
**Cc:** James M. Wagstaffe <wagstaffe@kerrwagstaffe.com>; Kenneth Nabity <nabity@kerrwagstaffe.com>; Robert Chalfant <rlc@creggerlaw.com>
**Subject:** RE: Huskins v. City of Vallejo: ESI

Since the Court has continued the hearing date to January 18, I don't think we need to submit the Joint Statement until January 11. So I would assume that sending you our additions by Jan. 10 should be sufficient. I am not planning to edit anything you wrote, just adding defendants' position.

If you think further meet and confer would be productive, please call me.

**Wendy Motooka**

Cregger & Chalfant LLP
701 University Avenue, Suite 110
Sacramento, CA 95825
Phone: 916.443-4443
Fax: 916.443-2124

This message is intended exclusively for the individual or entity to which it is addressed. This communication may contain information that is proprietary, privileged, confidential or otherwise legally exempt from disclosure. If you are not the named addressee, you are not authorized to read, print, retain, copy or disseminate this message or any part of it. If you have received this message in error, please notify the sender immediately and delete all copies of this message.

**From:** Kevin B. Clune [mailto:clune@kerrwagstaffe.com]
**Sent:** Tuesday, December 20, 2016 11:39 AM
**To:** Wendy Motooka
**Cc:** James M. Wagstaffe; Kenneth Nabity; Robert Chalfant
**Subject:** RE: Huskins v. City of Vallejo: ESI

Wendy,

When can we expect to receive Defendants' suggested edits to the Joint Statement regarding Discovery Disagreement regarding the 30(b)(6) issue?

Best regards,

Kevin B. Clune
Kerr & Wagstaffe LLP
101 Mission Street, 18th Floor
San Francisco, California 94105
direct: 415-357-8915
main: 415-371-8500
fax: 415-371-0500
clune@kerrwagstaffe.com
www.kerrwagstaffe.com

**From:** Kevin B. Clune
**Sent:** Monday, November 28, 2016 3:57 PM
**To:** Wendy Motooka <wm@creggerlaw.com>
**Cc:** James M. Wagstaffe <wagstaffe@kerrwagstaffe.com>; Kenneth Nabity <nabity@kerrwagstaffe.com>; Robert Chalfant <rlc@creggerlaw.com>
**Subject:** RE: Huskins v. City of Vallejo: ESI

Wendy,

We will go forward with our motion, and will be noticing a hearing for the next available date, which is December 28 at 10:00 a.m.  We were hoping to avoid scheduling anything around the holidays, but your refusal to agree to provide the joint statement at the same time we file our motion prevents that from being an option (the judge is unavailable on December 21).  Given that we have been discussing this for nearly three months, we cannot wait any longer.

Regarding your specific comments, we have more than met our obligations to the Court to meet and confer on these issues.  The judge has already rejected your argument that discovery is somehow not fully open until the "pleadings are settled."  Further, we have fully outlined both in conversations with you, and in our draft Rule 251 statement why we think there is good cause to issue more than one 30(b)(6) notice.  The fact that you may disagree with our arguments (just as we disagree with yours) hardly demonstrates a failure to meet and confer.  Further, our primary goal here is to ensure that documents have been properly identified and preserved in discovery.  Ensuring that all parties have complied with their discovery obligations is clearly proportional to the needs of the case.  We have already identified in our draft statement the exact type of information we expect to find, including documents identifying what your clients knew before they made the defamatory statements at the core of this case, what other statements they may have made outside of press conferences, and contemporaneous text and email statements your clients made about their conduct at or near the time it occurred.  We also disagree with your characterization of the parties' past meet-and-confer efforts.  In any event, you are free to state your respective position in the joint statement.

Sincerely,

Kevin B. Clune
**Kerr & Wagstaffe LLP**
101 Mission Street, 18th Floor
San Francisco, California 94105
direct: 415-357-8915

clune@kerrwagstaffe.com
www.kerrwagstaffe.com

**From:** Wendy Motooka [mailto:wm@creggerlaw.com]
**Sent:** Monday, November 28, 2016 3:36 PM
**To:** Kevin B. Clune
**Cc:** James M. Wagstaffe; Kenneth Nabity; Robert Chalfant
**Subject:** RE: Huskins v. City of Vallejo: ESI

My recollection of the meet-and-confer is that you asked us for permission to take two depositions of our client, and we basically said no, unless there were special circumstances warranting a departure from the one-deposition rule. I do not recall your making a case for why there are special circumstances. Your effort, below, to try to interpret my last email as an attempt to challenge your delinquent discovery responses by way of this motion confirms that you do not understand defendant's position. I'm not suggesting that your discovery responses should be part of this motion. I am suggesting that your basis for explaining why you think you need two depositions of my client could be applied with equal facility to any party, including your own clients. I think that if the federal rules had wanted as a general matter to allow phased discovery, based on subject matter, they would authorize such discovery. They do not. So what makes this case different and worthy of an exception to the rules?

Parties are only entitled to discovery that is relevant to a claim or defense, and proportional to the needs of the case. As you know, defendants have always had doubts as to what is relevant and proportional to this case, in light of the fact that most the claims are currently subject to challenge via motion to dismiss and motion to strike, and the events giving rise to the claims that are not – Quinn's false arrest claims – have been recorded on video tape, copies of which you have had in your possession for over two months now.

You want to depart from the usual discovery rules, because you think that if you are able to conduct burdensome discovery regarding electronically stored information early, you will find evidence of . . . what? The events giving rise to Quinn's false arrest claims are on video. Since the Fourth Amendment standard is an objective one, the video would seem to be dispositive. All of the other claims are subject to motions to dismiss and to strike, and depending on how the court rules, no discovery may be warranted at all. You have conceded that Huskins has no federal claims, yet you want to involve the court in discovery motions practice over her claims before the court has determined whether to retain jurisdiction? Depositions, particularly PMK deposition, are burdensome, and serial depositions of a single corporate entity are unfair. *State Farm Mutual Auto. Ins. Co. v. New Horizont, Inc.*, 254 F.R.D. 227, 235 (E.D. Penn. 2008); *Blackwell v. City and County of San Francisco*, 2010 WL 2850547 (N.D. Cal. 2010). So what is the balance to this burden and prejudice in the case we're litigating?

4

I think the question remains unanswered, which is why I say the meet and confer has been inadequate.

From my perspective, it appears that you now have all of the relevant documents, but you want to keep doing ever more burdensome discovery, in hopes of finding documents that say something else, or that will allow you to change your theory of liability. That is an improper use of ordinary discovery, much less court-granted leave for extraordinary discovery. Plaintiffs are supposed to have a factual basis for a claim, which opens the doors of discovery. They aren't supposed to do discovery to try to figure out what their claims are. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). How is "fishing" style discovery relevant to a claim or defense and proportional to the needs of the case, in light of the procedural history (which your draft Joint Statement omits to mention)?

I will also note that your draft Joint Statement indicates that you expect the PMK witnesses to be confined to "staff in Vallejo's IT department," which is quite different than what you and I discussed in our meet and confer on November 7.

In terms of the timing of your motion, you know defendants believe that the issue you seek to raise is premature and unwarranted. We do not believe that a premature issue should be heard on an expedited basis.

**Wendy Motooka**

Cregger & Chalfant LLP
701 University Avenue, Suite 110
Sacramento, CA 95825
Phone: 916.443-4443
Fax: 916.443-2124

This message is intended exclusively for the individual or entity to which it is addressed. This communication may contain information that is proprietary, privileged, confidential or otherwise legally exempt from disclosure. If you are not the named addressee, you are not authorized to read, print, retain, copy or disseminate this message or any part of it. If you have received this message in error, please notify the sender immediately and delete all copies of this message.

**From:** Kevin B. Clune [mailto:clune@kerrwagstaffe.com]
**Sent:** Monday, November 28, 2016 1:28 PM
**To:** Wendy Motooka
**Cc:** James M. Wagstaffe; Kenneth Nabity; Robert Chalfant
**Subject:** RE: Huskins v. City of Vallejo: ESI

Dear Wendy,

We have been meeting and conferring about this issue for nearly three months. We frankly do not understand your claim that we have somehow failed to "understand" your position as to the 30(b)(6) notice. We want to be able to issue

two different 30(b)(6) notices, you want us to be limited to one. That is the central disagreement, and your email only confirms that the parties still have very different views on that issue. Thus, it appears we have an issue for which we need assistance from the Court.

While we are always happy to continue the meet-and-confer process on any issue in order to reduce the burden on the parties and the Court, you have not articulated any specific issues about which the parties still actually need to confer, and we are concerned that this has already dragged on long enough. Thus, while we are happy to continue to communicate with you about these issues, we cannot let such communications delay getting this motion on file.

Regarding your question about specific changes to the draft statement: Please go ahead and make changes to this statement. We can have separate positions for "Plaintiff's Position" and "Defendant's Position" to the extent we are unable to reach agreement concerning the facts and procedural posture.

Regarding timing, it was our intention—especially given the lengthy meet-and-confer process that has already occurred on these issues—to file the motion and the joint statement at the same time and schedule the hearing approximately 7 days thereafter, rather than wait yet another 21 days from today, as is allowed by Local Rule 251. See LR 51(a) ("If the notice of motion and motion are filed concurrently with the Joint Statement, the motion shall be placed on the next regularly scheduled calendar for the Magistrate Judge or Judge hearing the motion at least seven (7) days thereafter."). Please confirm today whether you are amendable to this approach. If not, we will simply go ahead with the next available hearing date.

Regarding your separate comments about Plaintiffs' discovery responses to Defendants' requests, to the extent you have issues regarding Plaintiffs' discovery responses, those issue are wholly discrete from the 30(b)(6) issue in our motion. We are responding to those issues by way of separate communications and productions this week. You may separately address those other issues as you see fit. But we do not need to agree as to all discovery-related matters before so much as filing a motion to compel on a single issue.

Best regards,

Kevin B. Clune
**Kerr & Wagstaffe LLP**
101 Mission Street, 18th Floor
San Francisco, California 94105
direct: 415-357-8915
main: 415-371-8500
fax: 415-371-0500
clune@kerrwagstaffe.com
www.kerrwagstaffe.com

---

**From:** Wendy Motooka [mailto:wm@creggerlaw.com]
**Sent:** Monday, November 28, 2016 12:32 PM
**To:** Kevin B. Clune
**Cc:** James M. Wagstaffe; Kenneth Nabity; Robert Chalfant
**Subject:** RE: Huskins v. City of Vallejo: ESI

Kevin, I have reviewed your draft Joint Statement, and think the following: 1) you do not appear to understand defendant's position, which leads me to conclude that the meet and confer was inadequate; 2) your representation of the facts and procedural history is incomplete and incorrect; and 3) you have still not explained why a departure from the federal rules is warranted here. Based on your own argument, you should be allowing two depositions of your

clients, because despite the fact that the due date for initial disclosures and responses to defendant's RFPs came and went a long time ago, your clients have provided exactly ZERO documents to defendant. Defendant therefore, by your logic, has more reason to believe that your clients are withholding evidence, have destroyed evidence, or have made no efforts to preserve evidence, than you have to believe that of the City. The federal rules contemplate, as a general rule, that each party will be deposed only once, even though every opposing party, in every case, could argue what you are arguing in the draft Joint Statement (i.e., "Plaintiffs should not be forced to identify at the outset of discovery all of the other, substantive topics on which they will need to depose [defendant]."). In short, we don't think you've articulated why you should have an exception to the rules.

Do you want to continue the meet and confer to discuss the actual issues raised by your Rule 30(b)(6) notice, or would you prefer I just add defendant's position to the draft Joint Statement, and get that back to you at least seven days before the hearing date?

**Wendy Motooka**

Cregger & Chalfant LLP
701 University Avenue, Suite 110
Sacramento, CA 95825
Phone: 916.443-4443
Fax: 916.443-2124

This message is intended exclusively for the individual or entity to which it is addressed. This communication may contain information that is proprietary, privileged, confidential or otherwise legally exempt from disclosure. If you are not the named addressee, you are not authorized to read, print, retain, copy or disseminate this message or any part of it. If you have received this message in error, please notify the sender immediately and delete all copies of this message.

**From:** Kevin B. Clune [mailto:clune@kerrwagstaffe.com]
**Sent:** Monday, November 28, 2016 10:39 AM
**To:** Wendy Motooka
**Cc:** James M. Wagstaffe; Kenneth Nabity; Robert Chalfant
**Subject:** RE: Huskins v. City of Vallejo: ESI

Wendy,

I am writing to follow up regarding the Local Rule 251 statement. Can you please let us know when we can expect to receive your additions/comments?

Thanks,

Kevin B. Clune
**Kerr & Wagstaffe LLP**
101 Mission Street, 18th Floor
San Francisco, California 94105
direct: 415-357-8915