JAMES M. WAGSTAFFE (95535)
wagstaffe@kerrwagstaffe.com
KEVIN B. CLUNE (248681)
clune@kerrwagstaffe.com
KENNETH P. NABITY (287927)
nabity@kerrwagstaffe.com
**KERR & WAGSTAFFE LLP**
101 Mission Street, 18th Floor
San Francisco, CA 94105–1727
Telephone: (415) 371-8500
Fax: (415) 371-0500

Attorneys for Plaintiffs
DENISE HUSKINS and AARON QUINN

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DENISE HUSKINS and AARON QUINN,<br><br>        Plaintiffs,<br><br>    v.<br><br>CITY OF VALLEJO, a public entity, KENNY PARK, MATHEW MUSTARD, and DOES 1-25,<br><br>        Defendants. | Case No. 2:16-cv-00603-TLN-*EFB*<br><br>**JOINT STATEMENT RE DISCOVERY DISAGREEMENT**<br><br>Date: Jan. 18, 2017<br>Time: 10:00 a.m.<br>Courtroom: 8, 13th Floor<br>Judge: Hon Edmund F. Brennan |

1    Plaintiffs Denise Huskins and Aaron Quinn (collectively "Plaintiffs") and Defendants

2    City of Vallejo, Kenny Park, and Mathew Mustard (collectively "Defendants") hereby submit

3    this Joint Statement re Discovery Disagreement pursuant to Local Rule 251.

4    **I.     INTRODUCTION**

5    **Plaintiffs' Position:**

6         Due to Plaintiffs' concerns that key documents in this case were not identified and

7    preserved over a year and a half ago when the dispute first arose, they seek leave of court to be

8    allowed to notice two separate Federal Rule of Civil Procedure 30(b)(6) depositions of

9    Defendant City of Vallejo ("Vallejo" or "the City").

10        Plaintiffs are particularly concerned that emails, text messages, and other sources of

11   Electronically Stored Information ("ESI") created at or near the time of the kidnapping and

12   related investigation forming the heart of this case were not identified, and thus were not

13   preserved.  For example, Defendants have produced virtually no internal emails—and no text

14   messages—that were created during the crucial period after Ms. Huskins disappeared on March

15   23, 2015 but before Defendants called their outrageous press conference on March 25, 2015.

16   (Decl. of Kevin Clune in Support of Joint Statement re Discovery Disagreement ("Clune Decl.")

17   ¶ 11 & Ex. A.)  And they have produced non-substantive communications with only a single

18   outside reporter.  (Id. Ex. A, VALLEJO481-485.)  That dearth of contemporaneous electronic

19   communications is striking, particularly in such a high profile case as Ms. Huskins's

20   disappearance.

21        As such, Plaintiffs have a very simple request: they want to be able to conduct a 30(b)(6)

22   deposition of Defendant City of Vallejo now just as to these document identification and

23   preservation issues, while reserving their right to conduct a more substantive 30(b)(6) deposition

24   later, once more information has come out in discovery.  Because some courts have held that

25   parties are limited to just one 30(b)(6) deposition in a case without leave of court, Plaintiffs

26   asked Defendants to stipulate to allowing Plaintiffs to issue a limited 30(b)(6) notice solely as to

27   document preservation and identification.  Despite exhaustively meeting and conferring, the

28   parties were unable to reach agreement on the issue of allowing more than one 30(b)(6) notice,

1    and thus Plaintiffs now seek relief from this Court.

2    **Defendants' Position:**

3         Federal Rule of Civil Procedure 30(a) restricts plaintiffs from taking multiple depositions

4    of the same party, absent stipulation of the parties or leave of court.  Fed. R. Civ. P. 30(a)(1) &

5    (2).  As plaintiffs explain below, they now seek leave to take two depositions of defendant City of

6    Vallejo ("City"), before they have even taken one, because "discovery is just beginning" so they

7    do not feel "in a position" to take "an exhaustive" deposition of the City.  The federal rules could

8    permit every plaintiff in every case to take two depositions of a party on this basis, because

9    discovery in every case is at some point "just beginning."  To limit the burden to deponents,

10   however, the federal rules allow for one deposition, for which the noticing party is expected to be

11   fully prepared.  Plaintiffs fail to show why they should be the exception to this rule, and should be

12   permitted a second bite at the apple, before they have taken their first.

13        Plaintiffs' request to take two depositions of the City should be denied.

14   **II.    FACTUAL BACKGROUND REGARDING THE CASE**

15   **Plaintiffs' Position:**

16        This is a defamation and civil rights case arising from Defendants' treatment of Plaintiffs

17   during the course of a criminal investigation.  (See generally, Compl., Dkt. No. 1.)  Aaron Quinn

18   and Denise Huskins were sleeping in Mr. Quinn's home on March 23, 2015 when one or more

19   persons broke into the house, bound, gagged, and drugged the couple, and kidnapped Ms.

20   Huskins and held her for ransom.  After two days in captivity, during which she was repeatedly

21   raped, Ms. Huskins was released in Huntington Beach, California.  Within 12 hours of Ms.

22   Huskins' release, Defendants called a nationally televised press conference at which they

23   accused Plaintiffs of fabricating the story of the intrusion, assault, and kidnapping.  Months later,

24   Matthew Muller was arrested, charged, and pled guilty to the kidnapping, and Defendants

25   admitted that they had mistakenly accused Plaintiffs of perpetrating a hoax.

26        This lawsuit alleges defamation and related constitutional claims brought under 42 U.S.C.

27   § 1983 arising from the statements Defendants made about Plaintiffs during the course of the

28   press conference and related investigation, and from the treatment of Mr. Quinn while he was

1   being interrogated prior to that press conference.  Plaintiffs are suing the officers involved in

2   their official capacities. The City of Vallejo is providing and coordinating the defense for all

3   defendants, is coordinating their discovery efforts, and is a key custodian of records for the

4   documents in dispute.[1]

5           Contrary to Defendants' representations below, and as discussed in greater detail in

6   Plaintiffs' section below regarding the parties' meet-and-confer efforts, Plaintiffs are extremely

7   dissatisfied with the state of Defendants' ESI production, and have repeatedly expressed those

8   concerns to Defendants since the outset of this case. (See, e.g., Clune Decl. ¶ 9 & Ex. G.) The

9   fact that the City has produced *some* (largely irrelevant and non-contemporaneous) emails, and

10  withheld others on privilege, hardly demonstrates that other emails (or text messages, for that

11  matter) were not destroyed before Defendants even tried to look for them.[2]

12  **Defendants' Position:**

13          Plaintiffs allege defamation and related state-law torts against the City and two police

14  officers for statements made by one of the officers, during a police press conference, updating the

15  status of the police investigation into the reported kidnapping of plaintiff Denise Huskins.  Plaintiff

16  _____

17  [1]    Defendants continue to imply that discovery is not fully open because they filed

18  dispositive motions.  But the Court expressly rejected that argument in its August 26, 2016
    minute order. (August 26, 2016 Minute Order, Dkt. No. 15) ("Defendants have made certain

19  objections based on their belief that discovery should be stayed in this matter until the pending
    motion to dismiss is decided. The Court will not stay discovery automatically due to a pending

20  motion to dismiss. . . . The Court finds that discovery may be necessary in order to identify Doe
    defendants and that discovery would assist in defining the scope of the claims being brought by

21  Plaintiffs.").

22  [2]    Defendants are simply incorrect in their assertion that the first time Plaintiffs raised the

23  issue about the lack of text messages and emails during the crucial time period before the press
    conference at the heart of this case was January 11, 2017.  Concerns about the identification and

24  preservation of text messages and emails that were likely exchanged at or near the time of the
    kidnapping were discussed as far back as the parties' Rule 26(f) conference in July of 2016.

25  (Clune Decl. ¶ 3 & Ex. B.)  In addition, immediately upon receiving Defendants' document
    production, Plaintiffs stated that they still had concerns about Defendants' ESI production, and in

26  particular what was not in that production, which is why they had to go forward with the 30(b)(6)
    notice (and this motion).  Further, it was Defendants—not Plaintiffs—who refused to use the LR

27  251 statement drafting process as an opportunity to further the parties' meet-and-confer efforts

28  until the very last minute.  (Id. Ex. G.)

1    Aaron Quinn also sues for false arrest.  There are no federal claims against the City of Vallejo,

2    who is present in the action via *respondeat superior* liability on state-law claims.

3          Defendants have moved to dismiss all claims, except for Quinn's false arrest claims, and

4    have also filed a special motion to strike the state-law defamation claims and related torts.  These

5    motions, filed on July 22, 2016, remain under submission.  Declaration of Wendy Motooka in

6    Support of Joint Statement re: Discovery Disagreement ("Motooka Decl.") at ¶ 2.  In the course

7    of briefing these motions, plaintiff Huskins has conceded that she has no federal claims, and

8    plaintiff Quinn has conceded that his federal claims, if any, arise from the false arrest allegations.

9    ECF Doc. No. 11: 9: 5-25 n.3.  Plaintiff Quinn's alleged "false arrest," a voluntary interview with

10   the Vallejo police, was video recorded and a copy of this video recording was provided to plaintiffs

11   on September 21, 2016.

12         To avoid motions practice, defendants did not seek a protective order against discovery

13   while these motions are pending, even though defendants could have.  *See Ashcroft v. Iqbal*, 556

14   U.S. 662 (2009) (Rule 8 does not unlock the doors of discovery for a plaintiff who has not stated

15   a claim under Rule 8); *Neitzke v. Williams*, 490 U.S. 319, 326-27 (1989) (the purpose of Rule

16   12(b)(6) is to "streamline litigation by dispensing with needless discovery and factfinding"); *Starr*

17   *v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011) (it is unfair to require the opposing party to be

18   subjected to the expense of discovery when the complaint does not satisfy Rule 8); *Rutman Wine*

19   *Co. v. E.J. Gallo Winery*, 829 F.2d 729, 738 (9th Cir. 1987) (the argument that discovery should

20   be permitted before deciding a motion to dismiss "is unsupported and defies common sense,"

21   because "[t]he purpose of F. R. Civ. P. 12(b)(6) is to enable defendants to challenge the legal

22   sufficiency of complaints without subjecting themselves to discovery.").  Instead, defendants

23   provided plaintiffs with initial disclosures and all non-privileged responsive documents to

24   plaintiffs' 89 request for productions, including the responsive results from electronically stored

25   information ("ESI") using the search terms proposed by plaintiffs.  Motooka Decl." at ¶¶ 3-7 &

26   Exh. A, Exh. B, & Exh. C attached thereto.

27         Defendants produced the ESI results and an associated privilege log to plaintiffs on

28   November 18, 2016.  Motooka Decl. at ¶ 7.  Since that production, plaintiffs have not contacted

1   defendants to express any dissatisfaction with the ESI production, although plaintiffs have been

2   communicating with defendants about other matters since the ESI production was made.  Motooka

3   Decl. at ¶ 8.

4   **III.    DETAILS OF THE PARTIES' MEET AND CONFER EFFORTS**

5   **Plaintiffs' Position:**

6          On September 7, 2016, Kevin Clune, attorney for Plaintiffs, emailed Robert Chalfant and

7   Wendy Motooka, attorneys for Vallejo, about his intention to notice a Rule 30(b)(6) deposition

8   on Vallejo on the topics of document storage and preservation. (Clune Decl. ¶ 4 & Ex. C.)  Mr.

9   Clune attached a proposed 30(b)(6) notice, listing all of the topics about which he sought to

10  depose the City.  (Id.) Mr. Clune asked if Defendants' counsel would agree to allow Plaintiffs to

11  propound the 30(b)(6) notice to Vallejo on limited document-related issues without thereby

12  waiving Plaintiffs' right to subsequently propound a 30(b)(6) notice to Vallejo later on.  (Id.)

13  Counsel for Vallejo responded on September 9, indicating she was in trial and that she would

14  substantively respond during the week of September 12-16.  (Id. ¶ 5 & Ex. D.) After no further

15  response was received, Mr. Clune followed up in another email to Defendants' counsel on

16  September 28. (Id. ¶ 6 & Ex. E.) Mr. Chalfant responded on September 29, stating only that Ms.

17  Motooka was out of the office and would be back the following day. (Id. ¶ 7, Ex. F.)

18         On October 18, Mr. Clune still had not received a substantive response from Defendants'

19  counsel. He wrote to Ms. Motooka, asking her to confirm that Plaintiffs' issuing a 30(b)(6)

20  notice to Vallejo on document-related issues only would not waive Plaintiffs' right to issue a

21  subsequent 30(b)(6) notice to Vallejo on substantive issues. (Id.) Mr. Chalfant responded,

22  "Serving a 30(b)(6) depo notice does not affect your ability to propound a subsequent 30(b)(6)

23  notice. However, if the second PMK notice is objectionable, we may object." (Id.)  To confirm

24  their agreement, Mr. Clune wrote back,

25          We appear to be on the same page. We just wanted to make sure that you agree
            that our serving a 30(b)(6) deposition notice does not affect our ability to
26          propound a subsequent 30(b)(6) notice simply because we had already
            propounded one. And it seems that you agree with that. We are not suggesting
27          that you cannot object to any subsequent 30(b)(6) notice for other reasons (e.g.,
            related to the wording of any subsequent notice). Given our agreement, we will go
28          ahead with serving that notice without bothering the judge on that issue.

1   (Id.)  In response, Mr. Chalfant thanked Mr. Clune "for your patience and for resolving this

2   informally."  (Id.)  Plaintiffs then formally served the previously circulated notice on Defendants

3   on October 20, 2016. (Id. ¶ 8 & Ex. H.)

4           After receiving the deposition notice, Ms. Motooka emailed Plaintiffs' counsel on

5   October 26 arguing for the first time that the categories of examination were not sufficiently

6   specific to enable Vallejo to identify the correct witness. (Id. Ex. F.)  Ms. Motooka further stated,

7           I would also like to clarify, so there is no misunderstanding later, that the
            City is not waiving its ability to object to any subsequent 30(b)(6)
8           deposition notices in this case, on the grounds that only one deposition of
            a party may be taken except with leave of court. We recognize that there
9           are some factual and procedural circumstances in which a second
            deposition should be permitted, and in such instances we may not object,
10          but until we know the particulars, we cannot commit to a position.

11  The parties exchanged several other emails that day, but were unable to reach agreement as to

12  this issue.  (Id.)  Plaintiffs' counsel contended that Defendants' counsel already agreed to

13  allowing Plaintiffs to issue two 30(b)(6) notices and were now rescinding that agreement.  (Id.)

14  Defendants' counsel disputed that any prior agreement had been reached and contended that

15  Plaintiffs would have to seek leave of court to be able to propound more than one 30(b)(6)

16  notice.  (Id.)  Subsequently, the parties met-and-conferred by phone November 7, 2016 about this

17  issue and about issues concerning the scope of Plaintiffs' 30(b)(6) request.  (Id. ¶ 10.) During

18  that call, counsel for Defendants suggested that Plaintiffs wait to move on this issue until

19  Defendants had made their production of emails and ESI.  Defendants subsequently produced

20  those documents in a submission that was received by Plaintiffs on November 21, 2016.  (Id. ¶

21  11.)  After reviewing Defendants' production, Plaintiffs still had concerns, and notified

22  Defendants as much in writing.  Plaintiffs therefore sent Defendants a draft Rule 251 statement

23  on November 22, 2016.    (Id. ¶ 12 & Ex. G.)

24          Although Plaintiffs originally noticed this motion for December 28, the Court

25  rescheduled it for January 18, 2017 on its own motion.  (Dkt. No. 24.)  Plaintiffs exhaustively

26  attempted to continue the meet-and-confer efforts of the parties in the meantime, but the parties

27  were unsuccessful in resolving their disputes.  (Clune Decl. Ex. G.)

28  **Defendants' Position:**

1    Plaintiffs have been asking defendants to agree to two depositions of the City, but have

2    never offered any cogent reason as to why they should be entitled to depart from the usual

3    expectation that a noticing party will take the deponent's complete deposition one time, on one

4    day.   Fed. R. Civ. P. 30(a) & (d).   Contrary to plaintiffs' assertions, defendants did not agree to

5    allow plaintiffs to take two depositions of the City.  Defendants have consistently maintained that

6    they may object at the appropriate time to any deposition notice that is served.   While plaintiffs

7    appear to have misinterpreted defendants' reservation of rights as permission to proceed, this

8    misunderstanding confers no entitlement.  No promises were made or relied upon.  Rather, a

9    misunderstanding between the parties was identified and corrected, before any prejudice could

10    occur.

11    After receiving and reviewing plaintiffs' draft Joint Statement, defendants sought to further

12    meet and confer with plaintiffs regarding the absence, in their portion of the Joint Statement, of

13    any articulated justification for plaintiffs' taking two depositions of the City, before they have even

14    taken one.  Motooka Decl. at ¶ 11.  Plaintiffs simply reiterated that their position was: "We want

15    to be able to issue two different 30(b)(6) notices; you want us to be limited to one."  Motooka

16    Decl., Exh. E: Emails between Wendy Motooka and Kevin Clune at p. 3 (Clune to Motooka, Nov.

17    28, 2016, 1:28 PM).  While plaintiffs now argue that a lack of emails and text messages dating

18    from March 23 to March 25, 2015, prompts their motion, they never conveyed this information to

19    defendants until January 11, 2017, despite having been in possession of defendants' ESI

20    production since November 18, 2016.  Motooka Decl. at ¶¶ 8, 11-12.

21    **IV.    PLAINTIFFS' POSITION IN SUPPORT OF THE MOTION**

22    The defamation and related constitutional claims in this case will largely turn on what

23    Defendants knew before they called a nationally (if not internationally) televised press

24    conference to falsely accuse Plaintiffs of fabricating the horrific break-in, assault, and

25    kidnapping at issue in this case.  The best evidence of what Defendants knew at the time will

26    likely be recorded in contemporaneous communications such as emails and text messages that

27    various police officers sent or received at or near the time the kidnapping was first reported to

28    them.  Such communications will also reveal to what extent Defendants have defamed Plaintiffs

1   outside the scope of the statements made directly to the media. Plaintiffs believe individual

2   Vallejo police officers are likely to have made gratuitous statements to individuals unconnected

3   with the investigation (such as their friends, neighbors, and relatives). Defendants are not likely

4   to obtain the benefit of any governmental immunities for such gratuitous statements.

5          Plaintiffs are concerned that Defendants failed to identify, much less preserve, these

6   sources of ESI until July or August of 2016 at the earliest—nearly a year and half after the

7   defamatory press conference in March of 2015 at which it was first apparent that litigation would

8   likely ensue.

9          Plaintiffs first became concerned about these issues at the Federal Rule of Civil

10  Procedure 26(f) conference on July 29, 2016, when they asked about Defendants' document

11  preservation efforts. As memorialized in a meet-and-confer letter sent after that conference,

12  Plaintiffs' counsel was disturbed to learn that Defendants' counsel had apparently done no

13  investigation up to that point into what types of documents the City of Vallejo had, or made any

14  attempts to preserve such documents. (See Clune Decl. Ex. B.)  For example, Defendants'

15  counsel stated they were unsure what documents Vallejo had in its possession (particularly

16  because some documents had apparently been given to the FBI, although Defendants' counsel

17  did not know which documents).  (Id.)  Defendants' counsel further stated they were unsure what

18  electronic systems their clients used (including laptops, hard drives, server systems, Cloud-based

19  Internet services, and the like) or what steps had been taken to preserve electronic documents in

20  this case (and, specifically, that they were unaware of any efforts to disable auto-delete functions

21  of electronic documents).  (Id.) Defendants' counsel were also unsure of what steps had been

22  taken to avoid destruction of hardcopy documents, and they did not know where other physical

23  evidence was, including Ms. Huskins's SART test.  (Id.)  This was especially troubling given

24  that Defendants' duty to preserve documents arose in March of 2015, when the kidnapping,

25  investigation, and press release forming the heart of this case occurred.  See Apple Inc. v.

26  Samsung Elecs. Co., Ltd. 888 F. Supp. 2d 976, 991 (N.D. Cal. 2012) ("[A]s soon as a potential

27  claim is identified, a litigant is under a duty to preserve evidence which it knows or reasonably

28  should know is relevant to the action.")  It is also troubling given that Defendants have produced

1   virtually no internal emails—and *no* text messages whatsoever—during the crucial time period

2   from when Ms. Huskins went missing on March 23, 2015 to when Defendants held their

3   outrageous press conference on March 25, 2013.

4          Given Plaintiffs' concerns, and the fact that there might still be sources of ESI or other

5   documents that have not been identified or preserved by Defendants, Plaintiffs want to be able to

6   propound a 30(b)(6) deposition notice now solely as to document identification- and

7   preservation-related issues.  At the same time, because discovery is just beginning and no

8   percipient witness depositions have occurred, and because many documents remain to be

9   discovered from Defendants and various third parties, Plaintiffs are not in a position to issue an

10  exhaustive 30(b)(6) notice to the City of Vallejo as to all substantive issues in this case.  Further,

11  although the Federal Rules are clear that more than one witness can be designated to testify in

12  response to a 30(b)(6) notice without it counting as more than "one" deposition for purposes of

13  the ten-deposition limit of Rule 30, (see Adv. Comm. Notes on 1993 Amendments to Fed. R.

14  Civ. P. 30(a)(2)(A)), Plaintiffs recognize some courts have held parties are limited to issuing just

15  one 30(b)(6) deposition notice.  See, e.g., Terry v. Unified Gov't of Wyandotte Cty., No. 09-

16  2094-EFM KGG, 2011 WL 795816, at *3 (D. Kan. Mar. 1, 2011); but see, e.g., Quality Aero

17  Tech., Inc. v. Telemetrie Elektronik GmbH, 212 F.R.D. 313, 319 (E.D.N.C. 2002).  Thus, in an

18  abundance of caution and in order to avoid any later dispute, Plaintiffs attempted to obtain

19  agreement from Defendants to allow them to propound a 30(b)(6) notice now on topics solely

20  related to document identification and preservation without waiving their rights to issue a

21  subsequent notice later.

22          As demonstrated by the unambiguous email exchanges between counsel identified above,

23  Defendants initially agreed to Plaintiffs' proposal, and did so *after* they had already been

24  provided with an advanced copy of the notice Plaintiffs actually propounded.  Then, Defendants

25  inexplicably rescinded that agreement after the notice was formally served.  Plaintiffs attempted

26  to meet-and-confer with Defendants to resolve the issue as to the number of 30(b)(6) notices

27  Plaintiffs would be allowed to propound, but were unable to resolve the matter.  Thus, Plaintiffs

28  had no choice but to seek assistance from the Court.

KERR
&
WAGSTAFFE
LLP

1    As discussed above, it is not at all clear that parties are limited to propounding just one

2    30(b)(6) notice. See, e.g., Quality Aero Tech., 212 F.R.D. at 319. But, to the extent they are,

3    only a showing of "good cause" is required to alter any limitations the Federal Rules impose on

4    depositions. Fed. R. Civ. P. 26(b)(2)(A). Here, Plaintiffs have demonstrated good cause. The

5    need to take a deposition now relates solely to the identification and preservation of relevant

6    sources of ESI and other documents. Having such information at the outset of this case will

7    streamline the parties' discovery efforts and minimize later disputes regarding whether

8    potentially discoverable information was identified and preserved throughout the course of this

9    litigation. In addition, the witnesses with actual knowledge regarding these issues (e.g., staff in

10   Vallejo's IT department) will undoubtedly be different individuals than the police officers and

11   other key fact witnesses in this matter, meaning it is likely that multiple depositions will occur

12   regardless of how many notices are issued. Further, although there is urgency to Plaintiffs' need

13   to obtain information on Defendants' preservation efforts—if for no other reason than to ensure

14   potentially responsive documents that still exist are not destroyed during the course of this

15   litigation—Plaintiffs should not be forced to identify at the outset of discovery all of the other,

16   substantive topics on which they will need to depose the City of Vallejo. Thus, Plaintiffs have

17   demonstrated good cause for being allowed to issue more than one 30(b)(6) deposition notice.

18   Moreover, Defendants are simply incorrect that allowing an additional 30(b)(6) notice

19   will cause any additional burden on them. After all, even under Defendants' preferred

20   approach—where Plaintiffs only issue one 30(b)(6) notice—Plaintiffs could include all of the

21   exact same topic areas. All Plaintiffs are asking for is to logically sequence what will almost

22   inevitably be multiple depositions anyway. That means identifying and addressing issues

23   regarding document preservation and retention up front, even if it is not yet the appropriate time

24   to obtain binding admissions from the City regarding (among other things) what Defendants

25   knew about Ms. Huskins's disappearance before they slandered Plaintiffs on national television,

26   and when exactly Defendants knew that information.

27   Thus, this Court should issue an order that Plaintiffs may propound a 30(b)(6) notice in

28   addition to that already propounded here (which is attached as Exhibit H to the Clune

1    Declaration submitted herewith).[3]

2    **V.    DEFENDANTS' POSITION IN OPPOSITION TO THE MOTION**

3           Generally, Rule 30 contemplates that a plaintiff may depose each defendant one time, in a

4    deposition of no longer than 7 hours on one day.  Fed. R. Civ. P. 30(a) & (d).  Depositions

5    exceeding this scope require a stipulation of the parties or leave of court.  Deviating from this

6    normal limit requires a showing of some kind of need.  *Blackwell v. City and County of San*

7    *Francisco*, 2010 WL 2608330 at *1-*2 (N.D. Cal. 2010) (denying second deposition where its

8    subject matter could have been covered in the first deposition); *Presidio Components, Inc. v.*

9    *American Technical Ceramics, Inc*. 2009 WL 861733 at *4 (S.D. Cal. 2009) (same); *Cuthbertson*

10   *v. Excel Indus., Inc*., 179 F.R.D. 599, 604-605 (D. Kansas 1998) (same); *Graebner v. James River*

11   *Corp*., 130 F.R.D. 440, 441-42 (N.D. Cal. 1989) (same).  Even *Quality Aero Tech., Inc. v.*

12   *Telemetrie Elektronik GmbH*, 212 F.R.D. 313 (E.D.N.C. 2002), the case most favorable to

13   plaintiffs' position, allowed the second Rule 30(b)(6) deposition to proceed after finding that it

14   was warranted by "newly-discovered information."  *Quality Aero Tech*., 212 F.R.D. at 319.

15          **A.     *Plaintiffs' Request Is Premature, Because They Are Unable To Identify Any***
16                   ***Need For A Second Deposition***

17          Plaintiffs can show no need for leave to take two depositions of the City, when the first

18   deposition has yet to be taken.  Plaintiffs now have the complete police report, including audio and

19   video files, all of the press releases, and all emails and text messages responsive to their Requests

20   for Production.  While plaintiffs express "concerns" that "there might still be sources of ESI or

21   other documents" not already included in the City's productions, plaintiffs do not explain why they

22   need a separate deposition based on this speculative concern.  Instead, plaintiffs argue only that

23   they "want to be able to propound" a Rule 30(b)(6) notice now "solely as to document

24

25   [3]      Given Plaintiffs' reliance on the parties' clear agreement before propounding the current
26   notice solely as to document identification and preservation issues, in no event should Plaintiffs
     be deemed to have already waived their rights to propound a notice on topics that include more
27   substantive questions.  If for some reason this Court holds that Plaintiffs have not demonstrated
     good cause for propounding two separate 30(b)(6) notices, the Court should permit Plaintiffs to
28   simply withdraw the already issued 30(b)(6) notice without prejudice.

1    identification- and preservation-related issues," because "discovery is just beginning" and they

2    "are not in a position to issue an exhaustive 30(b)(6) notice to the City of Vallejo as to all

3    substantive issues in this case." They assert that they should not "be forced to identify at the outset

4    of discovery all of the other, substantive topics on which they will need to depose the City of

5    Vallejo."

6          Plaintiffs' argument could be applied to every party in every case, for every case is at some

7    point at the beginning of discovery, with the parties feeling unprepared to take the complete

8    deposition of the opposing side. Yet the federal rules do not permit parties to take multiple

9    depositions of their opponent, just because they do not feel prepared early on in the litigation. The

10   federal rules expect the noticing parties to get prepared for the one deposition that that they are

11   allowed of their opponent, even if that preparation forces them to identify at the outset of discovery

12   all of the substantive topics to be covered in the deposition. If plaintiffs do not feel ready to take

13   the City's deposition now, they may defer it to later. Serial depositions of a single corporation are

14   costly, burdensome, and offer the unfair strategic advantage of "multiple bites at the apple." *State*

15   *Farm Mut. Auto. Ins. Co v. New Horizont*, 254 F.R.D. 227, 235 (E.D. Penn. 2008). If a party is

16   allowed to take two depositions of its opponent, merely by designating the first one as related to

17   document preservation only, and the second one as substantive, the one-deposition rule would

18   become a two-deposition rule, a prospect that is unfair, uneconomical, and non-compliant with

19   federal rules. *Graebner*, 130 F.R.D. at 441-42.

20         If plaintiffs want to take the City's deposition, they should identify the topics of, and

21   prepare for, the full deposition. If, after they have taken this deposition, plaintiffs later discover

22   additional areas of inquiry that they believe they were unfairly unable to explore in the first

23   deposition, then it may be appropriate, at that time, to seek a stipulation of the parties or leave of

24   court to take a second deposition. Should they make that request, defendants and the Court would

25   be much better situated to understand the scope of the additional deposition sought, and the

26   rationale for permitting it. Presently, plaintiffs' motion is premature, and should be denied.

27

28


K E R R
——— & ———
W A G S T A F F E
LLP

Case No. 2:16-cv-00603-TLN-EFB                    JOINT STATEMENT RE DISCOVERY DISAGREEMENT

### B.   Plaintiffs' Request To Take Two Depositions Of The City Is Burdensome And Not Proportional To The Needs Of The Case

Permissible discovery must be relevant to a "claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1); *Roberts v. Clark County Sch. Dist.*, 312 F.R.D. 594, 603 (D. Nev. 2016) (discussing 2015 FRCP amendments and stating that "lawyers must size and shape their discovery requests to the requisites of a case" and "eliminate unnecessary or wasteful discovery"). In this case, an order for a second deposition of the City, before a first deposition has been taken, is not permissible discovery, because its burden outweighs its likely benefit.

### 1.   Two Depositions Of The City Would Be Burdensome

Serial depositions of a corporate entity may be as costly and burdensome, if not more so, as serial depositions of an individual. *New Horizont*, 254 F.R.D. at 235. Both types of depositions require deponent preparation and travel, as well as the actual time at deposition. *Id*. Plaintiffs attempt to downplay the burden by asserting in this Joint Statement that their first deposition seeks only testimony from "staff in Vallejo's IT department." This assertion is contradicted by the notice of deposition itself, as well as by the parties' meet-and-confer on November 7 regarding the scope of the notice. Motooka Decl. at ¶¶ 9-10 & Exh. D attached thereto.

For example, Topic No. 1, designated in plaintiffs' notice, seeks the person most knowledgeable ("PMK") on the Vallejo Police Department's document and information retention practices and policies, a much broader area than "IT." Topic No. 2 seeks the PMK on the "physical" document archive. Topic No. 3 wants the PMK on the practices within the Vallejo Police Department's evidence room. Topic No. 5 seeks the PMK on the City's compliance with the California Public Records Act generally, while Topic No. 6 seeks the PMK on the City's specific response to plaintiffs' public records act request. Topic No. 10, as clarified by plaintiffs' counsel during the meet and confer of November 7, seeks information about how the Vallejo Police

1   Department uses the Constant Contact program. Motooka Decl. at ¶ 10. Topic No. 12 seeks the

2   City's PMK on how the Vallejo Police Department shared information with the FBI regarding the

3   Huskins case. The range of these topics far exceeds document identification and preservation

4   within the IT department.

5       There could be significant overlap between these first deposition topics and the

6   "substantive" topics that plaintiffs reference for a second deposition. Some of the same witnesses

7   may be called, depending on the contents of the second deposition notice. Some of the same topics

8   may arise in the second deposition, potentially leading to further disputes and motions practice

9   over the propriety of revisiting subjects in the second deposition, which should have been

10  exhausted in the first. Plaintiffs can make no assurances to the contrary, because they profess not

11  to know what their "substantive" topics will be, other than what defendants knew and when they

12  knew it, "among other things."

13      Two depositions would be burdensome.

14                      **2.      The Burden Of Two Depositions Outweighs The Likely Benefit**

15      According to plaintiffs, the benefit of taking two depositions is to "streamline the parties'

16  discovery efforts and minimize later disputes." Plaintiffs offer no rationale as to why two

17  depositions should be considered a streamlined version of one deposition. Nor do plaintiffs

18  articulate why two depositions would minimize later disputes, when two depositions would

19  potentially generate additional disputes regarding topic overlap. Nor have plaintiffs identified,

20  based on the document productions that they have already received, any grounds to believe that

21  their contemplated "document retention" deposition will uncover any probative evidence worth

22  the burden and expense. Plaintiffs' request to take two depositions of the City, at this point in the

23  litigation, is not proportional to the needs of the case.

24  **VI.    CONCLUSION**

25      **Plaintiffs' Position:**

26      Plaintiffs are making a very straightforward and reasonable request. Given that the

27  document identification and preservation issues are wholly discrete from the underlying

28  substantive issues in the case—such as, what Defendants knew about Ms. Huskins's



Case No. 2:16-cv-00603-TLN-EFB                     JOINT STATEMENT RE DISCOVERY DISAGREEMENT

1    disappearance and when they knew it—there is no valid basis for Defendants to resist this

2    request.  Allowing an additional deposition *notice* will not likely increase the number of actual

3    depositions that occur because Defendants will likely identify multiple 30(b)(6) deponents in any

4    event.  Plaintiffs should not be forced to gamble between ensuring that ESI is preserved in the

5    course of this litigation, on the one hand, and being able to adequately obtain the City's position

6    as to the key issues of liability in dispute once the facts have been developed in greater detail, on

7    the other.  Thus, the Court should allow Plaintiffs to propound the 30(b)(6) deposition notice

8    attached as Exhibit H to the Clune Declaration, without forfeiting their rights to propound an

9    additional notice later on.

10       **Defendants' Position:**

11       Plaintiffs are asking for a second bite at the apple, before they have even taken their first.

12   The federal rules contemplate one deposition of each party.  Plaintiffs cannot explain why one

13   deposition of the City will not be enough.  They have cited to no authority that supports their

14   assertion that multiple depositions of the City are permissible under the circumstances.  Plaintiffs

15   also omit to acknowledge that persons designated to testify on more than one topic may wish to

16   appear at deposition only once, a convenience that may be foreclosed to them if the deposition

17   notice is not required to identify all of the topics.  In addition, as shown on the face of the proposed

18   Rule 30(b)(6) notice, the scope of plaintiffs' purported "document identification and retention"

19   deposition is not limited to document-retention issues, an inconsistency that will potentially lead

20   to future disputes about the proper scope and fairness of the second deposition.  Finally, plaintiffs

21   do nothing to address why their supposed document-retention deposition notice includes so many

22   topics that are not limited to document retention.

23       Plaintiffs' request to take two depositions of the City should be denied as premature, unfair,

24   and uneconomical.

25

26

27

28



1

2

3     Date:  January 11, 2017

4

5

6

7

8

9     Date:  January 11, 2017

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Respectfully submitted,

**KERR & WAGSTAFFE LLP**

By:   /s/ Kevin B. Clune
      KEVIN B. CLUNE

      Attorneys for Plaintiffs
      DENISE HUSKINS and AARON QUINN

**CREGGER & CHALFANT LLP**

By:    /s/ Wendy Motooka
      ROBERT L. CHALFANT, SBN 203051
      WENDY MOTOOKA, SBN 233589

      Attorneys for Defendants
      CITY OF VALLEJO, KENNY PARK, and
      MATTHEW MUSTARD

KERR
&
WAGSTAFFE
LLP

Case No. 2:16-cv-00603-TLN-EFB          JOINT STATEMENT RE DISCOVERY DISAGREEMENT