1  JAMES M. WAGSTAFFE (95535)
   wagstaffe@kerrwagstaffe.com
2  KEVIN B. CLUNE (248681)
   clune@kerrwagstaffe.com
3  KENNETH P. NABITY (287927)
   nabity@kerrwagstaffe.com
4  **KERR & WAGSTAFFE LLP**
   101 Mission Street, 18th Floor
5  San Francisco, CA 94105–1727
   Telephone: (415) 371-8500
6  Fax: (415) 371-0500

7  Attorneys for Plaintiffs
   DENISE HUSKINS and AARON QUINN
8

9                    **UNITED STATES DISTRICT COURT**

10                   **EASTERN DISTRICT OF CALIFORNIA**

11

12
   DENISE HUSKINS and AARON QUINN,          Case No. 2:16-cv-00603-TLN-EFB
13
                    Plaintiffs,
14                                           **DECLARATION OF KEVIN CLUNE IN
                                             SUPPORT OF THE JOINT
15         v.                                STATEMENT RE DISCOVERY
                                             DISAGREEMENT**
16 CITY OF VALLEJO, a public entity, KENNY
   PARK, MATHEW MUSTARD, and DOES 1-         Date: Jan. 18, 2017
17 25,                                       Time: 10:00 a.m.
                                             Courtroom: 8, 13th Floor
18                Defendants.                Judge: Hon Edmund F. Brennan

19

20

21

22

23

24

25

26

27

28

KERR
—&—
WAGSTAFFE
LLP

I, Kevin Clune, make this declaration of my own personal knowledge, and, if called as a witness, I could and would testify competently to the facts set forth below.

1.  I am a partner at Kerr & Wagstaffe LLP, counsel for Plaintiffs Denise Huskins and Aaron Quinn ("Plaintiffs").

2.   This declaration is submitted in support of Plaintiffs' Joint Statement re Discovery Disagreement, filed January 11, 2017.

3.  On August 3, 2016, James Wagstaffe, counsel for Plaintiffs, sent a meet-and-confer letter via U.S. mail and email to Roger Chalfant, counsel for Defendants, regarding Defendants' deficient document preservation efforts. A true and correct copy of that letter is attached hereto as **Exhibit B**.

4.  On September 7, 2016, I sent an email to Robert Chalfant and Wendy Motooka, counsel for Defendants, regarding Plaintiffs' intention to issue two 30(b)(6) deposition notices to City of Vallejo. I asked Defendants' counsel to agree that Plaintiffs' issuance of a 30(b)(6) notice on limited document-related issues would not waive Plaintiffs' right to propound a subsequent 30(b)(6) notice to City of Vallejo on substantive issues. I attached a copy of Plaintiffs' proposed 30(b)(6) notice to the email. A true and correct copy of that email is attached hereto as **Exhibit C**.

5.  On September 9, 2016, I received an email from Wendy Motooka indicating that Defendants' counsel would soon respond to my September 7 email. A true and correct copy of that email is attached hereto as **Exhibit D.**

6.  On September 28, 2016, I emailed Wendy Motooka and Robert Chalfant to follow up on my September 7 email because I had not heard back from them. A true and correct copy of that email is attached hereto as **Exhibit E**.

7.  Between September 29, 2016 and October 27, 2016, I further corresponded by email with Defendants' counsel regarding Plaintiffs issuing two 30(b)(6) notices to City of Vallejo. A true and correct copy of that email string is attached hereto as **Exhibit F**.

8.      On October 20, 2016, my office served a Notice of Deposition to City of Vallejo Pursuant to Federal Rule of Civil Procedure 30(b)(6). A true and correct copy of that Notice is attached hereto as **Exhibit H**.

9.      Between November 2, 2016 and December 22, 2016, I corresponded by email with Defendants' counsel regarding Defendants' ESI production, the parties' dispute about multiple 30(b)(6) notices, and Plaintiffs' intention to draft a Joint Statement pursuant to Local Rule 251. A true and correct copy of that email string is attached hereto as **Exhibit G**.

10.     On November 7, 2016, I met-and-conferred with Defendants' counsel by phone regarding whether the parties had previously reached an agreement about Plaintiffs issuing two 30(b)(6) depositions, or whether Plaintiffs would have to seek leave of court to do so. During the meet-and-confer, I also discussed with Defendants' counsel the scope of Plaintiffs' 30(b)(6) request.

11.     On November 21, 2016, I received Defendant City of Vallejo's only production of emails and ESI responsive to Plaintiffs' Requests for Production, Set One. Included in Defendants' production were comparatively few emails from the period between Ms. Huskins's disappearance on March 23, 2015 and Defendants' press conference on March 25, 2015. True and correct copies of those emails, Bates Stamped VALLEJO354, VALLEJO619 and VALLEJO481-485 are attached hereto as **Exhibit A**.

12.     On November 22, 2016, I sent an email to Wendy Motooka enclosing a draft of Plaintiffs' Joint Statement regarding the 30(b)(6) discovery disagreement. A true and correct copy of that email is attached hereto as **Exhibit G.**

1        I declare under penalty of perjury under the laws of the United States that the foregoing is

2 true and correct.

3        Executed on January 11, 2017.

4                              /s/ Kevin Clune

5                              KEVIN B. CLUNE

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# EXHIBIT A

| | |
|---|---|
| **From:** | Lee Horton <Lee.Horton@cityofvallejo.net> |
| **Sent:** | Tuesday, March 24, 2015 9:22 AM |
| **To:** | Jeff Bassett |
| **Cc:** | John Whitney; Andrew Bidou; Lee Horton |
| **Subject:** | Urgent - Mare Island detail |

Jeff,

I need you to hire an officer on overtime to be dedicated to patrolling Mare Island only starting at 1830 hrs tonite, and ending at 0600 on Thursday morning. This can be a single officer car. The officers who work the detail need to be willing to stop and talk to residents and business owners to alleviate their concerns about the alleged kidnapping. This is not an enforcement detail. It is about increased visibility.

The officer who works tonite needs to start the detail at #2 Florida at 1830 hrs where the Chief will be addressing Neighborhood Watch block captains and then he or she can head over to Mare Island for the patrol.

Please let the Chief and O know when it is filled. I CC'ED John in case he has a Safenet on tonite.

If you can't find an overtime person, then reassign patrol for the duration.

Thanks,
Captain Horton

**Lee Horton #543**
**Captain**
City of Vallejo | Police Department | Operations Command
(707) 648-4653 |lee.horton@cityofvallejo.net
Sent via Samsung S5

-------- Original message --------
From: City of Vallejo <kenny.park@cityofvallejo.net>
Date:03/24/2015 01:04 (GMT-08:00)
To: Lee Horton <Lee.Horton@cityofvallejo.net>
Subject: Kidnapping for Ransom UPDATE case #15-3817

Having trouble viewing this email? Click here

1

VALLEJO
354

**From:** marivera100@comcast.net [mailto:marivera100@comcast.net]
**Sent:** Tuesday, March 24, 2015 9:40 AM
**To:** Christina Encarnacion
**Subject:** Re: The Chief of Police would like to meet with you tonight

Yes Christina, I will be there. Do you need someone to bring water or anything?
Mary Ann Rivera

---

**From:** "Christina Encarnacion" <Christina.Encarnacion@cityofvallejo.net>
**To:** bmit3866@yahoo.com, cpgraham@sbcglobal.net, phecda@comcast.net, Defagan@yahoo.com, jducharme@pacbell.net, jasongouw@gmail.com, jbgoose1120@yahoo.com, justinackmann@gmail.com, kevinishe@yahoo.com, kimkulish@gmail.com, sirlancelot2750@gmail.com, Lbiniasz@hotmail.com, miguelinsa@gmail.com, paulcotten@mac.com, pwilke@yahoo.com, rommelgomez1@gmail.com, marivera100@comcast.net, "pma susan" <pma_susan@yahoo.com>
**Sent:** Tuesday, March 24, 2015 9:12:24 AM
**Subject:** The Chief of Police would like to meet with you tonight

Hello Everyone,

Can you all please get the word out that the Chief of Police would like to call an emergency meeting with all of your neighbors tonight at 2 Florida St at 6:30 regarding the kidnapping that took place on the Island Monday morning. Please respond to this email and let me know you have received it.

Tina Encarnacion
Vallejo Police Department
Community Services Specialist
707-651-7184

1

## John Whitney

**From:** Kenny Park
**Sent:** Tuesday, October 27, 2015 6:44 PM
**To:** John Whitney
**Subject:** FW: Sid and Kenny please see this email I received, purportedly from kidnapper of Denise

*Lieutenant Kenny Park*
*Code Enforcement/Community Services*
*Division Commander*
*Public Information Officer*
*Vallejo Police Department*
*Vallejo CA 94590*

**From:** Lee, Henry [mailto:HLee@sfchronicle.com]
**Sent:** Tuesday, March 24, 2015 3:24 PM
**To:** Kenny Park <Kenny.Park@cityofvallejo.net>
**Subject:** RE: Sid and Kenny please see this email I received, purportedly from kidnapper of Denise

Thanks Kenny

Henry
415-298-5969 cell

**From:** Kenny Park [Kenny.Park@cityofvallejo.net]
**Sent:** Tuesday, March 24, 2015 3:16 PM
**To:** Lee, Henry
**Subject:** RE: Sid and Kenny please see this email I received, purportedly from kidnapper of Denise

Hi Henry,

I just wanted to let you know that we haven't forgotten about you. The Detectives are trying to verify some information and if we discover anything, you're the first one we'll call.

Thanks for your patience.

*Lieutenant Kenny Park*
*Vallejo Police Dept.*
*Services Division Commander &*
*External Training Manager*
*111 Amador Street*
*Vallejo CA 94590*

**Please take note my new email address
kenny.park@cityofvallejo.net

1

**From:** Lee, Henry [mailto:HLee@sfchronicle.com]
**Sent:** Tuesday, March 24, 2015 12:55 PM
**To:** sdejesus@ci.vallejo.ca.us; kpark@ci.vallejo.ca.us
**Cc:** Kenny Park
**Subject:** Sid and Kenny please see this email I received, purportedly from kidnapper of Denise

Sid and Kenny good seeing you today at presser. See below. Forwarding to u in the event it is not a prank. Please advise if u think this is legitimate.


Henry Lee
SF Chronicle
415 298 5969 cell


Sent from my iPhone

Begin forwarded message:

> **From:** Denise Huskins <ajquinn@live.com>
> **Date:** March 24, 2015 at 12:23:11 PM PDT
> **To:** <hlee@sfchronicle.com>
> **Subject: Denise**
>
> As stated, Ms. Lee will be returned safely tomorrow. We will send a link to her location after she has been dropped off. She will be in good health and safe while she waits.
> Any advance on us or our associates will create a dangerous situation for Denise. Wait until she is recovered and then proceed how you will. We will be ready.
> http://dropcanvas.com/buofr

2

**John Whitney**

| | |
|---|---|
| **From:** | Kenny Park |
| **Sent:** | Tuesday, October 27, 2015 6:44 PM |
| **To:** | John Whitney |
| **Subject:** | FW: Sid and Kenny please see this email I received, purportedly from kidnapper of Denise |


*Lieutenant Kenny Park*
*Code Enforcement/Community Services*
*Division Commander*
*Public Information Officer*
*Vallejo Police Department*
*Vallejo CA 94590*

**From:** Lee, Henry [mailto:HLee@sfchronicle.com]
**Sent:** Tuesday, March 24, 2015 1:03 PM
**To:** Kenny Park <Kenny.Park@cityofvallejo.net>
**Cc:** Sernoffsky, Evan <ESernoffsky@sfchronicle.com>
**Subject:** Re: Sid and Kenny please see this email I received, purportedly from kidnapper of Denise


Kenny can you give my colleague Evan Sernoffsky a ring re whether this is authentic or not? The audio file purports to be from Denise and she mentions a couple of things like Blink 182 and today's plane crash. We want to see if we should discount or authenticate. He is cc'd here. His work line is 415 777 6212 and cell is 415 972 9850

Thx Henry
415 298 5969

Sent from my iPhone

On Mar 24, 2015, at 12:57 PM, Kenny Park <Kenny.Park@cityofvallejo.net> wrote:

> Thank you Henry, much appreciated.  Take care
>
> *Lieutenant Kenny Park*
> *Vallejo Police Dept.*
> *Services Division Commander &*
> *External Training Manager*
> *111 Amador Street*
> *Vallejo CA 94590*
>
> **Please take note my new email address
> kenny.park@cityofvallejo.net

1

**From:** Lee, Henry [mailto:HLee@sfchronicle.com]
**Sent:** Tuesday, March 24, 2015 12:55 PM
**To:** sdejesus@ci.vallejo.ca.us; kpark@ci.vallejo.ca.us
**Cc:** Kenny Park
**Subject:** Sid and Kenny please see this email I received, purportedly from kidnapper of Denise

Sid and Kenny good seeing you today at presser. See below. Forwarding to u in the event it is not a prank. Please advise if u think this is legitimate.


Henry Lee
SF Chronicle
415 298 5969 cell


Sent from my iPhone

Begin forwarded message:

> **From:** Denise Huskins <ajquinn@live.com>
> **Date:** March 24, 2015 at 12:23:11 PM PDT
> **To:** <hlee@sfchronicle.com>
> **Subject: Denise**
>
> As stated, Ms. Lee will be returned safely tomorrow. We will send a link to her location after she has been dropped off. She will be in good health and safe while she waits.
> Any advance on us or our associates will create a dangerous situation for Denise. Wait until she is recovered and then proceed how you will. We will be ready.
>
> http://dropcanvas.com/buofr

2

VALLEJO
484

**John Whitney**

| | |
|---|---|
| **From:** | Kenny Park |
| **Sent:** | Tuesday, October 27, 2015 6:43 PM |
| **To:** | John Whitney |
| **Subject:** | FW: Sid and Kenny please see this email I received, purportedly from kidnapper of Denise |

*Lieutenant Kenny Park*
*Code Enforcement/Community Services*
*Division Commander*
*Public Information Officer*
*Vallejo Police Department*
*Vallejo CA 94590*

**From:** Lee, Henry [mailto:HLee@sfchronicle.com]
**Sent:** Tuesday, March 24, 2015 12:55 PM
**To:** sdejesus@ci.vallejo.ca.us; kpark@ci.vallejo.ca.us
**Cc:** Kenny Park <Kenny.Park@cityofvallejo.net>
**Subject:** Sid and Kenny please see this email I received, purportedly from kidnapper of Denise

Sid and Kenny good seeing you today at presser. See below. Forwarding to u in the event it is not a prank. Please advise if u think this is legitimate.

Henry Lee
SF Chronicle
415 298 5969 cell

Sent from my iPhone

Begin forwarded message:

> **From:** Denise Huskins <ajquinn@live.com>
> **Date:** March 24, 2015 at 12:23:11 PM PDT
> **To:** <hlee@sfchronicle.com>
> **Subject: Denise**
>
> As stated, Ms. Lee will be returned safely tomorrow. We will send a link to her location after she has been dropped off. She will be in good health and safe while she waits.
> Any advance on us or our associates will create a dangerous situation for Denise. Wait until she is recovered and then proceed how you will. We will be ready.
>
> http://dropcanvas.com/buofr

1

# EXHIBIT B



KERR
&
WAGSTAFFE

LLP

ATTORNEYS

101 MISSION STREET, 18TH FLOOR
SAN FRANCISCO, CALIFORNIA 94105-1727

TELEPHONE (415) 371-8500
FACSIMILE (415) 371-0500
WWW.KERRWAGSTAFFE.COM

JAMES M. WAGSTAFFE
E-MAIL: WAGSTAFFE@KERRWAGSTAFFE.COM

August 3, 2016

**VIA U.S. MAIL AND E-MAIL**

Roger L. Chalfant
**CREGGER & CHALFANT LLP**
701 University Ave #110
Sacramento, CA 95825
rlc@creggerlaw.com

> Re:   *Aaron Quinn and Denise Huskins v. Vallejo Police Department*
>        *Case No. 2:16-cv-00603-TLN-EF*

Dear Mr. Chalfant:

As you know, we participated in a Federal Rule of Civil Procedure 26(f) conference with you on July 29, 2016. As we stated during those discussions, you failed to comply with your obligations concerning discovery during that conference. This letter is intended to memorialize our concerns about your conduct and insist that you immediately participate in discovery.

Rule 26 requires all parties to meet at the outset of the case concerning discovery-related matters. At that conference, "the parties must consider the nature and basis of their claims and defenses and the possibilities for promptly settling or resolving the case; make or arrange for the disclosures required by Rule 26(a)(1); discuss any issues about preserving discoverable information; and develop a proposed discovery plan." Fed. R. Civ. P. 26(f)(2).

At our Rule 26(f) conference here you simply refused to discuss discovery at all. Among other things, you refused to discuss the identity of potentially relevant witnesses, the location of potentially relevant documents, the subjects on which discovery may be needed, the phasing of discovery, the existence of electronically stored information and how to ensure its preservation, and you did not confirm the nature of any insurance Defendants may have regarding this case. Discussion of these issues is required by the Federal Rules. Fed. R. Civ. Proc. 26(f)(3). You failed to provide this information even though Plaintiffs' counsel was willing to provide (and indeed, did provide) this

information to you.  You further stated that you would not be providing your initial disclosures, in violation of Rule 26(a).

You attempted to justify your refusal to discuss discovery related matters based on two basic objections, neither of which have merit.

First you claimed that you did not have to discuss discovery-related matters because discovery was not open yet.  That is wholly incorrect.  Under the Federal Rules, discovery commences on the date of the Rule 26(f) conference.  <u>See</u> Fed. R. Civ. P. 26(d). Thus, there is no basis for your claim that discovery is somehow still closed.

You then incorrectly stated that, even if discovery would normally commence at the Rule 26(f) conference, discovery here was somehow stayed automatically by the filing of your two dispositive motions—a 12(b)(6) motion and an anti-SLAPP motion, respectively.  You offered no authority in support of that position, and it is wrong as a matter of law.  The mere filing of a dispositive motion, such as a motion to dismiss, does not stay discovery.  "The Federal Rules of Civil Procedure do[] not provide for automatic or blanket stays of discovery when a potentially dispositive motion is pending.  Indeed, district courts look unfavorably upon such blanket stays of discovery."  <u>Mlejnecky v. Olympus Imaging Am., Inc.</u>, No. 2:10-CV-02630, 2011 WL 489743, at *6 (E.D. Cal. Feb. 7, 2011); <u>see also</u> <u>Skellerup Indus. Ltd. v. City of Los Angeles</u>, 163 F.R.D. 598, 600–01 (C.D. Cal. 1995) ("Had the Federal Rules contemplated that a motion to dismiss under Fed. R. Civ. P. 12(b)(6) would stay discovery, the Rules would contain a provision for that effect.  In fact, such a notion is directly at odds with the need for expeditious resolution of litigation.")  Similarly, the filing of an anti-SLAPP motion in federal court likewise does not stay discovery because federal—and not state—procedural law applies in federal court.  <u>Metabolife Int'l, Inc. v. Wornick</u>, 264 F.3d 832, 846 (9th Cir. 2001). That is particularly true where, as here, the issues in dispute under the anti-SLAPP motion relate to factual matters.  <u>Wilburn v. Bratcher</u>, No. 215CV00699TLNGGH, 2015 WL 9490242, at *5 (E.D. Cal. Dec. 30, 2015).  Thus, there is no basis for your position that the filing of your two motions automatically stays discovery.

Second, you argued that the fact that there is a related criminal proceeding means that discovery cannot proceed in this matter.  Again, you provided no support for that assertion, which is incorrect as a matter of law.  There is no provision of the Federal Rules that automatically stays discovery of civil matters pending resolution of related criminal matters.  While it is true that a party may ask the Court to stay discovery, it is necessary to affirmatively move the court to obtain such relief, <u>see</u> <u>Edward/Ellis v. New United Motors Mfg. Inc.</u>, No. C 07-05452 WHA, 2008 WL 4712602, at *1 (N.D. Cal. Oct. 22, 2008), which Defendants have obviously not done here.  And even then, the moving party bears a "heavy burden of making a 'strong showing' why discovery should be denied," <u>Estate of Lopez v. Suhr</u>, No. 15-CV-01846-HSG, 2016 WL 1639547, at *4 (N.D. Cal. Apr. 26, 2016) (citations omitted), which again Defendants have not even attempted to demonstrate to the Court here.

Roger L. Chalfant
August 3, 2016
Page 3

In addition, it was also apparent during our Rule 26(f) conference that you had not done any of the necessary preparations ahead of the conference to even be able to meaningfully discuss these relevant topics.  You have apparently done no investigation of what documents your client even has, or made any attempts to preserve such documents despite Defendants being on notice of possible litigation for over a year-and-a half.  For example, you stated that you were unsure what documents your client even had (particularly because some of them had apparently been given to other law enforcement agencies, although you did not know which documents), you were unsure what electronic systems your clients used (including laptops, hard drives, server systems, Cloud-based Internet services, and the like), what steps had been taken to preserve electronic documents in this case (and specifically that you were unaware of any efforts to disable auto-delete functions of electronic documents), what steps had been taken to avoid destruction of hardcopy documents, and that you did not know where other physical evidence was (such as Ms. Huskins SART test).  The lack of awareness and diligence on your part concerning the identification and preservation of relevant documents is incredibly troubling in this matter, particularly because Defendants have been on notice since at least March 25, 2015 that this matter would likely result in litigation.  See Apple Inc. v. Samsung Elecs. Co., 888 F. Supp. 2d 976, 991 (N.D. Cal. 2012) ("[A]s soon as a potential claim is identified, a litigant is under a duty to preserve evidence which it knows or reasonably should know is relevant to the action.")

In light of the above, we demand that you agree to participate in the discovery process and, in particular, to provide the information required under Rules 26(a) and 26(f), and to respond to any requests for production or deposition notices Plaintiffs propound.  Further, because discovery-related issues are directly relevant to the pending anti-SLAPP motion, if you persist in refusing to participate in discovery, we will have no choice but to move, pursuant to Federal Rule of Civil Procedure 56(d) to defer consideration of the anti-SLAPP motion until such time as Plaintiffs can take necessary discovery to oppose it.

Please confirm no later than Monday, August 8, 2016 that you will participate in discovery.  If we do not hear from you, we will have no choice but to seek assistance from the Court, including possible sanctions for your failure to comply with the rules.

Very truly yours,

JAMES M. WAGSTAFFE

cc:      Wendy Motooka (wm@creggerlaw.com)

# EXHIBIT C

| | |
|---|---|
| **From:** | Kevin B. Clune |
| **Sent:** | Wednesday, September 07, 2016 4:32 PM |
| **To:** | Wendy Motooka; Robert Chalfant |
| **Cc:** | James M. Wagstaffe; Kenneth Nabity |
| **Subject:** | Huskins: 30(b)(6) |
| **Attachments:** | 187926_3.docx |

Robert and Wendy,

We are intending to issue a FRCP 30(b)(6) deposition notice on topics relating to document storage, preservation, and similar issues.  While in theory we could propound a 30(b)(6) notice as to all topics relevant to this case that we need to know from the City of Vallejo, we would be amenable to just issuing a 30(b)(6) notice as to these limited document-related issues, provided that you agree that the issuance of this notice does not waive our right to propound a subsequent 30(b)(6) notice on Vallejo later on (for example on more substantive topics going to liability).

Attached is a draft notice of what we intend to send.  Please let us know if you will agree that issuance of this notice will not affect our ability to propound another 30(b)(6) notice later on.

Best regards,

Kevin B. Clune
**Kerr & Wagstaffe LLP**
101 Mission Street, 18th Floor
San Francisco, California 94105
direct: 415-357-8915
main: 415-371-8500
fax: 415-371-0500
clune@kerrwagstaffe.com
www.kerrwagstaffe.com

1

# EXHIBIT D

**From:**               Wendy Motooka <wm@creggerlaw.com>
**Sent:**                Friday, September 09, 2016 10:11 AM
**To:**                  Kevin B. Clune; Robert Chalfant
**Cc:**                  James M. Wagstaffe; Kenneth Nabity
**Subject:**           RE: Huskins: 30(b)(6)

Kevin, we have received your emails about the draft protective order and PMK deposition notice. We're not ignoring you, but our calendar is very tight here at the moment (we're starting a federal trial today, and have a date with the Ninth Circuit on Monday).

I'm planning to contact you next week, perhaps on Tuesday. Would that work for you?

**Wendy Motooka**

Cregger & Chalfant LLP
701 University Avenue, Suite 110
Sacramento, CA 95825
Phone: 916.443-4443
Fax: 916.443-2124

This message is intended exclusively for the individual or entity to which it is addressed. This communication may contain information that is proprietary, privileged, confidential or otherwise legally exempt from disclosure. If you are not the named addressee, you are not authorized to read, print, retain, copy or disseminate this message or any part of it. If you have received this message in error, please notify the sender immediately and delete all copies of this message.

**From:** Kevin B. Clune [mailto:clune@kerrwagstaffe.com]
**Sent:** Wednesday, September 07, 2016 4:32 PM
**To:** Wendy Motooka; Robert Chalfant
**Cc:** James M. Wagstaffe; Kenneth Nabity
**Subject:** Huskins: 30(b)(6)

Robert and Wendy,

We are intending to issue a FRCP 30(b)(6) deposition notice on topics relating to document storage, preservation, and similar issues. While in theory we could propound a 30(b)(6) notice as to all topics relevant to this case that we need to know from the City of Vallejo, we would be amenable to just issuing a 30(b)(6) notice as to these limited document-related issues, provided that you agree that the issuance of this notice does not waive our right to propound a subsequent 30(b)(6) notice on Vallejo later on (for example on more substantive topics going to liability).

Attached is a draft notice of what we intend to send. Please let us know if you will agree that issuance of this notice will not affect our ability to propound another 30(b)(6) notice later on.

Best regards,

Kevin B. Clune
**Kerr & Wagstaffe LLP**

101 Mission Street, 18th Floor
San Francisco, California 94105
direct: 415-357-8915
main: 415-371-8500
fax: 415-371-0500
clune@kerrwagstaffe.com
www.kerrwagstaffe.com

# EXHIBIT E

| **From:** | Kevin B. Clune |
|---|---|
| **Sent:** | Wednesday, September 28, 2016 12:53 PM |
| **To:** | Wendy Motooka; Robert Chalfant |
| **Cc:** | James M. Wagstaffe; Kenneth Nabity |
| **Subject:** | RE: Huskins: 30(b)(6) |
| **Attachments:** | 187926_3.docx |

Wendy,

We never received a substantive response from you regarding the 30(b)(6) notice.  Can you confirm that you will agree to that issuance of this notice will not affect our ability to propound another 30(b)(6) notice later on?

Best regards,

Kevin B. Clune
**Kerr & Wagstaffe LLP**
101 Mission Street, 18th Floor
San Francisco, California 94105
direct: 415-357-8915
main: 415-371-8500
fax: 415-371-0500
clune@kerrwagstaffe.com
www.kerrwagstaffe.com

---

**From:** Kevin B. Clune
**Sent:** Wednesday, September 07, 2016 4:32 PM
**To:** 'Wendy Motooka'; Robert Chalfant
**Cc:** James M. Wagstaffe; Kenneth Nabity
**Subject:** Huskins: 30(b)(6)

Robert and Wendy,

We are intending to issue a FRCP 30(b)(6) deposition notice on topics relating to document storage, preservation, and similar issues.  While in theory we could propound a 30(b)(6) notice as to all topics relevant to this case that we need to know from the City of Vallejo, we would be amenable to just issuing a 30(b)(6) notice as to these limited document-related issues, provided that you agree that the issuance of this notice does not waive our right to propound a subsequent 30(b)(6) notice on Vallejo later on (for example on more substantive topics going to liability).

Attached is a draft notice of what we intend to send.  Please let us know if you will agree that issuance of this notice will not affect our ability to propound another 30(b)(6) notice later on.

Best regards,

Kevin B. Clune
**Kerr & Wagstaffe LLP**
101 Mission Street, 18th Floor
San Francisco, California 94105
direct: 415-357-8915

1

main: 415-371-8500
fax: 415-371-0500
clune@kerrwagstaffe.com
www.kerrwagstaffe.com

# EXHIBIT F

**From:**          Wendy Motooka <wm@creggerlaw.com>
**Sent:**          Thursday, October 27, 2016 9:30 AM
**To:**            Kenneth Nabity
**Cc:**            Robert Chalfant; James M. Wagstaffe; Kevin B. Clune
**Subject:**       RE: Huskins: 30(b)(6)


  Yes, I believe we are at an impasse, as I do not understand -- nor have you attempted to explain -- why you require two (or possibly more?) depositions of the same entity witness at different times, regarding topics that you are unable to identify with any specificity at this time.


Wendy Motooka

Cregger & Chalfant LLP
701 University Avenue, Suite 110
Sacramento, CA 95825
Phone: 916.443-4443
Fax: 916.443-2124
This message is intended exclusively for the individual or entity to which it is addressed. This communication may contain information that is proprietary, privileged, confidential or otherwise legally exempt from disclosure. If you are not the named addressee, you are not authorized to read, print, retain, copy or disseminate this message or any part of it. If you have received this message in error, please notify the sender immediately and delete all copies of this message.

-----Original Message-----
From: Kenneth Nabity [mailto:nabity@kerrwagstaffe.com]
Sent: Wednesday, October 26, 2016 9:25 PM
To: Wendy Motooka
Cc: Robert Chalfant; James M. Wagstaffe; Kevin B. Clune
Subject: Re: Huskins: 30(b)(6)


Please confirm that-contrary to the clear agreement in the emails below-you agree that we are at an impasse and need to seek approval from the Court to preserve our ability to serve a second FRCP 30(b)(6) notice.  Once we receive confirmation from you, we will begin drafting the Joint Statement pursuant to Local Rule 251.

We will wait to meet and confer about the proposed topics until after the Court has decided our motion.

Sent from my iPhone

On Oct 26, 2016, at 3:48 PM, Wendy Motooka <wm@creggerlaw.com<mailto:wm@creggerlaw.com>> wrote:

  We disagree that there is any "prior agreement" to rescind.  The City is preserving all of its objections to future notices, as is its right.  If you want to amend your current notice to include additional topics, I do not believe that the rules would prevent that.

  If, instead, you want to move the Court for leave to depose the City twice in this case, the first time with regards to document storage and preservation only - before you have even received our ESI production in response to your RFP (Set One) (we are still working on completing the searches you requested) and before the pending motions have been decided - that is your prerogative.  Given the present posture of the case, I do not understand why you would be disinclined to wait until the pleadings have settled before taking a party's deposition.  Under Rule 26, discovery should

1

be proportional to the needs of the case, and here that need is clouded with uncertainty. The burden of seriatim depositions, if that is what you are proposing, is somewhat clearer.

  With respect to the topics in your current notice that require further clarification, they are: No. 1, No. 2, No. 3, No. 5, No. 6, No. 10, No. 11, and No. 12. We actually need to know more specifically the nature of the information that you will be seeking, because we are not able to identify the appropriate witness(es) without knowing more. For example, with respect to No. 1, "practices and policies" may vary depending on the nature of the "DOCUMENTS and information" that you want to ask about (employee records? police reports? citizen's complaints? general policies? something else?). As another example, with respect to No. 2 and No. 3, how are you (or are you?) distinguishing between a "physical DOCUMENT archive" and a "physical evidence archive"? Another example, with respect to No. 5, is the request confined to VPD's responses to PRA requests?

  Please call me so that we can discuss what you want. You can write to me to better particularize your topics, if you prefer, but I think things will go faster if we speak. Your categories are very broad. I don't think either side benefits if defendants have to guess at what you want.

Wendy Motooka

Cregger & Chalfant LLP
701 University Avenue, Suite 110
Sacramento, CA 95825
Phone: 916.443-4443
Fax: 916.443-2124
This message is intended exclusively for the individual or entity to which it is addressed. This communication may contain information that is proprietary, privileged, confidential or otherwise legally exempt from disclosure. If you are not the named addressee, you are not authorized to read, print, retain, copy or disseminate this message or any part of it. If you have received this message in error, please notify the sender immediately and delete all copies of this message.

From: Kenneth Nabity [mailto:nabity@kerrwagstaffe.com]
Sent: Wednesday, October 26, 2016 2:42 PM
To: Wendy Motooka; Robert Chalfant
Cc: James M. Wagstaffe; Kevin B. Clune
Subject: RE: Huskins: 30(b)(6)

Wendy,

We initially emailed you and Mr. Chalfant on September 7, exactly seven weeks ago, to ask whether the City of Vallejo would agree that the issuance of our 30(b)(6) deposition notice on document storage, preservation, and similar issues would not waive our right to propound a subsequent 30(b)(6) deposition notice on more substantive topics. Despite numerous follow-up emails, the City did not substantively respond to that email until October 18, when Robert responded, "Serving a 30(b)(6) depo notice does not affect your ability to propound a subsequent 30(b)(6) notice." To be sure, Kevin followed up to confirm, and Robert again agreed. I have attached the relevant email chain for your reference.

Thus, Robert already verified that the City has agreed that we can notice this 30(b)(6) deposition, and then a subsequent 30(b)(6) notice for other, more substantive grounds later. With that understanding, we served the deposition notice.

If you are rescinding Robert's prior agreement, please confirm and we may need to approach the Court to guarantee that Plaintiffs are allowed to notice a second 30(b)(6) notice on other issues at a later date. We believe you have already waived any opposition to such request and that a motion to the Court would merely waste our and the Court's time.

With respect to a meet and confer concerning the specificity of the topics, please identify in writing which topics you believe are not described with reasonable particularity.

Ken

Kenneth P. Nabity
Kerr & Wagstaffe LLP
101 Mission Street, 18th Floor
San Francisco, California 94105
Direct: 415-357-8945
Main: 415-371-8500
Fax: 415-371-0500
www.kerrwagstaffe.com<http://www.kerrwagstaffe.com/>

From: Wendy Motooka [mailto:wm@creggerlaw.com]
Sent: Wednesday, October 26, 2016 10:39 AM
To: Kenneth Nabity; Robert Chalfant; Kevin B. Clune
Cc: James M. Wagstaffe
Subject: RE: Huskins: 30(b)(6)

  Ken, we have received and reviewed your 30(b)(6) notice.  You have indicated that the date proposed for the deposition is merely a "placeholder," and you are correct that the City will not be able to identify, prepare, and produce the required witnesses on that date.  We therefore expect that an amended notice will follow, after we have had an opportunity to discuss and resolve some of the issues raised by your notice.

  I think a phone conversation might be most productive, because the categories of examination that you have designated are not sufficiently specific to permit the City to identify the correct witness.  I am hoping that you will be able to further specify the type of information that you seek with respect to several of the categories.

  I would also like to clarify, so that there is no misunderstanding later, that the City is not waiving its ability to object to any subsequent 30(b)(6) deposition notices in this case, on the grounds that only one deposition of a party may be taken except with leave of court.  We recognize that there are some factual and procedural circumstances in which a second deposition should be permitted, and in such instances we may not object, but until we know the particulars, we cannot commit to a position.

  When could you be available to discuss the 30(b)(6) notice?

Wendy Motooka

Cregger & Chalfant LLP
701 University Avenue, Suite 110
Sacramento, CA 95825
Phone: 916.443-4443
Fax: 916.443-2124
This message is intended exclusively for the individual or entity to which it is addressed. This communication may contain information that is proprietary, privileged, confidential or otherwise legally exempt from disclosure. If you are

not the named addressee, you are not authorized to read, print, retain, copy or disseminate this message or any part of it. If you have received this message in error, please notify the sender immediately and delete all copies of this message.

From: Kenneth Nabity [mailto:nabity@kerrwagstaffe.com]
Sent: Friday, October 21, 2016 10:10 AM
To: Robert Chalfant; Kevin B. Clune
Cc: James M. Wagstaffe; Wendy Motooka
Subject: RE: Huskins: 30(b)(6)

Robert,

I have attached a courtesy copy of the 30(b)(6) deposition notice, which was served yesterday by mail.  As discussed below, the noticed date is a placeholder, which may change based on availability of your designees.

Please let me know if you'd like to discuss.

Thank you,
Ken

From: Robert Chalfant [mailto:rlc@creggerlaw.com]
Sent: Tuesday, October 18, 2016 11:01 AM
To: Kevin B. Clune
Cc: Kenneth Nabity; James M. Wagstaffe; Wendy Motooka
Subject: RE: Huskins: 30(b)(6)

Thanks Kevin, for your patience and for resolving this informally. It is my understanding that there will most likely be multiple designees, as you have many different subject areas, so it may take some effort to find out the who and when, but we will get started on that process asap.

Best,
Robert

From: Kevin B. Clune [mailto:clune@kerrwagstaffe.com]
Sent: Tuesday, October 18, 2016 10:48 AM
To: Robert Chalfant
Cc: Kenneth Nabity; James M. Wagstaffe; Wendy Motooka
Subject: RE: Huskins: 30(b)(6)

Thanks, Robert.

We appear to be on the same page.  We just wanted to make sure that you agree that our serving a 30(b)(6) deposition notice does not affect our ability to propound a subsequent 30(b)(6) notice simply because we had already propounded one.  And it seems that you agree with that.  We are not suggesting that you cannot object to any subsequent 30(b)(6) notice for other reasons (e.g., related to the wording of any subsequent notice).

Given our agreement, we will go ahead with serving that notice without bothering the judge on that issue.  We will put in a placeholder date for purposes of serving the notice, but please let us know as soon as possible who your designee is and when they are available for deposition.

Thanks,

Kevin B. Clune

Kerr & Wagstaffe LLP
101 Mission Street, 18th Floor
San Francisco, California 94105
direct: 415-357-8915
main: 415-371-8500
fax: 415-371-0500
clune@kerrwagstaffe.com<mailto:clune@kerrwagstaffe.com>
www.kerrwagstaffe.com<http://www.kerrwagstaffe.com/>


From: Robert Chalfant [mailto:rlc@creggerlaw.com]
Sent: Tuesday, October 18, 2016 10:10 AM
To: Kevin B. Clune; Wendy Motooka
Cc: Kenneth Nabity
Subject: RE: Huskins: 30(b)(6)

Kevin,

Wendy is working on another matter right now, and I wanted to make sure you received a quick response.

I am not sure that I understand the issue.   Serving a 30(b)(6) depo notice does not affect your ability to propound a subsequent 30(b)(6) notice. However, if the second PMK notice is objectionable, we may object. It is difficult for us to say, without seeing the second deposition notice, what our position will be. We will not agree to waive any objections to a second 30(b)(6) notice that we have not seen.

If this does not answer your question, I am in the office, please give me a call.

Thanks,
Robert




From: Kevin B. Clune [mailto:clune@kerrwagstaffe.com]
Sent: Tuesday, October 18, 2016 9:40 AM
To: Wendy Motooka
Cc: Robert Chalfant; Kenneth Nabity
Subject: RE: Huskins: 30(b)(6)

Wendy,

We still have never heard back from you regarding this 30(b)(6) notice. Can you confirm that you will agree to that issuance of this notice will not affect our ability to propound another 30(b)(6) notice later on?  As you know, we have been waiting for a substantive response for you on this issue for over a month, and cannot continue to drag this out.

Thanks,

Kevin B. Clune
Kerr & Wagstaffe LLP
101 Mission Street, 18th Floor

San Francisco, California 94105
direct: 415-357-8915
main: 415-371-8500
fax: 415-371-0500
clune@kerrwagstaffe.com<mailto:clune@kerrwagstaffe.com>
www.kerrwagstaffe.com<http://www.kerrwagstaffe.com/>

From: Robert Chalfant [mailto:rlc@creggerlaw.com]
Sent: Thursday, September 29, 2016 1:29 PM
To: Kevin B. Clune
Subject: RE: Huskins: 30(b)(6)

Kevin, Wendy has been looking into this and she is out sick today. I think she will be back in tomorrow.

Robert

From: Kevin B. Clune [mailto:clune@kerrwagstaffe.com]
Sent: Wednesday, September 28, 2016 12:53 PM
To: Wendy Motooka; Robert Chalfant
Cc: James M. Wagstaffe; Kenneth Nabity
Subject: RE: Huskins: 30(b)(6)

Wendy,

We never received a substantive response from you regarding the 30(b)(6) notice.  Can you confirm that you will agree to that issuance of this notice will not affect our ability to propound another 30(b)(6) notice later on?

Best regards,

Kevin B. Clune
Kerr & Wagstaffe LLP
101 Mission Street, 18th Floor
San Francisco, California 94105
direct: 415-357-8915
main: 415-371-8500
fax: 415-371-0500
clune@kerrwagstaffe.com<mailto:clune@kerrwagstaffe.com>
www.kerrwagstaffe.com<http://www.kerrwagstaffe.com/>

From: Kevin B. Clune
Sent: Wednesday, September 07, 2016 4:32 PM
To: 'Wendy Motooka'; Robert Chalfant
Cc: James M. Wagstaffe; Kenneth Nabity
Subject: Huskins: 30(b)(6)

Robert and Wendy,

We are intending to issue a FRCP 30(b)(6) deposition notice on topics relating to document storage, preservation, and similar issues.  While in theory we could propound a 30(b)(6) notice as to all topics relevant to this case that we need to know from the City of Vallejo, we would be amenable to just issuing a 30(b)(6) notice as to these limited document-related issues, provided that you agree that the issuance of this notice does not waive our right to propound a subsequent 30(b)(6) notice on Vallejo later on (for example on more substantive topics going to liability).

Attached is a draft notice of what we intend to send.  Please let us know if you will agree that issuance of this notice will not affect our ability to propound another 30(b)(6) notice later on.

Best regards,

Kevin B. Clune
Kerr & Wagstaffe LLP
101 Mission Street, 18th Floor
San Francisco, California 94105
direct: 415-357-8915
main: 415-371-8500
fax: 415-371-0500
clune@kerrwagstaffe.com<mailto:clune@kerrwagstaffe.com>
www.kerrwagstaffe.com<http://www.kerrwagstaffe.com/>

# EXHIBIT G

**From:**               Kevin B. Clune
**Sent:**               Thursday, December 22, 2016 5:41 PM
**To:**                 Wendy Motooka
**Cc:**                 James M. Wagstaffe; Kenneth Nabity; Robert Chalfant
**Subject:**          RE: Huskins v. City of Vallejo: ESI

Wendy,

You and I have spoken over the phone about our respective positions already at length (including I believe for more than an hour back before we sent you our draft Local Rule 251 statement, and numerous times in email before that). The Local Rule 251 joint drafting process is intended to memorialize the results of those discussions in writing because the very act of writing things down often helps clarify the parties' positions. Your suggested approach of providing a last minute draft of your section right before the statement is due short-circuits that process and is thus contrary to the clear intent of Rule 251. Further, given that much of the dispute at issue here comes from Defendant's change in position regarding whether Plaintiff could propound two 30(b)(6) notices, it is more than appropriate for us to require that the parties stake out their positions in writing.

If you have specific issues that we have not already discussed that you think we should meet and confer about, please let us know and we can discuss them. But vague accusations from you that you think that we have somehow not participated in the meet and confer process, while refusing to identify in any concrete way what issues you think we still have to discuss, are unhelpful. We believe that our draft statement fully addresses all of the issues that you raised during our prior conversations.

Obviously, we cannot force you to provide us an earlier draft of the Rule 251 statement. But we do not think the Court will appreciate Defendants' approach to drafting this statement, and ask that you reconsider your refusal to give us a draft of your statement until one day before it is due (nearly two months after we gave a draft to you, and nearly four months after we first raised this issue).

Sincerely,

Kevin B. Clune
Kerr & Wagstaffe LLP
101 Mission Street, 18th Floor
San Francisco, California 94105
direct: 415-357-8915
main: 415-371-8500
fax: 415-371-0500
clune@kerrwagstaffe.com
www.kerrwagstaffe.com

**From:** Wendy Motooka [mailto:wm@creggerlaw.com]
**Sent:** Wednesday, December 21, 2016 10:18 AM
**To:** Kevin B. Clune <clune@kerrwagstaffe.com>
**Cc:** James M. Wagstaffe <wagstaffe@kerrwagstaffe.com>; Kenneth Nabity <nabity@kerrwagstaffe.com>; Robert Chalfant <rlc@creggerlaw.com>
**Subject:** RE: Huskins v. City of Vallejo: ESI

Kevin, I have been inviting you to do the meet and confer with me prior to drafting the Joint Statement, because I would prefer not to do the meet and confer by way of Joint Statement. I

am trying to avoid the situation where I devote time to responding to your arguments, only to have you change all of your arguments, which would then require me to modify my arguments.  That type of back and forth, to my mind, is the meet and confer process, and I have invited you to engage in it.  In your email of November 28, 2016, you rebuffed that effort, and told me to state my position in the joint statement.

Call me if you want to further meet and confer.  I'd be happy to discuss it with you.

**Wendy Motooka**

Cregger & Chalfant LLP
701 University Avenue, Suite 110
Sacramento, CA 95825
Phone: 916.443-4443
Fax: 916.443-2124

This message is intended exclusively for the individual or entity to which it is addressed. This communication may contain information that is proprietary, privileged, confidential or otherwise legally exempt from disclosure. If you are not the named addressee, you are not authorized to read, print, retain, copy or disseminate this message or any part of it. If you have received this message in error, please notify the sender immediately and delete all copies of this message.

**From:** Kevin B. Clune [mailto:clune@kerrwagstaffe.com]
**Sent:** Wednesday, December 21, 2016 9:07 AM
**To:** Wendy Motooka
**Cc:** James M. Wagstaffe; Kenneth Nabity; Robert Chalfant
**Subject:** RE: Huskins v. City of Vallejo: ESI

Wendy,

One of the purposes of *jointly* drafting the LR Rule 251 Statement is to aid in the meet-and-confer process.  Given that you have already had our draft statement since November 28 (over three weeks), it seems unnecessary (and contrary to the spirit of the purpose of drafting the joint statement) to wait almost an entire additional month, and just one day before it is due to the Court, to get your edits to that joint statement.

Is there any reason you cannot get us edits by January 6?  That would still give you an additional two and a half weeks from today, while avoiding waiting to the very last minute, when additional meet and confer efforts are unlikely to be productive.

Best regards,

Kevin B. Clune
Kerr & Wagstaffe LLP
101 Mission Street, 18th Floor
San Francisco, California 94105
direct: 415-357-8915
main: 415-371-8500

fax: 415-371-0500
clune@kerrwagstaffe.com
www.kerrwagstaffe.com

---

**From:** Wendy Motooka [mailto:wm@creggerlaw.com]
**Sent:** Tuesday, December 20, 2016 12:30 PM
**To:** Kevin B. Clune <clune@kerrwagstaffe.com>
**Cc:** James M. Wagstaffe <wagstaffe@kerrwagstaffe.com>; Kenneth Nabity <nabity@kerrwagstaffe.com>; Robert Chalfant <rlc@creggerlaw.com>
**Subject:** RE: Huskins v. City of Vallejo: ESI

Since the Court has continued the hearing date to January 18, I don't think we need to submit the Joint Statement until January 11.  So I would assume that sending you our additions by Jan. 10 should be sufficient.  I am not planning to edit anything you wrote, just adding defendants' position.

If you think further meet and confer would be productive, please call me.

**Wendy Motooka**

Cregger & Chalfant LLP
701 University Avenue, Suite 110
Sacramento, CA 95825
Phone: 916.443-4443
Fax: 916.443-2124

This message is intended exclusively for the individual or entity to which it is addressed. This communication may contain information that is proprietary, privileged, confidential or otherwise legally exempt from disclosure. If you are not the named addressee, you are not authorized to read, print, retain, copy or disseminate this message or any part of it. If you have received this message in error, please notify the sender immediately and delete all copies of this message.

---

**From:** Kevin B. Clune [mailto:clune@kerrwagstaffe.com]
**Sent:** Tuesday, December 20, 2016 11:39 AM
**To:** Wendy Motooka
**Cc:** James M. Wagstaffe; Kenneth Nabity; Robert Chalfant
**Subject:** RE: Huskins v. City of Vallejo: ESI

Wendy,

When can we expect to receive Defendants' suggested edits to the Joint Statement regarding Discovery Disagreement regarding the 30(b)(6) issue?

Best regards,

Kevin B. Clune
Kerr & Wagstaffe LLP
101 Mission Street, 18th Floor
San Francisco, California 94105
direct: 415-357-8915

main: 415-371-8500
fax: 415-371-0500
clune@kerrwagstaffe.com
www.kerrwagstaffe.com

---

**From:** Kevin B. Clune
**Sent:** Monday, November 28, 2016 3:57 PM
**To:** Wendy Motooka <wm@creggerlaw.com>
**Cc:** James M. Wagstaffe <wagstaffe@kerrwagstaffe.com>; Kenneth Nabity <nabity@kerrwagstaffe.com>; Robert Chalfant <rlc@creggerlaw.com>
**Subject:** RE: Huskins v. City of Vallejo: ESI

Wendy,

We will go forward with our motion, and will be noticing a hearing for the next available date, which is December 28 at 10:00 a.m.  We were hoping to avoid scheduling anything around the holidays, but your refusal to agree to provide the joint statement at the same time we file our motion prevents that from being an option (the judge is unavailable on December 21).  Given that we have been discussing this for nearly three months, we cannot wait any longer.

Regarding your specific comments, we have more than met our obligations to the Court to meet and confer on these issues.  The judge has already rejected your argument that discovery is somehow not fully open until the "pleadings are settled."  Further, we have fully outlined both in conversations with you, and in our draft Rule 251 statement why we think there is good cause to issue more than one 30(b)(6) notice.  The fact that you may disagree with our arguments (just as we disagree with yours) hardly demonstrates a failure to meet and confer.  Further, our primary goal here is to ensure that documents have been properly identified and preserved in discovery.  Ensuring that all parties have complied with their discovery obligations is clearly proportional to the needs of the case.  We have already identified in our draft statement the exact type of information we expect to find, including documents identifying what your clients knew before they made the defamatory statements at the core of this case, what other statements they may have made outside of press conferences, and contemporaneous text and email statements your clients made about their conduct at or near the time it occurred.  We also disagree with your characterization of the parties' past meet-and-confer efforts.  In any event, you are free to  state your respective position in the joint statement.

Sincerely,

Kevin B. Clune
**Kerr & Wagstaffe LLP**
101 Mission Street, 18th Floor
San Francisco, California 94105
direct: 415-357-8915
main: 415-371-8500
fax: 415-371-0500
clune@kerrwagstaffe.com
www.kerrwagstaffe.com

---

**From:** Wendy Motooka [mailto:wm@creggerlaw.com]
**Sent:** Monday, November 28, 2016 3:36 PM
**To:** Kevin B. Clune
**Cc:** James M. Wagstaffe; Kenneth Nabity; Robert Chalfant
**Subject:** RE: Huskins v. City of Vallejo: ESI

My recollection of the meet-and-confer is that you asked us for permission to take two depositions of our client, and we basically said no, unless there were special circumstances warranting a departure from the one-deposition rule.  I do not recall your making a case for why there are special circumstances.  Your effort, below, to try to interpret my last email as an attempt to challenge your delinquent discovery responses by way of this motion confirms that you do not understand defendant's position.  I'm not suggesting that your discovery responses should be part of this motion.  I am suggesting that your basis for explaining why you think you need two depositions of my client could be applied with equal facility to any party, including your own clients.  I think that if the federal rules had wanted as a general matter to allow phased discovery, based on subject matter, they would authorize such discovery.  They do not.  So what makes this case different and worthy of an exception to the rules?

Parties are only entitled to discovery that is relevant to a claim or defense, and proportional to the needs of the case.  As you know, defendants have always had doubts as to what is relevant and proportional to this case, in light of the fact that most the claims are currently subject to challenge via motion to dismiss and motion to strike, and the events giving rise to the claims that are not – Quinn's false arrest claims – have been recorded on video tape, copies of which you have had in your possession for over two months now.

You want to depart from the usual discovery rules, because you think that if you are able to conduct burdensome discovery regarding electronically stored information early, you will find evidence of . . . what?  The events giving rise to Quinn's false arrest claims are on video.  Since the Fourth Amendment standard is an objective one, the video would seem to be dispositive.  All of the other claims are subject to motions to dismiss and to strike, and depending on how the court rules, no discovery may be warranted at all.  You have conceded that Huskins has no federal claims, yet you want to involve the court in discovery motions practice over her claims before the court has determined whether to retain jurisdiction?  Depositions, particularly PMK deposition, are burdensome, and serial depositions of a single corporate entity are unfair.  *State Farm Mutual Auto. Ins. Co. v. New Horizont, Inc.*, 254 F.R.D. 227, 235 (E.D. Penn. 2008); *Blackwell v. City and County of San Francisco*, 2010 WL 2850547 (N.D. Cal. 2010).  So what is the balance to this burden and prejudice in the case we're litigating?

I think the question remains unanswered, which is why I say the meet and confer has been inadequate.

From my perspective, it appears that you now have all of the relevant documents, but you want to keep doing ever more burdensome discovery, in hopes of finding documents that say something else, or that will allow you to change your theory of liability.  That is an improper use of ordinary discovery, much less court-granted leave for extraordinary discovery.  Plaintiffs are supposed to have a factual basis for a claim, which opens the doors of discovery.  They aren't supposed to do discovery to try to figure out what their claims are.  *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009).  How is "fishing" style discovery relevant to a claim or defense and

proportional to the needs of the case, in light of the procedural history (which your draft Joint Statement omits to mention)?

  I will also note that your draft Joint Statement indicates that you expect the PMK witnesses to be confined to "staff in Vallejo's IT department," which is quite different than what you and I discussed in our meet and confer on November 7.

  In terms of the timing of your motion, you know defendants believe that the issue you seek to raise is premature and unwarranted.  We do not believe that a premature issue should be heard on an expedited basis.

**Wendy Motooka**

Cregger & Chalfant LLP
701 University Avenue, Suite 110
Sacramento, CA 95825
Phone: 916-443-4443
Fax: 916-443-2124

This message is intended exclusively for the individual or entity to which it is addressed. This communication may contain information that is proprietary, privileged, confidential or otherwise legally exempt from disclosure. If you are not the named addressee, you are not authorized to read, print, retain, copy or disseminate this message or any part of it. If you have received this message in error, please notify the sender immediately and delete all copies of this message.

**From:** Kevin B. Clune [mailto:clune@kerrwagstaffe.com]
**Sent:** Monday, November 28, 2016 1:28 PM
**To:** Wendy Motooka
**Cc:** James M. Wagstaffe; Kenneth Nabity; Robert Chalfant
**Subject:** RE: Huskins v. City of Vallejo: ESI

Dear Wendy,

We have been meeting and conferring about this issue for nearly three months.  We frankly do not understand your claim that we have somehow failed to "understand" your position as to the 30(b)(6) notice.  We want to be able to issue two different 30(b)(6) notices; you want us to be limited to one.  That is the central disagreement, and your email only confirms that the parties still have very different views on that issue.  Thus, it appears we have an issue for which we need assistance from the Court.

While we are always happy to continue the meet-and-confer process on any issue in order to reduce the burden on the parties and the Court, you have not articulated any specific issues about which the parties still actually need to confer, and we are concerned that this has already dragged on long enough. Thus, while we are happy to continue to communicate with you about these issues, we cannot let such communications delay getting this motion on file.

Regarding your question about specific changes to the draft statement:  Please go ahead and make changes to this statement.  We can have separate positions for "Plaintiff's Position" and "Defendant's Position" to the extent we are unable to reach agreement concerning the facts and procedural posture.

Regarding timing, it was our intention—especially given the lengthy meet-and-confer process that has already occurred on these issues—to file the motion and the joint statement at the same time and schedule the hearing approximately 7 days thereafter, rather than wait yet another 21 days from today, as is allowed by Local Rule 251. See LR 51(a) ("If the notice of motion and motion are filed concurrently with the Joint Statement, the motion shall be placed on the next regularly scheduled calendar for the Magistrate Judge or Judge hearing the motion at least seven (7) days thereafter.").  Please confirm today whether you are amendable to this approach. If not, we will simply go ahead with the next available hearing date.

Regarding your separate comments about Plaintiffs' discovery responses to Defendants' requests, to the extent you have issues regarding Plaintiffs' discovery responses, those issue are wholly discrete from the 30(b)(6) issue in our motion.  We are responding to those issues by way of separate communications and productions this week.  You may separately address those other issues as you see fit.  But we do not need to agree as to all discovery-related matters before so much as filing a motion to compel on a single issue.

Best regards,

Kevin B. Clune
**Kerr & Wagstaffe LLP**
101 Mission Street, 18th Floor
San Francisco, California 94105
direct: 415-357-8915
main: 415-371-8500
fax: 415-371-0500
clune@kerrwagstaffe.com
www.kerrwagstaffe.com

---

**From:** Wendy Motooka [mailto:wm@creggerlaw.com]
**Sent:** Monday, November 28, 2016 12:32 PM
**To:** Kevin B. Clune
**Cc:** James M. Wagstaffe; Kenneth Nabity; Robert Chalfant
**Subject:** RE: Huskins v. City of Vallejo: ESI

   Kevin, I have reviewed your draft Joint Statement, and think the following:  1) you do not appear to understand defendant's position, which leads me to conclude that the meet and confer was inadequate; 2) your representation of the facts and procedural history is incomplete and incorrect; and 3) you have still not explained why a departure from the federal rules is warranted here.  Based on your own argument, you should be allowing two depositions of your clients, because despite the fact that the due date for initial disclosures and responses to defendant's RFPs came and went a long time ago, your clients have provided exactly ZERO documents to defendant.  Defendant therefore, by your logic, has more reason to believe that your clients are withholding evidence, have destroyed evidence, or have made no efforts to preserve evidence, than you have to believe that of the City.  The federal rules contemplate, as a general rule, that each party will be deposed only once, even though every opposing party, in every case, could argue what you are arguing in the draft Joint Statement (i.e., "Plaintiffs should not be forced to identify at the outset of discovery all of the other, substantive topics on which they will need to depose [defendant].").   In short, we don't think you've articulated why you should have an exception to the rules.

Do you want to continue the meet and confer to discuss the actual issues raised by your Rule 30(b)(6) notice, or would you prefer I just add defendant's position to the draft Joint Statement, and get that back to you at least seven days before the hearing date?

**Wendy Motooka**

Cregger & Chalfant LLP
701 University Avenue, Suite 110
Sacramento, CA 95825
Phone: 916.443-4443
Fax: 916.443-2124

This message is intended exclusively for the individual or entity to which it is addressed. This communication may contain information that is proprietary, privileged, confidential or otherwise legally exempt from disclosure. If you are not the named addressee, you are not authorized to read, print, retain, copy or disseminate this message or any part of it. If you have received this message in error, please notify the sender immediately and delete all copies of this message.

**From:** Kevin B. Clune [mailto:clune@kerrwagstaffe.com]
**Sent:** Monday, November 28, 2016 10:39 AM
**To:** Wendy Motooka
**Cc:** James M. Wagstaffe; Kenneth Nabity; Robert Chalfant
**Subject:** RE: Huskins v. City of Vallejo: ESI

Wendy,

I am writing to follow up regarding the Local Rule 251 statement.  Can you please let us know when we can expect to receive your additions/comments?

Thanks,

Kevin B. Clune
**Kerr & Wagstaffe LLP**
101 Mission Street, 18th Floor
San Francisco, California 94105
direct: 415-357-8915
main: 415-371-8500
fax: 415-371-0500
clune@kerrwagstaffe.com
www.kerrwagstaffe.com

**From:** Kevin B. Clune
**Sent:** Tuesday, November 22, 2016 2:47 PM
**To:** 'Wendy Motooka'
**Cc:** James M. Wagstaffe; Kenneth Nabity; Robert Chalfant
**Subject:** RE: Huskins v. City of Vallejo: ESI

Wendy,

As discussed previously, attached is our draft of the Joint Statement re Discovery Disagreement pursuant to Local Rule 251 concerning the 30(b)(6) notice, which we intend to move forward with shortly.  Please let us know our thoughts.

Thanks,

Kevin B. Clune
**Kerr & Wagstaffe LLP**
101 Mission Street, 18th Floor
San Francisco, California 94105
direct: 415-357-8915
main: 415-371-8500
fax: 415-371-0500
clune@kerrwagstaffe.com
www.kerrwagstaffe.com

---

**From:** Wendy Motooka [mailto:wm@creggerlaw.com]
**Sent:** Monday, November 14, 2016 3:07 PM
**To:** Kevin B. Clune; Kenneth Nabity; Robert Chalfant
**Cc:** James M. Wagstaffe
**Subject:** RE: Huskins v. City of Vallejo: ESI

   I am shooting for Nov. 18,  since I have one correction to make pursuant to Mr. Nabity's letter of Nov. 7.

**Wendy Motooka**

Cregger & Chalfant LLP
701 University Avenue, Suite 110
Sacramento, CA 95825
Phone: 916.443-4443
Fax: 916.443-2124

This message is intended exclusively for the individual or entity to which it is addressed. This communication may contain information that is proprietary, privileged, confidential or otherwise legally exempt from disclosure. If you are not the named addressee, you are not authorized to read, print, retain, copy or disseminate this message or any part of it. If you have received this message in error, please notify the sender immediately and delete all copies of this message.

---

**From:** Kevin B. Clune [mailto:clune@kerrwagstaffe.com]
**Sent:** Monday, November 14, 2016 3:03 PM
**To:** Kenneth Nabity; Wendy Motooka; Robert Chalfant
**Cc:** James M. Wagstaffe
**Subject:** RE: Huskins v. City of Vallejo: ESI

Wendy,

You mentioned in your email to me on November 3 that you would be sending us your email production last week or early this week.  When can we expect to receive it?

Best,

Kevin B. Clune
**Kerr & Wagstaffe LLP**
101 Mission Street, 18th Floor
San Francisco, California 94105
direct: 415-357-8915
main: 415-371-8500
fax: 415-371-0500
clune@kerrwagstaffe.com
www.kerrwagstaffe.com

---

**From:** Kenneth Nabity
**Sent:** Thursday, November 03, 2016 4:14 PM
**To:** Wendy Motooka; Kevin B. Clune; Robert Chalfant
**Cc:** James M. Wagstaffe
**Subject:** RE: Huskins v. City of Vallejo: ESI

Wendy,

Our Rule 26 conference was in July, where we raised concerns about the lack of identification (and thus preservation) of potentially relevant emails in this case (for example emails exchanged between VPD officers referencing Plaintiffs' names).  We have also talked about those issues repeatedly with you since that time.  So, it is not in any way an exaggeration to say that that we have been discussing these issues since July.

Additionally, what VPD and its employees knew, what they communicated to each other, and what they communicated to others at or near the time of these events via email or otherwise is clearly crucial to this case, as it goes to what Defendants knew when they made the defamatory statements about our clients.

In any event, it sounds like you will be producing the responsive documents next week or the early the following week at the latest, which answers the question asked.  Please be sure to produce that information in native format (with all metadata intact) as requested.

As to our production, our Initial Disclosures properly disclosed categories and locations of documents we may use to support our claims, which is entirely proper.  (See FRCP 26(1)(A)(ii).)  Your suggestion that we should somehow withhold from our initial disclosures things such as categories of medical records in the hands of third parties but still potentially within our "control" is a misreading of Rule 26.  Further, we have already indicated in our RFP responses, as is proper under the FRCP, that we expect our production of documents to be complete by November 30.  (See Plaintiffs' Resps. to RFPs; see also FRCP 34(b)(2)(B).)  That production is substantial given your requests, the numerous unsolicited communications our clients received due to your clients' defamatory conduct, and the resulting emotional distress.

Separately, we will address any concerns regarding our responses after we receive your letter.

Best regards,
Ken

Kenneth P. Nabity
**Kerr & Wagstaffe LLP**
101 Mission Street, 18th Floor
San Francisco, California 94105
Direct: 415-357-8945
Main: 415-371-8500
Fax: 415-371-0500
www.kerrwagstaffe.com

---

**From:** Wendy Motooka [mailto:wm@creggerlaw.com]
**Sent:** Thursday, November 03, 2016 10:24 AM
**To:** Kevin B. Clune; Robert Chalfant
**Cc:** James M. Wagstaffe; Kenneth Nabity
**Subject:** RE: Huskins v. City of Vallejo: ESI

  Hi, Kevin.  I think you are exaggerating a bit.  Your requests for production did not arrive until August 11, so I do not think we have been discussing them "since July."  It is also unclear how "crucial" the documents can be, given that the events about which plaintiffs complain all appear to have been captured on video.  As you know, defendant has no efficient way to search for the electronic documents you requested, as phrased, so we agreed with you that defendant would search the accounts and devices of particular individuals, whom you designated, for certain key words, which you designated.  We are still in the process of completing this search.  I expect the last batch of documents to come in early next week, and depending on how extensive it is, I would anticipate being able to serve the documents on you by the end of next week or during the week following.

  Still on the topic of document productions, however: you have not provided us with any documents, despite your emphatic pronouncement this past summer that you were going to produce Initial Disclosures, so defendant should too; despite the fact that defendant did serve initial disclosures, including documents; and despite the fact that we subsequently served you with requests for the documents referenced in your initial disclosures.  Your responses to our request for production arrived this week, but contain not a single document, and include meritless objections seeking to limit the scope of our requests (I will send Ken a more detailed letter on this topic in the coming days).  Since presumably you did not designate documents in your Initial Disclosures without first reviewing them, you must have had these documents since at August 11, 2016 (the date upon which you signed the Initial Disclosures).  Despite having these documents since August 11, and despite being formally requested to produce them under Rule 34, you still have not provided any documents nor have you offered any reason for the delay.  Please advise us as to when we can expect to receive your document production.

**Wendy Motooka**

Cregger & Chalfant LLP
701 University Avenue, Suite 110

Sacramento, CA 95825
Phone: 916.443-4443
Fax: 916.443-2124

This message is intended exclusively for the individual or entity to which it is addressed. This communication may contain information that is proprietary, privileged, confidential or otherwise legally exempt from disclosure. If you are not the named addressee, you are not authorized to read, print, retain, copy or disseminate this message or any part of it. If you have received this message in error, please notify the sender immediately and delete all copies of this message.

**From:** Kevin B. Clune [mailto:clune@kerrwagstaffe.com]
**Sent:** Wednesday, November 02, 2016 2:36 PM
**To:** Robert Chalfant; Wendy Motooka
**Cc:** James M. Wagstaffe; Kenneth Nabity
**Subject:** Huskins v. City of Vallejo: ESI

Robert and Wendy,

In reviewing the materials Defendants produced after the protective order was entered, we noted that Defendants have still failed to produce any emails, text messages, or similar electronic communications in response to Plaintiffs' requests for production.  As you know, we have been discussing the need for production of these crucial electronic documents since July.  When can we expect to receive Defendants' production of these documents?

We are still reviewing your discovery responses in detail, but wanted to follow up with you regarding this key issue right away.

Best regards,

Kevin B. Clune
**Kerr & Wagstaffe LLP**
101 Mission Street, 18th Floor
San Francisco, California 94105
direct: 415-357-8915
main: 415-371-8500
fax: 415-371-0500
clune@kerrwagstaffe.com
www.kerrwagstaffe.com

**EXHIBIT H**

James M. Wagstaffe (95535)
wagstaffe@kerrwagstaffe.com
Kevin B. Clune (248681)
clune@kerrwagstaffe.com
Kenneth P. Nabity (287927)
nabity@kerrwagstaffe.com
**KERR & WAGSTAFFE LLP**
101 Mission Street, 18th Floor
San Francisco, CA 94105–1727
Telephone: (415) 371-8500
Fax: (415) 371-0500

Attorneys for Plaintiffs
DENISE HUSKINS and AARON QUINN

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DENISE HUSKINS and AARON QUINN, <br><br> Plaintiffs, <br><br> v. <br><br> CITY OF VALLEJO, a public entity, KENNY PARK, MATHEW MUSTARD, and DOES 1-25, <br><br> Defendants. | Case No. 2:16-cv-00603-TLN-EF <br><br> **PLAINTIFFS' NOTICE OF DEPOSITION TO CITY OF VALLEJO PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 30(b)(6)** <br><br> Date:   November 7, 2016 <br> Time:   9:00 a.m. <br> Place:  Kerr & Wagstaffe LLP <br>          101 Mission Street, 18th Floor <br>          San Francisco, CA 94105 |

PLEASE TAKE NOTICE that, pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure, Plaintiffs, by their attorneys, will take the deposition upon oral examination of the person most knowledgeable of Defendant City of Vallejo.

The deposition will begin at 9:00 a.m. on November 7, 2016, at the offices of Kerr & Wagstaffe, LLP, at 101 Mission Street, 18th Floor, San Francisco, CA 94105, or at some other time and place mutually agreed upon by counsel.

Defendant is instructed, pursuant to Fed. R. Civ. P. 30(b)(6), to designate one or more officers, directors, managing agents, or other persons who are most qualified to testify on its behalf about each of the topics set forth below.  If Defendant does not presently have a witness sufficiently knowledgeable as to each of the topics set forth below, then Defendant is required to educate a witness as to the information available to it with respect to each such topic.  Plaintiff requests that at least 72 hours prior to the commencement of the deposition that Defendant identify the person(s) who will testify on its behalf and indicate the topic(s) for which each such person is designated.

The deposition will take place upon oral examination pursuant to Federal Rules of Civil Procedure before an officer duly authorized by law to administer oaths and record testimony. The testimony will be recorded by stenographic means and will be videotaped.  The deposition will continue from day to day if necessary until completed or adjourned.

## DEFINITIONS AND INSTRUCTIONS

a.      The terms "DOCUMENT" and "DOCUMENTS" are used in the broadest sense allowed by Rule 34(a) of the Federal Rules of Civil Procedure and include, but are not limited to, any writings, drawings, graphs, charts, photographs, phonograph records, tape recordings, notes, diaries, calendars, checkbooks, books, papers, accounts, electronic or videotape recordings, and any computer-generated, computer-stored, or electronically-stored matter from which information can be obtained and translated, if necessary, in reasonably useable form.

b.      "RELATING TO" means and includes arising from, mentioning, discussing, summarizing, comprising, constituting, describing, reflecting, containing, including, referring to,

KERR
&
WAGSTAFFE
LLP

Case No. 2:16-cv-00603-TLN-EF

1

PLAINTIFFS' NOTICE OF DEPOSITION
PURSUANT TO FRCP 30(b)(6)

1   depicting, connected with, embodying, evidencing, concerning, reporting or involving an act,

2   occurrence, event, transaction, fact, thing or course of dealing.

3        c.     "VPD" means the Vallejo Police Department and all of its employees.

4        d.     "ESI" means electronically stored information.

5        e.     PERSON(S)" means and includes a natural person, firm, association,

6   organization, partnership, business, trust, corporation, or public entity.

7        f.     Unless otherwise indicated, the topics mentioned below relate to the time period

8   from March 2015 to the present.

9   **DEPOSITION TOPICS**

10  1.  General practices and policies in effect regarding retention of DOCUMENTS and

11      information by VPD.

12  2.  Policies regarding, and the identity of individuals responsible for maintaining, the

13      collection and organization of VPD's physical DOCUMENT archive.

14  3.  Policies regarding, and the identity of individuals responsible for maintaining, the

15      collection and organization of VPD's physical evidence archive.

16  4.  Policies regarding, and the identity of individuals responsible for maintaining, the

17      collection and organization of any other electronic communication among VPD

18      personnel, including communication by phone, work computer, home computer, text

19      message, other electronic device, and/or social media.

20  5.  Policies regarding, and the identity of individuals responsible for VPD's compliance

21      with, DOCUMENT and information requests under the California Public Records Act.

22  6.  The extent to which VPD complied with Plaintiffs' request under the California Public

23      Records Act, including the identities of the individuals responsible for processing this

24      request, the manner of their search among VPD's records, the results of these searches,

25      and any other information related to this request.

26

27

28

KERR
&
WAGSTAFFE
LLP

Case No. 2:16-cv-00603-TLN-EF

2

PLAINTIFFS' NOTICE OF DEPOSITION
PURSUANT TO FRCP 30(b)(6)

7. The extent to which VPD collected any information from the individual electronic devices of VPD personnel, including text messages, e-mail, social media information, and any other information relating to Denise Huskins or Aaron Quinn.

8. The date, time, manner, and substance of any communications within the City of Vallejo (including VPD) regarding VPD's responsibility to preserve information based on any actual or potential litigation involving Denise Huskins or Aaron Quinn.

9. The extent to which VPD actually did preserve evidence, including ESI, in anticipation of potential litigation regarding the questioning of Aaron Quinn or the kidnapping of Denise Huskins, including the dates upon which such preservation efforts began.

10. The Constant Contact program.

11. The extent to which VPD preserved electronic communication between VPD personnel regarding the decision to issue a press release relating to the questioning of Aaron Quinn or the kidnapping of Denise Huskins, including discussions as to the content of the press release, the date it should be issued, and the individuals who should issue it.

12. The manner in which VPD actually shared information relating to the Huskins kidnapping with the FBI, including physical evidence and ESI, and the extent to which VPD retained any original or copied physical evidence or ESI.

Date:  October 20, 2016                              **KERR & WAGSTAFFE LLP**

                                           By: _____
                                               KENNETH P. NABITY

                                               Attorneys for Plaintiffs
                                               DENISE HUSKINS and AARON QUINN

1

## **PROOF OF SERVICE**

2
3

I, Caroline Dwyer, declare that I am a resident of the State of California, over the age of eighteen years, and not a party to the within action. My business address is Kerr & Wagstaffe LLP, 101 Mission Street, 18th Floor, San Francisco, California 94105-1727.

4
5

On, October 20, 2016 I served the following document(s):

6
7

- **PLAINTIFFS' NOTICE OF DEPOSITION TO CITY OF VALLEJO PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 30(b)(6)**

8

on the parties listed below as follows:

9
10
11

> Robert L. Chalfant
> Wendy Motooka
> **CREEGER & CHALFANT LLP**
> 701 University Avenue, Suite 110
> Sacramento, CA 95825

12

13
14

☒ **By first class mail** by placing a true copy thereof in a sealed envelope with postage thereon fully prepaid and placing the envelope in the firm's daily mail processing center for mailing in the United States mail at San Francisco, California.

15
16

☐ **By facsimile machine** (FAX) by personally transmitting a true copy thereof via an electronic facsimile machine.

17
18

☐ **By personal service** by causing to be personally delivered a true copy thereof to the address(es) listed herein at the location listed herein.

19

☐ **By Federal Express** or overnight courier.

20
21

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

22

Executed on October 20, 2016, at San Francisco, California.

23
24

_____
CAROLINE DWYER

25
26
27
28



Case No. 2:16-CV-00603-TLN-EF                                    PROOF OF SERVICE