1  CREGGER & CHALFANT LLP
   ROBERT L. CHALFANT, SBN 203051
2  Email: rlc@creggerlaw.com
   WENDY MOTOOKA, SBN 233589
3  Email: wm@creggerlaw.com
   701 University Avenue, Suite 110
4  Sacramento, CA 95825
   Telephone: 916.443-4443
5

6  CLAUDIA M. QUINTANA, SBN 178613
   City Attorney
7  KELLY J. TRUJILLO, SBN 244286
   Assistant City Attorney
8  Email: Kelly.Trujillo@cityofvallejo.net
   City of Vallejo, City Hall
9  555 Santa Clara Street
   Vallejo, CA 94590
10 Telephone: 707.648-4545

11 Attorneys for Defendants CITY OF VALLEJO,
   KENNY PARK, MATHEW MUSTARD
12

13                 UNITED STATES DISTRICT COURT

14                 EASTERN DISTRICT OF CALIFORNIA

15

16 DENISE HUSKINS and AARON QUINN,          Case No. 2:16-cv-00603 TLN EFB

17              Plaintiffs,

18      vs.                                 **DECLARATION OF WENDY MOTOOKA
                                            IN SUPPORT OF JOINT STATEMENT RE
19 CITY OF VALLEJO, a public entity,        DISCOVERY DISAGREEMENT (CITY'S
   KENNY PARK, MATHEW MUSTARD,              REQUEST FOR PRODUCTION OF
20 and DOES 1-25,                           DOCUMENTS TO QUINN (SET ONE) AND
                                            REQUEST FOR PRODUCTION OF
21              Defendants.                 DOCUMENTS TO HUSKINS (SET ONE))**

22                                          Date: April 5, 2017
                                            Time: 10:00 a.m.
23                                          Courtroom: 8
                                            Judge: Hon. Edmund F. Brennan
24

25

26      I, WENDY MOTOOKA, declare as follows:

27      1.      I am an attorney duly permitted to practice before this Court and a member of the

28 firm of Cregger & Chalfant LLP, attorneys of record for defendants CITY OF VALLEJO

CREGGER & CHALFANT LLP
701 University Ave., #110
Sacramento, CA  95825
(916) 443-4443

DECLARATION OF WENDY MOTOOKA ISO JOINT
STATEMENT  – CITY RFPs
Case No. 2:16-cv-00603 TLN EFB                                    1

1   ("City"), Lieutenant KENNY PARK, and Detective MATHEW MUSTARD in this action.

2       2.      On September 28, 2016, the City served two separate sets of requests for

3   production of documents on plaintiffs, Request for Production of Documents ("RFP") (Set One)

4   to Quinn and RFP (Set One) to Huskins.  Attached as **Exhibit A** hereto is a true and correct copy

5   of RFP to Quinn (Set One).  Attached as **Exhibit B** hereto is a true and correct copy of RFP to

6   Huskins (Set One).

7       3.      On October 31, 2016, each plaintiff responded, but produced no documents,

8   instead indicating that the production would "substantially complete" by November 30, 2016.

9   Attached as **Exhibit C** hereto is a true and correct copy Quinn's Response to RFP (Set One).

10  Attached as **Exhibit D** hereto is a true and correct copy of Huskins' Response to RFP (Set One).

11      4.      On December 1, 2016, plaintiffs informed defendants via email that plaintiffs had

12  hit a "technical roadblock" that prevented them from serving "the production," but provided

13  defendants with an FTP link through which to access the documents.  Attached as **Exhibit E**

14  hereto is a true and correct copy of the email string between Kenneth Nabity and Wendy

15  Motooka, December 1-2, 2016.

16      5.      The documents accessible via the FTP link, over 2000 pages, were an

17  undifferentiated mass, with each individual page saved as a separate electronic file.  The

18  production was not organized or labeled to correspond to the categories of the documents

19  requested, and was no not even divided between documents produced by Quinn and those

20  produced by Huskins.  Every single one of the pages of the production was designated

21  "confidential."  Defendants pointed out the problem with the over-designation of confidentiality

22  to plaintiffs, who acknowledged that it was an error that would be corrected in the service copy of

23  the production to be provided to defendants.  Defendant further noted that the documents were

24  not labeled to correspond to the categories of requests, and asked plaintiffs if they would be

25  correcting that problem in the final production as well.  *See* Exhibit E, *supra*, email between

26  Nabity and Motooka, Dec. 2, 2016 at p. 1.  Plaintiffs did not respond.

27      6.      As of December 14, 2016, plaintiffs still had not served their responses to RFP

28  (Set One) to Quinn and RFP (Set One) to Huskins.  Defendants then emailed plaintiffs a letter,

CREGGER & CHALFANT LLP
701 University Ave., #110
Sacramento, CA  95825
(916) 443-4443

DECLARATION OF WENDY MOTOOKA ISO JOINT
STATEMENT  – CITY RFPs                    2
Case No. 2:16-cv-00603 TLN EFB

1 reminding them that their response to the two sets of RFPs were overdue. Attached as **Exhibit F**

2 hereto is a true and correct copy of the defendants' letter to plaintiffs of December 14, 2016.

3 7. That same day, plaintiffs served on a flash drive what they identified as their "first

4 production," Bates labeled DHAQ 1-2396. Attached as **Exhibit G** hereto is a true and correct

5 copy of plaintiffs' transmittal letter.

6 8. Many of the confidentiality designations had been removed from the documents

7 produced on the flash drive, but the documents remained an undifferentiated mass, in response to

8 both sets of RFPs collectively, not organized and labeled to correspond to the categories of the

9 separate requests. Each page of the production was saved as a separate electronic file. Should the

10 court wish to review the production *in camera*, defendants will lodge for *in camera* review a true

11 and correct copy of the "first production" on a DVD disk to be included with the courtesy copy of

12 this declaration that will be submitted to the Court.

13 9. The documents also included redactions, some of them substantial, i.e., the entire

14 page (everything except the Bates stamp) or significant amounts of material information, for

15 which plaintiffs provided no justification. Attached as **Exhibit H** hereto are examples of these

16 redacted documents.[1]

17 10. On December 23, 2016, plaintiffs collectively produced as a "second production"

18 in response to the two sets for RFPs, Bates labeled DHAQ 2397-3213. Attached as **Exhibit I**

19 hereto is a true and correct copy of plaintiffs' transmittal letter. Should the court wish to review

20 the production *in camera*, defendants will lodge for *in camera* review a true and correct copy of

21 the "second production" on a DVD disk to be included with the courtesy copy of the motion that

22 will be submitted to the Court.

23 11. Together, plaintiffs' "first" and "second" productions included various types of

24 documents, including emails on numerous subjects, printouts of what appear to be social media

25

26 [1] DHAQ 2190-2191 and 3085-3089 were designated as "confidential" by plaintiffs. Defendants challenged this confidentiality designation in a letter dated January 3, 2017 (Exhibit K, *infra*.). Plaintiffs did not agree to de-designate these documents (Exh. L, *infra*, at p. 3), but also have not moved to retain confidentiality pursuant to paragraph 6.3 of the Stipulated Protective Order (ECF No. 21). The confidentiality designation for these documents has therefore been automatically waived by the passage of time, pursuant to paragraph 6.3 of the Stipulated Protective Order.

27

28

DECLARATION OF WENDY MOTOOKA ISO JOINT
STATEMENT – CITY RFPs                    3
Case No. 2:16-cv-00603 TLN EFB

1    posts, photos depicting unknown subjects, unrelated police reports, medical/counseling records

2    and appointment reminders, correspondence with the Solano County District Attorney and the

3    U.S. Department of Justice, payment invoices, audio recordings, some text messages, news

4    clippings, PACER filings, handwritten journaling, and pleadings and papers from this civil

5    lawsuit.

6         12.    On December 16, 2016, after receiving the "first" production, defendants emailed

7    plaintiffs, asking if they planned to address the issue of the production's failure to correspond to

8    the separate sets of requests, and the separate categories within those requests.    Plaintiffs

9    responded that they had no obligation to label the documents to correspond to the categories of

10   the requests, and invited defendants to send them authority to the contrary.    Defendants provided

11   plaintiffs with the authority that they requested.    Attached as **Exhibit J** hereto is a true and correct

12   copy of the email string between Wendy Motooka and Kenneth Nabity, Dec. 16-19, 2016.

13        13.    On January 3, 2017, defendants to plaintiffs to meet and confer in detail regarding

14   plaintiffs' collective production, Bates labeled DHAQ 1-3213.    Defendants asked plaintiffs to

15   organize and label their respective productions, and to remove or provide justification for the

16   redactions.    Defendants also challenged what appeared to be over-designation of confidential

17   materials.    Attached as **Exhibit K** hereto is a true and correct copy of this letter of January 3,

18   2017, from Wendy Motooka to Kenneth Nabity.

19        14.    On January 27, 2017, plaintiffs' responded that their production was proper under

20   Rule 34, because they keep the documents this way "in the usual course of business."    They

21   further asserted that their redactions were all proper, either because the redacted material was

22   non-responsive or because it was privileged.    Attached as **Exhibit L** hereto is a true and correct

23   copy of plaintiffs' letter of January 27, 2017, from Kenneth Nabity to Wendy Motooka.

24        15.    Plaintiffs had produced no privilege log.

25        16.    On January 30, 2017, defendants wrote to plaintiffs explaining why they were

26   skeptical of plaintiffs' assertion that the documents were produced as kept in the usual course of

27   business.    Defendants also reminded plaintiffs that they cannot meet their burden under Rule 34

28   with just unsupported statement that they produced the documents "as they are kept in the usual

CREGGER & CHALFANT LLP
701 University Ave., #110
Sacramento, CA 95825
(916) 443-4443

DECLARATION OF WENDY MOTOOKA ISO JOINT
STATEMENT – CITY RFPs                                    4
Case No. 2:16-cv-00603 TLN EFB

1   course of business."   Attached as **Exhibit M** hereto is a true and correct copy of the letter of

2   January 30, 2017 from Wendy Motooka to Kenneth Nabity.

3        17.     Plaintiffs did not respond to this letter.

4        18.     On February 13, 2017, defendants emailed plaintiffs indicating defendants'

5   intention to move to compel and inquiring, in light of the confidentiality and sealing issues that

6   might arise, whether plaintiffs would like to agree upon a briefing schedule prior to defendants'

7   selection of the hearing date.   Plaintiffs expressed no concerns about the confidentiality and

8   sealing issues, but indicated that they would be providing a privilege log by the end of the month.

9   Defendants stated that they would hold off on setting a motion to compel, until after the privilege

10   log was received.   Attached as **Exhibit N** hereto is a true and correct copy of the email string

11   between Wendy Motooka and Kenneth Nabity, Feb. 13-17, 2017.

12        19.     On February 28, 2017, plaintiffs emailed defendants a privilege log that satisfied

13   defendants with respect to some, but not all, of the redactions.

14        20.     While the meet and confer over the document production was ongoing, the parties

15   had a concurrent discovery dispute over the sufficiency of plaintiffs' computation of damages in

16   their initial disclosures.   Defendants filed a motion to compel further disclosures on December 7,

17   2016.   On January 27, 2017, while the motion to compel remained pending, plaintiffs

18   supplemented their initial disclosures in lieu of briefing their portion of the joint statement.   The

19   supplemental computation of damages included another small document production, Bates

20   stamped DHAQ 3214-3227 (the "third production"), which contained primarily copies of pay

21   checks and pay stubs, none of which document Quinn's earnings at Kaiser.   Attached as **Exhibit**

22   **O** hereto is a true and correct copy of the January 27, 2017 transmittal letter from Kenneth Nabity

23   to Wendy Motooka.   Should the court wish to review the "third" production *in camera*,

24   defendants will lodge for *in camera* review a true and correct copy of the "third production" on a

25   DVD disk to be included with the courtesy copy of the motion that will be submitted to the Court.

26        21.     Attached as **Exhibit P** hereto is a true and correct copy of DHAQ 2412 and 3121,

27   which plaintiffs have designated as "confidential."

28        22.     Attached as **Exhibit Q** hereto is a true and correct copy of DHAQ 1159 and 1364.

CREGGER & CHALFANT LLP
701 University Ave., #110
Sacramento, CA  95825
(916) 443-4443

DECLARATION OF WENDY MOTOOKA ISO JOINT
STATEMENT  – CITY RFPs                                           5
Case No. 2:16-cv-00603 TLN EFB

1    23.    I have personal knowledge of the matters described above, and if called upon,

2  could competently testify thereto.

3    I declare under penalty of perjury under the laws of the United States of America that the

4  foregoing is true and correct.

5    Executed on March 29, 2017, at Sacramento, California.

6

7

8    /s/ Wendy Motooka
     WENDY MOTOOKA

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

CREGGER & CHALFANT LLP
701 University Ave., #110
Sacramento, CA  95825
(916) 443-4443

DECLARATION OF WENDY MOTOOKA ISO JOINT
STATEMENT  – CITY RFPs          6
Case No. 2:16-cv-00603 TLN EFB

**Declaration of WendyMotooka In Support Of
Joint Statement Re Discovery Disagreement**

# EXHIBIT A

1   CREGGER & CHALFANT LLP
    ROBERT L. CHALFANT, SBN 203051
2   Email: rlc@creggerlaw.com
    WENDY MOTOOKA, SBN 233589
3   Email: wm@creggerlaw.com
    701 University Avenue, Suite 110
4   Sacramento, CA 95825
    Telephone: 916.443-4443
5

6   CLAUDIA M. QUINTANA, SBN 178613
    City Attorney
7   KELLY J. TRUJILLO, SBN 244286
    Assistant City Attorney
8   Email: Kelly.Trujillo@cityofvallejo.net
    City of Vallejo, City Hall
9   555 Santa Clara Street
    Vallejo, CA 94590
10   Telephone: 707.648-4545

11   Attorneys for Defendants CITY OF VALLEJO,
    KENNY PARK, MATHEW MUSTARD
12

13                 **UNITED STATES DISTRICT COURT**

14                 **EASTERN DISTRICT OF CALIFORNIA**

15

16   DENISE HUSKINS and AARON QUINN,     |   Case No. 2:16-cv-00603 TLN EFB

17           Plaintiffs,     |   **DEFENDANT CITY OF VALLEJO'S**
                        |   **REQUEST FOR PRODUCTION OF**
18       vs.     |   **DOCUMENTS TO PLAINTIFF AARON**
                        |   **QUINN**
19   CITY OF VALLEJO, a public entity,
    KENNY PARK, MATHEW MUSTARD,     |   **SET ONE**
20   and DOES 1-25,

21           Defendants.

22

23   PROPOUNDING PARTY:   Defendant CITY OF VALLEJO

24   RESPONDING PARTY:     Plaintiff AARON QUINN

25   SET NO.:               ONE

26

27           Pursuant to Federal Rule of Civil Procedure 34, defendant City of Vallejo requests that

28   plaintiff Aaron Quinn produce and permit inspection and copying or photographing of the

CREGGER & CHALFANT LLP
701 University Ave., #110
Sacramento, CA 95825
(916) 443-4443

VALLEJO'S RFP #1 TO QUINN
Case No. 2:16-cv-00603 TLN EFB         1

1   following documents or electronically stored information.

2

3                              **DEFINITIONS**

4         "INITIAL DISCLOSURES" refers to the initial disclosures served on defendants by the

5   plaintiffs in this case on August 11, 2016.

6         "HUSKINS" refers to plaintiff DENISE HUSKINS.

7         "KIDNAPPING" refers to the reported kidnapping of Denise Huskins and the related

8   police investigation(s).

9         "QUINN" refers to plaintiff AARON QUINN.

10        "YOU" or "YOUR" refers to plaintiff Aaron Quinn, his attorneys, representatives, or

11  agents.

12

13  **REQUEST FOR PRODUCTION NO. 1:**

14        All documents referenced in Part II.a of plaintiffs' INITIAL DISCLOSURES (page 7,

15  lines 1-7), and stated to be "in the custody of Plaintiffs, Plaintiffs' attorneys, employers, and/or

16  medical services providers" as of August 11, 2016.

17  **REQUEST FOR PRODUCTION NO. 2:**

18        All documents referenced Part II.b of plaintiffs' in INITIAL DISCLOSURES (page 7,

19  lines 8-11), and stated to be "in the custody of Plaintiffs, Plaintiffs' attorneys, employers, and/or

20  medical services providers" as of August 11, 2016.

21  **REQUEST FOR PRODUCTION NO. 3:**

22        All documents that support YOUR contention in the INITIAL DISCLOSURES that

23  QUINN has suffered "tremendous damage" to his reputation and good name in the community as

24  a result of defamatory statements.

25  **REQUEST FOR PRODUCTION NO. 4:**

26        All documents that show monetary losses sustained by QUINN as a result of the damage

27  to his reputation.

28  //

CREGGER & CHALFANT LLP
701 University Ave., #110
Sacramento, CA 95825
(916) 443-4443

VALLEJO'S RFP #1 TO QUINN
Case No. 2:16-cv-00603 TLN EFB                    2

1 **REQUEST FOR PRODUCTION NO. 5:**

2       All documents that support YOUR contention in the INITIAL DISCLOSURES that

3 QUINN has "lost employment opportunities due to Defendants' wrongful conduct."

4 **REQUEST FOR PRODUCTION NO. 6:**

5       All documents that show monetary losses sustained by QUINN as a result of the lost

6 employment opportunities.

7 **REQUEST FOR PRODUCTION NO. 7:**

8       All documents that support YOUR contention in the INITIAL DISCLOSURES that

9 QUINN "has had to incur substantial attorneys' fees" as a result of "Defendant's tortious

10 conduct."

11 **REQUEST FOR PRODUCTION NO. 8:**

12       All documents that show the amount of attorneys' fees paid by QUINN as a result of

13 "Defendant's tortious conduct."

14 **REQUEST FOR PRODUCTION NO. 9:**

15       All documents that support YOUR contention in the INITIAL DISCLOSURES that

16 QUINN has suffered "humiliation, anguish, and emotional and physical distress."

17 **REQUEST FOR PRODUCTION NO. 10:**

18       All documents that support YOUR contention in the INITIAL DISCLOSURES that

19 QUINN has "incurred medical expenses ... seeking mental health counseling because of

20 Defendants' tortious conduct."

21 **REQUEST FOR PRODUCTION NO. 11:**

22       All documents referenced in the INITIAL DISCLOSURES at page 8, lines 14-17.

23 **REQUEST FOR PRODUCTION NO. 12:**

24       All non-privileged electronic communications, including but not limited to emails and text

25 messages, sent or received by QUINN relating to the KIDNAPPING.

26 **REQUEST FOR PRODUCTION NO. 13:**

27       All correspondence (including but not limited to emails, texts, and any other electronic

28 communications) between QUINN and HUSKINS from September 2014 to the present.

CREGGER & CHALFANT LLP
701 University Ave., #110
Sacramento, CA 95825
(916) 443-4443

VALLEJO'S RFP #1 TO QUINN
Case No. 2:16-cv-00603 TLN EFB

3

**REQUEST FOR PRODUCTION NO. 14:**

All correspondence (including but not limited to emails, texts, and any other electronic communications) between QUINN and Ethan Quinn, from March 23, 2015 to the present.

**REQUEST FOR PRODUCTION NO. 15:**

All correspondence (including but not limited to emails, texts, and any other electronic communications) between QUINN and any member of HUSKINS' family, from March 23, 2015 to the present.

**REQUEST FOR PRODUCTION NO. 16:**

All correspondence (including but not limited to emails, texts, and any other electronic communications) between QUINN and any member of QUINN's family, other than brother Ethan, from March 23, 2015, to the present.

**REQUEST FOR PRODUCTION NO. 17:**

All correspondence (including but not limited to emails, texts, and any other electronic communications) between QUINN and Andrea Roberts from September 2014 to the present.

**REQUEST FOR PRODUCTION NO. 18:**

All non-privileged correspondence (including but not limited to emails, texts, and any other electronic communications) written by QUINN regarding any emotional distress that he suffered from February 1, 2015, to the present.

**REQUEST FOR PRODUCTION NO. 19:**

All correspondence (including but not limited to emails, texts, and any other electronic communications) between QUINN and MATTHEW MULLER from September 2014 to the present.

**REQUEST FOR PRODUCTION NO. 20:**

All correspondence (including but not limited to emails, texts, and any other electronic communications) between QUINN and the kidnapper from September 2014 to the present

**REQUEST FOR PRODUCTION NO. 21:**

A copy of QUINN's most recent resumé.

//

CREGGER & CHALFANT LLP
701 University Ave., #110
Sacramento, CA 95825
(916) 443-4443

VALLEJO'S RFP #1 TO QUINN
Case No. 2:16-cv-00603 TLN EFB

4

1  DATE: September 28 , 2016          CREGGER & CHALFANT LLP

2

3

4                                    ROBERT L. CHALFANT
5                                    WENDY MOTOOKA
                                     Attorneys for Defendants CITY OF VALLEJO,
6                                    KENNY PARK, MATHEW MUSTARD

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

CREGGER & CHALFANT LLP
701 University Ave., #110
Sacramento, CA 95825
(916) 443-4443

**PROOF OF SERVICE**

| | |
|---|---|
| CASE: | Denise Huskins, et al. v. City of Vallejo, et al. |
| NO.: | U.S. District Court, Eastern District of California, No. 2:16-cv-00603 TLN EFB |

The undersigned declares:

I am a citizen of the United States and a resident of the County of Sacramento. I am over the age of 18 years and not a party to the within above-entitled action; my business address is 701 University Avenue, Suite 110, Sacramento, CA 95825.

I am readily familiar with this law firm's practice for collection and processing of correspondence for mailing with the United States Postal Service; said correspondence will be deposited with the United States Postal Service the same day in the ordinary course of business.

On the date indicated below I served the within **DEFENDANT CITY OF VALLEJO'S REQUEST FOR PRODUCTION OF DOCUMENTS TO PLAINTIFF AARON QUINN, SET ONE** on all parties in said action as addressed below by causing a true copy thereof to be:

  x   **placed in a sealed envelope** with first class postage thereon fully prepaid in a designated area for outgoing mail;

___   **delivered by hand;**

___   **telecopied by facsimile;**

  **express mailed by overnight delivery.**

Attorneys for Plaintiffs
James M. Wagstaffe
Kevin B. Clune
Kenneth P. Nabity
KERR & WAGSTAFFE, LLP
101 Mission Street, 18th Flr.
San Francisco, CA 94105-1727
Telephone:    (415) 371-8500
Fax:          (415) 371-0500
Emails:       wagstaffe@kerrwagstaffe.com
              clune@kerrwagstaffe.com
              nabity@kerrwagstaffe.com

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed this September 28, 2016 at Sacramento, California.

Beverly J. March

CREGGER & CHALFANT LLP
701 University Ave., #110
Sacramento, CA  95825
(916) 443-4443

VALLEJO'S RFP #1 TO QUINN
Case No. 2:16-cv-00603 TLN EFB

6

Declaration of WendyMotooka In Support Of
Joint Statement Re Discovery Disagreement

# EXHIBIT B

1   CREGGER & CHALFANT LLP
    ROBERT L. CHALFANT, SBN 203051
2   Email: rlc@creggerlaw.com
    WENDY MOTOOKA, SBN 233589
3   Email: wm@creggerlaw.com
    701 University Avenue, Suite 110
4   Sacramento, CA 95825
    Telephone: 916.443-4443

5

6   CLAUDIA M. QUINTANA, SBN 178613
    City Attorney
7   KELLY J. TRUJILLO, SBN 244286
    Assistant City Attorney
8   Email: Kelly.Trujillo@cityofvallejo.net
    City of Vallejo, City Hall
9   555 Santa Clara Street
    Vallejo, CA 94590
10  Telephone: 707.648-4545

11  Attorneys for Defendants CITY OF VALLEJO,
    KENNY PARK, MATHEW MUSTARD

12

13                  **UNITED STATES DISTRICT COURT**

14              **EASTERN DISTRICT OF CALIFORNIA**

15

16  DENISE HUSKINS and AARON QUINN,          Case No. 2:16-cv-00603 TLN EFB

17              Plaintiffs,

                                            **DEFENDANT    CITY    OF    VALLEJO'S**
18       vs.                                **REQUEST    FOR    PRODUCTION    OF**
                                            **DOCUMENTS   TO   PLAINTIFF   DENISE**
19  CITY OF VALLEJO, a public entity,       **HUSKINS**
    KENNY PARK, MATHEW MUSTARD,
20  and DOES 1-25,                          **SET ONE**

21              Defendants.

22

23  PROPOUNDING PARTY:    Defendant CITY OF VALLEJO

24  RESPONDING PARTY:     Plaintiff DENISE HUSKINS

25  SET NO.:              ONE

26

27       Pursuant to Federal Rule of Civil Procedure 34, defendant City of Vallejo requests that

28  plaintiff Denise Huskins produce and permit inspection and copying or photographing of the

CREGGER & CHALFANT LLP
701 University Ave., #110
Sacramento, CA 95825
(916) 443-4443

VALLEJO'S RFP #1 TO HUSKINS                        1
Case No. 2:16-cv-00603 TLN EFB

1    following documents or electronically stored information.

2                          **DEFINITIONS**

3         "INITIAL DISCLOSURES" refers to the initial disclosures served on defendants by the

4    plaintiffs in this case on August 11, 2016.

5         "HUSKINS" refers to plaintiff DENISE HUSKINS.

6         "KIDNAPPING" refers to the reported kidnapping of Denise Huskins and the related

7    police investigation(s).

8         "QUINN" refers to plaintiff AARON QUINN.

9         "YOU" or "YOUR" refers to plaintiff Denise Huskins, her attorneys, representatives, or

10   agents.

11

12   **REQUEST FOR PRODUCTION NO. 1:**

13        All documents referenced in Part II.a of plaintiffs' INITIAL DISCLOSURES (page 7,

14   lines 1-7), and stated to be "in the custody of Plaintiffs, Plaintiffs' attorneys, employers, and/or

15   medical services providers" as of August 11, 2016.

16   **REQUEST FOR PRODUCTION NO. 2:**

17        All documents referenced Part II.b of plaintiffs' in INITIAL DISCLOSURES (page 7,

18   lines 8-11), and stated to be "in the custody of Plaintiffs, Plaintiffs' attorneys, employers, and/or

19   medical services providers" as of August 11, 2016.

20   **REQUEST FOR PRODUCTION NO. 3:**

21        All documents that support YOUR contention in the INITIAL DISCLOSURES that

22   HUSKINS has suffered "tremendous damage" to her reputation and good name in the community

23   as a result of defamatory statements.

24   **REQUEST FOR PRODUCTION NO. 4:**

25        All documents that show monetary losses sustained by HUSKINS as a result of the

26   damage to her reputation.

27   **REQUEST FOR PRODUCTION NO. 5:**

28        All documents that support YOUR contention in the INITIAL DISCLOSURES that

CREGGER & CHALFANT LLP
701 University Ave., #110
Sacramento, CA 95825
(916) 443-4443

VALLEJO'S RFP #1 TO HUSKINS
Case No. 2:16-cv-00603 TLN EFB                    2

1   HUSKINS has "lost employment opportunities due to Defendants' wrongful conduct."

2   **REQUEST FOR PRODUCTION NO. 6:**

3   All documents that show monetary losses sustained by HUSKINS as a result of the lost

4   employment opportunities.

5   **REQUEST FOR PRODUCTION NO. 7:**

6   All documents that support YOUR contention in the INITIAL DISCLOSURES that

7   HUSKINS "has had to incur substantial attorneys' fees" as a result of "Defendant's tortious

8   conduct."

9   **REQUEST FOR PRODUCTION NO. 8:**

10   All documents that show the amount of attorneys' fees paid by HUSKINS as a result of

11   "Defendant's tortious conduct."

12   **REQUEST FOR PRODUCTION NO. 9:**

13   All documents that support YOUR contention in the INITIAL DISCLOSURES that

14   HUSKINS has suffered "humiliation, anguish, and emotional and physical distress."

15   **REQUEST FOR PRODUCTION NO. 10:**

16   All documents that support YOUR contention in the INITIAL DISCLOSURES that

17   HUSKINS has "incurred medical expenses ... seeking mental health counseling because of

18   Defendants' tortious conduct."

19   **REQUEST FOR PRODUCTION NO. 11:**

20   All documents referenced in the INITIAL DISCLOSURES at page 8, lines 14-17.

21   **REQUEST FOR PRODUCTION NO. 12:**

22   All non-privileged electronic communications, including but not limited to emails and text

23   messages, sent or received by HUSKINS relating to the KIDNAPPING.

24   **REQUEST FOR PRODUCTION NO. 13:**

25   All correspondence (including but not limited to emails, texts, and any other electronic

26   communications) between QUINN and HUSKINS from September 2014 to the present.

27   **REQUEST FOR PRODUCTION NO. 14:**

28   All non-privileged correspondence (including but not limited to emails, texts, and any

CREGGER & CHALFANT LLP
701 University Ave., #110
Sacramento, CA 95825
(916) 443-4443

VALLEJO'S RFP #1 TO HUSKINS
Case No. 2:16-cv-00603 TLN EFB

3

1  other electronic communications) written by HUSKINS regarding any emotional distress that she

2  suffered from February 1, 2015, to the present.

3  **REQUEST FOR PRODUCTION NO. 15:**

4      All correspondence (including but not limited to emails, texts, and any other electronic

5  communications) between HUSKINS and any member of QUINN'S family, from March 23,

6  2015 to the present.

7  **REQUEST FOR PRODUCTION NO. 16:**

8      All correspondence (including but not limited to emails, texts, and any other electronic

9  communications) between HUSKINS and any member of HUSKINS' family, from March 23,

10  2015 to the present.

11  **REQUEST FOR PRODUCTION NO. 17:**

12      All correspondence (including but not limited to emails, texts, and any other electronic

13  communications) between HUSKINS and MATTHEW MULLER from September 2014 to the

14  present.

15  **REQUEST FOR PRODUCTION NO. 18:**

16      All correspondence (including but not limited to emails, texts, and any other electronic

17  communications) between HUSKINS and the kidnapper from September 2014 to the present.

18  **REQUEST FOR PRODUCTION NO. 19:**

19      A copy of HUSKINS' most recent resumé.

20

21

22  DATE: September _28_, 2016          CREGGER & CHALFANT LLP

23

24                                      ROBERT L. CHALFANT
25                                      WENDY MOTOOKA
26                                      Attorneys for Defendants CITY OF VALLEJO,
                                        KENNY PARK, MATHEW MUSTARD
27

28

CREGGER & CHALFANT LLP
701 University Ave., #110
Sacramento, CA 95825
(916) 443-4443

VALLEJO'S RFP #1 TO HUSKINS
Case No. 2:16-cv-00603 TLN EFB                    4

1

**PROOF OF SERVICE**

2   **CASE:**      **Denise Huskins, et al. v. City of Vallejo, et al.**
    **NO.:**       **U.S. District Court, Eastern District of California, No. 2:16-cv-00603**
3                  **TLN EFB**

4           The undersigned declares:

5           I am a citizen of the United States and a resident of the County of Sacramento. I am
    over the age of 18 years and not a party to the within above-entitled action; my business
6   address is 701 University Avenue, Suite 110, Sacramento, CA 95825.

7           I am readily familiar with this law firm's practice for collection and processing of
    correspondence for mailing with the United States Postal Service; said correspondence will
8   be deposited with the United States Postal Service the same day in the ordinary course of
    business.
9
            On the date indicated below I served the within **DEFENDANT CITY OF**
10  **VALLEJO'S REQUEST FOR PRODUCTION OF DOCUMENTS TO PLAINTIFF**
    **DENISE HUSKINS, SET ONE** on all parties in said action as addressed below by causing
11  a true copy thereof to be:

12    _x_    **placed in a sealed envelope** with first class postage thereon fully prepaid in a
            designated area for outgoing mail;
13
      __'    **delivered by hand;**
14
      __     **telecopied by facsimile;**
15
             **express mailed by overnight delivery.**
16
    Attorneys for Plaintiffs
17  James M. Wagstaffe
    Kevin B. Clune
18  Kenneth P. Nabity
    KERR & WAGSTAFFE, LLP
19  101 Mission Street, 18th Flr.
    San Francisco, CA 94105-1727
20  Telephone:   (415) 371-8500
    Fax:         (415) 371-0500
21  Emails:      wagstaffe@kerrwagstaffe.com
                 clune@kerrwagstaffe.com
22               nabity@kerrwagstaffe.com

23          I declare under penalty of perjury under the laws of the State of California that the
    foregoing is true and correct.
24
            Executed this September 28, 2016 at Sacramento, California.
25

26                                          Beverly J. March

27

28

CREGGER & CHALFANT LLP
701 University Ave., #110
Sacramento, CA 95825
(916) 443-4443

VALLEJO'S RFP #1 TO HUSKINS                    5
Case No. 2:16-cv-00603 TLN EFB

**Declaration of WendyMotooka In Support Of
Joint Statement Re Discovery Disagreement**

# EXHIBIT C

1   JAMES M. WAGSTAFFE (95535)
    wagstaffe@kerrwagstaffe.com
2   KEVIN B. CLUNE (248681)
    clune@kerrwagstaffe.com
3   KENNETH P. NABITY (287927)
    nabity@kerrwagstaffe.com
4   **KERR & WAGSTAFFE LLP**
    101 Mission Street, 18th Floor
5   San Francisco, CA 94105–1727
    Telephone: (415) 371-8500
6   Fax: (415) 371-0500

7   Attorneys for Plaintiffs
    DENISE HUSKINS and AARON QUINN
8

9
                    **UNITED STATES DISTRICT COURT**
10
                    **EASTERN DISTRICT OF CALIFORNIA**
11

12
    DENISE HUSKINS and AARON QUINN,        Case No. 2:16-cv-00603-TLN-EF
13
                    Plaintiffs,
14                                          **PLAINTIFF AARON QUINN'S**
                                            **RESPONSE TO DEFENDANT CITY**
15          v.                              **OF VALLEJO'S REQUEST FOR**
                                            **PRODUCTION OF DOCUMENTS, SET**
16   CITY OF VALLEJO, a public entity, KENNY   **ONE**
     PARK, MATHEW MUSTARD, and DOES 1-
17   25,

18                  Defendants.

19

20

21
            PROPOUNDING PARTY:   Defendant CITY OF VALLEJO
22
            RESPONDING PARTY:    Plaintiff AARON QUINN
23
            SET NUMBER:          One
24

25

26

27

28

KERR
—&—
WAGSTAFFE
LLP

1   Plaintiff Aaron Quinn ("Plaintiff") objects and responds to Defendant City of Vallejo's

2   Request for Production of Documents, Set One, as follows:

3   **GENERAL STATEMENT**

4   Plaintiff reserves and does not waive or intend to waive the right to: (a) object on any and

5   all proper grounds to the use of these responses in this or any other action; (b) object on any and

6   all proper grounds to any other discovery procedure involving or relating to the subject matter of

7   the Request; and (c) at any time revise, correct, add to, or clarify any of these responses.  Plaintiff

8   specifically reserves all objections as to the competence, relevance, materiality, admissibility, or

9   privileged status of any information provided in response to the Requests, unless specifically

10  stated otherwise.

11  These responses are made solely for the purpose of the above-captioned action and are

12  subject to all objections to competence, authenticity, relevance, materiality, propriety,

13  admissibility, and any and all other objections or grounds that would or could require or permit

14  the exclusion of any statement, information, or document from evidence, all of which are

15  reserved and may be interposed at the time of trial.  Plaintiff's provision of information or

16  documents in response to any discovery request does not concede that the information or

17  documents requested or produced are relevant to the subject matter of this litigation, reasonably

18  calculated to lead to the discovery of admissible evidence, or responsive to any particular

19  request.

20  Except as explicitly admitted, no incidental or implied admissions are intended.

21  Plaintiff's factual investigation and trial preparation for this case is ongoing.  Further discovery,

22  independent investigation, legal research, and analysis may or will supply additional facts, add

23  meaning to known facts, or establish entirely new factual conclusions and legal contentions,

24  which may result in additions to, changes in, or variations from the contentions.

25  A responsive statement that documents and/or things will be produced encompasses only

26  those responsive documents and things not otherwise subject to the general objections or any

27  specific objection.  Moreover, any such statement is not a representation that such documents or

28

KERR
—&—
WAGSTAFFE
LLP

1 things exist, but rather that any such existing documents and things that may be located upon a
2 reasonable search will be produced or made available for inspection.

3     Plaintiff expects to be substantially complete with production of all responsive documents
4 by November 30, 2016.

5                              **GENERAL OBJECTIONS**

6     1.    Plaintiff objects to each Request, Definition, and Instruction to the extent it is
7 contrary to, inconsistent with, enlarges upon, or exceeds the scope, type, or quantity of discovery
8 permitted under the Federal Rules of Civil Procedure, Federal Rules of Evidence, Local Rules of
9 the Eastern District of California, or the Court's Preliminary Pretrial Conference Order or any
10 other Order.

11     2.    Plaintiff objects to each Request to the extent it seeks information protected from
12 discovery or disclosure by the attorney-client privilege, the work-product doctrine, or by any
13 other applicable privilege(s).  Plaintiff claims these privileges with respect to all such
14 information.  Should Plaintiff's response(s) include any privileged or protected information, the
15 disclosure is inadvertent and shall not constitute a waiver of any applicable privilege, immunity,
16 or ground for objecting to discovery with respect to such response, or of Plaintiff's rights to
17 object during this litigation or otherwise to the use of such response or information.

18     3.    Plaintiff objects to each Request to the extent it seeks information not within
19 Plaintiff's possession, custody, or control.  These responses are based on information reasonably
20 available to Plaintiff and documents within Plaintiff's possession, custody or control, including
21 Plaintiff's knowledge thereof.

22     4.    Plaintiff objects to each Request to the extent it seeks information or documents
23 subject to Plaintiff's or third persons' privacy rights, non-disclosure rights, or contractual or
24 legally recognized confidentiality rights.

25     5.    A partial response to any Request that has been objected to in whole or in part is
26 not a waiver of the objection.  By asserting various objections, Plaintiff does not waive other
27 objections that may be or may become applicable.

28

KERR
——&——
WAGSTAFFE
LLP

Case No. 2:16-cv-00603-TLN-EF                    QUINN'S RESPONSE TO CITY OF VALLEJO'S
                                                 REQUEST FOR PRODUCTION, SET ONE

1    6.    Plaintiff objects to each Request as harassing or imposing an undue burden to the

2  extent it seeks information or documents (a) already produced, (b) already in Defendant's

3  possession, custody, or control, (c) in the public domain, to which Defendant has equivalent

4  access to, or obtainable from other sources (including, but not limited to, a public source) that are

5  more convenient, less burdensome, or less expensive, or (d) that requires Plaintiff to undertake

6  an unreasonable or burdensome effort to furnish. Plaintiff objects to each Request to the extent

7  that it seeks information or documents in the possession, custody, and/or control of third parties.

8    7.    Plaintiff objects to each Request to the extent it seeks electronically stored

9  information in a form or in a manner that is not reasonably accessible because of the undue

10  burden or cost associated with retrieving and producing such information, or that otherwise

11  exceeds the requirements of the Local Rules, the Federal Rules of Civil Procedure, or any

12  applicable Court Order.

13    8.    Plaintiff objects to each Request insofar as it seeks documents or information

14  neither relevant to nor reasonably calculated to lead to the discovery of admissible evidence

15  relevant to a claim or defense of any party in this action.

16    9.    Plaintiff objects to each Request to the extent it is overly broad or unduly

17  burdensome.

18    10.    Plaintiff objects to each Request to the extent it is vague, ambiguous, or incapable

19  of response in its present form.

20    11.    Discovery is continuing in this case, the topics of Defendant's Requests are under

21  continuing investigation, and Plaintiff's responses are subject to change.  These responses are

22  based on documents, information, and knowledge reasonably available to Plaintiff as of the date

23  of this response.  Plaintiff reserves the right to supplement any response if and as additional non-

24  privileged, responsive documents or things are identified or located, and to make additional

25  objections that may become apparent at that time.  Plaintiff reserves the right to change, amend,

26  or supplement these responses as additional facts are ascertained, analysis is made, legal research

27  is completed, or contentions are made. These responses are made in a good faith effort to comply

28

KERR
—&—
WAGSTAFFE
LLP

3

Case No. 2:16-cv-00603-TLN-EF                    QUINN'S RESPONSE TO CITY OF VALLEJO'S
                                                 REQUEST FOR PRODUCTION, SET ONE

1  with the Federal Rules, but are in no way deemed to be to the prejudice of Plaintiff in relation to

2  further discovery, research, and analysis.  Plaintiff also reserves the right to make any use of

3  documents or things not known or thought to be responsive at the time of this response.

4       12.    Plaintiff objects to each Definition and Instruction to the extent the Definition or

5  Instruction:

6            A.    renders any Request objectionable for any of the foregoing reasons;

7            B.    results in a Request calling for Plaintiff to speculate on a response; or

8            C.    multiplies or increases the number of discrete responses called for by a

9                 Request.

10      13.    Each General Objection is incorporated into each response.  Repetition or

11  restatement of any General Objection(s) in a specific response in no way waives any of the other

12  General Objections not specifically set forth in the response.  Each General Objection and each

13  General Statement applies to each of the following specific responses.  All objections shall be

14  construed to preserve all rights to enter similar objections to any future supplemental responses.

15  A failure to object herein shall not constitute a waiver of any objection that may be asserted in

16  supplemental responses.

17                    **RESPONSES TO REQUESTS FOR PRODUCTION**

18  **REQUEST FOR PRODUCTION NO. 1:**

19      All documents referenced in Part II.a of plaintiffs' INITIAL DISCLOSURES (page 7,

20  lines 1-7), and stated to be "in the custody of Plaintiffs, Plaintiffs' attorneys, employers, and/or

21  medical services providers" as of August 11, 2016.

22  **RESPONSE:**

23      Plaintiff objects insofar as this Request seeks documents protected by the attorney-client

24  privilege, the attorney work product doctrine, or Plaintiff's right of privacy. Plaintiff further

25  objects on the basis that this Request calls for documents that can be obtained from some other

26  source that is more convenient, less burdensome, or less expensive such as public media sources,

27  the U.S. District Court for the Eastern District of California, Defendants Park and Mustard,

28

KERR
—&—
WAGSTAFFE
LLP

4

1 | and/or Defendant City of Vallejo.

2 |     Subject to and without waiving any of the foregoing objections, Plaintiff responds as

3 | follows: Plaintiff will produce all non-privileged documents referenced in Part II.a of Plaintiffs'

4 | Initial Disclosures that are in Plaintiff's possession, custody, or control.

5 | **REQUEST FOR PRODUCTION NO. 2:**

6 |     All documents referenced Part II.b of plaintiffs' in INITIAL DISCLOSURES (page 7,

7 | lines 8-11), and stated to be "in the custody of Plaintiffs, Plaintiffs' attorneys, employers, and/or

8 | medical services providers" as of August 11, 2016.

9 | **RESPONSE:**

10 |     Plaintiff objects insofar as this Request seeks documents protected by the attorney-client

11 | privilege, the attorney work product doctrine, or Plaintiff's right of privacy.  Plaintiff further

12 | objects on the basis that this Request calls for documents that can be obtained from some other

13 | source that is more convenient, less burdensome, or less expensive such as public media sources,

14 | Defendants Park and Mustard, and/or Defendant City of Vallejo.

15 |     Subject to and without waiving any of the foregoing objections, Plaintiff responds as

16 | follows: Plaintiff will produce all non-privileged documents referenced in Part II.b of Plaintiffs'

17 | Initial Disclosures in Plaintiff's possession, custody, or control.

18 | **REQUEST FOR PRODUCTION NO. 3:**

19 |     All documents that support YOUR contention in the INITIAL DISCLOSURES that

20 | QUINN has suffered "tremendous damage" to his reputation and good name in the community as

21 | a result of defamatory statements.

22 | **RESPONSE:**

23 |     Plaintiff objects to this Request as vague, uncertain, and overbroad in that the term

24 | "defamatory statements" is undefined.  Plaintiff further objects insofar as this Request seeks

25 | documents protected by the attorney-client communication privilege, the attorney work product

26 | doctrine, or Plaintiff's right to privacy.

27 |

28 |

KERR
— & —
WAGSTAFFE
LLP

5

Case No. 2:16-cv-00603-TLN-EF

QUINN'S RESPONSE TO CITY OF VALLEJO'S
REQUEST FOR PRODUCTION, SET ONE

1    Subject to and without waiving any of the foregoing objections, Plaintiff responds as

2  follows: to the extent this Request refers to defamatory statements made by VPD, Defendant

3  Park, and Defendant Mustard about Plaintiffs, Plaintiff will produce all non-privileged

4  documents within his possession, custody, or control supporting Plaintiff's contention that he

5  suffered tremendous damage as a result of the defamatory statements.

6  **REQUEST FOR PRODUCTION NO. 4:**

7    All documents that show monetary losses sustained by QUINN as a result of the damage

8  to his reputation.

9  **RESPONSE:**

10   Plaintiff further objects insofar as this Request seeks documents protected by the

11  attorney-client communication privilege, the attorney work product doctrine, or Plaintiff's right

12  to privacy.

13   Subject to and without waiving the foregoing objections, Plaintiff responds as follows:

14  Plaintiff will produce non-privileged, responsive documents showing damages he suffered as a

15  result of Defendants' conduct.

16  **REQUEST FOR PRODUCTION NO. 5:**

17   All documents that support YOUR contention in the INITIAL DISCLOSURES that

18  QUINN has "lost employment opportunities due to Defendants' wrongful conduct."

19  **RESPONSE:**

20   Plaintiff objects insofar as this Request seeks documents protected by the attorney-client

21  communication privilege, the attorney work product doctrine, or Plaintiff's right to privacy.

22   Subject to and without waiving any of the foregoing objections, Plaintiff responds as

23  follows: Plaintiff will produce all non-privileged documents within Plaintiff's possession,

24  custody, or control supporting Plaintiff's contention that he lost employment opportunities as a

25  result of Defendants' defamatory statements about him.

26  **REQUEST FOR PRODUCTION NO. 6:**

27   All documents that show monetary losses sustained by QUINN as a result of the lost

28

1    employment opportunities.

2    **RESPONSE:**

3         Plaintiff objects to this Request as vague in that "show" and "monetary losses" are not

4    defined.

5         Subject to and without waiving the foregoing objections, Plaintiff responds as follows:

6    Plaintiff will produce non-privileged, responsive documents showing damages he suffered as a

7    result of Defendants' conduct.

8    **REQUEST FOR PRODUCTION NO. 7:**

9         All documents that support YOUR contention in the INITIAL DISCLOSURES that

10   QUINN "has had to incur substantial attorneys' fees" as a result of "Defendant's tortious

11   conduct."

12   **RESPONSE:**

13        Plaintiff objects insofar as this Request seeks documents protected by the attorney-client

14   privilege and the attorney work product doctrine. Plaintiff further objects that this Request is

15   overbroad and premature to the extent it seeks information regarding Plaintiff's attorneys' fees

16   incurred in conjunction with this civil rights lawsuit.

17        Subject to and without waiving the foregoing objections, Plaintiff responds as follows:

18   Plaintiff will produce invoices sufficient to show the attorneys' fees and costs Plaintiff has

19   incurred due to Defendants' conduct other than those incurred in this civil rights lawsuit.

20   **REQUEST FOR PRODUCTION NO. 8:**

21        All documents that show the amount of attorneys' fees paid by QUINN as a result of

22   "Defendant's tortious conduct."

23   **RESPONSE:**

24        Plaintiff objects insofar as this Request seeks documents protected by the attorney-client

25   privilege and the attorney work product doctrine. Plaintiff further objects that this Request is

26   overbroad and premature to the extent it seeks information regarding Plaintiff's attorneys' fees

27   incurred in conjunction with this civil rights lawsuit.

28



7

Case No. 2:16-cv-00603-TLN-EF                          QUINN'S RESPONSE TO CITY OF VALLEJO'S
                                                       REQUEST FOR PRODUCTION, SET ONE

1    Subject to and without waiving the foregoing objections, Plaintiff responds as follows:

2  Plaintiff will produce invoices sufficient to show the attorneys' fees and costs Plaintiff has

3  incurred due to Defendants' conduct other than those incurred in this civil rights lawsuit.

4  **REQUEST FOR PRODUCTION NO. 9:**

5    All documents that support YOUR contention in the INITIAL DISCLOSURES that

6  QUINN has suffered "humiliation, anguish, and emotional and physical distress."

7  **RESPONSE:**

8    Plaintiff objects to this Request to the extent it seeks documents protected by the

9  attorney-client privilege, attorney work product privilege, or Plaintiff's right of privacy.  Plaintiff

10  objects to this Request as vague, uncertain, overbroad, unduly burdensome, and seeking

11  irrelevant material in that it is not limited as to time or cause of the humiliation, anguish, and

12  emotional and physical distress.  Plaintiff interprets this request as asking for documents showing

13  that Plaintiff has suffered "humiliation, anguish, and emotional and physical distress" as a result

14  of Defendants' conduct at issue in this lawsuit.

15    Subject to and without waiving the foregoing objections, Plaintiff responds as follows:

16  Plaintiff will produce all non-privileged documents that support Plaintiff's contention that he

17  suffered humiliation, anguish, and emotional and physical distress as a result of Defendants'

18  conduct.

19  **REQUEST FOR PRODUCTION NO. 10:**

20    All documents that support YOUR contention in the INITIAL DISCLOSURES that

21  QUINN has "incurred medical expenses ... seeking mental health counseling because of

22  Defendants' tortious conduct."

23  **RESPONSE:**

24    Plaintiff objects to this Request to the extent it seeks documents protected by the

25  attorney-client privilege, attorney work product privilege, or Plaintiff's right of privacy.

26    Subject to and without waiving the foregoing objections, Plaintiff responds as follows:

27  Plaintiff will produce all documents supporting his contention that he has incurred medical

28

KERR
— & —
WAGSTAFFE
LLP

8

Case No. 2:16-cv-00603-TLN-EF                     QUINN'S RESPONSE TO CITY OF VALLEJO'S
                                                  REQUEST FOR PRODUCTION, SET ONE

1 | expenses seeking mental health counseling because of Defendants' conduct.

2 | **REQUEST FOR PRODUCTION NO. 11:**

3 | All documents referenced in the INITIAL DISCLOSURES at page 8, lines 14-17.

4 | **RESPONSE:**

5 | Plaintiff objects insofar as this Request seeks documents protected by Plaintiff's right of

6 | privacy.  Plaintiff objects that the request is vague; Plaintiff will only produce those documents

7 | referenced in the INITIAL DISCLOSURES at page 8, lines 14-17 that Plaintiff may use to

8 | support his claim for damages (and will not, for example, produce all of his other "employment

9 | records").

10 | Subject to and without waiving the foregoing objections, Plaintiff responds as follows:

11 | Plaintiff will produce all non-privileged documents referenced in Plaintiffs' Initial Disclosures at

12 | page 8, lines 14-17, that are in Plaintiff's possession, custody, or control.

13 | **REQUEST FOR PRODUCTION NO. 12:**

14 | All non-privileged electronic communications, including but not limited to emails and

15 | text messages, sent or received by QUINN relating to the KIDNAPPING.

16 | **RESPONSE:**

17 | Plaintiff objects insofar as this Request seeks documents protected by the attorney-client

18 | communication privilege or attorney work product doctrine.  Plaintiff objects to this Request as

19 | vague and overbroad in that "relating to" is undefined and potentially limitless.

20 | Subject to and without waiving the foregoing objections, Plaintiff responds as follows:

21 | Plaintiff will produce all non-privileged electronic communications sent by Plaintiff or received

22 | by Plaintiff related to the kidnapping.

23 | **REQUEST FOR PRODUCTION NO. 13:**

24 | All correspondence (including but not limited to emails, texts, and any other electronic

25 | communications) between QUINN and HUSKINS from September 2014 to the present.

26 | **RESPONSE:**

27 | Plaintiff objects insofar as this Request seeks communications protected by the attorney-

28 |

9

Case No. 2:16-cv-00603-TLN-EF | QUINN'S RESPONSE TO CITY OF VALLEJO'S REQUEST FOR PRODUCTION, SET ONE

1    client privilege, the attorney work product doctrine, or Plaintiff's right of privacy. Plaintiff

2    objects to this Request as overbroad, unduly burdensome, seeking irrelevant material, and not

3    reasonably calculated to lead to admissible evidence in that it is not sufficiently limited by time

4    nor by subject matter of the correspondence.  Plaintiff's communications with Huskins unrelated

5    to the kidnapping or botched investigation are irrelevant to any party's claims or defenses.

6          Subject to and without waiving the foregoing objections, Plaintiff responds as follows:

7    Plaintiff will produce all non-privileged correspondence between himself and Huskins since

8    March 23, 2015 related to the kidnapping, subsequent investigation, and/or Plaintiff's damages.

9    **REQUEST FOR PRODUCTION NO. 14:**

10         All correspondence (including but not limited to emails, texts, and any other electronic

11   communications) between QUINN and Ethan Quinn, from March 23, 2015 to the present.

12   **RESPONSE:**

13         Plaintiff objects insofar as this Request seeks communications protected by the attorney-

14   client privilege, the attorney work product doctrine, or Plaintiff's right of privacy.  Plaintiff

15   objects to this Request as overbroad, unduly burdensome, seeking irrelevant material, and not

16   reasonably calculated to lead to admissible evidence in that it is not sufficiently limited by time

17   nor by subject matter of the correspondence.  Plaintiff's communications with his brother

18   unrelated to the kidnapping or botched investigation are irrelevant to any party's claims or

19   defenses.

20         Subject to and without waiving the foregoing objections, Plaintiff responds as follows:

21   Plaintiff will produce all non-privileged correspondence between himself and Ethan Quinn since

22   March 23, 2015 related to the kidnapping, subsequent investigation, and/or Plaintiffs' damages.

23   **REQUEST FOR PRODUCTION NO. 15:**

24         All correspondence (including but not limited to emails, texts, and any other electronic

25   communications) between QUINN and any member of HUSKINS' family, from March 23, 2015

26   to the present.

27

28

1   **RESPONSE:**

2         Plaintiff objects insofar as this Request seeks communications protected by the attorney-

3   client privilege, the attorney work product doctrine, or Plaintiff's right of privacy. Plaintiff

4   objects to this Request as overbroad, unduly burdensome, seeking irrelevant material, and not

5   reasonably calculated to lead to admissible evidence in that it is not sufficiently limited by time

6   nor by subject matter of the correspondence. Plaintiff's communications with his brother

7   unrelated to the kidnapping or botched investigation are irrelevant to any party's claims or

8   defenses.

9         Subject to and without waiving the foregoing objections, Plaintiff responds as follows:

10   Plaintiff will produce all non-privileged correspondence between himself and Ms. Huskins's

11   family since March 23, 2015 related to the kidnapping, subsequent investigation, and/or

12   Plaintiff's damages.

13   **REQUEST FOR PRODUCTION NO. 16:**

14         All correspondence (including but not limited to emails, texts, and any other electronic

15   communications) between QUINN and any member of QUINN's family, other than brother

16   Ethan, from March 23, 2015, to the present.

17   **RESPONSE:**

18         Plaintiff objects insofar as this Request seeks communications protected by the attorney-

19   client privilege, the attorney work product doctrine, or Plaintiff's right of privacy. Plaintiff

20   objects to this Request as overbroad, unduly burdensome, seeking irrelevant material, and not

21   reasonably calculated to lead to admissible evidence in that it is not sufficiently limited by time

22   nor by subject matter of the correspondence. Plaintiff's communications with his brother

23   unrelated to the kidnapping or botched investigation are irrelevant to any party's claims or

24   defenses.

25         Subject to and without waiving the foregoing objections, Plaintiff responds as follows:

26   Plaintiff will produce all non-privileged correspondence between himself and his family

27

28

KERR
—&—
WAGSTAFFE
LLP

Case No. 2:16-cv-00603-TLN-EF

QUINN'S RESPONSE TO CITY OF VALLEJO'S
REQUEST FOR PRODUCTION, SET ONE

1    members since March 23, 2015 related to the kidnapping, subsequent investigation, and/or

2    Plaintiff's damages.

3    **REQUEST FOR PRODUCTION NO. 17:**

4        All correspondence (including but not limited to emails, texts, and any other electronic

5    communications) between QUINN and Andrea Roberts from September 2014 to the present.

6    **RESPONSE:**

7        Plaintiff objects insofar as this Request seeks communications protected by the attorney-

8    client privilege, the attorney work product doctrine, or Plaintiff's right of privacy.  Plaintiff

9    objects to this Request as overbroad, unduly burdensome, seeking irrelevant material, and not

10    reasonably calculated to lead to admissible evidence in that it is not sufficiently limited by time

11    nor by subject matter of the correspondence.  Plaintiff's communications with his brother

12    unrelated to the kidnapping or botched investigation are irrelevant to any party's claims or

13    defenses.

14        Subject to and without waiving the foregoing objections, Plaintiff responds as follows:

15    Plaintiff will produce all non-privileged correspondence between himself and Andrea Roberts

16    since March 23, 2015 related to the kidnapping, subsequent investigation, and/or Plaintiff's

17    damages.

18    **REQUEST FOR PRODUCTION NO. 18:**

19        All non-privileged correspondence (including but not limited to emails, texts, and any

20    other electronic communications) written by QUINN regarding any emotional distress that he

21    suffered from February 1, 2015, to the present.

22    **RESPONSE:**

23        Plaintiff objects insofar as this Request seeks documents protected by the attorney work

24    product doctrine, attorney-client communications privilege, or Plaintiff's right of privacy.

25    Plaintiff objects to this Request as overbroad, unduly burdensome, seeking irrelevant material,

26    and not reasonably calculated to lead to admissible evidence.

27

28

KERR
—&—
WAGSTAFFE
LLP

Case No. 2:16-cv-00603-TLN-EF

QUINN'S RESPONSE TO CITY OF VALLEJO'S
REQUEST FOR PRODUCTION, SET ONE

1    Subject to and without waiving the foregoing objections, Plaintiff responds as follows:

2    Plaintiff will produce all non-privileged correspondence written by Plaintiff regarding any

3    emotional distress Plaintiff suffered since February 1, 2015.

4    **REQUEST FOR PRODUCTION NO. 19:**

5    All correspondence (including but not limited to emails, texts, and any other electronic

6    communications) between QUINN and MATTHEW MULLER from September 2014 to the

7    present.

8    **RESPONSE:**

9    Plaintiff objects to this Request on the basis that it calls for documents that can be

10   obtained from some other source that is more convenient, less burdensome, or less expensive, or

11   which are already in Defendants' possession, custody, or control.

12   Subject to and without waiving the foregoing objections, Plaintiff responds as follows:

13   After a diligent search, Plaintiff will produce text messages and emails which he reasonably

14   believes were from Matthew Muller from March 23, 2015 to present.  Plaintiff does not possess

15   any communications with Matthew Muller prior to the assault and kidnapping.

16   **REQUEST FOR PRODUCTION NO. 20:**

17   All correspondence (including but not limited to emails, texts, and any other electronic

18   communications) between QUINN and the kidnapper from September 2014 to the present.

19   **RESPONSE:**

20   Plaintiff objects to this Request on the basis that it calls for documents that can be

21   obtained from some other source that is more convenient, less burdensome, or less expensive, or

22   which are already in Defendants' possession, custody, or control.

23   Subject to and without waiving the foregoing objections, Plaintiff responds as follows:

24   After a diligent search, Plaintiff will produce text messages and emails which he reasonably

25   believes were from the kidnapper from March 23, 2015 to present.  Plaintiff does not possess any

26   communications with the kidnapper that he is aware of prior to the assault and kidnapping.

27

28

KERR
—— & ——
WAGSTAFFE
LLP

Case No. 2:16-cv-00603-TLN-EF                QUINN'S RESPONSE TO CITY OF VALLEJO'S
                                             REQUEST FOR PRODUCTION, SET ONE

1    **REQUEST FOR PRODUCTION NO. 21:**

2        A copy of QUINN's most recent resume.

3    **RESPONSE:**

4        Plaintiff will produce a copy of his most recent resume.

5

6    Date: October 31, 2016                    **KERR & WAGSTAFFE LLP**

7
                                        By: _____
8                                              KENNETH NABITY

9                                            Attorneys for Plaintiffs
10                                           DENISE HUSKINS and AARON QUINN

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

KERR
—&—
WAGSTAFFE
LLP

Case No. 2:16-cv-00603-TLN-EF                    QUINN'S RESPONSE TO CITY OF VALLEJO'S
                                                 REQUEST FOR PRODUCTION, SET ONE

**Declaration of WendyMotooka In Support Of
Joint Statement Re Discovery Disagreement**

# EXHIBIT D

1  JAMES M. WAGSTAFFE (95535)
   wagstaffe@kerrwagstaffe.com
2  KEVIN B. CLUNE (248681)
   clune@kerrwagstaffe.com
3  KENNETH P. NABITY (287927)
   nabity@kerrwagstaffe.com
4  **KERR & WAGSTAFFE LLP**
   101 Mission Street, 18th Floor
5  San Francisco, CA 94105–1727
   Telephone: (415) 371-8500
6  Fax: (415) 371-0500

7  Attorneys for Plaintiffs
   DENISE HUSKINS and AARON QUINN
8

9

10                **UNITED STATES DISTRICT COURT**

11                **EASTERN DISTRICT OF CALIFORNIA**

12

13  DENISE HUSKINS and AARON QUINN,        Case No. 2:16-cv-00603-TLN-EF

14               Plaintiffs,

15       v.                                **PLAINTIFF DENISE HUSKINS'S
                                           RESPONSE TO DEFENDANT CITY OF
16  CITY OF VALLEJO, a public entity, KENNY  VALLEJO'S REQUEST FOR
    PARK, MATHEW MUSTARD, and DOES 1-      PRODUCTION OF DOCUMENTS, SET
17  25,                                    ONE

18               Defendants.

19

20

21

22       PROPOUNDING PARTY:   Defendant CITY OF VALLEJO

23       RESPONDING PARTY:    Plaintiff DENISE HUSKINS

24       SET NUMBER:          One

25

26

27

28

KERR
—&—
WAGSTAFFE
LLP

1   Plaintiff Denise Huskins ("Plaintiff") objects and responds to Defendant City of Vallejo's

2   Request for Production of Documents, Set One, as follows:

3   **GENERAL STATEMENT**

4   Plaintiff reserves and does not waive or intend to waive the right to: (a) object on any and

5   all proper grounds to the use of these responses in this or any other action; (b) object on any and

6   all proper grounds to any other discovery procedure involving or relating to the subject matter of

7   the Request; and (c) at any time revise, correct, add to, or clarify any of these responses.  Plaintiff

8   specifically reserves all objections as to the competence, relevance, materiality, admissibility, or

9   privileged status of any information provided in response to the Requests, unless specifically

10  stated otherwise.

11  These responses are made solely for the purpose of the above-captioned action and are

12  subject to all objections to competence, authenticity, relevance, materiality, propriety,

13  admissibility, and any and all other objections or grounds that would or could require or permit

14  the exclusion of any statement, information, or document from evidence, all of which are

15  reserved and may be interposed at the time of trial.  Plaintiff's provision of information or

16  documents in response to any discovery request does not concede that the information or

17  documents requested or produced are relevant to the subject matter of this litigation, reasonably

18  calculated to lead to the discovery of admissible evidence, or responsive to any particular

19  request.

20  Except as explicitly admitted, no incidental or implied admissions are intended.

21  Plaintiff's factual investigation and trial preparation for this case is ongoing.  Further discovery,

22  independent investigation, legal research, and analysis may or will supply additional facts, add

23  meaning to known facts, or establish entirely new factual conclusions and legal contentions,

24  which may result in additions to, changes in, or variations from the contentions.

25  A responsive statement that documents and/or things will be produced encompasses only

26  those responsive documents and things not otherwise subject to the general objections or any

27  specific objection.  Moreover, any such statement is not a representation that such documents or

28

KERR
—&—
WAGSTAFFE
LLP

Case No. 2:16-cv-00603-TLN-EF        HUSKIN'S RESPONSE TO CITY OF VALLEJO'S
                                     REQUEST FOR PRODUCTION, SET ONE

1  things exist, but rather that any such existing documents and things that may be located upon a
2  reasonable search will be produced or made available for inspection.

3        Plaintiff expects to be substantially complete with production of all responsive documents
4  by November 30, 2016.

5                        **GENERAL OBJECTIONS**

6        1.     Plaintiff objects to each Request, Definition, and Instruction to the extent it is
7  contrary to, inconsistent with, enlarges upon, or exceeds the scope, type, or quantity of discovery
8  permitted under the Federal Rules of Civil Procedure, Federal Rules of Evidence, Local Rules of
9  the Eastern District of California, or the Court's Preliminary Pretrial Conference Order or any
10 other Order.

11       2.     Plaintiff objects to each Request to the extent it seeks information protected from
12 discovery or disclosure by the attorney-client privilege, the work-product doctrine, or by any
13 other applicable privilege(s).  Plaintiff claims these privileges with respect to all such
14 information.  Should Plaintiff's response(s) include any privileged or protected information, the
15 disclosure is inadvertent and shall not constitute a waiver of any applicable privilege, immunity,
16 or ground for objecting to discovery with respect to such response, or of Plaintiff's rights to
17 object during this litigation or otherwise to the use of such response or information.

18       3.     Plaintiff objects to each Request to the extent it seeks information not within
19 Plaintiff's possession, custody, or control.  These responses are based on information reasonably
20 available to Plaintiff and documents within Plaintiff's possession, custody or control, including
21 Plaintiff's knowledge thereof.

22       4.     Plaintiff objects to each Request to the extent it seeks information or documents
23 subject to Plaintiff's or third persons' privacy rights, non-disclosure rights, or contractual or
24 legally recognized confidentiality rights.

25       5.     A partial response to any Request that has been objected to in whole or in part is
26 not a waiver of the objection.  By asserting various objections, Plaintiff does not waive other
27 objections that may be or may become applicable.

28

KERR
— & —
WAGSTAFFE
LLP

Case No. 2:16-cv-00603-TLN-EF

HUSKIN'S RESPONSE TO CITY OF VALLEJO'S
REQUEST FOR PRODUCTION, SET ONE

1       6.      Plaintiff objects to each Request as harassing or imposing an undue burden to the

2 extent it seeks information or documents (a) already produced, (b) already in Defendant's

3 possession, custody, or control, (c) in the public domain, to which Defendant has equivalent

4 access to, or obtainable from other sources (including, but not limited to, a public source) that are

5 more convenient, less burdensome, or less expensive, or (d) that requires Plaintiff to undertake

6 an unreasonable or burdensome effort to furnish. Plaintiff objects to each Request to the extent

7 that it seeks information or documents in the possession, custody, and/or control of third parties.

8       7.      Plaintiff objects to each Request to the extent it seeks electronically stored

9 information in a form or in a manner that is not reasonably accessible because of the undue

10 burden or cost associated with retrieving and producing such information, or that otherwise

11 exceeds the requirements of the Local Rules, the Federal Rules of Civil Procedure, or any

12 applicable Court Order.

13       8.      Plaintiff objects to each Request insofar as it seeks documents or information

14 neither relevant to nor reasonably calculated to lead to the discovery of admissible evidence

15 relevant to a claim or defense of any party in this action.

16       9.      Plaintiff objects to each Request to the extent it is overly broad or unduly

17 burdensome.

18      10.     Plaintiff objects to each Request to the extent it is vague, ambiguous, or incapable

19 of response in its present form.

20      11.     Discovery is continuing in this case, the topics of Defendant's Requests are under

21 continuing investigation, and Plaintiff's responses are subject to change.  These responses are

22 based on documents, information, and knowledge reasonably available to Plaintiff as of the date

23 of this response.  Plaintiff reserves the right to supplement any response if and as additional non-

24 privileged, responsive documents or things are identified or located, and to make additional

25 objections that may become apparent at that time.  Plaintiff reserves the right to change, amend,

26 or supplement these responses as additional facts are ascertained, analysis is made, legal research

27 is completed, or contentions are made. These responses are made in a good faith effort to comply

28

1  with the Federal Rules, but are in no way deemed to be to the prejudice of Plaintiff in relation to

2  further discovery, research, and analysis.  Plaintiff also reserves the right to make any use of

3  documents or things not known or thought to be responsive at the time of this response.

4      12.    Plaintiff objects to each Definition and Instruction to the extent the Definition or

5  Instruction:

6          A.    renders any Request objectionable for any of the foregoing reasons;

7          B.    results in a Request calling for Plaintiff to speculate on a response; or

8          C.    multiplies or increases the number of discrete responses called for by a

9              Request.

10     13.    Each General Objection is incorporated into each response.  Repetition or

11  restatement of any General Objection(s) in a specific response in no way waives any of the other

12  General Objections not specifically set forth in the response.  Each General Objection and each

13  General Statement applies to each of the following specific responses.  All objections shall be

14  construed to preserve all rights to enter similar objections to any future supplemental responses.

15  A failure to object herein shall not constitute a waiver of any objection that may be asserted in

16  supplemental responses.

17                **RESPONSES TO REQUESTS FOR PRODUCTION**

18  **REQUEST FOR PRODUCTION NO. 1:**

19     All documents referenced in Part II.a of plaintiffs' INITIAL DISCLOSURES (page 7,

20  lines 1-7), and stated to be "in the custody of Plaintiffs, Plaintiffs' attorneys, employers, and/or

21  medical services providers" as of August 11, 2016.

22  **RESPONSE:**

23     Plaintiff objects insofar as this Request seeks documents protected by the attorney-client

24  privilege, the attorney work product doctrine, or Plaintiff's right of privacy. Plaintiff further

25  objects on the basis that this Request calls for documents that can be obtained from some other

26  source that is more convenient, less burdensome, or less expensive such as public media sources,

27  the U.S. District Court for the Eastern District of California, Defendants Park and Mustard,

28

KERR
—&—
WAGSTAFFE
LLP

Case No. 2:16-cv-00603-TLN-EF                                    HUSKIN'S RESPONSE TO CITY OF VALLEJO'S
                                                                  REQUEST FOR PRODUCTION, SET ONE

1     and/or Defendant City of Vallejo.

2          Subject to and without waiving any of the foregoing objections, Plaintiff responds as

3     follows: Plaintiff will produce all non-privileged documents referenced in Part II.a of Plaintiffs'

4     Initial Disclosures that are in Plaintiff's possession, custody, or control.

5     **REQUEST FOR PRODUCTION NO. 2:**

6          All documents referenced Part II.b of plaintiffs' in INITIAL DISCLOSURES (page 7,

7     lines 8-11), and stated to be "in the custody of Plaintiffs, Plaintiffs' attorneys, employers, and/or

8     medical services providers" as of August 11, 2016.

9     **RESPONSE:**

10          Plaintiff objects insofar as this Request seeks documents protected by the attorney-client

11     privilege, the attorney work product doctrine, or Plaintiff's right of privacy.  Plaintiff further

12     objects on the basis that this Request calls for documents that can be obtained from some other

13     source that is more convenient, less burdensome, or less expensive such as public media sources,

14     Defendants Park and Mustard, and/or Defendant City of Vallejo.

15          Subject to and without waiving any of the foregoing objections, Plaintiff responds as

16     follows: Plaintiff will produce all non-privileged documents referenced in Part II.b of Plaintiffs'

17     Initial Disclosures in Plaintiff's possession, custody, or control.

18     **REQUEST FOR PRODUCTION NO. 3:**

19          All documents that support YOUR contention in the INITIAL DISCLOSURES that

20     HUSKINS has suffered "tremendous damage" to her reputation and good name in the

21     community as a result of defamatory statements.

22     **RESPONSE:**

23          Plaintiff objects to this Request as vague, uncertain, and overbroad in that the term

24     "defamatory statements" is undefined.  Plaintiff further objects insofar as this Request seeks

25     documents protected by the attorney-client communication privilege, the attorney work product

26     doctrine, or Plaintiff's right to privacy.

27

28

KERR
— & —
WAGSTAFFE
LLP

Case No. 2:16-cv-00603-TLN-EF                HUSKIN'S RESPONSE TO CITY OF VALLEJO'S
                                                 REQUEST FOR PRODUCTION, SET ONE

1       Subject to and without waiving any of the foregoing objections, Plaintiff responds as

2  follows: to the extent this Request refers to defamatory statements made by VPD, Defendant

3  Park, and Defendant Mustard about Plaintiffs, Plaintiff will produce all non-privileged

4  documents within her possession, custody, or control supporting Plaintiff's contention that she

5  suffered tremendous damage as a result of the defamatory statements.

6  **REQUEST FOR PRODUCTION NO. 4:**

7       All documents that show monetary losses sustained by HUSKINS as a result of the

8  damage to her reputation.

9  **RESPONSE:**

10       Plaintiff further objects insofar as this Request seeks documents protected by the

11  attorney-client communication privilege, the attorney work product doctrine, or Plaintiff's right

12  to privacy.

13       Subject to and without waiving the foregoing objections, Plaintiff responds as follows:

14  Plaintiff will produce non-privileged, responsive documents showing damages she suffered as a

15  result of Defendants' conduct.

16  **REQUEST FOR PRODUCTION NO. 5:**

17       All documents that support YOUR contention in the INITIAL DISCLOSURES that

18  HUSKINS has "lost employment opportunities due to Defendants' wrongful conduct."

19  **RESPONSE:**

20       Plaintiff objects insofar as this Request seeks documents protected by the attorney-client

21  communication privilege, the attorney work product doctrine, or Plaintiff's right to privacy.

22       Subject to and without waiving any of the foregoing objections, Plaintiff responds as

23  follows: Plaintiff will produce all non-privileged documents within Plaintiff's possession,

24  custody, or control supporting Plaintiff's contention that she lost employment opportunities as a

25  result of Defendants' defamatory statements about her.

26  **REQUEST FOR PRODUCTION NO. 6:**

27       All documents that show monetary losses sustained by HUSKINS as a result of the lost

28

KERR
——&——
WAGSTAFFE
LLP

Case No. 2:16-cv-00603-TLN-EF                         HUSKIN'S RESPONSE TO CITY OF VALLEJO'S
                                                     REQUEST FOR PRODUCTION, SET ONE

1    employment opportunities.

2    **RESPONSE:**

3            Plaintiff objects to this Request as vague in that "show" and "monetary losses" are not
4    defined.

5            Subject to and without waiving the foregoing objections, Plaintiff responds as follows:
6    Plaintiff will produce non-privileged, responsive documents showing damages she suffered as a
7    result of Defendants' conduct.

8    **REQUEST FOR PRODUCTION NO. 7:**

9            All documents that support YOUR contention in the INITIAL DISCLOSURES that
10   HUSKINS "has had to incur substantial attorneys' fees" as a result of "Defendant's tortious
11   conduct."

12   **RESPONSE:**

13           Plaintiff objects insofar as this Request seeks documents protected by the attorney-client
14   privilege and the attorney work product doctrine. Plaintiff further objects that this Request is
15   overbroad and premature to the extent it seeks information regarding Plaintiff's attorneys' fees
16   incurred in conjunction with this civil rights lawsuit.

17           Subject to and without waiving the foregoing objections, Plaintiff responds as follows:
18   Plaintiff will produce invoices sufficient to show the attorneys' fees and costs Plaintiff has
19   incurred due to Defendants' conduct other than those incurred in this civil rights lawsuit.

20   **REQUEST FOR PRODUCTION NO. 8:**

21           All documents that show the amount of attorneys' fees paid by HUSKINS as a result of
22   "Defendant's tortious conduct."

23   **RESPONSE:**

24           Plaintiff objects insofar as this Request seeks documents protected by the attorney-client
25   privilege and the attorney work product doctrine. Plaintiff further objects that this Request is
26   overbroad and premature to the extent it seeks information regarding Plaintiff's attorneys' fees
27   incurred in conjunction with this civil rights lawsuit.

28



7

Case No. 2:16-cv-00603-TLN-EF                                      HUSKIN'S RESPONSE TO CITY OF VALLEJO'S
                                                                   REQUEST FOR PRODUCTION, SET ONE

1    Subject to and without waiving the foregoing objections, Plaintiff responds as follows:

2  Plaintiff will produce invoices sufficient to show the attorneys' fees and costs Plaintiff has

3  incurred due to Defendants' conduct other than those incurred in this civil rights lawsuit.

4  **REQUEST FOR PRODUCTION NO. 9:**

5    All documents that support YOUR contention in the INITIAL DISCLOSURES that

6  HUSKINS has suffered "humiliation, anguish, and emotional and physical distress."

7  **RESPONSE:**

8    Plaintiff objects to this Request to the extent it seeks documents protected by the

9  attorney-client privilege, attorney work product privilege, or Plaintiff's right of privacy.  Plaintiff

10  objects to this Request as vague, uncertain, overbroad, unduly burdensome, and seeking

11  irrelevant material in that it is not limited as to time or cause of the humiliation, anguish, and

12  emotional and physical distress.  Plaintiff interprets this request as asking for documents showing

13  that Plaintiff has suffered "humiliation, anguish, and emotional and physical distress" as a result

14  of Defendants' conduct at issue in this lawsuit.

15    Subject to and without waiving the foregoing objections, Plaintiff responds as follows:

16  Plaintiff will produce all non-privileged documents that support Plaintiff's contention that she

17  suffered humiliation, anguish, and emotional and physical distress as a result of Defendants'

18  conduct.

19  **REQUEST FOR PRODUCTION NO. 10:**

20    All documents that support YOUR contention in the INITIAL DISCLOSURES that

21  HUSKINS has "incurred medical expenses ... seeking mental health counseling because of

22  Defendants' tortious conduct."

23  **RESPONSE:**

24    Plaintiff objects to this Request to the extent it seeks documents protected by the

25  attorney-client privilege, attorney work product privilege, or Plaintiff's right of privacy.

26    Subject to and without waiving the foregoing objections, Plaintiff responds as follows:

27  Plaintiff will produce all documents supporting her contention that she has incurred medical

28

1    expenses seeking mental health counseling because of Defendants' conduct.

2    **REQUEST FOR PRODUCTION NO. 11:**

3         All documents referenced in the INITIAL DISCLOSURES at page 8, lines 14-17.

4    **RESPONSE:**

5         Plaintiff objects insofar as this Request seeks documents protected by Plaintiff's right of

6    privacy.  Plaintiff objects that the request is vague; Plaintiff will only produce those documents

7    referenced in the INITIAL DISCLOSURES at page 8, lines 14-17 that Plaintiff may use to

8    support her claim for damages (and will not, for example, produce all of her other "employment

9    records").

10        Subject to and without waiving the foregoing objections, Plaintiff responds as follows:

11   Plaintiff will produce all non-privileged documents referenced in Plaintiffs' Initial Disclosures at

12   page 8, lines 14-17, that are in Plaintiff's possession, custody, or control.

13   **REQUEST FOR PRODUCTION NO. 12:**

14        All non-privileged electronic communications, including but not limited to emails and

15   text messages, sent or received by HUSKINS relating to the KIDNAPPING.

16   **RESPONSE:**

17        Plaintiff objects insofar as this Request seeks documents protected by the attorney-client

18   communication privilege or attorney work product doctrine.  Plaintiff objects to this Request as

19   vague and overbroad in that "relating to" is undefined and potentially limitless.

20        Subject to and without waiving the foregoing objections, Plaintiff responds as follows:

21   Plaintiff will produce all non-privileged electronic communications sent by Plaintiff or received

22   by Plaintiff related to the kidnapping.

23   **REQUEST FOR PRODUCTION NO. 13:**

24        All correspondence (including but not limited to emails, texts, and any other electronic

25   communications) between QUINN and HUSKINS from September 2014 to the present.

26   **RESPONSE:**

27        Plaintiff objects insofar as this Request seeks communications protected by the attorney-

28

KERR
—— & ——
WAGSTAFFE
LLP

9

Case No. 2:16-cv-00603-TLN-EF                    HUSKIN'S RESPONSE TO CITY OF VALLEJO'S
                                                 REQUEST FOR PRODUCTION, SET ONE

1  client privilege, the attorney work product doctrine, or Plaintiff's right of privacy. Plaintiff

2  objects to this Request as overbroad, unduly burdensome, seeking irrelevant material, and not

3  reasonably calculated to lead to admissible evidence in that it is not sufficiently limited by time

4  nor by subject matter of the correspondence.  Plaintiff's communications with Quinn unrelated to

5  the kidnapping or botched investigation are irrelevant to any party's claims or defenses.

6  Subject to and without waiving the foregoing objections, Plaintiff responds as follows:

7  Plaintiff will produce all non-privileged correspondence between herself and Quinn since March

8  23, 2015 related to the kidnapping, subsequent investigation, and/or Plaintiff's damages.

9  **REQUEST FOR PRODUCTION NO. 14:**

10  All non-privileged correspondence (including but not limited to emails, texts, and any

11  other electronic communications) written by HUSKINS regarding any emotional distress that she

12  suffered from February 1, 2015, to the present.

13  **RESPONSE:**

14  Plaintiff objects insofar as this Request seeks documents protected by the attorney work

15  product doctrine, attorney-client communications privilege, or Plaintiff's right of privacy.

16  Plaintiff objects to this Request as overbroad, unduly burdensome, seeking irrelevant material,

17  and not reasonably calculated to lead to admissible evidence.

18  Subject to and without waiving the foregoing objections, Plaintiff responds as follows:

19  Plaintiff will produce all non-privileged correspondence written by Plaintiff regarding any

20  emotional distress Plaintiff suffered since February 1, 2015.

21  **REQUEST FOR PRODUCTION NO. 15:**

22  All correspondence (including but not limited to emails, texts, and any other electronic

23  communications) between HUSKINS and any member of QUINN'S family, from March 23,

24  2015 to the present.

25  **RESPONSE:**

26  Plaintiff objects insofar as this Request seeks communications protected by the attorney-

27  client privilege, the attorney work product doctrine, or Plaintiff's right of privacy.  Plaintiff

28

KERR
—&—
WAGSTAFFE
LLP

10

Case No. 2:16-cv-00603-TLN-EF

HUSKIN'S RESPONSE TO CITY OF VALLEJO'S
REQUEST FOR PRODUCTION, SET ONE

1  objects to this Request as overbroad, unduly burdensome, seeking irrelevant material, and not
2  reasonably calculated to lead to admissible evidence in that it is not sufficiently limited by time
3  nor by subject matter of the correspondence. Plaintiff's communications with Quinn's family
4  unrelated to the kidnapping or botched investigation are irrelevant to any party's claims or
5  defenses.

6      Subject to and without waiving the foregoing objections, Plaintiff responds as follows:
7  Plaintiff will produce all non-privileged correspondence between herself and Quinn's family
8  since March 23, 2015 related to the kidnapping, subsequent investigation, and/or Plaintiff's
9  damages.

10  **REQUEST FOR PRODUCTION NO. 16:**

11      All correspondence (including but not limited to emails, texts, and any other electronic
12  communications) between HUSKINS and any member of HUSKINS' family, from March 23,
13  2015 to the present.

14  **RESPONSE:**

15      Plaintiff objects insofar as this Request seeks communications protected by the attorney-
16  client privilege, the attorney work product doctrine, or Plaintiff's right of privacy. Plaintiff
17  objects to this Request as overbroad, unduly burdensome, seeking irrelevant material, and not
18  reasonably calculated to lead to admissible evidence in that it is not sufficiently limited by time
19  nor by subject matter of the correspondence. Plaintiff's communications with her family
20  unrelated to the kidnapping or botched investigation are irrelevant to any party's claims or
21  defenses.

22      Subject to and without waiving the foregoing objections, Plaintiff responds as follows:
23  Plaintiff will produce all non-privileged correspondence between herself and her family
24  members since March 23, 2015 related to the kidnapping, subsequent investigation, and/or
25  Plaintiff's damages.

26  **REQUEST FOR PRODUCTION NO. 17:**

27      All correspondence (including but not limited to emails, texts, and any other electronic

28

KERR
— & —
WAGSTAFFE
LLP

11

Case No. 2:16-cv-00603-TLN-EF

HUSKIN'S RESPONSE TO CITY OF VALLEJO'S
REQUEST FOR PRODUCTION, SET ONE

1   communications) between HUSKINS and MATTHEW MULLER from September 2014 to the

2   present.

3   **RESPONSE:**

4         After a reasonably diligent search, Plaintiff was unable to locate any documents

5   responsive to this request.

6   **REQUEST FOR PRODUCTION NO. 18:**

7         All correspondence (including but ·not limited to emails, texts, and any other electronic

8   communications) between HUSKINS and the kidnapper from September 2014 to the present.

9   **RESPONSE:**

10         After a reasonably diligent search, Plaintiff was unable to locate any documents

11   responsive to this request.

12   **REQUEST FOR PRODUCTION NO. 19:**

13         A copy of HUSKINS' most recent resume.

14   **RESPONSE:**

15         Plaintiff will produce a copy of her most recent resume.

16

17   Date:  October 31, 2016            **KERR & WAGSTAFFE LLP**

18

19                       By: _____
                             Kenneth Nabity

20

21                       Attorneys for Plaintiffs
                    DENISE HUSKINS and AARON QUINN

22

23

24

25

26

27

28

Declaration of WendyMotooka In Support Of
Joint Statement Re Discovery Disagreement

# EXHIBIT E

**Wendy Motooka**

| | |
|---|---|
| **From:** | Wendy Motooka |
| **Sent:** | Friday, December 02, 2016 1:44 PM |
| **To:** | 'Kenneth Nabity'; Robert Chalfant |
| **Subject:** | RE: Huskins/Quinn v. City of Vallejo, et al. |

Thanks, Ken, that's good to hear.

I am not sure what you mean by a CD v. a separate database. We often receive large productions via CD, which should work in this case, I would think. It did not appear that the documents were labeled to correspond to the requests in the FTP version. Is that something you will be adding to the final production also?


**Wendy Motooka**

Cregger & Chalfant LLP
701 University Avenue, Suite 110
Sacramento, CA 95825
Phone: 916.443-4443
Fax: 916.443-2124

This message is intended exclusively for the individual or entity to which it is addressed. This communication may contain information that is proprietary, privileged, confidential or otherwise legally exempt from disclosure. If you are not the named addressee, you are not authorized to read, print, retain, copy or disseminate this message or any part of it. If you have received this message in error, please notify the sender immediately and delete all copies of this message.

**From:** Kenneth Nabity [mailto:nabity@kerrwagstaffe.com]
**Sent:** Friday, December 02, 2016 1:24 PM
**To:** Wendy Motooka; Robert Chalfant
**Subject:** RE: Huskins/Quinn v. City of Vallejo, et al.

Hi Wendy,

Thanks for letting me know about that, and sorry about that mistake. While there are a few confidentiality designations in there, nothing close to the entire production should be marked as confidential. I'll work with our vendor to fix that now.

And would you like a CDs or a separate database created for service of the production, or will the FTP upload work?

Thanks,
Ken

**From:** Wendy Motooka [mailto:wm@creggerlaw.com]
**Sent:** Friday, December 02, 2016 1:17 PM
**To:** Kenneth Nabity; Robert Chalfant
**Subject:** RE: Huskins/Quinn v. City of Vallejo, et al.

Ken, we appreciate that you sent us an FTP link to access the production while you are still working out the technical kinks for service. Our staff here was able to obtain the documents, and based on the most basic of cursory reviews, we can already see that there is a problem, which we are hoping you will correct while ironing out the technical kinks.

It appears that every single page of the production has been designated "confidential." This includes pages that are blank, pages that are completely blacked out except for the Bates stamp and confidentiality mark, pages that appear to replicate materials publicly available on the internet, pages that contain plaintiff's curriculum vitae, and many other pages that do not appear to contain anything that would be ever be considered so confidential as to be presumptively seal-worthy in federal litigation. As I'm sure you recall, we had tediously lengthy discussions over the burdens of over-designating confidential information, and the corresponding need to designating sparingly, in light of the language in the protective order that you wanted, and defendants did not. Please tell me that your blanket confidentiality designation is one of the technical problems that will be corrected.

**Wendy Motooka**

Cregger & Chalfant LLP
701 University Avenue, Suite 110
Sacramento, CA 95825
Phone: 916-443-4443
Fax: 916-443-2124

This message is intended exclusively for the individual or entity to which it is addressed. This communication may contain information that is proprietary, privileged, confidential or otherwise legally exempt from disclosure. If you are not the named addressee, you are not authorized to read, print, retain, copy or disseminate this message or any part of it. If you have received this message in error, please notify the sender immediately and delete all copies of this message.

**From:** Kenneth Nabity [mailto:nabity@kerrwagstaffe.com]
**Sent:** Thursday, December 01, 2016 5:54 PM
**To:** Robert Chalfant; Wendy Motooka
**Subject:** Huskins/Quinn v. City of Vallejo, et al.

Robert and Wendy,

Due to the size of Plaintiffs' production, we hit a technical roadblock yesterday preventing the production from hitting the mail. In hopes of expediting the production (and maybe even beating USPS), please find attached a cover letter with FTP instructions to get access to Plaintiffs' production.

Please let me know if you have any difficulty accessing the production.

Best,
Ken

2

Kenneth P. Nabity
**Kerr & Wagstaffe LLP**
101 Mission Street, 18th Floor
San Francisco, California 94105
Direct: 415-357-8945
Main: 415-371-8500
Fax: 415-371-0500
www.kerrwagstaffe.com

3

**Declaration of WendyMotooka In Support Of
Joint Statement Re Discovery Disagreement**

# EXHIBIT F



# CREGGER & CHALFANT LLP

Thomas A. Cregger
Robert L. Chalfant
Wendy Motooka
Jordan K. Dixon

Samuel L. Jackson
John S. Gilmore
Of Counsel

Robert L. Chalfant
Email: rlc@creggerlaw.com
Wendy Motooka
Email: wm@creggerlaw.com

December 14, 2016

*Via email (nabity@kerrwagstaffe.com) & U.S. Mail*

Kenneth Nabity
KERR & WAGSTAFFE LLP
101 Mission Street, 18th Floor
San Francisco, CA 94105-1727

Re: *Denise Huskins and Aaron Quinn v. Vallejo Police Department*
E.D. Cal. Case No. 2:16-cv-00603 TLN EFB

Dear Mr. Nabity:

I am writing to follow up on your overdue responses to defendant City of Vallejo's Request for Production of Documents (Set One) to plaintiff Huskins and Request for Production of Documents (Set One) to plaintiff Quinn.

As you may recall, plaintiffs' responses to these requests were due on October 31, 2016. Rather than serving document productions that day, each plaintiff served a response indicating that the plaintiff expected to be "substantially complete with production" by November 30, 2016. Defendant then wrote to you, expressing dismay that you would unilaterally give yourself an extension of time, but permitting it with the stated expectation that the productions would be complete on November 30.

701 University Avenue
Suite 110
Sacramento, CA 95825
(916) 426-1889 P
(916) 443-2124 F
www.creggerlaw.com

# CREGGER &
# CHALFANT
### LLP

Kenneth Nabity
Re: Quinn, Huskins v. Vallejo
December 14, 2016
Page 2

As of the present date, you still have not served your document
productions. On December 1, you sent us an email indicating that you had hit a
"technical roadblock" that prevented the productions from "hitting the mail."
You sent us an FTP link so that we could access the documents more
expeditiously, "maybe even beating the USPS." We were able to access the
documents, and subsequently notified you on December 2 that every single
document had been designated "confidential." You responded that the
designation was a mistake, that you would have it fixed, and inquired whether we
would like a CD or separate database for service of the production. Defendant
then informed you, also on December 2, that we were not sure what you meant by
a "separate database," and indicated that we thought production via CD should
work. Defendant also informed you at this time that the documents available via
FTP did not appear to be labeled to correspond to the requests, and asked if you
would be correcting that in the final production as well.

Since defendant's last email to you on December 2, we have not received
service of plaintiffs' corrected document productions. Defendant does not have
your corrected productions, and has no idea when, if ever, you intend to serve
them. Your productions are overdue, with no extension granted or even
requested. I would prefer to work this issue out with you informally, because
based on our prior communications, the parties appear to agree that corrected
productions should be served.

Defendant understands from your letter of December 5, 2016, that
plaintiffs' believe that Rule 34 does not create a due date for a document
production. We do not agree. Rule 34(b)(2) states plainly that the responding
party must respond within 30 days after being served, and "production must then
be completed no later than the time for inspection specified in the request or
another reasonable time specified in the response." The time specified in the
request was October 31, and the time you specified in the response (assuming that
it was reasonable) was November 30. You are beyond both of these dates at this
point.

# CREGGER &
# CHALFANT
## LLP

Kenneth Nabity
Re:  Quinn, Huskins v. Vallejo
December 14, 2016
Page 3


Defendant also does not agree with your assertion, in the letter of December 5, that "the bulk of Plaintiffs' production is now complete."  You have served no documents, despite indicating that you would provide the final, corrected version of the productions on CD.  To date, plaintiffs have provided to defendants only a "draft" version of the productions, which are not labeled to correspond to the category of each request, and which bear a blanket designation of confidentiality.  Defendant does not want to spend unnecessary time reviewing the sufficiency of these "draft" productions.  We are entitled to the final version of your productions.

If we cannot agree upon a date certain for service of plaintiffs' finalized document productions, corrected to remove the blanket confidentiality designation and to correspond to the categories of documents requested, you will be requiring us to seek the assistance of the court, when the rule is clear.

Please call me at your convenience, between now and close of business on Wednesday, December 21, 2016, so that we may discuss how to resolve this issue.



Very truly yours,

CREGGER & CHALFANT LLP

WENDY MOTOOKA

**Declaration of WendyMotooka In Support Of
Joint Statement Re Discovery Disagreement**

# EXHIBIT G



# K E R R
## &
# W A G S T A F F E
### LLP
#### ATTORNEYS

101 Mission Street, 18th Floor
San Francisco, California 94105-1727

Telephone (415) 371-8500
Facsimile (415) 371-0500
www.kerrwagstaffe.com

KENNETH P. NABITY
E-MAIL: NABITY@KERRWAGSTAFFE.COM

December 14, 2016

**VIA ELECTRONIC MAIL & FEDEX**

Robert L. Chalfant, Esq.
Wendy Motooka, Esq.
**CREGGER & CHALFANT LLP**
701 University Avenue, Suite 110
Sacramento, CA 95825

    **Re:**   *Aaron Quinn and Denise Huskins v. City of Vallejo, et al.*
             United States District Court, Eastern District of California
             Case No. 2:16-cv-00603 TLN EFB

Dear Robert and Wendy:

    Please find enclosed Plaintiffs' first production, bates labeled DHAQ00000001 –
DHAQ00002396, in response to Defendant City of Vallejo's Requests for Production of
Documents.

Sincerely,

KENNETH P. NABITY

Declaration of WendyMotooka In Support Of
Joint Statement Re Discovery Disagreement

# EXHIBIT H

# Deborah L. Phillips

Nurse Attorney
5424-10 Sunol Boulevard, Suite 254
Pleasanton, CA 94566
Mobile: 925.895.5207   Fax: 925.397.2194
dprnesq@earthlink.net
www.dprnesq.com

August 5, 2015

Aaron J. Quinn, PT

| Date | Attorney | Legal Services | Fees @ $225/hour | Amount |
|-------|----------|----------------|------------------|--------|
| 7/14/15 | DLP | | 0.2 | n/c |
| 7/30/15 | DLP | | 0.3 | n/c |
| 7/31/15 | DLP | | 2.0 | n/c |
| 7/31/15 | DLP | REDACTED | 2.0 | $450.00 |

DHAQ00002190

# Deborah L. Phillips

Nurse Attorney
5424-10 Sunol Boulevard, Suite 254
Pleasanton, CA 94566
Mobile: 925.895.5207   Fax: 925.397.2194
dprnesq@earthlink.net
www.dprnesq.com

| | | | | |
|---|---|---|---|---|
| 8/1/15 | DLP | REDACTED | 0.7 | |
| 8/1/15 | DLP | | 1.3 | |
| 8/2/15 | DLP | | 2.0 | $450.00 |
| 8/3/15 | DLP | | 0.3 | n/c |

**Services, July 14-August 3, 2015**

Attorney time, at $225.00/hr..............6.0          $1,350.00

Attorney time, at No Charge ........2.8              -0-

**TOTAL DUE, 8/5/15**                      **$1,350.00**

CONFIDENTIAL

## REDACTED

**Denise Huskins**                                                    Monday, March 14, 2016 at 4:34pm PDT

Hi!! Sorry it took so long for me to get back to you this time. I guess things have been busy, in a
good way. I started taking clients, just a couple, a few weeks ago and next week I have three new
ones scheduled so things are starting to pick up a little more. I love it and had missed working with
people! One of the instructors at this studio also works at a PT Pilates place ███████████
████████████ The owner just opened it last year and she's the only PT. She was looking to
have another PT on staff part time so the instructor I know connected us. Last Monday I had an
interview and came in to observe the rest of the week. We have a great interaction and the place
seems perfect for what I would be looking for. So when we get back from Hawaii I'll start about 10-
15hours a week there! I will also stay at the other studio and strictly do Pilates there, maybe in the
future I could also do PT there as well. But for now this is a perfect way to get back into work and
PT again. Who knows where this could lead, maybe Aaron can work there in the future too. The
owner doesn't take insurance, and sees all patients for an hour session one on one. It's awesome!
That place with the horses sounds awesome! I may look into that later when I get used to the new
schedule. Things overall have been much better, and working again definitely helps! We leave for
Hawaii, Maui, next Sunday! I can't wait, it will be so awesome! Oh and I guess you were just there!
Weddings are so fun but one in Hawaii would be even better! What was your foot surgery for?
That would be brutal, how's it healing up? Any pics of your new house? What was that name of
your friends brewery again? Aaron and I have been patiently waiting for a brewery called East End
tap house to open up that affiliated with West End Tap House but will be closer to us. I hope all is
well and had a great time in Hawaii!

**Abby Linford**                                                    Wednesday, February 3, 2016 at 3:54pm PST

Hello! Thank you for the birthday wishes in your last message. I apologize for the delay, I always
want to take time to write a thoughtful message. Tessa ended up getting sick, so we didn't go to
Portland after all. Those rafting trips sound like so much fun, my parents went on one 2 years ago
and said it was awesome. There are some that go through Idaho, maybe we could all do one
together some time! I had a clinical rotation at a private ortho clinic that used aides and pumped
people through all day, it makes me sad because it doesn't seem like good patient care or
customer service. I hope Aaron can learn a lot and then find something that fits him well. Does he
have any interest in starting his own clinic? I feel so sad when you tell me that you guys are having
a hard time, though I couldn't expect anything less. It makes me want to find ways to help, but I
know that it is your process. Please let me know if there ever is anything that I could do. It seems
like you are very aware of your process, and have some really good strategies in place. One thing
that I was thinking of is a place near Santa Cruz where I volunteered a few times. It's a barn that
does horseback assisted therapy. I found it very therapeutic to be around the horses and people
with disabilities. If that interests you at all, I'll find the name of it for you. Please let me know if I
ever over step. Did you start student teaching at the Pilates studio? Are you doing reformer or
mat? I think it's a great idea for you to have some control over your schedule. That trip to Hawaii

DHAQ00002506



March 24, 2015

**Jeff Kowitt**                                                        3/24, 7:40am
Hey Nicie! Miss you like crazy! I hope you're ok where ever you might
be. Please come back to us.

March 25, 2015

**Jeff Kowitt**                                                        3/25, 10:57am
Wanted to leave some more love for you to find later. I can not describe
how happy I am that you are safe. It is literally overwhelming. Thank you
for being strong cuz!

March 27, 2015

**Jeff Kowitt**                                                        3/27, 9:38am
Much love cuz! Stay strong! If you need anything just ask

Sent from Messenger

Write a reply...

Add Files      Add Photos                    Press Enter to send    Reply

DHAQ00002515



March 25, 2015

**Mark Burns**    3/25, 11:31am
SO glad you're ok Denise! I was praying for you and scared to death.
You're a brave woman. So thankful.

⅃ Sent from Messenger

Write a reply...

🖉 Add Files    📷 Add Photos              Press Enter to send ☐    **Reply**



7 mutual friends including Jamie Wong and Allie Pears

Conversation started September 5, 2014

**REDACTED**

March 26, 2015

 **Heather Cole**                                                                 3/26, 7:24pm
Hi Denise!

I'm so glad you're safe! We were all so worried about you. I hope you're
doing ok and the police and media aren't hounding you too much.

I wanted to tell you about your room -- the FBI was here yesterday with
a warrent. They tore through, pulling up your sheets, moving furniture.
They left a receipt saying they'd taken a pay stub and a christmas card.
They said you can have them back later. The place was upside down
afterwards, so Lauren V, Ellen, and I cleaned it up a bit (made your bed,
made general piles) hoping to make it easier when/if you return.

About the apt -- the lock has been changed because they were
concerned about the kidnappers having your keys. If you want to come,
call me at 914-323-8597 or Jamie at 925-330-1257, or you could get a
key from Debbi Bowen. Or if you don't want to come back here, let me
know if you want things mailed to you. I have seen no media here, so I
think you'd be ok coming back here.

Take care! I hope you can put this nightmare behind you soon! Please
know everyone at Kaiser has been thinking of you. I wish you could've
seen Debbi beaming with happiness when she burst into the classroom
to tell us you're safe.

Heather





**You're friends on Facebook**
Studied at California State University, Long Beach

Conversation started September 23, 2009

REDACTED

March 28, 2015



**Lorena Salzedo**                                                    3/28, 1:13pm
Denise, are you ok??? I've tried to call you, but seems like you changed
your number, understandable. I love you so much and I'm so relieved
that you were unharmed.

🗌 Sent from Messenger

Write a reply...

Add Files    Add Photos                    Press Enter to send    Reply



REDACTED

May 17, 2015



**Denise Huskins**                                           🖵 5/17, 7:36am

Jenni! I'm hardly on fb anymore for obvious reasons but was just
browsing through my news feed and saw that you and Chris got
married. I wanted to congratulate the two of you! Your wedding looked
beautiful and you are a very stunning bride. Looking at your fb brought
back a lot of great memories from grad school. Our friendship meant a
lot to me and I was always so grateful for you and your family, especially
on Thanksgiving. Please send my best to Chris and your family and give
Rusty a little pat on the head for me 😊 I miss you and wish the best for
you. Let's try to keep in touch



**Jenni Fah Gams**                                          💬 5/17, 8:09am

HI!!!! I can't tell you how happy I am that you reached out! Thank you for
all the kind words about the wedding! I agree about our friendship!! And
I really hope everything is well with you! I need you to know that as soon
as I found out that awful story, Chris and I were sooooo concerned for
you. And that I would literally check the news every hour until you were
found... I am so happy you are safe. 2 of my friends from home live out
in Cali now, also! So it is DEFINITELY on my "to do," to get out there!!
Do you still have the same number? If not, give me ur new one (mine is
still same) and whenever I can get my butt out there we can grab lunch
or something! xoxo

Write a reply...                                           ⚙  📷

🖇 Add Files    📷 Add Photos              Press Enter to send ☐   **Reply**

DHAQ00002530

 **Nick Prescott**       6/4, 8:15pm

D, give me a call when you can, or just come out to the vineyard to get away, we have a house.

June 7, 2015

 **Denise Huskins**       6/7, 10:07pm

Hey Nick, it is so good to hear from you. Thank you for reaching out. I'm not sure if I still have your number. Can you send it to me? I changed my # ▮▮▮▮▮▮ so you have it now. I want to let you know how much I appreciate your support through all of this. Joey told me how you had called and expressed your concern and support when everything was going on. It means so much to me, more than you could possibly know. I am hoping to go to the east coast sometime in the near future to visit old friends in NY and Boston. When I do I would love to stop by for a couple days in the vineyard! Thank you so much for offering. Hopefully we could catch up soon, and I hope all is well with you

June 8, 2015

 **Nick Prescott**       6/8, 4:20pm

D so good to hear from you! Come anytime!

978 702 6093 is my cell



Write a reply...

Add Files    Add Photos          Press Enter to send   Reply

**Dayna Lorraine Villegas**  + New Message

OK 😊 have fun today!



July 28, 2015

**Dayna Lorraine Villegas**      7/28, 3:16pm
love you! would love to get together soon! I'm so glad you had a great 30th! 💜 xo

**Denise Huskins**      7/28, 4:06pm
Thank you Dayna! It's great to hear from you! I don't know the next time I will be back down in Huntington but hopefully it will be soon enough and we can catch up on more joyful things in life 😊 hope all is well with you!

**Dayna Lorraine Villegas**      7/28, 4:15pm
I would love that! I still have the same number (714-609-6890) and I live on Alabama street! Everything is good over here 😊 Just work, family, friends, and Jonny. The usual lol! I can't believe we are 30! Time flies! For what it's worth, I want you know that there was never a doubt in my mind that I didn't believe what happened to you. The moment I found out you were safe was the best moment of my life. You have always been such a special friend in my life and even though we haven't kept in touch as much as I have wanted, I have enjoyed seeing you succeed in life! Let me know the next time you will be in town and we will get together!

Write a reply…

📎 Add Files   📷 Add Photos     Press Enter to send ☐   **Reply**

DHAQ00002536



You're friends on Facebook
Operations Manager at ABM Industries and Operation Manager at Northwell Health
Lives in Valley Stream, New York

REDACTED

January 30



**Denise Huskins**                                                          🖳 1/30, 8:51am
Oh my God Ned, I am so sorry for your loss. I can't imagine what you
and Christine and your families are going through right now. I will keep
you all in my thoughts and prayers and hope you can continue to
surround yourself with support.



**Ned Johnson**                                                            🖳 1/30, 9:22am
Thanks Breezy

I meant to reach out to you last year but I felt like you'd be overwhelmed
as it was. I hope you're recovering well



**Denise Huskins**                                                          🖳 1/30, 9:36am
Thank you Ned. I know there are a lot of people who would have wanted
to reach out but felt the same way. What do you even say in situation
like that? It has been a hell I could never have imagined. It's a long
process to recover from, and probably won't end for years, but that's the
same for any tragedy anyone has to overcome. I can't even imagine
what you are going through right now. It breaks my heart that you have
to endure such a loss. I have only good thoughts and memories of you
and just hope you can find peace at some point. You have many people
supporting you.



**Ned Johnson**                                                           🖳 1/30, 10:03am
Thanks Denise. I hope you find peace as well

 Sent from Messenger

---

Write a reply...                                                        

 Add Files      Add Photos          Press Enter to send 🗌   **Reply**

DHAQ00002548



**REDACTED**



**Marianne Glassen**  ⌐ 3/9, 4:09pm
Please keep in mind that there are SO many of us praying for you! You sounded GREAT on the phone a few days ago when we talked!! My bible study is praying for you, Denise. My book club, my neighbors and my friends are all praying for you. I sincerely hope you can somehow feel all of the loving support you have from everyone who is praying for you. MUCH love always, Aunt Nana

March 14



**Denise Huskins**  ⌐ 3/14, 4:17pm
Thank you so much Marianne! I do feel the love and support always, which is comforting. And it really continues to help me get through all of this. Thank you and I can't wait to see you in a couple weeks!

March 14



**Marianne Glassen**  3/14, 9:07pm
😊 💜



July 13



**Marianne Glassen**  ⌐ 7/13, 12:33pm
Please always keep in mine how much you mean to Tom and me...you are one of our VERY favorite girls! You are right after our Stephanie Marie and our Michelle Renee...and right ahead of our Stephanie Lyn (Chris' wife)! We love you SO much!! We are REALLY looking forward to seeing you when you come down next month!!! 💜

July 13

**Marianne Glassen**  7/13, 6:46pm
I meant "keep in mind"...not mine...oops!

Write a reply...

Add Files   Add Photos          Press Enter to send ☐   Reply

**MORTON & RUSSO, LLP**
521 Georgia Street
Vallejo, CA  94590
(707) 644-4004

December 19, 2016

Aaron Quinn

Invoice #  13276

*In RE: Aaron Quinn*

Timekeeper Summary

| Name | Hours | Rate | Amount |
|---|---|---|---|
| AMY MORTON | 107.40 | 350.00 | $37,590.00 |

Professional Services

| Date | | Hrs/Rate | Amount |
|---|---|---|---|
| 3/27/2015 | REDACTED | 0.60<br>350.00/hr | 210.00 |
| 4/3/2015 | | 1.60<br>350.00/hr | 560.00 |
| 4/6/2015 | | 1.60<br>350.00/hr | 560.00 |
| 4/7/2015 | | 1.00<br>350.00/hr | 350.00 |
| 5/5/2015 | | 3.50<br>350.00/hr | 1,225.00 |
| 5/8/2015 | | 1.50<br>350.00/hr | 525.00 |
| 5/20/2015 | | 0.70<br>350.00/hr | 245.00 |
| 6/5/2015 | | 1.20<br>350.00/hr | 420.00 |
| 6/16/2015 | | 2.20<br>350.00/hr | 770.00 |

CONFIDENTIAL

DHAQ00003085

Aaron Quinn

Page    2

| | Hrs/Rate | Amount |
|---|---|---|
| 6/17/2015 | 1.20<br>350.00/hr | 420.00 |
| 6/24/2015 | 3.90<br>350.00/hr | 1,365.00 |
| 6/29/2015 | 0.20<br>350.00/hr | 70.00 |
| 7/13/2015 | 2.70<br>350.00/hr | 945.00 |
| 7/28/2015 | 6.50<br>350.00/hr | 2,275.00 |
| 7/30/2015 | 1.90<br>350.00/hr | 665.00 |
| 7/31/2015 | 5.00<br>350.00/hr | 1,760.00 |
| 8/1/2015 | 2.00<br>350.00/hr | 700.00 |
| 8/2/2015 | 0.30<br>350.00/hr | 105.00 |
| 8/3/2015 | 4.50<br>350.00/hr | 1,575.00 |
| 8/11/2015 | 2.30<br>350.00/hr | 805.00 |
| 8/12/2015 | 5.20<br>350.00/hr | 1,820.00 |
| 8/13/2015 | 0.20<br>350.00/hr | 70.00 |
| 8/14/2015 | 3.40<br>350.00/hr | 1,190.00 |

REDACTED

CONFIDENTIAL

DHAQ00003086

Page 3

Aaron Quinn

| | Hrs/Rate | Amount |
|---|---|---|
| 8/16/2015 | 1.50 350.00/hr | 525.00 |
| 8/17/2015 | 2.40 350.00/hr | 840.00 |
| 8/26/2015 | 3.10 350.00/hr | 1,085.00 |
| 8/28/2015 | 2.00 350.00/hr | 700.00 |
| 8/31/2015 | 3.10 350.00/hr | 1,085.00 |
| 9/1/2015 | 1.80 350.00/hr | 630.00 |
| 9/2/2015 | 2.50 350.00/hr | 875.00 |
| 9/3/2015 | 1.50 350.00/hr | 525.00 |
| 9/10/2015 | 1.30 350.00/hr | 455.00 |
| 9/11/2015 | 0.90 350.00/hr | 315.00 |
| 9/14/2015 | 1.80 350.00/hr | 630.00 |
| 9/15/2015 | 0.20 350.00/hr | 70.00 |
| 9/16/2015 | 2.00 350.00/hr | 700.00 |
| 9/25/2015 | 0.40 350.00/hr | 140.00 |
| 9/30/2015 | 0.70 350.00/hr | 245.00 |

REDACTED

CONFIDENTIAL

Page    4

Aaron Quinn

| | Hrs/Rate | Amount |
|---|---|---|
| 10/8/2015 | 2.60 350.00/hr | 910.00 |
| 10/19/2015 | 3.50 350.00/hr | 1,225.00 |
| 10/20/2015 | 0.40 350.00/hr | 140.00 |
| 10/22/2015 | 0.20 350.00/hr | 70.00 |
| 11/5/2015 | 0.60 350.00/hr | 210.00 |
| 11/10/2015 | 1.10 350.00/hr | 385.00 |
| 11/19/2015 | 1.10 350.00/hr | 385.00 |
| 12/15/2015 | 2.20 350.00/hr | 770.00 |
| 12/21/2015 | 5.00 350.00/hr | 1,750.00 |
| 2/2/2016 | 0.30 350.00/hr | 105.00 |
| 3/14/2016 | 1.00 350.00/hr | 350.00 |
| 3/18/2016 | 0.60 350.00/hr | 210.00 |
| 3/30/2016 | 1.70 350.00/hr | 595.00 |
| 4/1/2016 | 0.20 350.00/hr | 70.00 |
| 4/8/2016 | 0.80 350.00/hr | 280.00 |
| 4/14/2016 | 1.00 350.00/hr | 350.00 |

REDACTED

CONFIDENTIAL

Page   5

Aaron Quinn



REDACTED

| | Hrs/Rate | Amount |
|---|---|---|
| 4/25/2016 | 2.00<br>350.00/hr | 700.00 |
| 6/4/2016 | 1.10<br>350.00/hr | 385.00 |
| 6/9/2016 | 0.30<br>350.00/hr | 105.00 |
| 7/7/2016 | 0.90<br>350.00/hr | 315.00 |
| 8/11/2016 | 1.20<br>350.00/hr | 420.00 |
| 9/2/2016 | 0.40<br>350.00/hr | 140.00 |
| 9/7/2016 | 0.80<br>350.00/hr | 280.00 |

For professional services rendered

107.40   $37,590.00

Balance due

$37,590.00

DHAQ00003089

Declaration of WendyMotooka In Support Of
Joint Statement Re Discovery Disagreement

# EXHIBIT I



KERR
—— & ——
WAGSTAFFE
LLP
ATTORNEYS

101 Mission Street, 18th Floor
San Francisco, California 94105-1727

Telephone (415) 371-8500
Facsimile (415) 371-0500
www.kerrwagstaffe.com

KENNETH P. NABITY
E-MAIL: NABITY@KERRWAGSTAFFE.COM

December 23, 2016

**VIA FEDEX**

Robert L. Chalfant, Esq.
Wendy Motooka, Esq.
**CREGGER & CHALFANT LLP**
701 University Avenue, Suite 110
Sacramento, CA 95825

> **Re:** *Aaron Quinn and Denise Huskins v. City of Vallejo, et al.*
> United States District Court, Eastern District of California
> Case No. 2:16-cv-00603 TLN EFB

Dear Robert and Wendy:

Please find enclosed Plaintiffs' second production, bates labeled DHAQ00002397 – DHAQ0003213, in response to Defendant City of Vallejo's Requests for Production of Documents.

Sincerely,

KENNETH P. NABITY



**Declaration of WendyMotooka In Support Of
Joint Statement Re Discovery Disagreement**

# EXHIBIT J

**Wendy Motooka**

| | |
|---|---|
| **From:** | Wendy Motooka |
| **Sent:** | Monday, December 19, 2016 12:32 PM |
| **To:** | 'Kenneth Nabity' |
| **Cc:** | Robert Chalfant; Bev Murch |
| **Subject:** | RE: Huskins v. City -- plaintiffs' responses to RFPs |

I am puzzled by your position that you have no obligation to label documents to respond to the categories of documents requested. Rule 34 itself is clear, stating: "A party must produce documents as they are kept in the usual course of business or must organize and label them to correspond to the categories in the request." Fed. R. Civ. P. 34(b)(2)(E)(i); *see also Google, Inc. v. American Blind & Wallpaper Factory*, 2006 WL 5349265 at*3-*4 (N.D. Cal. 2006) and the cases cited therein.

Your production does not even differentiate between the production made by Quinn, and the production made by Huskins.

Surely we are not the first opposing party who has asked you to produce documents in a manner that corresponds to the categories of the requests?

**Wendy Motooka**

Cregger & Chalfant LLP
701 University Avenue, Suite 110
Sacramento, CA 95825
Phone: 916.443-4443
Fax: 916.443-2124

This message is intended exclusively for the individual or entity to which it is addressed. This communication may contain information that is proprietary, privileged, confidential or otherwise legally exempt from disclosure. If you are not the named addressee, you are not authorized to read, print, retain, copy or disseminate this message or any part of it. If you have received this message in error, please notify the sender immediately and delete all copies of this message.

**From:** Kenneth Nabity [mailto:nabity@kerrwagstaffe.com]
**Sent:** Monday, December 19, 2016 11:59 AM
**To:** Wendy Motooka; Kenneth Nabity
**Cc:** Robert Chalfant; Bev Murch
**Subject:** RE: Huskins v. City -- plaintiffs' responses to RFPs

Wendy,

Apologies for the delayed response – we switched email servers, and have not had access all weekend.

We have no obligation to label documents to correspond to requested categories, and will not be doing so. If you believe we are required to "differentiate" the production, please send us authority supporting that position. That does not seem practical where the issues overlap as they do here, and we are unaware of any authority to the contrary.

We will be producing additional documents, including recently received third-party documents, by the end of the year. At that point, we will have produced all responsive documents located after a diligent search and reasonable inquiry. Even with that timeline, we will have produced over five times the amount of material that you have, and in less time.

We are always willing to meet and confer about discovery issues.

Best,
Ken

---

**From:** Wendy Motooka [mailto:wm@creggerlaw.com]
**Sent:** Friday, December 16, 2016 9:27 AM
**To:** Kenneth Nabity
**Cc:** Robert Chalfant; Bev Murch
**Subject:** Huskins v. City -- plaintiffs' responses to RFPs

Hi, Ken. We received a flash drive from you via Fed Ex yesterday, with a letter representing that it was plaintiffs' "first" production. This "first" production is not labeled to correspond to the requested categories. In fact, it is not even labeled to correspond to the separate sets of RFPs. Your letter was silent as to whether we are to regard this as the complete, final, undifferentiated production in response to RFP (Set 1) to Huskins and in response to RFP (Set 1) to Quinn (barring any future productions necessitated by the ambulatory nature of federal discovery). Your letter was also silent as to whether you intend to further meet and confer with us about this production, as I requested in my letter to you of December 14.

Can you clarify where you think we are with respect to these issues?

Thanks.

**Wendy Motooka**

Cregger & Chalfant LLP
701 University Avenue, Suite 110
Sacramento, CA 95825
Phone: 916.443-4443
Fax: 916.443-2124

This message is intended exclusively for the individual or entity to which it is addressed. This communication may contain information that is proprietary, privileged, confidential or otherwise legally exempt from disclosure. If you are not the named addressee, you are not authorized to read, print, retain, copy or disseminate this message or any part of it. If you have received this message in error, please notify the sender immediately and delete all copies of this message.

Declaration of WendyMotooka In Support Of
Joint Statement Re Discovery Disagreement

# EXHIBIT K



# CREGGER &
# CHALFANT
## ————————————LLP

Thomas A. Cregger
Robert L. Chalfant
Wendy Motooka
Jordan K. Dixon

Samuel L. Jackson
John S. Gilmore
Of Counsel

Robert L. Chalfant
Email: rlc@creggerlaw.com
Wendy Motooka
Email: wm@creggerlaw.com

January 3, 2017

*Via email (nabity@kerrwagstaffe.com) & U.S. Mail*

Kenneth Nabity
KERR & WAGSTAFFE LLP
101 Mission Street, 18th Floor
San Francisco, CA 94105-1727

Re: *Aaron Quinn and Denise Huskins v. Vallejo Police Department*
E.D. Cal. Case No. 2:16-cv-00603 TLN EFB

Dear Mr. Nabity:

I am writing to meet and confer with you about plaintiffs' responses to the City of Vallejo's Request for Production of Documents to Plaintiff Huskins (Set One) and Request for Production of Documents to Plaintiff Quinn (Set One). These requests were served on September 28, 2016, which made responses due on October 31, 2016. Plaintiffs responded on October 31, but included no documents. Instead, plaintiffs indicated that the documents would be served by November 30.

Plaintiffs mail served their first set of documents, on a flash drive, with a cover letter dated December 14, 2016. Plaintiffs then mail served a second set of documents, on a CD, with a cover letter dated December 23, 2016. These documents are Bates stamped DHAQ00000001-DHAQ00003213.

701 University Avenue
Suite 110
Sacramento, CA 95825
(916) 426-1889 P
(916) 443-2124 F
www.creggerlaw.com

# CREGGER &
# CHALFANT
#### LLP

Ken Nabity
Re: Quinn, Huskins v. Vallejo
January 3, 2017
Page 2

## I.    THE DOCUMENT PRODUCTIONS ARE NOT ORGANIZED AND LABELED TO CORRESPOND TO THE CATEGORIES IN THE REQUESTS

Via email in mid-December, I previously discussed with you that the production is deficient because the documents are not organized and labeled to correspond to the categories of the requests. You indicated that you have no obligation to organize the documents to correspond to the requests, and asked me to provide you with authority supporting defendants' position. I provided you with Fed. R. Civ. P. 34(b)(2)(E)(i) and *Google, Inc. v. American Blind & Wallpaper Factory*, 2006 WL 5349265 at \*3-\*4 (N.D. Cal. 2006), which includes additional case citations. You have offered no contrary authority.

Your document production consists of 3,213 pages that are not organized to correspond to the categories of documents requested, and that do not even distinguish between responses from Huskins and responses from Quinn.

Please correct the productions so that they correspond to the categories in requests made to each plaintiff, or supplement your responses to the two sets of requests to indicate by Bates ranges which documents are responsive to each request.

## II.    THE DOCUMENTS CONTAIN IMPROPER REDACTIONS

Many of the documents included in the productions include redacted portions. Some pages are redacted in full. Plaintiffs have provided no justification for any of the redactions. None of the redactions can be the result of an objection, since none of the documents are associated with any objections. (The objections are organized to correspond to categories of the request, while the

# CREGGER & CHALFANT
## LLP

Ken Nabity
Re: Quinn, Huskins v. Vallejo
January 3, 2017
Page 3

documents are not.)  Please provide authority for the redactions, or produce copies of the documents with the redactions removed, including the following:

**DHAQ** nos. **944, 1313, 1318, 1325, 1332, 1333, 1338, 1453, 1454, 1477, 1485, 1489, 1500, 1502, 1530, 1531, 1532, 1533, 1538, 1539, 1541, 1615, 1621, 1622, 1623, 1637, 1805, 1807, 1854, 1857, 1917, 1924, 1927, 1930, 1937, 1938, 1939, 1940, 1943, 1946, 1947, 2190, 2191, 2506, 2515, 2519, 2521, 2524, 2530, 2531, 2536, 2548, 2549, 3085-3089, 3092, 3154, 3155, 3156, 3157, 3162, 3163, 3165, 3167, 3174, 3175-3177, 3178, 3192, 3193, 3202, 3203, & 3211.**

## III.   THE   CONFIDENTIALITY   DESIGNATIONS   ARE   OVERLY BROAD

The documents also include numerous pages designated as "Confidential." None of the pages so designated include marginal markings to identify what portion of the pages contain confidential information, and many of the pages designated "confidential" clearly include non-confidential information.

The Stipulated Protective Ordered agreed to by the parties and entered by the Court requires the Designating Party to exercise restraint and care in designating material for protection, using appropriate markings in the margin when only a portion of the document qualifies for protection.  There appear to be numerous documents that have been improperly designated as confidential, or too broadly designated as confidential.  Pursuant to paragraph 6.2 of the Stipulated Protective Order, defendants challenge the following confidentiality designations:

### A.   Appointment Reminders

Several of the documents designated "confidential" are appointment reminders for Huskins or for Quinn.  There does not appear to be any confidential information in these documents, particularly on the second page of each reminder.

CREGGER &
CHALFANT
———————LLP

Ken Nabity
Re:  Quinn, Huskins v. Vallejo
January 3, 2017
Page 4

Plaintiffs Huskins and Quinn have each indicated in their supplemental initial disclosures that they have attended psychotherapy sessions in the past, and will continue to do so for years.  The appointment reminders do not appear to contain any confidential information.

The following documents appear to be appointment reminders:

**DHAQ** nos. **50-51, 103-104, 270-271, 284-285, 286-287, 288-289, 316-317, 331-332, 342-343, 344-345, 353-354, 358-359, 394-395, 401-402, 403-404, 405-406, 429-430, 433-434, 435-436, 437-438, 439-440, 450-451, 452-453, 454-455, 456-457, 458-459, 460-461, 462-463, 486-487, 495-496, 499-500, 516-517, 520-521, 527-528, 532-533, 539-540, 1266-1267, 1287-1288, 1296-1297, 1303-1304, 1341-1342, 1435-1436, & 1471-1472.**

### B.     Other Documents Relating To Medical Or Psychological Treatment

Several of the documents designated "confidential" appear to be communications between plaintiff and healthcare providers that do not contain treatment information, or contain treatment information only in part.

**DHAQ 534** and **DHAQ 1626** appear to be a referral list of possible treaters. Plaintiffs have not designated what portion of these documents, if any, is confidential.

**DHAQ 536** is an email that appears to discuss payment for services.  Plaintiffs have not designated what portion of the document, if any, is confidential.

**DHAQ 537** is a health insurance claim form.  Plaintiffs have not designated what portions of the form, if any, are confidential.

**DHAQ 538** does not appear to contain any confidential information at all.

CREGGER &
CHALFANT
————————LLP

Ken Nabity
Re: Quinn, Huskins v. Vallejo
January 3, 2017
Page 5


**DHAQ 550-552** does not appear to contain any confidential information at all.

**DHAQ 991** is an audio file in which Quinn appears to be describing the events. It does not appear to contain any confidential information.

**DHAQ 1165** is an audio file in which Quinn and his counsel appear to be in a meeting with law enforcement regarding immunity. It does not appear to contain any confidential information.

**DHAQ 1302 & 1309** appear to be Work Status Reports, relating to time taken off from work. These documents do not appear to contain any confidential information. If there is confidential information in these documents, please identify the confidential portions using marginal markings.

**DHAQ 1620** appears to be an email about rates and office location for a counseling practice. It does not appear to contain confidential information. If there is any confidential information in this document, please identify the confidential portions using marginal markings.

**DHAQ 2353 & DHAQ 3117** each appear to be a verification of diagnosis and participation in psychotherapy. Given the issues in controversy, they do not appear to be confidential in their entirety. Please identify, using marginal notes, the portions of the documents that are confidential.

**DHAQ 2383** is an outpatient services consent form. Please identify, using marginal notes, the portions of the document that are confidential.

**DHAQ 2384** is a document that appears to be a screen capture of some type. Please identify, using marginal markings, what portions of this document are confidential.

CREGGER &
CHALFANT
———————LLP

Ken Nabity
Re: Quinn, Huskins v. Vallejo
January 3, 2017
Page 6

**DHAQ 2395** appears to be an invoice for psychotherapy services. Plaintiffs'
psychotherapy visits and payments therefor are not confidential, given the nature
of the damages claimed in plaintiffs' supplemental initial disclosures. Please
identify, using marginal markings, the portions of the document that are
confidential.

**DHAQ 2397** is a signed consent to treatment form. This document would not
appear to be confidential in light of the controversy at issue. Please identify,
using marginal markings, the portions of the documents, if any, that are
confidential.

**DHAQ 2398** appears to be a patient intake form. Please identify, using marginal
markings, the portions of this document that are confidential.

**DHAQ 2416** appears to include non-confidential information (e.g., entries for
11/13/16 and 11/4), but has been designated confidential in its entirety. Please
designate, using marginal notes, the portions of the document that are
confidential.

**DHAQ nos. 2978, 3081, & 3084** appear to be consent to treatment forms that are
not confidential in their entirety. Please indicate, using marginal markings, which
portions of the documents are confidential.

**DHAQ nos. 3118, 3132, 3133, 3134, 3136, & 3138** appear to be notes regarding
appointment scheduling. Please identify, using marginal markings, the portions
of these documents that are confidential.

**DHAQ 3119** appears to be a note documenting that the counselor discussed legal
and ethical issues with one "Anastasia." It does not appear to contain any patient
information. Please indicate, using marginal markings, which portions of the
documents are confidential.

# CREGGER &
# CHALFANT
—————LLP

Ken Nabity
Re:  Quinn, Huskins v. Vallejo
January 3, 2017
Page 7

### C.    Documents Regarding Legal Services

Several of the documents designated "confidential" are related to criminal
defense or employment defense legal services obtained by plaintiffs.  Plaintiffs
have indicated in their initial disclosures that these legal services are relevant to
the case, because the cost of these legal services represent damages to plaintiffs.
As such, the documents would not appear to contain any confidential information.

The following appear to be documents regarding the cost of legal services:

**DHAQ 2190-2191** (these have also been redacted, which is improper as
the basis for the bills must be known in order to determine whether they represent
damages), **DHAQ 2316-2318, DHAQ 3085-3089** (also improperly redacted), &
**DHAQ 3090** (a blank form).

### D.    Documents Referencing Kerr & Wagstaffe

Several documents referencing Kerr & Wagstaffe appear to be designated
"confidential."  The fact that plaintiffs are represented by Kerr & Wagstaffe is not
confidential.    Please  identify  the  confidential  portions  of  the  following
documents:

**DHAQ nos. 2351, 2352, 2385-2392, 2399, 2416, 3091, 3113, 3114, 3115,
3120, & 3121.**

The City's sets of production requests to Huskins and Quinn, respectively,
have been pending since September 2016.  Defendants are still not able to fully
evaluate the sufficiency of the productions, given the productions' lack of
organization.  Please correct the deficient organization and remove the unjustified
redactions no later than **January 17, 2017**.  Pursuant to the Stipulated Protective
Order, the challenged confidentiality designations must be addressed, via a voice

CREGGER &
CHALFANT
━━━━━━━━━LLP

Ken Nabity
Re: Quinn, Huskins v. Vallejo
January 3, 2017
Page 8

to voice meet and confer, within 14 days.  Please let me know when you can be
available to discuss the confidentiality designations.

Very truly yours,

CREGGER & CHALFANT LLP

WENDY MOTOOKA

Declaration of WendyMotooka In Support Of
Joint Statement Re Discovery Disagreement

# EXHIBIT L



K E R R
———— & ————
W A G S T A F F E
LLP
ATTORNEYS

101 Mission Street, 18th Floor
San Francisco, California 94105-1727

Telephone (415) 371-8500
Facsimile (415) 371-0500
www.kerrwagstaffe.com

KENNETH P. NABITY
E-MAIL: NABITY@KERRWAGSTAFFE.COM

January 27, 2017

**VIA ELECTRONIC MAIL & U.S. MAIL**

Wendy Motooka, Esq.
**CREGGER & CHALFANT LLP**
701 University Avenue, Suite 110
Sacramento, CA 95825
Email: wm@creggerlaw.com

> **Re:**   *Aaron Quinn and Denise Huskins v. City of Vallejo, et al.*
> United States District Court, Eastern District of California
> Case No. 2:16-cv-00603 TLN EFB

Dear Wendy:

We write in response to your meet and confer letter of January 3, 2017 concerning Plaintiffs' responses to the City of Vallejo's Request for Production of Documents ("RPDs"), and to memorialize our productive phone conversation of Friday, January 20.

## I.   THE DOCUMENTS WERE PRODUCED AS THEY ARE KEPT IN THE USUAL COURSE OF BUSINESS

As we discussed over the phone, Plaintiffs' document productions comply with Federal Rule of Civil Procedure 34. The rule requires a party to produce documents "as they are kept in the usual course of business" *or* organized and labeled "to correspond to the categories in the request." Fed. R. Civ. Pro. 34(b)(2)(E)(i). Plaintiffs produced documents as they are kept in the usual course of business. Plaintiffs' document productions are therefore proper.

Further, as we discussed over the phone, the categorical organization is impractical here. The Requests for Production overlap so often that it would be impossible to organize them in any way other than the way the documents were maintained by Plaintiffs. Thus, we would need numerous sub-categories that would make the exercise pointless.

Wendy Motooka, Esq.
January 27, 2017
Page 2

## II.     THE REDACTIONS ARE PROPER

Plaintiffs' redactions are proper. As a starting point, Plaintiffs have redacted documents and portions of documents that are either non-responsive or privileged. For example, Plaintiffs' Facebook chats include communications that occurred prior to the responsive deadline. Thus, those prior, separate communications were redacted because they are not responsive. Additionally, where Plaintiff forwarded a non-privileged communication to an attorney for purposes of legal advice, we have redacted the privileged communication while producing the non-privileged communication.

## III.    CONFIDENTIALITY DESIGNATIONS

During our phone conversation, we discussed the challenged confidentiality designations and came to an agreement with regard to many of them.

### A.    APPOINTMENT REMINDERS

Plaintiffs agree to de-designate as confidential the psychotherapy appointment reminders (enumerated in Defendants' letter), so long as Defendants agree that doing so does not waive other confidentiality assertions Plaintiffs may make related to the content of psychotherapy appointments.

### B.    OTHER DOCUMENTS RELATING TO MEDICAL OR PSYCHOLOGICAL TREATMENT

DHAQ 534, 1626 – Plaintiffs agree to de-designate these documents as confidential.

DHAQ 536 – Plaintiff agrees to indicate the confidential information in the margins, such that the remainder of the document is not confidential.

DHAQ 537 – Plaintiffs agree to de-designate this document as confidential and redact certain irrelevant but confidential information.

DHAQ 538 – Plaintiffs agree to de-designate this document as confidential.

DHAQ 550-552 – Plaintiffs will add marginal markings to identify which portions of these documents contain confidential information.

DHAQ 991 and DHAQ 1165– Plaintiffs are reviewing this confidentiality designation. We appreciate your patience on this issue while we are still in trial on another matter.

DHAQ 1302, 1309 – Plaintiffs agree to de-designate these documents as confidential.

DHAQ 1620 – Plaintiffs agree to de-designate this document as confidential and redact privileged portions.

Wendy Motooka, Esq.
January 27, 2017
Page 3

DHAQ 2353 & 3117 – Plaintiffs will not de-designate these documents as confidential.
These documents are therapist notes and they are confidential in their entirety.

DHAQ 2383 – Plaintiffs agree to de-designate this document as confidential.

DHAQ 2384 – We would propose to keep this document designated as confidential for
the time being.  When we received the documents from the hospital, the hospital
requested confidentiality.

DHAQ 2395 – Plaintiffs agree to de-designate this document as confidential.

DHAQ 2397 – Plaintiffs agree to de-designate this document as confidential.

DHAQ 2398 – Plaintiffs will not de-designate this document as confidential. This
document consists of therapist notes and is confidential in its entirety.

DHAQ 2416 – Plaintiffs agree to de-designate this document as confidential.

DHAQ 2978, 3081, 3084 – We agreed that Plaintiffs will not de-designate these
documents as confidential.  These documents are therapy intake forms and are
confidential in their entirety.

DHAQ 3118, 3132, 3133, 3134, 3136, 3138 – Plaintiffs will not de-designate these
documents as confidential. These documents are therapists notes and are confidential in
their entirety.

DHAQ 3119 –  Plaintiffs will not de-designate this document as confidential. This
document consists of therapist notes and is confidential in its entirety.

### C.  DOCUMENTS REGARDING LEGAL SERVICES

Plaintiffs are still reviewing whether de-designation is proper here, or whether
another alternative exists.  Once we have made a decision, we will discuss with you to
see if our proposal is acceptable.

### D.  DOCUMENTS REFERENCING KERR & WAGSTAFFE

DHAQ 2351, 2352 – Plaintiffs agree to de-designate these documents as confidential.

DHAQ 2385-2392 – Plaintiffs agree to de-designate these documents as confidential.

DHAQ 2399 – Plaintiffs agree to de-designate this document as confidential.

DHAQ 2416 – Plaintiffs agree to de-designate this document as confidential.

DHAQ 3091 - Plaintiffs agree to de-designate this document as confidential.

Wendy Motooka, Esq.
January 27, 2017
Page 4

DHAQ 3113, 3114 – Plaintiffs agree to de-designate these documents as confidential.

DHAQ 3115 – Plaintiffs will not de-designate this document as confidential. This document consists of therapist notes and is confidential in its entirety.

DHAQ 3120 – Plaintiffs will not de-designate this document as confidential. This document consists of therapist notes and is confidential in its entirety.

DHAQ 3121 – Plaintiffs will not de-designate this document as confidential. This document consists of therapist notes and is confidential in its entirety.

As discussed, we will fix these issues in our production, and send you the updated version.

Sincerely,

KENNETH P. NABITY

**Declaration of WendyMotooka In Support Of
Joint Statement Re Discovery Disagreement**

# EXHIBIT M



# CREGGER &
# CHALFANT
LLP

Thomas A. Cregger
Robert L. Chalfant
Wendy Motooka
Jordan K. Dixon

Samuel L. Jackson
John S. Gilmore
Of Counsel

Robert L. Chalfant
Email: rlc@creggerlaw.com
Wendy Motooka
Email: wm@creggerlaw.com

January 30, 2017

*Via email (nabity@kerrwagstaffe.com) & U.S. Mail*

Kenneth Nabity
KERR & WAGSTAFFE LLP
101 Mission Street, 18th Floor
San Francisco, CA 94105-1727

Re:   *Aaron Quinn and Denise Huskins v. Vallejo Police Department*
E.D. Cal. Case No. 2:16-cv-00603 TLN EFB

Dear Mr. Nabity:

We are in receipt of your letter of January 27 regarding plaintiffs' respective responses to the City's Requests for Production. We are not convinced that plaintiffs have complied with Rule 34 by producing documents "as they are kept in the usual course of business." Plaintiffs do not meet their burden under Rule 34 merely by stating that the records have been produced as they are usually kept. *Google, Inc. v. American Blind & Wallpaper Factory, Inc.*, 2006 WL 5349265 at *3 (N.D.Cal 2006), *citing Cardenas v. Dorel Junveile Group, Inc.*, 230 F.R.D. 611, 618 (D. Kan. 2005). The production itself casts doubt on whether the documents have been produced as they are usually maintained.

First, while the City sent separate RFPs to Quinn and to Huskins, plaintiffs responded with one undifferentiated production of over 3000 pages for both of them collectively, as though plaintiffs keep all of their documents – which include

701 University Avenue
Suite 110
Sacramento, CA 95825
(916) 426-1889 P
(916) 443-2124 F
www.creggerlaw.com

# CREGGER &
# CHALFANT
## LLP

Ken Nabity
Re: Quinn, Huskins v. Vallejo
January 30, 2017
Page 2

their individual social media posts, emails, medical and counseling records, audio files, handwritten personal writing, etc. – together in one giant, collective stack. It is difficult to believe that plaintiffs would store all of their documents related to the City's RFPs in this combined way. Do they each print out their individual emails and social media posts and add it to the stack on an ongoing basis? If so, why are the emails and social media posts not in chronological order? Do plaintiffs not keep separate types of documents in separate folders? How would plaintiffs have known what the City's RFPs were going to be, when they commenced this filing system? It also defies belief that if plaintiffs do follow such an organizational arrangement, that the one giant, collective stack would not include any correspondence from Kerr & Wagstaffe, or any copies of the discovery requests and discovery responses already exchanged in this case.

Second, a few of the documents produced include redactions. It is difficult to believe that plaintiffs would store their documents, in the usual course of business, with redactions. I do not think that you can produce the documents as they are kept in the usual course of business while redacting portions that you contend are "non-responsive." If you are producing documents as they are normally maintained, that production will often include "non-responsive" documents, because the production is not organized to be responsive to the requests. In addition, to the extent that you contend that any of the documents included in the production are privileged, those documents should be identified in a privilege log. We have received no privilege log from either plaintiff.

Third, plaintiffs have recently produced supplemental Rule 26 computations of damages. This supplemental disclosure included additional wage-related documents from Huskins (DHAQ 3214-DHAQ 3227) that were not included in the initial production. If plaintiffs keep all of their documents related to the case (including their damages) in one collective stack, where did the additional documents from Huskins come from? Also, why are there no wage-related documents from Quinn? Where does Quinn keep such documents, if not

# CREGGER &
# CHALFANT
### ——————LLP

Ken Nabity
Re: Quinn, Huskins v. Vallejo
January 30, 2017
Page 3

in the collective stack that supposedly contains all of both plaintiffs' documents
related to damages?

In short, you have not established that each plaintiff's document
production complies with Rule 34. Unless you can do so, defendant's only option
is to move to compel. Plaintiffs' document production is full of documents that
you claim to be responsive (they are not redacted) and yet it is not at all clear why
they are responsive. For example, there is a picture of a U-Haul trailer (DHAQ
2028). To what request(s) is that responsive, and on behalf of which plaintiff?
Defendant is conducting discovery in order to understand each plaintiff's basis for
the alleged claims and damages. Responses that hide that information are not
satisfactory.

Very truly yours,

CREGGER & CHALFANT, LLP

WENDY MOTOOKA

**Declaration of WendyMotooka In Support Of
Joint Statement Re Discovery Disagreement**

# EXHIBIT N

**Wendy Motooka**

| | |
|---|---|
| **From:** | Wendy Motooka |
| **Sent:** | Friday, February 17, 2017 12:04 PM |
| **To:** | 'Kenneth Nabity'; Kevin B. Clune |
| **Cc:** | James M. Wagstaffe; Robert Chalfant; Laura Seegal |
| **Subject:** | RE: Husksin v. City - RFP Set One |

Ken, the court is only available on Wednesdays at 10 a.m. March 15 is a Wednesday, but I am not available that morning. If we can't resolve this, I'll set the motion for the later part of March or early April. Do you have conflicts on any of the Wednesdays in that time frame?

I am puzzled by your last email. We are not asking you to produce ESI in a different form. I don't think that has ever been part of this dispute. Our issue has always been that the document production is an undifferentiated mass, in response to separate sets of RFPs, and that you have not made a sufficient showing that the documents were produced as kept in the usual course of business. What is plaintiffs' collective "business," such that they would keep these records in this way, with no dividers, subfolders, or indices? Litigation discovery isn't business for the purpose of Rule 34 (see the *Google* case, 2006 WL 5349265 at *3 n.3.), so if they gathered these documents together just to respond to our discovery, that will not qualify as a usual course of business. It appears that some of these documents were acquired in order to respond to the RFPs. For example, DHAQ 2412 and 3121 show your colleague Laura Seegal requesting the documents in early November 2016, after we served the RFPs.

I appreciate your explanation that DHAQ 1-222 are Denise's emails in chronological order, but if that is the case, what are the documents immediately following those? And why do her emails stop on March 29, 2015, when our requests sought a broader time frame? Your order of production may make sense to you, but it does not make sense to me. You write: "you can see that we have produced responsive documents based on their source: Denise's emails chronologically (DHAQ0001-0222), Denise's Facebook messages and posts (DHAQ2425-2777), Aaron's emails (DHAQ1231-1952), etc." There are a lot of documents between DHAQ 222 and 1231, and between 1952 and 2425. There are also documents after 2777. What are these documents? You write as though anyone would know what "etc." means. I do not think that is a reasonable assumption. There is also the question of why your production produces no wage documentation regarding either plaintiff, even though we requested documentation from each plaintiff reflecting monetary losses for lost employment. You did not provide any wage documentation until we moved to compel a computation of damages, and thereafter you found some wage documents for Huskins, and one wage document for Quinn. Where did these documents come from, if they were not part of the documents kept in the usual course of business? And why have you not produced any wage documentation for Quinn's employment at Kaiser?

Given your representation that you will produce a privilege log no later than Feb. 28, I think it would make sense to hold off on filing the motion until we have seen that document. The

privilege log could eliminate or recast some of the issues regarding redaction, allowing us to narrow the motion. We do not expect you to address the short redactions pursuant to Rule 5.2, but would like further explanation regarding the longer redactions. Several of the redactions are entire pages. Are you aware of any authority that allows you to redact in the way that you have?


**Wendy Motooka**

Cregger & Chalfant LLP
701 University Avenue, Suite 110
Sacramento, CA 95825
Phone: 916.443-4443
Fax: 916.443-2124

This message is intended exclusively for the individual or entity to which it is addressed. This communication may contain information that is proprietary, privileged, confidential or otherwise legally exempt from disclosure. If you are not the named addressee, you are not authorized to read, print, retain, copy or disseminate this message or any part of it. If you have received this message in error, please notify the sender immediately and delete all copies of this message.

---

**From:** Kenneth Nabity [mailto:nabity@kerrwagstaffe.com]
**Sent:** Thursday, February 16, 2017 5:47 PM
**To:** Wendy Motooka; Kevin B. Clune
**Cc:** James M. Wagstaffe; Robert Chalfant; Laura Seegal
**Subject:** RE: Husskin v. City - RFP Set One

Wendy,

Your latest email inaccurately characterizes the parties' discussions, and does not address points we have raised in the meet and confer process.

First, you have failed to address how production of this ESI requires anything more than production in a reasonable usable format, which we have done. See Fed. R. Civ. P. 34(E)(ii) (ESI should be produced "in a form or forms in which it is ordinarily maintained *or in a reasonably usable form or forms*."). Here, we have produced the ESI in a reasonably usable form, including some native files.

In addition, we have also produced the documents as they were maintained in the usual course of business, which Rule 34 separately allows. That is apparent from the face of the production. For example, you can see that we have produced responsive documents based on their source: Denise's emails chronologically (DHAQ0001-0222), Denise's Facebook messages and posts (DHAQ2425-2777), Aaron's emails (DHAQ1231-1952), etc. Thus, we have met our FRCP 34 obligation to produce documents as they are kept in the usual course of business.

We also have explained the redaction issue numerous times, and you have never produced any authority that bears on our dispute. As we said in our last email, we will provide a privilege log for privileged documents. All redactions not covered by that privilege log will cover non-responsive communications (based on timeframe, substance, or both), redactions pursuant to FRCP 5.2, and other minor redactions we discussed over the phone for addresses, phone numbers, account numbers, etc. so that we can remove confidentiality designations.

As to potential hearing dates, we are available and would prefer March 15, March 16 (before lunch), or March 17.

Thank you,
Ken

Kenneth P. Nabity
**Kerr & Wagstaffe LLP**
101 Mission Street, 18th Floor
San Francisco, California 94105
Direct: 415-357-8945
Main: 415-371-8500
Fax: 415-371-0500
www.kerrwagstaffe.com

---

**From:** Wendy Motooka [mailto:wm@creggerlaw.com]
**Sent:** Wednesday, February 15, 2017 4:53 PM
**To:** Kenneth Nabity <nabity@kerrwagstaffe.com>; Kevin B. Clune <clune@kerrwagstaffe.com>
**Cc:** James M. Wagstaffe <wagstaffe@kerrwagstaffe.com>; Robert Chalfant <rlc@creggerlaw.com>; Laura Seegal <seegal@kerrwagstaffe.com>
**Subject:** RE: Husksin v. City - RFP Set One

Ken, it would never have occurred to me in a million years that the picture of the U-Haul trailer was related to my clients' "ongoing assault" on your clients' well-being. I did not even know that you had that claim (and don't actually believe that you do). I still do not know what category or categories of requests the picture is supposedly responsive to. Huskins' damages? Quinn's damages? Economic or non-economic? Something else? The fact that you feel you must explain it in your email is exactly why you are supposed to organize and label the documents to correspond to the categories of the requests. That organization is a form of explanation, preventing attempts to obscure the significance of documents. *City of Colton v. American Promotional Events, Inc.,* 277 F.R.D. 578, 585-85 (C.D. Cal. 2011). We are trying to figure out what evidence you think supports your claims. Instead, you are asking me to look at your stack of documents and to do that analysis myself. And yet, if I were to do that, I bet you would not agree to be bound by my determination as to which documents are responsive to which requests. I assume that's why Rule 34 requires the producing party to make that determination.

You do not dispute that Rule 34 requires either organization and labeling, or a showing that the documents were produced as they are kept in the usual course of business. There has been no showing that the documents were produced as kept in the usual course of business, and you are not asserting that you can make that showing. Therefore, you must organize and label the documents. Your objection appears to be that complying with Rule 34 would be too much work, because your production is "*3/5 of a single box*." In *Google, Inc.*, as you point out, Google was ordered to organize and label the production of "*24 boxes and 10 compact discs*." If Rule 34 requires Google to organize 24 boxes and 10 compact disks, why is it too burdensome, under Rule 34, for plaintiffs to organize 3/5 of a single box?

3

Requests for Production often, if not always, seek categories of documents that overlap to some degree. Plaintiffs' 89 RFPs to the City sought overlapping categories. Defendant responded to each request either by producing the documents, organized and labeled to correspond to the request, or by directing plaintiffs to where they could find the documents (if the documents had previously been produced). You and I have previously discussed this approach. Is there some reason why such a system would not be workable for your productions? In fact, I think many of the categories that we requested are not overlapping at all, because they ask for documents related to damages that are unique to Huskins or unique to Quinn.

With respect to the redactions, we may agree with you that a redaction is unobjectionable, if we knew what the basis for the redaction was. We don't. In your letter of January 27, you suggested, by way of example, that material might be non-responsive because it is outside the requested time frame. We would agree, if that were the case. But you have not stated that your example is the only basis for redaction, and it is difficult for us to determine what is and is not outside the scope of the time frame requested, because we don't know which documents are responsive to which requests (because the production is organized and labeled). And, in fact, some of your redactions, *see, e.g.*, DHAQ 2190, do not appear to be based on time frame, and do appear to be hiding evidence directly relevant to issues in the case. We therefore want the redactions removed, or an explanation as to what the basis is for each redaction. Outside the limited redactions of FRCP 5.2, parties should not unilaterally redact. *Evon v. Law Offices of Sidney Mickell*, 2010 WL 455476 at *2 n.1 (E.D. Cal. 2010). I will also point out that your assertion that you may redact information based on "privacy rights," because you objected, cannot be tested until we know which documents are responsive to which requests, so that we can identify the objections made (another reason why plaintiffs should organize and label the productions).

Because we do not appear to be making progress on resolving our discovery disagreement with respect to the organization of the productions, I will again ask if you want to discuss a briefing schedule on a motion to compel, in order to address (for the convenience of the Court and the parties) the timing of any sealing motions that you may wish to file. If not, I will feel free to just pick an available hearing date.

**Wendy Motooka**

Cregger & Chalfant LLP
701 University Avenue, Suite 110
Sacramento, CA 95825
Phone: 916.443-4443
Fax: 916.443-2124

This message is intended exclusively for the individual or entity to which it is addressed. This communication may contain information that is proprietary, privileged, confidential or otherwise legally exempt from disclosure. If you are not the named addressee, you are not authorized to read, print, retain, copy or disseminate this message or any part of it. If you have received this message in error, please notify the sender immediately and delete all copies of this message.

**From:** Kenneth Nabity [mailto:nabity@kerrwagstaffe.com]
**Sent:** Wednesday, February 15, 2017 3:01 PM
**To:** Wendy Motooka; Kevin B. Clune
**Cc:** James M. Wagstaffe; Robert Chalfant; Laura Seegal
**Subject:** RE: Husksin v. City - RFP Set One

Wendy,

We discussed in writing and over the phone why categorical organization of Plaintiffs' production is both not required by FRCP 34 and, even more, why it would be a wasteful, time-consuming exercise here with no added benefit. Even more, FRCP 34 only requires that electronically stored information be produced "in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms." Fed. R. Civ. P. 34(E)(ii). I also explained why certain documents are redacted (e.g. that many redactions are based on privilege and others cover non-responsive communications to which you are not entitled). On January 27, I again explained these issues to you by letter. To date, you have provided no productive suggestion for organization, nor any reason for why you need it here; if you have either, I am willing to hear it, but we will not do unnecessary and time-consuming work for no reason.

Nearly every document produced identifies who it relates to and where it came from. The only document you have identified as unclear – a single "picture of a U-Haul trailer" (DHAQ2028) – is easily explained by the same production. That picture also was sent to Aaron by Christie Finn in a separate email (see DHAQ 1395). If you'll remember, as part of your clients' ongoing assault on our clients' wellbeing after the initial "kidnapping investigation", the Vallejo Police Department refused to arrest squatters in Mr. Quinn's home who stole thousands of dollars of property and did damage. Christie Finn, Mr. Quinn's real estate agent, called VPD, worked with them when they arrived at Mr. Quinn's house, took numerous pictures, including DHAQ2028, and those same pictures were delivered to Mr. Quinn and VPD when it refused to provide any follow up about the crime.

Other than that single picture, you have never explained what benefit there is to a complicated re-organization of just over 3000 pages of documents from only two custodians. Here, the burden outweighs any benefit from such an unruly system, and you have never suggested any productive solutions. The case you have cited, *Google, Inc. v. Am. Blind & Wallpaper Factory, Inc.*, No. 03-CV-5340 JF (RS), 2006 WL 5349265, at *3 (N.D. Cal. Feb. 8, 2006), is irrelevant to our situation. There, the parties were talking about *24 boxes and 10 compact discs. Id.* at *1. Plaintiffs' total production here fills *3/5 of a single box.*

You also assert in a letter of January 30 that you "do not think that [Plaintiffs] can produce the documents as they are kept in the usual course of business while redacting portions" that are non-responsive. If you have any authority for that position, please let us know, because we are unaware of any. As we explained, certain ESI is available in a way that shows numerous different communications over a long period of time in a single string – those old communications are non-responsive here and implicate Plaintiffs' privacy rights and the privacy rights of third parties. You have no justification to request unnecessary and private communications outside any potentially relevant timeframe, and we objected to producing them. To the extent we have redacted privileged communications, we will produce a privilege log for communications that do not involve our firm's involvement in this litigation. We anticipate that privilege log will be available by the end of this month.

Finally, as we have mentioned, we were in a three-week trial that recently concluded. We will follow up regarding the open confidentiality issues this week.

Ken

Kenneth P. Nabity
**Kerr & Wagstaffe LLP**
101 Mission Street, 18th Floor

Direct: 415-357-8945
Main: 415-371-8500
Fax: 415-371-0500
www.kerrwagstaffe.com

**From:** Wendy Motooka [mailto:wm@creggerlaw.com]
**Sent:** Monday, February 13, 2017 12:10 PM
**To:** Kenneth Nabity <nabity@kerrwagstaffe.com>; Kevin B. Clune <clune@kerrwagstaffe.com>
**Cc:** James M. Wagstaffe <wagstaffe@kerrwagstaffe.com>; Robert Chalfant <rlc@creggerlaw.com>; Laura Seegal <seegal@kerrwagstaffe.com>
**Subject:** Husksin v. City - RFP Set One

Ken, we are still waiting to hear back from you about the confidentiality status of certain documents, although I suppose at this point, if you haven't moved to retain confidentiality, it's a done deal.

Regardless of where we are with the confidentiality designations, I think we are going to have to move to compel if you continue to maintain your position regarding the organization of the documents and the redactions. Do you want to discuss scheduling a briefing schedule for this motion? I think it's very likely that we will have to attach, as examples, certain documents that you have designated as confidential. You will have to file a motion to seal to retain confidentiality on those, so perhaps we should arrange the timing of the briefing for the convenience of everyone?

**Wendy Motooka**

Cregger & Chalfant LLP
701 University Avenue, Suite 110
Sacramento, CA 95825
Phone: 916.443-4443
Fax: 916.443-2124

This message is intended exclusively for the individual or entity to which it is addressed. This communication may contain information that is proprietary, privileged, confidential or otherwise legally exempt from disclosure. If you are not the named addressee, you are not authorized to read, print, retain, copy or disseminate this message or any part of it. If you have received this message in error, please notify the sender immediately and delete all copies of this message.

Declaration of WendyMotooka In Support Of
Joint Statement Re Discovery Disagreement

# EXHIBIT O

# K E R R
## &
# W A G S T A F F E
### LLP
#### ATTORNEYS

101 Mission Street, 18th Floor
San Francisco, California 94105-1727

Telephone (415) 371-8500
Facsimile (415) 371-0500
www.kerrwagstaffe.com

KENNETH P. NABITY
E-MAIL: NABITY@KERRWAGSTAFFE.COM

January 27, 2017

**VIA EMAIL & U.S. MAIL**

Robert L. Chalfant, Esq.
Wendy Motooka, Esq.
**CREGGER & CHALFANT LLP**
701 University Avenue, Suite 110
Sacramento, CA 95825

> **Re:**   *Aaron Quinn and Denise Huskins v. City of Vallejo, et al.*
>   United States District Court, Eastern District of California
>   Case No. 2:16-cv-00603 TLN EFB

Dear Robert and Wendy:

Please find enclosed Plaintiffs' Supplemental Rule 26(a)(1)(A) Disclosures and Plaintiffs' third production, bates labeled DHAQ00003214 – DHAQ0003227.

Sincerely,

KENNETH P. NABITY

Declaration of WendyMotooka In Support Of
Joint Statement Re Discovery Disagreement

# EXHIBIT P

# DHAQ 2412 and 3121

**Filed Under Seal**

Declaration of WendyMotooka In Support Of
Joint Statement Re Discovery Disagreement

# EXHIBIT Q



DHAQ00001159



DHAQ00001364