JAMES M. WAGSTAFFE (95535)
wagstaffe@kerrwagstaffe.com
KEVIN B. CLUNE (248681)
clune@kerrwagstaffe.com
KENNETH P. NABITY (287927)
nabity@kerrwagstaffe.com
**KERR & WAGSTAFFE LLP**
101 Mission Street, 18th Floor
San Francisco, CA 94105–1727
Telephone: (415) 371-8500
Fax: (415) 371-0500

Attorneys for Plaintiffs
DENISE HUSKINS and AARON QUINN

## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DENISE HUSKINS and AARON QUINN, <br><br> Plaintiffs, <br><br> v. <br><br> CITY OF VALLEJO, a public entity, KENNY PARK, MATHEW MUSTARD, and DOES 1-25, <br><br> Defendants. | Case No. 2:16-cv-00603-TLN-EF <br><br> **DECLARATION OF KEVIN CLUNE IN SUPPORT OF JOINT STATEMENT RE DISCOVERY DISAGREEMENT** <br><br> Date: April 5, 2017 <br> Time: 10:00 a.m. <br> Courtroom: 8 <br> Judge: Hon. Edmund F. Brennan |

I, Kevin Clune, make this declaration of my own personal knowledge, and, if called as a witness, I could and would testify competently to the facts set forth below.

1.      I am a partner at Kerr & Wagstaffe LLP, counsel for Plaintiffs Denise Huskins and Aaron Quinn.

2.      Defendants have propounded 40 different requests for production in total to Plaintiffs (21 to Plaintiff Quinn and 19 to Plaintiff Huskins).  Attached hereto as Exhibits A and B are true and correct copies are the Requests for Production of Documents that have been propounded to Quinn and Huskins, respectively.

3.      In response, Plaintiffs produced 1,255 documents, amounting to 3,227 pages when printed (about three-fifths of one banker's box worth).  That production consisted almost entirely of Electronically Stored Information ("ESI"), such as emails, texts, and Facebook posts. Because Defendants did not specify the format of production in their requests, and Plaintiff elected, under Federal Rule of Civil Procedure 34(b)(2)(E)(ii) to produce this ESI in a "readily usable form."  Plaintiffs made the production via load file, along with TIFF images of the bates numbered pages.  The comparatively small number of documents were produced in a logical order, for example with emails provided in chronological order, with attachments immediately following the emails to which they were attached.

4.      With respect to non-ESI documents, the production consisted almost entirely of documents obtained from third parties, such as correspondence between Defendants' attorneys and various members of law enforcement, documents received from Plaintiffs' medical providers, and attorney billing records.  Plaintiffs produced those documents in the same format in which they were received from such third parties.

5.      The parties have extensively met and conferred about these issues, and have been unable to resolve their dispute.  Attached hereto as Exhibit C is a true and correct copy of a February 16, 2017 email string from K. Nabity to W. Motooka discussing Plaintiffs' meet-and-confer efforts up through that date.  As part of that process, counsel for Plaintiffs explained in detail how Plaintiffs' production was organized and why that organization constituted production

KERR
&
WAGSTAFFE
LLP

in a "reasonably usable form" and "in the usual course of business" under various provisions of Rule 34.

6.      In response to requests for production from Defendants asking for attorney billing records, Plaintiff produced redacted attorney invoices showing, among other things, the dates, rates, amount of time spent, and overall amount billed by the relevant attorney, Bates numbered documents DHAQ 2190-92 (billing records from employment attorney for Aaron Quinn Deborah Phillips) and 3085-89 (billing records from criminal attorney for Aaron Quinn Amy Morton).

7.      The second category of redacted pages are nonresponsive ESI communications (such as text messages and Facebook posts) that, due solely to the artifice of the software Plaintiffs used to extract the information from computer files, happened to be on the same resulting TIFF "page" as responsive communications.  Those documents are DHAQ bates numbered documents 2506, 2515, 2519, 2521, 2524, 2530, 2531, 2536, 2548, and. 2549.  Thus, for example, if someone sent a text message on to another person that was responsive, but also happened to send other text messages to that person (often years or months later) on wholly unrelated topics, only the responsive text message was produced.  The same would be true of Facebook posts or other messages that were sent on wholly separate occasions.

8.      In contrast, in response to Plaintiffs' discovery responses, Defendants only produced individual text messages—not every text message exchange for all time for a particular custodian if that custodian happened to have a responsive text.  In some instances Defendants did not even produce such text messages in a readable format, opting instead to take pictures of a phone (not screenshots), resulting in blurry and degraded black-and-white images of what the phone looks like when it displays a text message.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed on March 29, 2017.

/s/ Kevin B. Clune
KEVIN B. CLUNE

# EXHIBIT A

CREGGER & CHALFANT LLP
ROBERT L. CHALFANT, SBN 203051
Email: rlc@creggerlaw.com
WENDY MOTOOKA, SBN 233589
Email: wm@creggerlaw.com
701 University Avenue, Suite 110
Sacramento, CA 95825
Telephone: 916.443-4443

CLAUDIA M. QUINTANA, SBN 178613
City Attorney
KELLY J. TRUJILLO, SBN 244286
Assistant City Attorney
Email: Kelly.Trujillo@cityofvallejo.net
City of Vallejo, City Hall
555 Santa Clara Street
Vallejo, CA 94590
Telephone: 707.648-4545

Attorneys for Defendants CITY OF VALLEJO,
KENNY PARK, MATHEW MUSTARD

## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DENISE HUSKINS and AARON QUINN, | Case No. 2:16-cv-00603 TLN EFB |
| Plaintiffs, | **DEFENDANT CITY OF VALLEJO'S REQUEST FOR PRODUCTION OF DOCUMENTS TO PLAINTIFF AARON QUINN** |
| vs. | |
| CITY OF VALLEJO, a public entity, KENNY PARK, MATHEW MUSTARD, and DOES 1-25, | **SET ONE** |
| Defendants. | |

PROPOUNDING PARTY:   Defendant CITY OF VALLEJO

RESPONDING PARTY:   Plaintiff AARON QUINN

SET NO.:   ONE

   Pursuant to Federal Rule of Civil Procedure 34, defendant City of Vallejo requests that

plaintiff Aaron Quinn produce and permit inspection and copying or photographing of the

CREGGER & CHALFANT LLP
701 University Ave., #110
Sacramento, CA 95825
(916) 443-4443

VALLEJO'S RFP #1 TO QUINN
Case No. 2:16-cv-00603 TLN EFB

1

1    following documents or electronically stored information.

2

3                                    **DEFINITIONS**

4          "INITIAL DISCLOSURES" refers to the initial disclosures served on defendants by the

5    plaintiffs in this case on August 11, 2016.

6          "HUSKINS" refers to plaintiff DENISE HUSKINS.

7          "KIDNAPPING" refers to the reported kidnapping of Denise Huskins and the related

8    police investigation(s).

9          "QUINN" refers to plaintiff AARON QUINN.

10         "YOU" or "YOUR" refers to plaintiff Aaron Quinn, his attorneys, representatives, or

11   agents.

12

13   **REQUEST FOR PRODUCTION NO. 1:**

14         All documents referenced in Part II.a of plaintiffs' INITIAL DISCLOSURES (page 7,

15   lines 1-7), and stated to be "in the custody of Plaintiffs, Plaintiffs' attorneys, employers, and/or

16   medical services providers" as of August 11, 2016.

17   **REQUEST FOR PRODUCTION NO. 2:**

18         All documents referenced Part II.b of plaintiffs' in INITIAL DISCLOSURES (page 7,

19   lines 8-11), and stated to be "in the custody of Plaintiffs, Plaintiffs' attorneys, employers, and/or

20   medical services providers" as of August 11, 2016.

21   **REQUEST FOR PRODUCTION NO. 3:**

22         All documents that support YOUR contention in the INITIAL DISCLOSURES that

23   QUINN has suffered "tremendous damage" to his reputation and good name in the community as

24   a result of defamatory statements.

25   **REQUEST FOR PRODUCTION NO. 4:**

26         All documents that show monetary losses sustained by QUINN as a result of the damage

27   to his reputation.

28   //

CREGGER & CHALFANT LLP
701 University Ave., #110
Sacramento, CA 95825
(916) 443-4443

VALLEJO'S RFP #1 TO QUINN                                  2
Case No. 2:16-cv-00603 TLN EFB

**REQUEST FOR PRODUCTION NO. 5:**

All documents that support YOUR contention in the INITIAL DISCLOSURES that QUINN has "lost employment opportunities due to Defendants' wrongful conduct."

**REQUEST FOR PRODUCTION NO. 6:**

All documents that show monetary losses sustained by QUINN as a result of the lost employment opportunities.

**REQUEST FOR PRODUCTION NO. 7:**

All documents that support YOUR contention in the INITIAL DISCLOSURES that QUINN "has had to incur substantial attorneys' fees" as a result of "Defendant's tortious conduct."

**REQUEST FOR PRODUCTION NO. 8:**

All documents that show the amount of attorneys' fees paid by QUINN as a result of "Defendant's tortious conduct."

**REQUEST FOR PRODUCTION NO. 9:**

All documents that support YOUR contention in the INITIAL DISCLOSURES that QUINN has suffered "humiliation, anguish, and emotional and physical distress."

**REQUEST FOR PRODUCTION NO. 10:**

All documents that support YOUR contention in the INITIAL DISCLOSURES that QUINN has "incurred medical expenses . . . seeking mental health counseling because of Defendants' tortious conduct."

**REQUEST FOR PRODUCTION NO. 11:**

All documents referenced in the INITIAL DISCLOSURES at page 8, lines 14-17.

**REQUEST FOR PRODUCTION NO. 12:**

All non-privileged electronic communications, including but not limited to emails and text messages, sent or received by QUINN relating to the KIDNAPPING.

**REQUEST FOR PRODUCTION NO. 13:**

All correspondence (including but not limited to emails, texts, and any other electronic communications) between QUINN and HUSKINS from September 2014 to the present.

CREGGER & CHALFANT LLP
701 University Ave., #110
Sacramento, CA 95825
(916) 443-4443

VALLEJO'S RFP #1 TO QUINN
Case No. 2:16-cv-00603 TLN EFB

3

1  **REQUEST FOR PRODUCTION NO. 14:**

2        All correspondence (including but not limited to emails, texts, and any other electronic

3  communications) between QUINN and Ethan Quinn, from March 23, 2015 to the present.

4  **REQUEST FOR PRODUCTION NO. 15:**

5        All correspondence (including but not limited to emails, texts, and any other electronic

6  communications) between QUINN and any member of HUSKINS' family, from March 23, 2015

7  to the present.

8  **REQUEST FOR PRODUCTION NO. 16:**

9        All correspondence (including but not limited to emails, texts, and any other electronic

10  communications) between QUINN and any member of QUINN's family, other than brother

11  Ethan, from March 23, 2015, to the present.

12  **REQUEST FOR PRODUCTION NO. 17:**

13        All correspondence (including but not limited to emails, texts, and any other electronic

14  communications) between QUINN and Andrea Roberts from September 2014 to the present.

15  **REQUEST FOR PRODUCTION NO. 18:**

16        All non-privileged correspondence (including but not limited to emails, texts, and any

17  other electronic communications) written by QUINN regarding any emotional distress that he

18  suffered from February 1, 2015, to the present.

19  **REQUEST FOR PRODUCTION NO. 19:**

20        All correspondence (including but not limited to emails, texts, and any other electronic

21  communications) between QUINN and MATTHEW MULLER from September 2014 to the

22  present.

23  **REQUEST FOR PRODUCTION NO. 20:**

24        All correspondence (including but not limited to emails, texts, and any other electronic

25  communications) between QUINN and the kidnapper from September 2014 to the present

26  **REQUEST FOR PRODUCTION NO. 21:**

27        A copy of QUINN's most recent resumé.

28  //

CREGGER & CHALFANT LLP
701 University Ave., #110
Sacramento, CA  95825
(916) 443-4443

VALLEJO'S RFP #1 TO QUINN
Case No. 2:16-cv-00603 TLN EFB                                    4

1    DATE: September _28_, 2016          CREGGER & CHALFANT LLP

2

3

4                                        ROBERT L. CHALFANT
5                                        WENDY MOTOOKA
                                         Attorneys for Defendants CITY OF VALLEJO,
6                                        KENNY PARK, MATHEW MUSTARD

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

CREGGER & CHALFANT LLP
701 University Ave., #110
Sacramento, CA  95825
(916) 443-4443

VALLEJO'S RFP #1 TO QUINN                    5
Case No. 2:16-cv-00603 TLN EFB

1                                     · **PROOF OF SERVICE**

2    **CASE:**        **Denise Huskins, et al. v. City of Vallejo, et al.**
     **NO.:**         **U.S. District Court, Eastern District of California, No. 2:16-cv-00603**
3                     **TLN EFB**

4           The undersigned declares:

5           I am a citizen of the United States and a resident of the County of Sacramento.  I am
     over the age of 18 years and not a party to the within above-entitled action; my business
6    address is 701 University Avenue, Suite 110, Sacramento, CA 95825.

7           I am readily familiar with this law firm's practice for collection and processing of
     correspondence for mailing with the United States Postal Service; said correspondence will
8    be deposited with the United States Postal Service the same day in the ordinary course of
     business.
9
            On the date indicated below I served the within **DEFENDANT CITY OF**
10   **VALLEJO'S REQUEST FOR PRODUCTION OF DOCUMENTS TO PLAINTIFF**
     **AARON QUINN, SET ONE** on all parties in said action as addressed below by causing a
11   true copy thereof to be:

12   _x_     **placed in a sealed envelope** with first class postage thereon fully prepaid in a
     designated area for outgoing mail;
13
14   __      **delivered by hand;**

15   __      **telecopied by facsimile;**

16           **express mailed by overnight delivery.**

     Attorneys for Plaintiffs
17   James M. Wagstaffe
     Kevin B. Clune
18   Kenneth P. Nabity
     KERR & WAGSTAFFE, LLP
19   101 Mission Street, 18th Flr.
     San Francisco, CA 94105-1727
20   Telephone:    (415) 371-8500
     Fax:          (415) 371-0500
21   Emails:       wagstaffe@kerrwagstaffe.com
                   clune@kerrwagstaffe.com
22                 nabity@kerrwagstaffe.com

23          I declare under penalty of perjury under the laws of the State of California that the
     foregoing is true and correct.
24
25          Executed this September 28, 2016 at Sacramento, California.

26                                                    Beverly J. March

27

28

CREGGER & CHALFANT LLP
701 University Ave., #110
Sacramento, CA  95825
(916) 443-4443

VALLEJO'S RFP #1 TO QUINN                          6
Case No. 2:16-cv-00603 TLN EFB

# EXHIBIT B

1  CREGGER & CHALFANT LLP
   ROBERT L. CHALFANT, SBN 203051
2  Email: rlc@creggerlaw.com
   WENDY MOTOOKA, SBN 233589
3  Email: wm@creggerlaw.com
   701 University Avenue, Suite 110
4  Sacramento, CA 95825
   Telephone: 916.443-4443
5
6  CLAUDIA M. QUINTANA, SBN 178613
   City Attorney
7  KELLY J. TRUJILLO, SBN 244286
   Assistant City Attorney
8  Email: Kelly.Trujillo@cityofvallejo.net
   City of Vallejo, City Hall
9  555 Santa Clara Street
   Vallejo, CA 94590
10 Telephone:  707.648-4545

11 Attorneys for Defendants CITY OF VALLEJO,
   KENNY PARK, MATHEW MUSTARD
12

13                  **UNITED STATES DISTRICT COURT**

14                  **EASTERN DISTRICT OF CALIFORNIA**

15

16 DENISE HUSKINS and AARON QUINN,          Case No. 2:16-cv-00603 TLN EFB

17          Plaintiffs,

18     vs.                                  **DEFENDANT   CITY   OF   VALLEJO'S
                                            REQUEST   FOR   PRODUCTION   OF
19 CITY OF VALLEJO, a public entity,        DOCUMENTS   TO   PLAINTIFF   DENISE
   KENNY PARK, MATHEW MUSTARD,              HUSKINS
20 and DOES 1-25,
                                            **SET ONE**
21          Defendants.

22

23 PROPOUNDING PARTY:   Defendant CITY OF VALLEJO

24 RESPONDING PARTY:    Plaintiff DENISE HUSKINS

25 SET NO.:             ONE

26

27         Pursuant to Federal Rule of Civil Procedure 34, defendant City of Vallejo requests that

28 plaintiff Denise Huskins produce and permit inspection and copying or photographing of the

CREGGER & CHALFANT LLP
701 University Ave., #110
Sacramento, CA 95825
(916) 443-4443

VALLEJO'S RFP #1 TO HUSKINS                    1
Case No. 2:16-cv-00603 TLN EFB

1  following documents or electronically stored information.

2  **DEFINITIONS**

3       "INITIAL DISCLOSURES" refers to the initial disclosures served on defendants by the

4  plaintiffs in this case on August 11, 2016.

5       "HUSKINS" refers to plaintiff DENISE HUSKINS.

6       "KIDNAPPING" refers to the reported kidnapping of Denise Huskins and the related

7  police investigation(s).

8       "QUINN" refers to plaintiff AARON QUINN.

9       "YOU" or "YOUR" refers to plaintiff Denise Huskins, her attorneys, representatives, or

10  agents.

11

12  **REQUEST FOR PRODUCTION NO. 1:**

13       All documents referenced in Part II.a of plaintiffs' INITIAL DISCLOSURES (page 7,

14  lines 1-7), and stated to be "in the custody of Plaintiffs, Plaintiffs' attorneys, employers, and/or

15  medical services providers" as of August 11, 2016.

16  **REQUEST FOR PRODUCTION NO. 2:**

17       All documents referenced Part II.b of plaintiffs' in INITIAL DISCLOSURES (page 7,

18  lines 8-11), and stated to be "in the custody of Plaintiffs, Plaintiffs' attorneys, employers, and/or

19  medical services providers" as of August 11, 2016.

20  **REQUEST FOR PRODUCTION NO. 3:**

21       All documents that support YOUR contention in the INITIAL DISCLOSURES that

22  HUSKINS has suffered "tremendous damage" to her reputation and good name in the community

23  as a result of defamatory statements.

24  **REQUEST FOR PRODUCTION NO. 4:**

25       All documents that show monetary losses sustained by HUSKINS as a result of the

26  damage to her reputation.

27  **REQUEST FOR PRODUCTION NO. 5:**

28       All documents that support YOUR contention in the INITIAL DISCLOSURES that

CREGGER & CHALFANT LLP
701 University Ave., #110
Sacramento, CA 95825
(916) 443-4443

VALLEJO'S RFP #1 TO HUSKINS
Case No. 2:16-cv-00603 TLN EFB

2

1  HUSKINS has "lost employment opportunities due to Defendants' wrongful conduct."

2  **REQUEST FOR PRODUCTION NO. 6:**

3      All documents that show monetary losses sustained by HUSKINS as a result of the lost

4  employment opportunities.

5  **REQUEST FOR PRODUCTION NO. 7:**

6      All documents that support YOUR contention in the INITIAL DISCLOSURES that

7  HUSKINS "has had to incur substantial attorneys' fees" as a result of "Defendant's tortious

8  conduct."

9  **REQUEST FOR PRODUCTION NO. 8:**

10     All documents that show the amount of attorneys' fees paid by HUSKINS as a result of

11 "Defendant's tortious conduct."

12 **REQUEST FOR PRODUCTION NO. 9:**

13     All documents that support YOUR contention in the INITIAL DISCLOSURES that

14 HUSKINS has suffered "humiliation, anguish, and emotional and physical distress."

15 **REQUEST FOR PRODUCTION NO. 10:**

16     All documents that support YOUR contention in the INITIAL DISCLOSURES that

17 HUSKINS has "incurred medical expenses . . . seeking mental health counseling because of

18 Defendants' tortious conduct."

19 **REQUEST FOR PRODUCTION NO. 11:**

20     All documents referenced in the INITIAL DISCLOSURES at page 8, lines 14-17.

21 **REQUEST FOR PRODUCTION NO. 12:**

22     All non-privileged electronic communications, including but not limited to emails and text

23 messages, sent or received by HUSKINS relating to the KIDNAPPING.

24 **REQUEST FOR PRODUCTION NO. 13:**

25     All correspondence (including but not limited to emails, texts, and any other electronic

26 communications) between QUINN and HUSKINS from September 2014 to the present.

27 **REQUEST FOR PRODUCTION NO. 14:**

28     All non-privileged correspondence (including but not limited to emails, texts, and any

CREGGER & CHALFANT LLP
701 University Ave., #110
Sacramento, CA  95825
(916) 443-4443

VALLEJO'S RFP #1 TO HUSKINS
Case No. 2:16-cv-00603 TLN EFB

3

1  other electronic communications) written by HUSKINS regarding any emotional distress that she

2  suffered from February 1, 2015, to the present.

3  **REQUEST FOR PRODUCTION NO. 15:**

4        All correspondence (including but not limited to emails, texts, and any other electronic

5  communications) between HUSKINS and any member of QUINN'S family, from March 23,

6  2015 to the present.

7  **REQUEST FOR PRODUCTION NO. 16:**

8        All correspondence (including but not limited to emails, texts, and any other electronic

9  communications) between HUSKINS and any member of HUSKINS' family, from March 23,

10  2015 to the present.

11  **REQUEST FOR PRODUCTION NO. 17:**

12        All correspondence (including but not limited to emails, texts, and any other electronic

13  communications) between HUSKINS and MATTHEW MULLER from September 2014 to the

14  present.

15  **REQUEST FOR PRODUCTION NO. 18:**

16        All correspondence (including but not limited to emails, texts, and any other electronic

17  communications) between HUSKINS and the kidnapper from September 2014 to the present.

18  **REQUEST FOR PRODUCTION NO. 19:**

19        A copy of HUSKINS' most recent resumé.

20

21

22  DATE: September _28_, 2016            CREGGER & CHALFANT LLP

23

24                                        ROBERT L. CHALFANT
                                          WENDY MOTOOKA
25                                        Attorneys for Defendants CITY OF VALLEJO,
26                                        KENNY PARK, MATHEW MUSTARD

27

28

CREGGER & CHALFANT LLP
701 University Ave., #110
Sacramento, CA  95825
(916) 443-4443

VALLEJO'S RFP #1 TO HUSKINS
Case No. 2:16-cv-00603 TLN EFB                    4

1    **PROOF OF SERVICE**

2    **CASE:**      **Denise Huskins, et al. v. City of Vallejo, et al.**
     **NO.:**       **U.S. District Court, Eastern District of California, No. 2:16-cv-00603**
3                   **TLN EFB**

4         The undersigned declares:

5         I am a citizen of the United States and a resident of the County of Sacramento.  I am
     over the age of 18 years and not a party to the within above-entitled action; my business
6    address is 701 University Avenue, Suite 110, Sacramento, CA 95825.

7         I am readily familiar with this law firm's practice for collection and processing of
     correspondence for mailing with the United States Postal Service; said correspondence will
8    be deposited with the United States Postal Service the same day in the ordinary course of
     business.
9
          On the date indicated below I served the within **DEFENDANT CITY OF**
10   **VALLEJO'S REQUEST FOR PRODUCTION OF DOCUMENTS TO PLAINTIFF**
     **DENISE HUSKINS, SET ONE** on all parties in said action as addressed below by causing
11   a true copy thereof to be:

12   __x__    **placed in a sealed envelope** with first class postage thereon fully prepaid in a
     designated area for outgoing mail;
13
14   ___    **delivered by hand;**

15   ___    **telecopied by facsimile;**

16          **express mailed by overnight delivery.**

     Attorneys for Plaintiffs
17   James M. Wagstaffe
     Kevin B. Clune
18   Kenneth P. Nabity
     KERR & WAGSTAFFE, LLP
19   101 Mission Street, 18th Flr.
     San Francisco, CA 94105-1727
20   Telephone:     (415) 371-8500
     Fax:           (415) 371-0500
21   Emails:        wagstaffe@kerrwagstaffe.com
                    clune@kerrwagstaffe.com
22                  nabity@kerrwagstaffe.com

23        I declare under penalty of perjury under the laws of the State of California that the
     foregoing is true and correct.
24
          Executed this September 28, 2016 at Sacramento, California.
25

26                                              Beverly J. March

27

28

CREGGER & CHALFANT LLP
701 University Ave., #110
Sacramento, CA 95825
(916) 443-4443

VALLEJO'S RFP #1 TO HUSKINS
Case No. 2:16-cv-00603 TLN EFB

5

EXHIBIT C

**Kevin B. Clune**

| | |
|---|---|
| **From:** | Kenneth Nabity |
| **Sent:** | Thursday, February 16, 2017 5:47 PM |
| **To:** | Wendy Motooka; Kevin B. Clune |
| **Cc:** | James M. Wagstaffe; Robert Chalfant; Laura Seegal |
| **Subject:** | RE: Husksin v. City - RFP Set One |

Wendy,

Your latest email inaccurately characterizes the parties' discussions, and does not address points we have raised in the meet and confer process.

First, you have failed to address how production of this ESI requires anything more than production in a reasonable usable format, which we have done.  See Fed. R. Civ. P. 34(E)(ii) (ESI should be produced "in a form or forms in which it is ordinarily maintained *or in a reasonably usable form or forms*.").  Here, we have produced the ESI in a reasonably usable form, including some native files.

In addition, we have also produced the documents as they were maintained in the usual course of business, which Rule 34 separately allows.  That is apparent from the face of the production.  For example, you can see that we have produced responsive documents based on their source: Denise's emails chronologically (DHAQ0001-0222), Denise's Facebook messages and posts (DHAQ2425-2777), Aaron's emails (DHAQ1231-1952), etc.  Thus, we have met our FRCP 34 obligation to produce documents as they are kept in the usual course of business.

We also have explained the redaction issue numerous times, and you have never produced any authority that bears on our dispute.  As we said in our last email, we will provide a privilege log for privileged documents.  All redactions not covered by that privilege log will cover non-responsive communications (based on timeframe, substance, or both), redactions pursuant to FRCP 5.2, and other minor redactions we discussed over the phone for addresses, phone numbers, account numbers, etc. so that we can remove confidentiality designations.

As to potential hearing dates, we are available and would prefer March 15, March 16 (before lunch), or March 17.

Thank you,
Ken

Kenneth P. Nabity
**Kerr & Wagstaffe LLP**
101 Mission Street, 18th Floor
San Francisco, California 94105
Direct: 415-357-8945
Main: 415-371-8500
Fax: 415-371-0500
www.kerrwagstaffe.com

---

**From:** Wendy Motooka [mailto:wm@creggerlaw.com]
**Sent:** Wednesday, February 15, 2017 4:53 PM
**To:** Kenneth Nabity <nabity@kerrwagstaffe.com>; Kevin B. Clune <clune@kerrwagstaffe.com>
**Cc:** James M. Wagstaffe <wagstaffe@kerrwagstaffe.com>; Robert Chalfant <rlc@creggerlaw.com>; Laura Seegal

<seegal@kerrwagstaffe.com>
**Subject:** RE: Husksin v. City - RFP Set One

Ken, it would never have occurred to me in a million years that the picture of the U-Haul trailer was related to my clients' "ongoing assault" on your clients' well-being. I did not even know that you had that claim (and don't actually believe that you do). I still do not know what category or categories of requests the picture is supposedly responsive to. Huskins' damages? Quinn's damages? Economic or non-economic? Something else? The fact that you feel you must explain it in your email is exactly why you are supposed to organize and label the documents to correspond to the categories of the requests. That organization is a form of explanation, preventing attempts to obscure the significance of documents. *City of Colton v. American Promotional Events, Inc.*, 277 F.R.D. 578, 585-85 (C.D. Cal. 2011). We are trying to figure out what evidence you think supports your claims. Instead, you are asking me to look at your stack of documents and to do that analysis myself. And yet, if I were to do that, I bet you would not agree to be bound by my determination as to which documents are responsive to which requests. I assume that's why Rule 34 requires the producing party to make that determination.

You do not dispute that Rule 34 requires either organization and labeling, or a showing that the documents were produced as they are kept in the usual course of business. There has been no showing that the documents were produced as kept in the usual course of business, and you are not asserting that you can make that showing. Therefore, you must organize and label the documents. Your objection appears to be that complying with Rule 34 would be too much work, because your production is "*3/5 of a single box*." In *Google, Inc.*, as you point out, Google was ordered to organize and label the production of "*24 boxes and 10 compact discs*." If Rule 34 requires Google to organize 24 boxes and 10 compact disks, why is it too burdensome, under Rule 34, for plaintiffs to organize 3/5 of a single box?

Requests for Production often, if not always, seek categories of documents that overlap to some degree. Plaintiffs' 89 RFPs to the City sought overlapping categories. Defendant responded to each request either by producing the documents, organized and labeled to correspond to the request, or by directing plaintiffs to where they could find the documents (if the documents had previously been produced). You and I have previously discussed this approach. Is there some reason why such a system would not be workable for your productions? In fact, I think many of the categories that we requested are not overlapping at all, because they ask for documents related to damages that are unique to Huskins or unique to Quinn.

With respect to the redactions, we may agree with you that a redaction is unobjectionable, if we knew what the basis for the redaction was. We don't. In your letter of January 27, you suggested, by way of example, that material might be non-responsive because it is outside the requested time frame. We would agree, if that were the case. But you have not stated that your example is the only basis for redaction, and it is difficult for us to determine what is and is not outside the scope of the time frame requested, because we don't know which documents are

responsive to which requests (because the production is organized and labeled). And, in fact, some of your redactions, *see, e.g.*, DHAQ 2190, do not appear to be based on time frame, and do appear to be hiding evidence directly relevant to issues in the case. We therefore want the redactions removed, or an explanation as to what the basis is for each redaction. Outside the limited redactions of FRCP 5.2, parties should not unilaterally redact. *Evon v. Law Offices of Sidney Mickell*, 2010 WL 455476 at *2 n.1 (E.D. Cal. 2010). I will also point out that your assertion that you may redact information based on "privacy rights," because you objected, cannot be tested until we know which documents are responsive to which requests, so that we can identify the objections made (another reason why plaintiffs should organize and label the productions).

   Because we do not appear to be making progress on resolving our discovery disagreement with respect to the organization of the productions, I will again ask if you want to discuss a briefing schedule on a motion to compel, in order to address (for the convenience of the Court and the parties) the timing of any sealing motions that you may wish to file. If not, I will feel free to just pick an available hearing date.


**Wendy Motooka**

Cregger & Chalfant LLP
701 University Avenue, Suite 110
Sacramento, CA 95825
Phone: 916.443-4443
Fax: 916.443-2124

This message is intended exclusively for the individual or entity to which it is addressed. This communication may contain information that is proprietary, privileged, confidential or otherwise legally exempt from disclosure. If you are not the named addressee, you are not authorized to read, print, retain, copy or disseminate this message or any part of it. If you have received this message in error, please notify the sender immediately and delete all copies of this message.

---

**From:** Kenneth Nabity [mailto:nabity@kerrwagstaffe.com]
**Sent:** Wednesday, February 15, 2017 3:01 PM
**To:** Wendy Motooka; Kevin B. Clune
**Cc:** James M. Wagstaffe; Robert Chalfant; Laura Seegal
**Subject:** RE: Husksin v. City - RFP Set One

Wendy,

We discussed in writing and over the phone why categorical organization of Plaintiffs' production is both not required by FRCP 34 and, even more, why it would be a wasteful, time-consuming exercise here with no added benefit. Even more, FRCP 34 only requires that electronically stored information be produced "in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms." Fed. R. Civ. P. 34(E)(ii). I also explained that certain documents are redacted (e.g. that many redactions are based on privilege and others cover non-responsive communications to which you are not entitled). On January 27, I again explained these issues to you by letter. To date, you have provided no productive suggestion for organization, nor any reason for why you need it here; if you have either, I am willing to hear it, but we will not do unnecessary and time-consuming work for no reason.

Nearly every document produced identifies who it relates to and where it came from. The only document you have identified as unclear – a single "picture of a U-Haul trailer" (DHAQ2028) – is easily explained by the same production. That picture also was sent to Aaron by Christie Finn in a separate email (see DHAQ 1395). If you'll remember, as part of your clients' ongoing assault on our clients' wellbeing after the initial "kidnapping investigation", the Vallejo Police Department refused to arrest squatters in Mr. Quinn's home who stole thousands of dollars of property and did damage. Christie Finn, Mr. Quinn's real estate agent, called VPD, worked with them when they arrived at Mr. Quinn's house, took numerous pictures, including DHAQ2028, and those same pictures were delivered to Mr. Quinn and VPD when it refused to provide any follow up about the crime.

Other than that single picture, you have never explained what benefit there is to a complicated re-organization of just over 3000 pages of documents from only two custodians. Here, the burden outweighs any benefit from such an unruly system, and you have never suggested any productive solutions. The case you have cited, *Google, Inc. v. Am. Blind & Wallpaper Factory, Inc.*, No. 03-CV-5340 JF (RS), 2006 WL 5349265, at *3 (N.D. Cal. Feb. 8, 2006), is irrelevant to our situation. There, the parties were talking about *24 boxes and 10 compact discs*. *Id.* at *1. Plaintiffs' total production here fills *3/5 of a single box.*

You also assert in a letter of January 30 that you "do not think that [Plaintiffs] can produce the documents as they are kept in the usual course of business while redacting portions" that are non-responsive. If you have any authority for that position, please let us know, because we are unaware of any. As we explained, certain ESI is available in a way that shows numerous different communications over a long period of time in a single string – those old communications are non-responsive and here implicate Plaintiffs' privacy rights and the privacy rights of third parties. You have no justification to request unnecessary and private communications outside any potentially relevant timeframe, and we objected to producing them. To the extent we have redacted privileged communications, we will produce a privilege log for communications that do not involve our firm's involvement in this litigation. We anticipate that privilege log will be available by the end of this month.

Finally, as we have mentioned, we were in a three-week trial that recently concluded. We will follow up regarding the open confidentiality issues this week.

Ken

Kenneth P. Nabity
**Kerr & Wagstaffe LLP**
101 Mission Street, 18th Floor
San Francisco, California 94105
Direct: 415-357-8945
Main: 415-371-8500
Fax: 415-371-0500
www.kerrwagstaffe.com

---

**From:** Wendy Motooka [mailto:wm@creggerlaw.com]
**Sent:** Monday, February 13, 2017 12:10 PM
**To:** Kenneth Nabity <nabity@kerrwagstaffe.com>; Kevin B. Clune <clune@kerrwagstaffe.com>
**Cc:** James M. Wagstaffe <wagstaffe@kerrwagstaffe.com>; Robert Chalfant <rlc@creggerlaw.com>; Laura Seegal <seegal@kerrwagstaffe.com>
**Subject:** Huskin v. City - RFP Set One

Ken, we are still waiting to hear back from you about the confidentiality status of certain documents, although I suppose at this point, if you haven't moved to retain confidentiality, it's a done deal.

  Regardless of where we are with the confidentiality designations, I think we are going to have to move to compel if you continue to maintain your position regarding the organization of the documents and the redactions.  Do you want to discuss scheduling a briefing schedule for this motion?  I think it's very likely that we will have to attach, as examples, certain documents that you have designated as confidential.  You will have to file a motion to seal to retain confidentiality on those, so perhaps we should arrange the timing of the briefing for the convenience of everyone?

**Wendy Motooka**

Cregger & Chalfant LLP
701 University Avenue, Suite 110
Sacramento, CA 95825
Phone: 916.443-4443
Fax: 916.443-2124

This message is intended exclusively for the individual or entity to which it is addressed. This communication may contain information that is proprietary, privileged, confidential or otherwise legally exempt from disclosure. If you are not the named addressee, you are not authorized to read, print, retain, copy or disseminate this message or any part of it. If you have received this message in error, please notify the sender immediately and delete all copies of this message.