JAMES M. WAGSTAFFE (95535)
wagstaffe@kerrwagstaffe.com
KEVIN B. CLUNE (248681)
clune@kerrwagstaffe.com
KENNETH P. NABITY (287927)
nabity@kerrwagstaffe.com
**KERR & WAGSTAFFE LLP**
101 Mission Street, 18th Floor
San Francisco, CA 94105–1727
Telephone: (415) 371-8500
Fax: (415) 371-0500

Attorneys for Plaintiffs
DENISE HUSKINS and AARON QUINN

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DENISE HUSKINS and AARON QUINN,<br><br>Plaintiffs,<br><br>v.<br><br>CITY OF VALLEJO, a public entity, KENNY PARK, MATHEW MUSTARD, and DOES 1-25,<br><br>Defendants. | Case No. 2:16-cv-00603-TLN-EFB<br><br>**PLAINTIFFS' STATEMENT IN SUPPORT OF DEFENDANTS' REQUEST TO SEAL DOCUMENTS**<br><br>Hearing Date: April 5, 2017<br>Time: 10:00 a.m.<br>Courtroom: 8, 13th Floor<br>Judge: Hon Edmund F. Brennan |

Pursuant to Local Rule 141(b) and Section 5.3 of the Protective Order issued in this Case (Dkt. No. 21), Plaintiffs Denise Huskins and Aaron Quinn (collectively "Plaintiffs") hereby join in Defendants' request that certain documents in this matter be allowed to be filed under seal (Dkt. No. 33).

Defendants have submitted two excerpts from Plaintiff Huskins' medical files, bates numbered documents DHAQ 2412 and DHAQ 3212.  These are excerpts from Plaintiffs psychiatric records, which contain sensitive and personal psychiatric information wholly immaterial to the instant discovery dispute.  Plaintiffs have a privacy interest in their medical and other psychiatric records, and that interest is far outweighed by any (non-existent) interest in public disclosure, particularly where this is a discovery dispute (as opposed to a dispute on the merits) for which the relevant psychiatric records are completely irrelevant.  See Ramirez v. Burwell, No. 216CV1511TLNEFBP, 2016 WL 5234613, at *4 (E.D. Cal. Sept. 22, 2016) ("Any interest the public may have in the disclosure of these records in this case is outweighed by P.A.'s interest in the privacy of his medical records, psychiatric records, and behavioral history.") (collecting cases for the proposition that the need to protect sensitive medical information is a compelling reason to seal records).  Defendants have also indicated that they agree that these documents should properly remain under seal.  As such, the Court should seal such documents indefinitely.

In addition, should the Court unseal any of these records, Plaintiffs request that the Court allow redactions of any personal telephone numbers of Plaintiffs, which have no bearing on this dispute and will only likely lead to potentially harassing communications by third parties similar to that which Plaintiffs have already received as a result of the intense publicity surrounding the events at the case.

Plaintiff also notes that Defendants have taken the unusual step of filing with the Court copies of Plaintiffs' *entire* first two volumes of production in this matter for *in camera* inspection of the format of production.  These production sets include numerous additional psychiatric and other medical records, information containing sensitive account information of Plaintiffs,

employment records, sensitive information from third parties, and other documents properly designated as confidential under the protective order. Because (1) Defendants have not actually attempted to file such documents with the Court (but rather submit such documents for *in camera* inspection as it relates to the format of production), (2) the large volume of documents involved, (3) the fact that none of the documents are actually material to the discovery dispute at hand, (4) the fact that Defendants are not contesting the confidential nature of such documents, and (5) the exceptional burden that would be required by Plaintiffs to file a detailed statement with this Court individually justifying the sealing of each and every document simply because Defendants happened to unilaterally submit the entire production sets for *in camera review*, it is Plaintiffs understanding that Plaintiffs need not individually justify each and every confidentiality designation as part of this Request to Seal. In an abundance of caution, Plaintiffs respectfully request the opportunity to be heard before any of the confidential documents submitted for *in camera* inspection are ever unsealed.

Date: March 29, 2017

**KERR & WAGSTAFFE LLP**

By: /s/ Kevin B. Clune
KEVIN B. CLUNE

Attorneys for Plaintiffs
DENISE HUSKINS and AARON QUINN