JAMES M. WAGSTAFFE (95535)
wagstaffe@kerrwagstaffe.com
KENNETH P. NABITY (287927)
nabity@kerrwagstaffe.com
LAURA SEEGAL (307344)
seegal@kerrwagstaffe.com
**KERR & WAGSTAFFE LLP**
101 Mission Street, 18th Floor
San Francisco, CA 94105–1727
Telephone: (415) 371-8500
Fax: (415) 371-0500

Attorneys for Plaintiffs
DENISE HUSKINS and AARON QUINN

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DENISE HUSKINS and AARON QUINN,<br><br>            Plaintiffs,<br><br>       v.<br><br>CITY OF VALLEJO, a public entity, KENNY PARK, MATHEW MUSTARD, and DOES 1-25,<br><br>            Defendants. | Case No. 2:16-cv-00603-TLN-EFB<br><br>**JOINT STATUS REPORT** |

Pursuant to the Court's Order Requiring Joint Status Report, Plaintiffs Denise Huskins, and Aaron Quinn (collectively "Plaintiffs") and Defendants City of Vallejo, Kenny Park, and Matthew Mustard (collectively "Defendants") submit the following Joint Status Report:

**a)     Brief summary of the claims**

<u>Plaintiffs' Statement</u>

Plaintiffs brought this complaint for various claims arising from the City of Vallejo's treatment of Plaintiffs Denise Huskins and Aaron Quinn after Ms. Huskins was kidnapped and held for ransom.

Specifically, Plaintiff's Complaint alleges that Defendants violated Plaintiffs' Fourteenth Amendment rights pursuant to 42 U.S.C. § 1983 and *Paul v. Davis* (stigma plus), defamed both Plaintiffs pursuant to California Civil Code §§ 43, et seq., violated Plaintiffs Quinn's Fourth and Fourteenth Amendments via unreasonable seizure pursuant to 42 U.S.C. § 1983, and falsely arrested and imprisoned Plaintiff Aaron Quinn ("Quinn").  Plaintiffs further allege that Defendants are liable for intentional and negligent infliction of emotional distress.

Defendants simultaneously moved to dismiss and or strike (pursuant to an anti-SLAPP motion) some—but not all—of Defendants' Claims.  On July 5, 2017, this Court denied those motions in full with the sole exception of dismissing claims that were uncontested by Plaintiffs.

<u>Defendants' Statement</u>

Plaintiff Quinn sues defendants for Section 1983 and state-law false arrest, state-law defamation, Section 1983 stigma-plus defamation dependent upon the alleged false arrest, and state-law negligent and intentional infliction of emotional distress.

Plaintiff Huskins sues defendants for state law claims only: defamation and negligent and intentional infliction of emotional distress.

**b)     Status of service upon all defendants and cross-defendants**

All Defendants have been served.

**c)     Possible joinder of additional parties**

Plaintiffs do not anticipate adding any additional parties at this time, though they reserve the right to do so to the extent discovery reveals further wrongful conduct on the part of any

other individuals.

At this time, defendants do not anticipate adding additional parties.

**d)     Contemplated amendments to the pleadings**

The parties do not anticipate amending their pleadings at this time.

**e)     The statutory basis for jurisdiction and venue**

Plaintiffs contend that this Court has federal subject matter jurisdiction over constitutional claims under 42 U.S.C. § 1983 pursuant to 28 U.S.C. § 1331 because these claims arise under federal law.  This Court has supplemental jurisdiction over Plaintiffs' remaining claims pursuant to 28 U.S.C. § 1367.  Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the claim occurred in this District and, on information and belief, all Defendants reside in this District.

Defendants add that federal jurisdiction exists only through Quinn's false arrest claim. Huskins has no federal claims.

**(f) through (h)     Discovery and Trial Plan**

Plaintiffs served Rule 26 disclosures on August 11, 2016, and served supplemental Rule 26 disclosures on December 23, 2016 and January 27, 2017.

Defendants served Rule 26 disclosures on September 21, 2016.

On August 3, 2017, Defendants filed a notice of appeal of the Court's July 5, 2017 order denying Defendants' special motion to strike.  Plaintiffs reserve the right to challenge the basis for the appeal.

The parties have met and conferred and agree that the subjects on which discovery may be needed, when discovery should be completed, and whether it should be conducted in phases will depend on when the appeal is resolved, and what issues remain to be litigated following resolution of the appeal.  The parties therefore agree that discovery should be stayed pending resolution of Defendants' appeal.  The parties will prepare and file a stipulation and proposed order seeking this stay, unless otherwise directed by the Court.


**i)** **Estimate days of trial, and whether any party has demanded a jury**

Both parties have demanded a jury. Plaintiffs estimate that trial will take 15 court days if all claims remain following resolution of the appeal. Plaintiffs' estimate will vary depending on what issues remain to be litigated following resolution of the appeal.

Defendants agree with plaintiffs' estimate, if all claims remain at the time of trial. Defendants believe, however, that federal jurisdiction may be lost prior to then, because federal jurisdiction is dependent on Quinn's false arrest claims.

**j)** **Appropriateness of special procedures such as reference to a special master or agreement to try the matter before a magistrate judge pursuant to 28 U.S.C. § 636(c)**

The parties do not believe it would be appropriate to reference this case to a special master or magistrate judge.

**k)** **Proposed modification of standard pretrial procedures due to the special nature of the case**

Following resolution of the appeal, Plaintiffs do not believe any modification of standard pretrial procedure is necessary.

**l)** **Whether the case is related to any other case, including any matter involving bankruptcy**

The parties do not believe that the criminal prosecution of Matthew Muller constitutes a "related case," as that term is defined under the Local Rules, but note that action and understand that the matter is effectively closed. *See* USA v. Mueller Case No. 2:15-CR-00205 TLN.

Defendants observe, however, the depending on the scope of the claims and litigants remaining in the civil action after the pleadings have settled, Defendants may need to obtain discovery from Muller and from the FBI. Defendants are still in the process of seeking clarification from the FBI as to whether it will oppose such discovery.

**m)** **Prospects for settlement, including whether a settlement conference should be scheduled**

The parties are currently in discussions regarding possible early mediation.

KERR
& 
WAGSTAFFE
LLP

**n)**     **Any other matters that may be conducive to the just and expeditious disposition of the case, including whether counsel will waive any disqualification and stipulate to the trial judge acting as a settlement judge**

The parties will not waive disqualification and will not stipulate to the trial judge acting as a settlement judge.

Date: August 4, 2017          **KERR & WAGSTAFFE LLP**

By: /s/ Kenneth Nabity
     KENNETH P. NABITY

Attorneys for Plaintiffs
DENISE HUSKINS and AARON QUINN

Date: August 4, 2017          **CREGGER & CHALFANT LLP**

By: / s/ Wendy Motooka (as authorized on 8/4/2017)

ROBERT L. CHALFANT, SBN: 203051
WENDY MOTOOKA, SBN: 233589

Attorneys for Defendants CITY OF VALLEJO, LT. KENNY PARK, and DETECTIVE MATHEW MUSTARD